IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

Name _Ruben C McNabb_

Prison Number _236182 K_

Place of Confinement _St. Clair C.I._

Action No. _05-736-WS-M_
(To be supplied by Clerk of U. S. District Court)

_Ruben Corey McNabb_ (PETITIONER)
(Full name under which you were convicted)

v.

_R. Hooks, Warden St. Clair C.I._ (RESPONDENT)
(Name of Warden, Superintendent, Jailor, or authorized person
having custody of petitioner)

PETITION FOR WRIT OF HABEAS CORPUS BY A
PERSON IN STATE CUSTODY

Instructions - Read Carefully

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5, your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must complete the "Motion to Proceed Without Prepayment of Fees and Costs" form mailed to you with this form, and have an authorized officer at the jail or prison complete the attached financial statement. The completed forms must be returned to the federal court clerk in Mobile.

Revised 6/3/96

Even if the court authorizes you to proceed without prepayment of filing fees, you are obligated to pay the full $5.00. If you have the ability to pay a partial filing fee when your complaint is filed, you will be required to pay an amount, based on your assets, of up to the greater of 20% of your average monthly balance in your prison account, or your average monthly balance for six months immediately preceding the filing of your petition. Thereafter, your prison account will be garnished at the rate of 20% of your monthly income until the filing fee is paid.

(5) Only convictions entered by one court at the same time may be challenged in a single petition. If you seek to challenge convictions entered by different courts in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the <u>original</u> and <u>two copies</u> must be mailed to the Clerk of the United States District Court whose address is 113 Saint Joseph Street, Mobile, Alabama 36602.

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

(9) You <u>must immediately</u> advise the Court of any change in your address, e.g., if you are released, transferred, moved, etc. Failure to notify the Court of your new address will result in the dismissal of this petition for failure to prosecute and to obey the Court's order.

### PETITION

1. Name and location of court which entered the judgment of conviction under attack: Circuit Court of _Houston_ County, Alabama; Case Number _CC 02-225.60_ ; Judge _J. White (Special T.C.)_. Other court, and case number, if not Circuit Court: _Judge_.

2

2. Date of judgment of conviction  MARCH 24, 2004
3. Length of sentence  L.W.O.P.
4. Nature of offense involved (all counts)  Robbery first

5. What was your plea?  (Check one)

    (a) Not guilty ____

    (b) Guilty  X

    (c) Nolo contendere ____

6. Kind of trial:  (Check one)

    (a) Jury  X

    (b) Judge only ____

7. Did you testify at the trial?  Yes  X  No ____

8. Did you appeal from the judgment of conviction?

    Yes  X  No ____

9. If you did not appeal, explain briefly why you did not:
    N/A

10. If you did appeal, answer the following:
    (a) Name of court  Ala court of criminal Appeals
    (b) Result  Affirmed
    (c) Date of result  Nov. 19, 2004
    (d) Did you file a petition for rehearing?

       Yes  X  No ____ ; if yes, what was the result?

3

_____overruled_____

_____

When did the court rule on your petition? _____

(e) Did you file a petition for certiorari?

Yes __X__ No _____; if yes, what was the result?
_____denied_____

_____

When did the court rule on your petition? _Feb. 14, 2005_

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions (Rule 20, Rule 32, Error Coram Nobis, Habeas Corpus), applications, or motions with respect to this judgment in any state court?
Yes __X__ No _____

12. If your answer to 11. was "yes," give the following information:
    (a)(1) Name of court _Houston County_ Date filed: _March 04, 2005_

    (2) Nature of proceeding (Rule 32, Rule 20, etc.)
_Rule 32 petition_

    (3) Grounds raised _The court was without jurisdiction to Render Judgment or to impose sentence. The sentence imposed Exceeds the maximum Authorized by Law or is otherwise Not Authorized by Law. Denial of effective Assistance of Counsel_

    (4) Did you receive an evidentiary hearing on your petition, application, or motion? Yes _____ No __X__

    (5) Result _Denied_

    (6) Date of result _April 05, 2005_

(b) As to any second petition, application or motion, give the same information:
    (1) Name of court _N/A_ Date filed: _N/A_

4

    (2) Nature of proceeding  N/A

    (3) Grounds raised  N/A

    (4) Did you receive an evidentiary hearing on your petition, application, or motion? Yes ____ No _X_

    (5) Result  N/A

    (6) Date of result  N/A

(c) As to any third petition, application or motion, give the same information:

    (1) Name of court  N/A  ; Date filed:  N/A

    (2) Nature of proceeding  N/A

    (3) Grounds raised  N/A

    (4) Did you receive an evidentiary hearing on your petition, application, or motion? Yes ____ No _X_

    (5) Result  N/A

    (6) Date of result  N/A

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

    (1) First petition, etc.  Yes _X_  No ____

    Date filed: Aug. 29, 2005  Result: Denied

    Date of result: Nov. 10, 2005

    (2) Second petition, etc.  Yes ____ No _X_

Date filed: _N/A_    Result: _N/A_

Date of result: _N/A_

(3) Third petition, etc.    Yes _____    No _N/A_

Date filed: _N/A_    Result: _N/A_

Date of result: _N/A_

(e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
_N/A_

13. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting same.

Caution: In order to proceed in the federal court, you must first exhaust your state court remedies as to each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

<u>Do not check</u> any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: _N/A_

1. Supporting FACTS (tell your story briefly without citing cases or law): _N/A_

2. Did you raise this claim before the state courts on:

Direct appeal: Yes ____ No _X_

Rule 20/32 Petition: Yes _X_ No ____

Error Coram Nobis: Yes ____ No _X_

State Habeas Corpus: Yes ____ No _X_

3. If you did not raise this claim before the state courts,

7

tell why you did not: _____N/A_____
_____
_____
_____.

B. Ground two: _____
_____

    1. Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _____
_____
_____
_____
_____

    2. Did you raise this claim before the state courts on:

Direct appeal: Yes ~~X~~   No  X

Rule 20/32 Petition: Yes  X    No ____

Error Coram Nobis: Yes ____  No  X

State Habeas Corpus: Yes ____ No  X

    3. If you did not raise this claim before the state courts, tell why you did not: _____N/A_____
_____
_____
_____.

C. Ground three: _____
_____

    1. Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _____
_____
_____
_____
_____

 2. Did you raise this claim before the state courts on:

 Direct appeal: Yes ____ No _X_

 Rule 20/32 Petition: Yes _X_ No ____

 Error Coram Nobis: Yes ____ No _X_

 State Habeas Corpus: Yes ____ No _X_

 3. If you did not raise this claim before the state courts, tell why you did not: _____

_____

_____.

D. Ground four: _____

_____

 1. Supporting FACTS (tell your story briefly without citing cases or law): _____

_____

_____

_____

 2. Did you raise this claim before the state courts on:

 Direct appeal: Yes ____ No ____

 Rule 20/32 Petition: Yes _X_ No ____

 Error Coram Nobis: Yes ____ No _X_

 State Habeas Corpus: Yes ____ No _X_

 3. If you did not raise this claim before the state courts, tell why you did not: _____

_____

_____.

14. A. Have any of the grounds listed in this present habeas

9

corpus petition ever been raised by you in any other <u>federal</u> habeas corpus petition?  Yes _____  No _X_.  If yes, which grounds?

_____ N/A _____.

State the name and case number of your previous federal habeas corpus petition: _____ N/A _____.

B.  Have you previously filed a habeas corpus petition attacking this present conviction in this or any other federal court?  Yes _____  No _X_.  If yes, state the name and case number of your previous federal habeas corpus petition: _____

_____ N/A _____.

15.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes _____ N/A No _X_.  If yes, name the court:
_____ N/A _____

and state the name and case number of the petition or appeal:
_____ N/A _____.

16.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a)  At preliminary hearing __BAxley_____

   (b)  At arraignment and plea __Same_____

   (c)  At trial __Same_____

   (d)  At sentencing __Same_____

   (e)  On appeal __Hogg_____

(f) In any post-conviction proceeding ___PRO SE___

(g) On appeal from any adverse ruling in a post-conviction proceeding ___PROSE___

17. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes _____    No __X__

18. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes _____    No __X__

   (a) If so, give name and location of court which imposed sentence to be served in the future: ___N/A___

   (b) And give date and length of sentence to be served in the future: ___N/A___

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?    Yes _____    No __X__

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)
           Pro-Se

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on
__12/18/05__.
       (date)

11

_____
Signature of Petitioner

1000 St. Clair Rd
_____
Current mailing address

Springville, Al 35146
_____

## Statement of Facts

McNabb admitted to three felony cases of possession of cocaine during trial testimony. The state used these convictions to enhance McNabb's sentence to life without parole. The state also mentioned McNabb had a concealed firearm charge the state nor court used this conviction to enhance McNabb's sentence. The state asserted at sentencing that it entered in the three possession cases as exhibit one but actually the concealed firearm conviction was entered into the record and not the three felony possession of cocaine cases. However, these three felony possession of cocaine cases are illegal to enhance McNabb's sentence under the Habitual Felony Offender Act because they each are youthful offender convictions and during trial testimony nobody asked McNabb about these convictions being under youthful offender status. Therefore the court was without jurisdiction to impose sentence because they are youthful offender convictions. The sentence imposed is not authorized by law because even if the one unused conviction is valid the law don't allow McNabb to get L.W.O.P. Counsel was ineffective because he did not object when the youthful offender prior convictions was used to give him L.W.O.P. when he knew and got them in discovery thus cause and prejudice must be presummed. For these reasons McNabb is due a new sentence hearing and trial for deficient counsel.