# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA

Name _Ruben C. McNabb_

Prison Number _236182_

Place of Confinement _St. Clair Correctional_

Action No. _Cv. 05-0736-WS-M_
(To be supplied by Clerk of U. S. District Court)

_Ruben Corey McNabb_ _____(PETITIONER)
(Full name under which you were convicted)

v.

_Ralph Hooks, Warden_ _____(RESPONDENT)
(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

FILED JAN 25 '06 PM 1:26 USDC/AS

## PETITION FOR WRIT OF HABEAS CORPUS BY A
## PERSON IN STATE CUSTODY

Instructions - Read Carefully

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5, your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must complete the "Motion to Proceed Without Prepayment of Fees and Costs" form mailed to you with this form, and have an authorized officer at the jail or prison complete the attached financial statement. The completed forms must be returned to the federal court clerk in Mobile.

Even if the court authorizes you to proceed without prepayment of filing fees, you are obligated to pay the full $5.00. If you have the ability to pay a partial filing fee when your complaint is filed, you will be

**Revised 10/6/04**

required to pay an amount, based on your assets, of up to the greater of 20% of your average monthly balance in your prison account, or your average monthly balance for six months immediately preceding the filing of your petition. Thereafter, your prison account will be garnished at the rate of 20% of your monthly income until the filing fee is paid.

(5) Only convictions entered by one court at the same time may be challenged in a single petition. If you seek to challenge convictions entered by different courts in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court whose address is 113 Saint Joseph Street, Mobile, Alabama 36602.

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

(9) You must immediately advise the Court of any change in your address, e.g., if you are released, transferred, moved, etc. Failure to notify the Court of your new address will result in the dismissal of this petition for failure to prosecute and to obey the Court's order.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: Circuit Court of _Houston_ County, Alabama; Case Number _CC-02-225.60_; Judge _Hon. Jerry White_. Other court, and case number, if not Circuit Court: _____

2. Date of judgment of conviction _March 24, 2004_

3. Length of sentence _life without possibility of parole_

4. Nature of offense involved (all counts) _Robbery I._

Revised 10/6/04

2

5. What was your plea? (Check one)

    (a) Not guilty __X__

    (b) Guilty _____

    (c) Nolo contendere _____

6. Kind of trial: (Check one)

    (a) Jury __X__

    (b) Judge only _____

7. Did you testify at the trial? Yes __X__ No _____

8. Did you appeal from the judgment of conviction? Yes __X__ No _____

9. If you did not appeal, explain briefly why you did not: __N/A__

10. If you did appeal, answer the following:

    (a) Name of court __Alabama Criminal Court of Appeals__

    (b) Result __Affirmed__

    (c) Date of result __Aug 19 2005 (8/19/05)__

    (d) Did you file a petition for rehearing? Yes __X__ No _____; if yes, what was the result?
__denied (overrule)__

When did the court rule on your petition? __Aug 19 2005__

    (e) Did you file a petition for certiorari? Yes __X__ No _____; if yes, what was the result?
__certiorari denied__

Revised 10/6/04

3

    When did the court rule on your petition? __11-10-05    Nov 10, 05__

11.    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions (Rule 20, Rule 32, Error Coram Nobis, Habeas Corpus), applications, or motions with respect to this judgment in any state court?

    Yes _____ No __X__

12.    If your answer to 11. was "yes," give the following information:

    (a)(1) Name of court __N/A__ Date filed _____

    (2) Nature of proceeding (Rule 32, Rule 20, etc.) __N/A__

    (3) Grounds raised __N/A__

    (4) Did you receive an evidentiary hearing on your petition, application, or motion?

    Yes _____ No __X__

    (5) Result __N/A__

    (6) Date of result __N/A__

(b) As to any second petition, application or motion, give the same information:

    (1) Name of court __N/A__ Date filed _____

    (2) Nature of proceeding __N/A__

    (3) Grounds raised __N/A__

    (4) Did you receive an evidentiary hearing on your petition, application, or motion?

**Revised 10/6/04**                  4

Yes _____ No __X__

(5) Result __N/A_____

(6) Date of result __N/A_____

(c) As to any third petition, application or motion, give the same information:

(1) Name of court __N/A_____ Date filed _____

(2) Nature of proceeding __N/A_____

(3) Grounds raised __N/A_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____ No __X__

(5) Result __N/A_____

(6) Date of result __N/A_____

(d) Did you appeal the result of action taken on any petition, application or motion to the highest state court having jurisdiction?

(1) First petition, etc. Yes _____ No __X__

Date filed __N/A_____ Result _____

Date of result __N/A_____

(2) Second petition, etc. Yes _____ No __X__

Date filed __N/A_____ Result __N/A_____

Date of result __N/A_____

(3) Third petition, etc. Yes _____ No __X__

Date filed __N/A_____ Result __N/A_____

**Revised 10/6/04**          5

Date of result ____N/A____

(e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

____N/A_____

_____

_____

13. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting same.

Caution: In order to proceed in the federal court, you must first exhaust your state court remedies as to each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

<u>Do not check</u> any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

**Revised 10/6/04**                                              6

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: The Court was without Jurisdiction to Sentence McNabb as a H.F.O.A. because the PRIOR Convictions used were youthful offender Convictions.

1. Supporting FACTS (tell your story briefly without citing cases or law): Attached to the original Petition is my Facts and Evidence. The Court has and did not return my original Records sent. McNabb does not have copies to Resend

2. Did you raise this claim before the state courts on:

Direct appeal: Yes _____ No __X__

Rule 20/32 Petition: Yes __X__ No _____

Error Coram Nobis: Yes _____ No __X__

State Habeas Corpus: Yes _____ No __X__

3. If you did not raise this claim before the state courts, tell why you did not: N/A

B. Ground two: Denial of effective Assistance of Counsel because Counsel did not object to the Court sentencing McNabb to L.W.O.P. using youthful offender PRIOR Convictions.

1. Supporting FACTS (tell your story briefly without citing cases or law): Attached to the original petition is my Facts and Evidence. The Court has and did not return my original Records sent. McNabb does not have copies to Resend.

**Revised 10/6/04**     7

2. Did you raise this claim before the state courts on:

Direct appeal: Yes _____ No _X_

Rule 20/32 Petition: Yes _X_ No _____

Error Coram Nobis: Yes _____ No _X_

State Habeas Corpus: Yes _____ No _X_

3. If you did not raise this claim before the state courts, tell why you did not: N/A

C. Ground three   N/A

1. Supporting FACTS (tell your story briefly without citing cases or law): N/A

2. Did you raise this claim before the state courts on:

Direct appeal: Yes _____ No N/A

Rule 20/32 Petition: Yes _____ No N/A

Error Coram Nobis: Yes _____ No N/A

State Habeas Corpus: Yes _____ No N/A

3. If you did not raise this claim before the state courts, tell why you did not: N/A

Revised 10/6/04                                      8

D. Ground four: _____ N/A _____

1. Supporting FACTS (tell your story briefly without citing cases or law): _____
   _____ N/A _____

2. Did you raise this claim before the state courts on:

   Direct appeal: Yes _____ No N/A

   Rule 20/32 Petition: Yes _____ No N/A

   Error Coram Nobis: Yes _____ No N/A

   State Habeas Corpus: Yes _____ No N/A

3. If you did not raise this claim before the state courts, tell why you did not: _____
   _____ N/A _____

14. A. Have any of the grounds listed in this present habeas corpus petition ever been raised by you in any other federal habeas corpus petition? Yes _____ No X.

If yes, which grounds? _____ N/A _____

State the name and case number of your previous federal habeas corpus petition: N/A

B. Have you previously filed a habeas corpus petition attacking this present conviction in this or any other federal court? Yes _____ No X. If yes, state the name and case number of your previous federal habeas corpus petition: _____ N/A _____

**Revised 10/6/04**          9

15. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes _____ No __X__. If yes, name the court: __N/A__

and state the name and case number of the petition or appeal: __N/A__

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing __Hampton Baxley__
__P.O. Drawer 1486  Dothan, Al 36302-1486__

    (b) At arraignment and plea __SAME__

    (c) At trial __SAME__

    (d) At sentencing __SAME__

    (e) On appeal __David Hogg__
__188 N. Foster St. Suite 201 Dothan, Al 36303__

    (f) In any post-conviction proceeding __Pro-se__

    (g) On appeal from any adverse ruling in a post-conviction proceeding __PRO SE__

17. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes _____ No __X__

**Revised 10/6/04**                     10

18. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes _____ No __X__

    (a) If so, give name and location of court which imposed sentence to be served in the future:

_____N/A_____

_____

    (b) And give date and length of sentence to be served in the future: __N/A__

_____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes _____ No __X__

19.     TIMELINESS OF PETITION: This petition is subject to a one-year statute of limitations contained in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d):

    (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Revised 10/6/04                  11

If your judgment of conviction became final over one year ago, you must explain, in the space provided below, why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.

N/A

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_Ruben C. McNabb_
Signature of Attorney (if any)
Pro-SE

_Ruben C. McNabb_
Typed or printed name of attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed and delivered to custodial authorities for mailing on _____

_JANUARY 23, 2006 A.D._
(date)

_Ruben C. McNabb_
Signature of Petitioner

_1000 St. Clair Rd_
Current mailing address
_Springville, Al 35146_

## Statement of Facts

McNabb admitted to three felony cases of possession of cocaine during trial testimony. The state used these convictions to enhance McNabb's sentence to life w/o parole. The state also mention McNabb had a concealed firearm charge. The state nor court used this conviction to enhance McNabb's sentence. The state asserted at sentencing that it entered in the three possessions cases as exhibit one, but the record only reflects a firearm conviction. And at no time did Judge Jerry White properly certify the out of state record to see if McNabb was represented by attorney or if certification was proper for enhancement requirements under Alabama Law. However, these three felony possession of cocaine cases are illegal to enhance McNabb's sentence under the habitual felony offender act because they each fall under Florida youthful offender convictions, and during trial testimony nobody asked McNabb about these convictions being under youthful offender status. Therefore the court was without jurisdiction to impose sentence because they are youthful offender convictions, and your honor never certified any of the records from Florida to see if they met Alabamas requirements for certification. The sentence imposed is not authorized by law because even if the one unused conviction is valid the law does not allow McNabb to get L.W.O.P. Counsel was ineffective because he did not object when youthful offender priors convictions was used to give him L.W.O.P when he know and got them in discovery

Thus caused prejudice must be presumed. For these reasons McNabb is due a new sentence hearing and trial for deficient counsel.

United States District Court
Southern District of Alabama
Clerk
113 St. Joseph Street
Mobile, AL 36602

This correspondence is forwarded from an Alabama State Prison. The content have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the communication.