```
           IN THE UNITED STATES DISTRICT FOR THE
               SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

| | | |
|---|---|---|
| RUBEN C. MCNABB, | : | |
| | : | |
|     Petitioner, | : | |
| | : | |
| vs. | : | CIVIL ACTION 05-0736-WS-M |
| | : | |
| RALPH HOOKS, | : | |
| | : | |
|     Respondent. | : | |

<u>ORDER</u>

Petitioner filed an amended petition for the writ of habeas corpus in this Court on a court-provided form under 28 U.S.C. § 2254, together with a Motion to Proceed Without Prepayment of Fees (Docs. 4, 5). An examination of Petitioner's motion (Doc. 5) shows that Petitioner's economic situation is such that the imposition of the cost of filing would not work an undue hardship upon Petitioner. Petitioner's motion, therefore, is **DENIED**. In view of this, it is **ORDERED** that Petitioner shall remit to the Clerk of the United States District Court for this District, within fifteen (15) days, a money order for $5.00 made payable to "Charles R. Diard, Jr., Clerk."

This Order does not preclude Petitioner's proceeding <u>in forma pauperis</u> with respect to other Court costs where the necessary requisites are met. Failure to comply with this Order in a timely manner will result in the dismissal of this action.

If the money order is <u>not</u> timely received by the Clerk, the

Clerk is **DIRECTED** to forward this file to the Magistrate Judge for dismissal for failure to prosecute.

If the money order *is* timely received by the Clerk, the Clerk is respectfully **REQUESTED** to cause to be served in accordance with this Court's standing order dated February 1, 1994, a copy of the amended petition (Doc. 4) and this Order on the Respondent, Ralph Hooks, St. Clair Correctional Facility, 1000 St. Clair Road, Springville, Alabama 36146 and the Attorney General of the State of Alabama.

Respondent shall, within twenty (20) days after service on the Attorney General, answer and show cause why the writ should not be granted. The answer shall strictly comply with the requirements of Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts, which requires, in pertinent part, that the answer "indicate what transcripts (of pretrial, trial, sentencing, and post conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed." Rule 5 also requires that Respondent attach to the answer such portions of the transcript deemed relevant. Additionally, Respondent should make specific reference to 28 U.S.C. § 2244(d) which provides that

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
> (A) the date on which the judgment became final by the

>     conclusion of direct review or the expiration of the
>     time for seeking such review;
>     (B)  the date on which the impediment to filing an
>     application created by State action in violation of the
>     Constitution of laws of the United States is removed,
>     if the applicant was prevented from filing by such
>     State action;
>     (C)  the date on which the constitutional right
>     asserted was initially recognized by the Supreme Court,
>     if the right has been newly recognized by the Supreme
>     Court and made retroactively applicable to cases on
>     collateral review; or
>     (D)  the date on which the factual predicate of the
>     claim or claims presented could have been discovered
>     through the exercise of due diligence.
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending shall
> not be counted toward any period of limitation under this
> subsection.

Respondent is advised that the answer should contain a procedural history from which the Court can determine the applicability of 28 U.S.C. § 2244(d).  In so doing, Respondent shall provide the Court with copies of documents indicating the disposition of the case in the state appellate court, including, but not limited to, the case action summary maintained by the trial court, all state court appellate decisions, docket sheet(s) indicating the dates of such decisions, and copies of the briefs filed in the state court.  Moreover, where Petitioner alleges ineffective assistance of counsel or insufficiency of the evidence, the entire trial record must be filed.  The entire trial record should also be filed if Respondent asserts that a ruling of the trial court is entitled to a presumption of correctness or if Respondent defends on grounds that a particular

ruling did not render the trial "fundamentally unfair" or that a particular error is "harmless error."

The Magistrate Judge recognizes that the burden of producing the state court record is sometimes unduly onerous. However, it is clear that under the procedure governing habeas corpus actions, "[t]he obligation to come forward with the state court record is squarely upon the respondent, not upon the petitioner." Bundy v. Wainwright, 808 F.3d 1410, 1415 (11th Cir. 1987).

The Court deems motions to dismiss, motions for summary judgment, and motions for a default judgment inappropriate in cases proceeding pursuant to 28 U.S.C. § 2254. See Rule 11, Federal Rules Governing § 2254 Cases in the United States District Courts (motions for summary judgment and motions to dismiss are unnecessary in a habeas corpus proceeding); McBride v. Sharpe, 25 F.3d 962 (11th Cir. 1994) (summary judgment rules are generally inapplicable in habeas cases); Aziz v. Leferve 830 F.2d 184, 187 (11th Cir. 1987) (motions for a default judgment are not contemplated in habeas corpus actions). <u>Therefore, said motions are not to be filed without seeking and obtaining permission from this Court</u>.

The Federal Rules of Civil Procedure require that Petitioner mail to counsel for Respondent a true copy of <u>anything</u> which Petitioner sends to the Court, including letters. Anything filed shall specifically state that it has been served on counsel for

Respondent.

If Petitioner moves to a different institution or is released, the Court must be immediately informed of Petitioner's new address or the action will be dismissed.  Petitioner is further advised that any document filed with the Court must be signed by Petitioner, see Fed.R.Civ.P. 11, or it will be stricken.

DONE this 30th day of January, 2006.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE