IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBEN C. MCNABB, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 05-0736-WS-M |
| ) | |
| RALPH HOOKS, ) | |
| ) | |
| Respondent. ) | |

**ANSWER**

Comes now Respondent, by and through the Attorney General of Alabama, to respond to the Order to Show Cause issued by this Honorable Court on January 30, 2006.

**PROCEDURAL HISTORY**

The Houston County Grand Jury indicted the petitioner, Ruben McNabb, on August 30, 2001, for first-degree robbery, a violation of Section 13A-8-41(a)(1) of the Code of Alabama (1975). (C. 1)  McNabb was tried on the charge, but the trial ended in a mistrial on February 14, 2003. (C. 4)

McNabb's attorney filed a motion for extraordinary expenses and asked for funds to purchase a transcript of the mistrial. Counsel alleged that the transcript was necessary for cross-examination and rebuttal of witness testimony at the new trial. That motion was denied. (C.79, 82)

McNabb was tried again on February 10-11, 2004, and the jury returned a verdict of guilty on the first-degree robbery charge. (R. 2, 356) McNabb was sentenced as an habitual offender to life imprisonment without the possibility of parole.

The Alabama Court of Criminal Appeals affirmed the conviction on November 19, 2004. McNabb v. State, CR-03-1141, (Ala. Crim. App. Nov. 19, 2004) (Mem. op.). McNabb's application for rehearing was overruled on December 10, 2004. On February 11, 2005, the Supreme Court of Alabama denied McNabb's petition for writ of certiorari, and the Certificate of Judgment was entered on February 14, 2005.

On March 8, 2005, McNabb filed a petition under Rule 32 of the Alabama Rules of Criminal Procedure in the Houston County Circuit Court. The petition was denied on April 5, 2005. The Alabama Court of Criminal Appeals affirmed the denial on August 5, 2005. McNabb v. State, CR-04-1628 (Ala. Crim. App. Aug. 5, 2005) (Mem. op.). His petition for writ of certiorari filed in the Supreme

Court of Alabama was denied on November 10, 2005. The Certificate of Judgment was issued on November 14, 2005.

## ISSUES RAISED IN THE FEDERAL HABEAS PETITION

McNabb alleged the following claims in his federal petition:

1) The state court was without jurisdiction to sentence him as a habitual offender because the previous convictions used to enhance the sentence were youthful offender convictions;

2) He was denied effective assistance of counsel because his attorney failed to object to the sentencing under the Habitual Felony Offender Act when the youthful offender convictions were used.

## CLAIMS RAISED ON DIRECT APPEAL

I. "Whether the Court erred by refusing to grant funds for McNabb to purchase a transcript of the prior trial."

## CLAIMS RAISED IN THE RULE 32 PETITION

(1) "The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief;

(2) The court was without jurisdiction to render the judgment or to impose the sentence;

3

(3) The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law."

4) McNabb also alleged that his trial counsel was ineffective and that his sentence exceeded the maximum authorized by law. (C.4-5, 13-15)

On appeal, McNabb raised the following claims:

1) He contended that the trial court never adjudicated him to be an habitual felony offender and, as a result, his sentence exceeded the maximum authorized by law.

2) McNabb contended that his trial counsel was ineffective for failing to object to the trial court's alleged failure to adjudicate him an habitual felony offender.

## EXHAUSTION OF CLAIMS RAISED IN THE FEDERAL HABEAS PETITION

### (A)

### MCNABB HAS NOT PROPERLY EXHAUSTED THE CLAIMS RAISED IN THIS PETITION.

The claims raised by McNabb in his federal habeas petition are not exhausted because he did not raise the precise claims in the Rule 32 petition that he now raises in his federal petition. In his Rule 32 petition, McNabb only alleged that the trial court was without jurisdiction to sentence him as an habitual offender because it never adjudicated him as an habitual offender, and alleged that the State failed to produce certified copies of his previous convictions. He also only alleged

4

that trial counsel was ineffective because he failed to object when the trial court sentenced him as an habitual offender.

McNabb never alleged in state court that the court had used previous youthful offender adjudications instead of convictions to enhance his sentence as an habitual offender. Furthermore, he did not allege in state court that his counsel was ineffective for failure to object to the court's use of youthful offender adjudications to sentence him as an habitual offender.

McNabb's federal claims cannot be considered exhausted because the precise claims that he raises in his federal petition were not raised in state court. Under the Anti-Terrorism and Effective Death Penalty Act, specifically Title 28 U.S.C. §2254(b)(1)(A), "an application for writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted remedies available in the courts of the State."

Because McNabb's federal habeas claims are not the exact legal claims presented to the state courts, his federal habeas claims have not been exhausted. In Duncan v. Henry, 513 U.S. 364, (1995), the Supreme Court indicated that a defendant has to present his claim as a violation of federal constitutional law when he raises the claim in state court. "[E]xhaustion of state remedies requires that petitioners fairly presen[t] federal claims to the state courts in order to give the

5

State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. (some internal quotation marks omitted)." Id. at 365.

"The applicable law requires that a habeas corpus petitioner present 'the substance of a federal habeas corpus claim' to the state courts. However, it is not required that the petitioner present book and verse on the federal constitution.... [I]t is the substance of the claim that the court looks to in analyzing whether a federal claim has been voiced." Blanco v. Singletary, 943 F.2d 1477, 1499 (11th Cir. 1991), quoting Hutchins v. Wainwright, 715 F.2d 512, 519 (11th Cir.1983). It is clear that McNabb failed to raise the substance of his federal claim during the Rule 32 proceedings.

## MCNABB HAS A VALID REMEDY IN WHICH TO RAISE THE CLAIMS IN STATE COURT

Although McNabb has filed a previous Rule 32 petition, he may still raise his claim in a second petition. The successive petition rule does not prevent a petitioner from raising a jurisdictional claim. "Jurisdictional claims are not precluded by the limitations period or by the rule against successive petitions." Beavers v. State, CR-03-1590, 2004 WL 2201303, at *2 (Ala. Crim. App. Oct. 1, 2004); *See also* Jones v. State, 724 So. 2d 75, 76 (Ala. Crim. App. 1998).

6

"Youthful offender adjudications are not to be considered prior convictions when sentence is imposed under the provisions of the Habitual Felony Offender Act." Pickens v. State, 475 So. 2d 637, 639 (Ala. Crim. App. 1985). See also Ex parte Dixon, 804 So. 2d 1075, 1077- 1078 (Ala. Sep. 01, 2000) ("We hold that a prior youthful offender adjudication is properly considered in determining the sentence to be imposed within the statutory range for a later crime for which the defendant has been convicted. That same youthful offender determination, however, may not be considered a prior felony conviction, as contemplated by the Habitual Offender Act ...."). The state courts view the improper use of youthful offender adjudications to enhance sentences as a jurisdictional issue. *See* Hardy v. State, 709 So. 2d 490, 491 (Ala. Crim. App. 1995) ("Furthermore, Hardy's claim that his sentences are excessive cannot be procedurally barred by Rule 32.2(a) (5). It arguably falls within the ground expressly exempt from that procedural bar: "The court was without jurisdiction ... to impose sentence." Rule 32.1(b). If in fact one of the prior convictions is a youthful offender adjudication, his sentences are outside the limits prescribed by statute...").

McNabb has not exhausted his state remedies because he can present his sentencing claim in a second Rule 32 petition and, therefore, his federal habeas petition should be dismissed. This Court may not hold the petition in abeyance pending the outcome of the Rule 32 petition because McNabb has not shown good

cause why he failed to exhaust his precise claims before he filed his federal petition.

> "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and [A]beyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."

Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005).

Because McNabb's claims are unexhausted, the Court should dismiss the petition instead of holding it in abeyance while McNabb presents his specific claims to the state court.

## EXHIBITS

1) Copy of trial transcript, Exhibit A;

2) McNabb's brief on appeal, Exhibit B;

3) Copy of State's brief on appeal, Exhibit C;

4) Opinion on direct appeal, Exhibit D;

5) Copy of Rule 32 transcript, Exhibit E;

6) McNabb's brief on appeal, Exhibit F;

8

7)     Copy of State's brief on appeal, Exhibit G;

8)     Copy of Opinion on Rule 32 proceeding, Exhibit H;

                                           Respectfully submitted,

                                           Troy King – KIN047
                                           *Attorney General*
                                           State of Alabama


                                           s/James B. Prude
                                           James B. Prude (PRU005)
                                           Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2006, I electronically filed the foregoing (including exhibits B-H and excluding exhibit A, a 3-volume transcript which will be sent under separate cover) with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing (including exhibits) to the following non-CM/ECF participants: Ruben McNabb, AIS #236182, St. Clair Correctional Facility, 1000 St. Clair Rd, Springville, AL 35146-9790.

        s/James B. Prude
        James B. Prude (PRU005)
        Office of the Attorney General
        Alabama State House
        11 South Union
        Montgomery, AL 36130-0152
        Telephone: (334) 242-7300
        Fax: (334) 242-2848
        E-Mail: JPrude@ago.state.al.us

126882/91408-001