CR-03-1141

In the COURT of CRIMINAL APPEALS
of ALABAMA

**RUBEN McNABB,**

Appellant,

v.

**STATE OF ALABAMA,**

Appellee.

*On Appeal from the Circuit Court of
Houston County (CC-2002-225)*

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

Robin Blevins Scales
*Assistant Attorney General*

Bettie J. Carmack
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130

October 12, 2004



## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument because "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Ala. R. App. P. 34(a)(3).

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT........................ i

TABLE OF CONTENTS...................................... ii

TABLE OF AUTHORITIES................................. iii

STATEMENT OF THE CASE.................................. 1

ISSUE PRESENTED FOR REVIEW............................. 2

STANDARD OF REVIEW.................................... 2

STATEMENT OF THE FACTS................................ 3

SUMMARY OF THE ARGUMENT............................... 5

ARGUMENT

McNabb Was Not Prejudiced By The Trial Court's Denial Of
His Request For A Free Transcript Because His Attorney At
The Retrial Represented Him At The Mistrial; His Attorney
Recalled Much Of The Witnesses' Testimony Made At The
Mistrial; And, As A Result, Was Able To Competently
Cross-Examine The State's Witnesses Without The Aid
Of A Transcript Of The Mistrial......................... 6

   A.  Value of the transcript .......................... 6

   B.  Functional Alternative .......................... 6

CONCLUSION............................................ 9

CERTIFICATE OF SERVICE............................... 10

## TABLE OF AUTHORITIES

**Cases**

Anderson v. State, 542 So. 2d 292 (Ala. Crim. App. 1988... 8

Britt v. North Carolina, 404 U.S. 226 (1971)........... 5-6

Ex parte Cochran, 500 So. 2d 1179 (Ala. 1985)........... 6

Ex parte Quick, 825 So. 2d 263 (Ala. 2001)............... 8

Quick v. State, 825 So. 2d 246 (Ala. Crim. App. 2001)..... 6

## STATEMENT OF THE CASE

On February 11, 2004, a Houston County jury found Ruben Corey McNabb (hereinafter "McNabb") guilty of robbery in the first degree. Judge Jerry M. White presided.

On August 30, 2001, Ruben Corey McNabb (hereinafter "McNabb") was indicted for robbery in the first degree. (C. 1)  McNabb was arrested on February 6, 2002. (C. 1)  On February 14, 2003, McNabb's trial resulted in a mistrial. (C. 4)  On February 26, 2003, Ruben's attorney filed a motion for extraordinary expenses. (C. 79)  In the motion for extraordinary expenses, Ruben's counsel stated: "That Defendant's counsel is in need of the trial transcript from the mistrial and the court reporter has estimated that such a transcript would cost $800.00.  Defendant's counsel is in need of said transcript for cross-examination and rebuttal purposes in the next trial of this case." (C. 79) The trial court judge denied the motion. (C. 82)

McNabb's trial began on February 10, 2004. (R. 2) After deliberating for fifteen minutes, the jury found McNabb guilty of robbery in the first degree. (R. 356) This appeal followed.

## ISSUE PRESENTED FOR REVIEW

Did the trial court judge properly deny McNabb's request for a free transcript of his previous trial, which resulted in a mistrial, when McNabb had a functional alternative to the transcript?

## STANDARD OF REVIEW

"Where an issue presents a pure question of law, such as one relating to the defendant's constitutional rights, this Court's review is de novo."  Ex parte Paraita, No. 1021974, 2004 WL 1233972, at *2 (Ala. June 4, 2004).

## STATEMENT OF THE FACTS

On June 7, 2001, McNabb entered a Winn-Dixie and asked to speak with Ronald Reeves (hereinafter "Reeves), an assistant manager at Winn-Dixie. (R. 22-23, 103)  Patsy Roach "paged" Reeves and asked him to come to the service desk. (R. 31-32)  When Reeves arrived at the service desk, he asked McNabb could he help him.  McNabb stated: "today is your lucky day," as he held a silver nine millimeter automatic. (R. 33-34)

McNabb ordered Reeves and Patsy Roach to go with him. (R. 106)  The three went to the area where the safes were located.  McNabb instructed Reeves to open the safe.  (R. 40)  When Reeves failed to open the safe quickly enough, McNabb told him that he would either "pop him, cap him, or shoot him." (R. 40)  Reeves finally got the safe open. (R. 43)  Reeves took the contents of the safe which included currency, food stamps, and postage stamps, all worth approximately $20,000.00, and left the store. (R. 63, 182)

On a hunch, Investigator Jimmy Singleton with the Dothan Police Department, decided to drive around the Barstone Apartment complex looking for a vehicle that may match the description of a vehicle seen speeding from the

3

Winn-Dixie. (R. 180-181)  Investigator Singleton found a
vehicle that matched the description and determined that
the vehicle was registered to McNabb. (R. 181)
Investigator Singleton subsequently obtained a search
warrant for McNabb's vehicles and residence. (R. 186)

    In McNabb's residence, Investigator Singleton found a
black toboggan in the living room couch, food stamps with
the Winn-Dixie stamp on them, a Winn-Dixie money wrapper,
fifty books of postage stamps, bullets, and a case of
"rolled" pennies. (R. 188-189, 196)  While the police were
investigating the robbery and searching McNabb's residence,
McNabb was in Orlando, Florida. (R. 240) McNabb was
eventually arrested after he was stopped in Orlando,
Florida on a traffic violation in which he gave a false
name and tried to run from police. (R. 244, 264)

4

## SUMMARY OF THE ARGUMENT

Because there existed functional alternatives to the transcript of McNabb's mistrial, the trial court did not violate McNabb's constitutional right to a free transcript when it declined his request for the transcript of his mistrial.

## ARGUMENT

**McNabb Was Not Prejudiced By The Trial Court's Denial Of His Request For A Free Transcript Because His Attorney At The Retrial Represented Him At The Mistrial; His Attorney Recalled Much Of The Witnesses' Testimony Made At The Mistrial; And, As A Result, Was Able To Competently Cross-Examine The State's Witnesses Without The Aid Of A Transcript Of The Mistrial.**

In his brief on appeal, McNabb contends that the trial court committed reversible error when it denied his request for funds to purchase a transcript of his previous trial which resulted in a mistrial. McNabb's brief pgs. 38-41.

In Britt v. North Carolina, the United States Supreme Court stated that there are two factors relevant to the determination of an indigent's need for a transcript: (1) the value of the transcript and (2) the availability of alternative devices that would fulfill the same functions of a transcript. *See* Britt v. North Carolina, 404 U.S. 226, 227 (1971).

5

## A.   Value of the transcript

The value of the transcript of a prior proceeding is presumptively recognized and, therefore, a showing that the transcript will be valuable to McNabb is generally not needed.  *See* Quick v. State, 825 So. 2d 246, 261-262 (Ala. Crim. App. 2001).  The issue, therefore in this case, is whether McNabb had a functional alternative to the transcript of the trial that resulted in a mistrial.

## B.   Functional Alternative

In Ex parte Cochran, the Supreme Court of Alabama affirmed a trial court's decision denying an indigent's request for a transcript because an "adequate substitute" was available.  *See* Ex parte Cochran, 500 So. 2d 1179, 1184-1185 (Ala. 1985).

In this case, McNabb stated that he needed the transcript of the previous trial for "cross examination and rebuttal purposes." (C. 79)  The record shows, however, that McNabb was not prejudiced by the trial court's decision not to grant him the funds for the transcript of the mistrial.

In particular, McNabb's attorney cross-examined Ronald Reeves in twenty pages of trial transcript and referred to

6

a transcript of Reeves's 911 phone call. (R. 75-95)
McNabb's attorney cross-examined Patsy Roach during seven
pages of trial transcript. (R. 122-129) McNabb's attorney
cross-examined Betty Prescott during six pages of trial
transcript. (R. 134-140) McNabb's attorney cross-examined
Reggie Hill during fifteen pages of trial transcript and
referred to a statement he made to police. (R. 155-170)
McNabb's attorney cross-examined Jimmy Singleton during
fifteen pages of trial transcript and allowed Jimmy
Singleton to refer to his notes taken around the time of
the robbery. (R. 206-221) Furthermore, during his cross-
examination of Mary Bessie, McNabb's attorney stated that
during the previous trial he specifically asked Bessie:
"you had a relationship with his wife really and not Mr.
McNabb; is that true?" (R. 321)

Because McNabb had the same attorney for the mistrial
and the retrial, was able to cross examine the State's
witnesses and rebuttal witness extensively with the use of
memory, police reports, 911 transcripts and police notes,
McNabb was not prejudiced by the trial court's decision not
to grant him funds for the purchase of a transcript of his
mistrial. *See* Anderson v. State, 542 So. 2d 292, 305 (Ala.

7

Crim. App. 1988)(decision to deny indigent's request for a transcript affirmed in a case where the same attorney represented him at both trials, defense counsel was able to recall previous testimony and attempted to introduce previous testimony of a State's witness); *see also* Ex parte Quick, 825 So. 2d 263 (Ala. 2001) (Brown, J., dissenting)(Justice Brown would have granted certiorari review to review the issue of whether Quick took advantage of the functional alternatives that were available to him in lieu of the transcript of his mistrial).

## CONCLUSION

Wherefore, based upon the above, Mcnabb's conviction is due to be affirmed.

Respectfully submitted,

Troy King
Attorney General and

Robin Blevins Scales,
Assistant Attorney General
By-

Bettie J. Carmack
*Assistant Attorney General*
Counsel of Record*

## CERTIFICATE OF SERVICE

I hereby certify that on this the _12th_ day of

October, 2004, I served a copy of the foregoing on the

Attorney for Appellant, by placing the same in the United

States Mail, first class, postage prepaid and addressed as

follows:

**Ruben McNabb**
**c/o David Hogg**
**Attorney at Law**
**188 North Foster Street - Suite 200**
**Dothan, AL 36303**

Bettye J. Carmack
*Assistant Attorney General*

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL 36130
1-334-353-5305
**168952/McNabb, Ruben**