Carmack
66092

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

RELEASED
NOV 19 2004
CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

MEMORANDUM

CR-03-1141                    Houston Circuit Court CC-02-225

Ruben Corey McNabb v. State of Alabama

Baschab, Judge.

The appellant was convicted of first-degree robbery, a violation of §13A-8-41(a)(1), Ala. Code 1975. The trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole. See §13A-5-9(c), Ala. Code 1975. The appellant filed a motion for a new trial, which the trial court summarily denied. This appeal followed.

On February 13, 2003, the appellant's first trial began. On February 14, 2003, the trial court declared a mistrial because the jury was deadlocked. On February 26, 2003, the appellant filed a motion for extraordinary expenses for funds to obtain a transcript of the first trial, which the trial court summarily denied on March 4, 2003. The appellant's

EXHIBIT D

second trial began on February 10, 2004.

The appellant argues that "the trial court erred by refusing to grant funds ... to purchase a transcript of his prior trial." (Appellant's brief at p. 38.) Specifically, he contends that the transcript of his previous trial "was crucial for [him] to be able to cast doubt on the ability of [the victims] to remember." (Appellant's brief at p. 40.) We addressed a similar situation in Nickerson v. State, 523 So. 2d 504, 506 (Ala. Crim. App. 1987), as follows:

> "The trial court did not err by refusing to provide the defendant with a free transcript of the pre-trial suppression hearings. State v. Coe, 223 Kan. 153, 574 P. 2d 929 (1977). Cf. Leonard v. State, 369 So. 2d 873, 875 (Ala. Cr. App.), cert. denied, Ex parte Leonard, 369 So. 2d 877 (Ala. 1979) (no right to free transcript of preliminary hearing).
>
> "Although 'the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal,' Britt v. North Carolina, 404 U.S. 226, 227, 92 S. Ct. 431, 433, 30 L. Ed. 2d 400 (1971), 'the availability of alternative devices that would fulfill the same functions as a transcript,' id., 404 U.S. at 227, 92 S. Ct. at 434, provides an adequate substitute for a transcript in many cases. The suppression hearings in the present case, like the prior proceedings in Britt v. North Carolina, were conducted by the same judge and with the same defense counsel as those who appeared at trial, which took place within three months of the pre-trial suppression hearings.'
>
>> "'In these circumstances, ... petitioner's memory and that of his counsel should have furnished an adequate substitute for a transcript. In addition, ... petitioner could have called the court reporter to read to the jury the testimony given at the [suppression hearing], in the event that

2

> inconsistent testimony was offered at the ... trial.' Britt, 404 U.S. at 228-29, 92 S. Ct. at 434."

In this case, the appellant had adequate substitutes for a transcript of the previous trial. The same attorney represented him during the first and the second trials. Also, during the second trial, defense counsel thoroughly cross-examined the State's witnesses and presented an alibi defense. He also used an audiotape of a telephone call to 911, depositions from a previous proceeding, and some of the witnesses' prior statements to law enforcement officers to cross-examine those witnesses. Further, defense counsel specifically cross-examined one of the State's rebuttal witnesses about potentially conflicting testimony she had given during the previous trial. Finally, the record does not indicate that the appellant did not have access to the court reporter for the purpose of reciting any portion of the reporter's notes or for the purpose of calling the reporter as a witness at the trial. Moreover, in his motion for extraordinary expenses, the appellant did not allege that he did not have an adequate substitute for the transcript. Also, he did not renew his motion for extraordinary expenses, ask for a hearing on the motion, or allege that he did not have an adequate substitute for the transcript due to the passage of time between the first and second trials. Finally, during the second trial, the appellant never argued that his cross-examination of the State's witnesses was hampered by not having a transcript of the previous trial. Because the record indicates that the appellant had adequate substitutes for the transcript of the previous trial, the trial court did not err when it denied his motion for extraordinary expenses. Accordingly, we affirm the trial court's judgment.

AFFIRMED.

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.