COURT OF CRIMINAL APPEALS NO. _CR 04-1028_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

## CIRCUIT COURT OF ___HOUSTON___ COUNTY, ALABAMA

CIRCUIT COURT NO. ___CC 2002-225.60___

CIRCUIT JUDGE ___JERRY M. WHITE___

Type of Conviction / Order Appealed From: ___RULE 32 PETITION___

Sentence Imposed: ___DENIED/DISMISSED___

Defendant Indigent: ☒ YES ☐ NO

REUBAN MCNABB ___#236182___

PRO-SE **NAME OF APPELLANT**

(Appellant's Attorney) (Telephone No.)
1000 ST. CLAIR RD
(Address)
SPRINGVILLE, AL. 35146
(City) (State) (Zip Code)

### V.

## STATE OF ALABAMA

(State represented by Attorney General) **NAME OF APPELLEE**

NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____
_____

(For Court of Criminal Appeals Use Only)



EXHIBIT
E

CLERK'S INDEX

CASE ACTION SUMMARY                                                          1-2

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE                              3-21

IN FORMA PAUPERIS DECLARATION                                               22-25

ORDER DATED 3-15-2005, DEFENDANT ALLOWED TO FILE RULE 32 PETITION WITHOUT    26
PREPAYMENT OF COSTS.  CLERK  TO SERVE DISTRICT ATTORNEY WITH COPY OF
PETITION.  D.A. TO ANSWER PETITION WITHIN 30 DAYS.

MOTION FOR SUMMARY DISPOSITION                                              27-28

OBJECTIONS TO RESPONDANT'S RESPONSE TO PETITIONER'S RULE 32 PETITION        29-33

ORDER DATED 4-5-05, THE COURT HAS DULY WEIGHED AND CONSIDERED THE DEFT'S     34
RULE 32 PETITION AS WELL AS THE STATE'S MOTION FOR SUMMARY DISPOSITION. IT
IS THE JUDGEMENT AND OPINION OF THE COURT THAT THE STATE IS ENTITLED TO
PREVAIL AND THAT THE MOTION FOR SUMMARY DISPOSITION SHOULD BE GRANTED. DEFT'S
RULE 32 PETITION IS THEREFORE DENIED AND DISMISSED.

NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS                           35-36

COURT OF CRIMINAL APPEALS DOCKETING STATEMENT                               37-38

COURT REPORTER'S TRNASCRIPT ORDER -- CRIMINAL                                39

CLERK'S NOTICE OF APPEAL                                                     40

CERTIFICATE OF COMPLETION                                                    41

```
ACR0372              ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2002 000225.6
OPER: RHM                   CASE ACTION SUMMARY
PAGE:  1                      CIRCUIT  CRIMINAL                    RUN DATE: 03/10/200
===============================================================================
IN THE CIRCUIT COURT OF  HOUSTON                                        JUDGE: JM

STATE  OF  ALABAMA                   VS      MCNABB RUBEN COREY #23618
                                             1000 ST CLAIR RD
CASE: CC 2002 000225.60
                                             SPRINGVILLE, AL  35146 0000

DOB: 07/25/1975        SEX: M  RACE: B  HT: 6 00  WT: 197    HR: BLK EYES: BRO
SSN: 264654614  ALIAS NAMES:
===============================================================================
CHARGE01: RULE 32-FELONY         CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE: 06/07/2001                  AGENCY/OFFICER: 0380100 SINGLET

DATE WAR/CAP ISS:                        DATE ARRESTED: 02/05/2002
DATE      INDICTED: 08/30/2001           DATE    FILED: 03/10/2005
DATE      RELEASED:                      DATE  HEARING:
BOND        AMOUNT:      $100,000.00          SURETIES:

DATE 1:            DESC:                  TIME: 0000
DATE 2:            DESC:                  TIME: 0000

TRACKING NOS:                      /                        /

  DEF/ATY: PRO SE                    TYPE: P                      TYPE:

                         00000                        00000

PROSECUTOR: VALESKA DOUGLAS A

===============================================================================
OTH CSE:  00000000000 CHK/TICKET NO:                   GRAND JURY: 00000002
COURT REPORTER: _____  SID NO:    000000000
DEF STATUS: JAIL                 DEMAND: Y                      OPER: RHM

NOTE: **BOND TO BE APPROVED BY THE COURT** (5-15-2003)

DATE         ACTIONS, JUDGEMENTS, AND NOTES
===============================================================================
```

| 03-08-05 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE. PETITIONER'S MEMORANDUM |
| | BRIEF. IN FORMA PAUPERIS DECLARATION. |

March 15, 2005 - Defendant allowed to file Rule 32 petition without prepayment of costs. Clerk to serve District Attorney with copy of petition. D.A. to answer petition within 30 days.
Notify -

*/s/ [Judge signature]*
*Judge*

(3-17-05 N' DA & Def?)

STATE OF ALABAMA    VS    REUBAN  MCNABB         CC2002-225.60

3-18-05  Motion for Summary Disposition.

03-28-05   Objection to Respondent's response to Petitioner's Rule 32

April 5 2005
The Court has duly weighed and considered the defendant's Rule 32 petition as well as the State's motion for Summary disposition. It is the judgment and opinion of the Court that the State is entitled to prevail and that the motion for Summary disposition shall be Granted. Defendant's Rule 32 petition is therefore denied and dismissed.

_Guy M. White_
Judge

            (4-12-05 N. Da & Dept)

04-29-05   Notice of appeal to the Court of Criminal Appeals  CCA docketing statement and
           CR transcript order.

5-13-05   File returned No Action Needed.  Clerk to notify CCA.

5-16-05   Clerk's notice of appeal to CCA, Ag and deft.  CCA docketing statement to
          CCA, AG and deft.

05-16-05  Record on appeal to CCA, Ag and deft.

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

## (Pursuant to Rule 32,
## Alabama Rules of Criminal Procedure)

Case Number

CC 02 0225

ID    YR    NUMBER

IN THE _Houston County Circuit_ _____ COURT OF _Dothan_ _____, ALABAMA

_Rubin C. McNabb_ _____ vs. _State Of Alabama_

Petitioner (Full Name)                Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number _Ais: 236182_ _____ Place of Confinement _ST. Clair Prison_

County of conviction _Houston County, Alabama_

### NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack _Houston County Circuit Court, Dothan, Al._

**FILED**

2. Date of judgment of conviction _March 24, 2004,_

MAR 0 8 2005

3. Length of sentence _Life Without Possibialty of Parole_

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

4. Nature of offense involved (all counts) _Robbery, I._

5. What was your plea? (Check one)

   (a) Guilty _____

   (b) Not guilty _XX_

   (c) Not guilty by reason of mental disease or defect _____

   (d) Not guilty and not guilty by reason of mental disease or defect _____

3

6. Kind of trial: (Check one)

(a) Jury __XX__   (b) Judge only _____

7. Did you testify at the trial?

Yes __XX__   No _____

8. Did you appeal from the judgment of conviction?

Yes __XX__   No _____

9. If you did appeal, answer the following:

(a) As to the state court to which you first appealed, give the following information:

(1) Name of court __Alabama Criminal Court Of Appeals.__

(2) Result __Affirmed__

(3) Date of result __November 19, 2004__

(b) If you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1) Name of court __Alabama Supreme Court__

(2) Result __Certiorari denied__

(3) Date of result __2-14-05__

(c) If you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1) Name of court __N/A__

(2) Result __N/A__

(3) Date of result __N/A__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____          No __XX__

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

   (a)  (1)  Name of court _____ N/A

        (2)  Nature of proceeding _____ N/A

        (3)  Grounds raised _____ N/A

        _____

        _____

        _____

        _____

        (attach additional sheets if necessary)

        (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

             Yes _____          No __X__

        (5)  Result _____ N/A

        (6)  Date of result _____ N/A

   (b)  As to any second petition, application, or motion, give the same information:

        (1)  Name of court _____ N/A

        (2)  Nature of proceeding _____ N/A

        (3)  Grounds raised _____ N/A

        _____

        _____

        _____

        _____

        (attach additional sheets if necessary)

        (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

             Yes _____          No __X__

        (5)  Result _____ N/A

        (6)  Date of result _____ N/A

   (c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

        (1)  Name of court _____ N/A

(2) Nature of proceeding _____

(3) Grounds raised _____ N/A

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No __X__

(5) Result _____ N/A

(6) Date of result _____ N/A

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc.          Yes _____   N/A   No _____

(2) Second petition, etc.          Yes _____   N/A   No _____

(2) Third petition, etc.          Yes _____   N/A   No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____ N/A

_____

_____

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

__XX__   A.   The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4
6

(1) Conviction of          hed by plea of guilty which was unlawfu.      hduced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

XX    (9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

XX    B.    The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

XX    C.    The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____    D.    Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____    E.    Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

The facts do not merely an___ht to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

"Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No _X_

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____ N/A

(b)  Result _____ N/A

(c)  Date of result _____ N/A
     (attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No _XX_

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing ___Hampton Baxley - Att - At - Law___

___Dothan, Al.___

(b) At arraignment and plea _____Same_____

(c) At trial _____Same_____

(d) At sentencing ___Same___

(e) On appeal ___David Hogg - Att - At- Law___

___Dothan, Al.___

(f) In any post-conviction proceeding _____

(g) On appeal from adverse ruling in a post-conviction proceeding ___Pro-Se___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____          No _XX___

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No _XX___

(a) If so, give name and location of court which imposed sentence to be served in the future: _____
___N/A___

(b) And give date and length of sentence to be served in the future: _____
___N/A___

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No _X___

18. What date is this petition being mailed?

___ANNO DOMINI___

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

IN THE CIRCUIT COURT OF HOUSTON COUNTY

DOTHAN - - - ALABAMA

Rubin C. McNabb,
Petitioner,

    -VS-

State Of Alabama
Respondant,

IN RE: <u>CC-02-0225</u>

---

    PETITIONER'S MEMORANDUM BRIEF AND ARGUMENT WITH ADDITIONAL SHEETS AND CASE LAW'S STATUTORY LAW AND CONSTITUTIONAL LAW'S CITED HEREIN WITH EACH CLAIM RAISED UNDER RULE 32.0, ALABAMA, RULES. CRIMINAL. P.

---

Rubin Corey McNabb
Ais: 236182 [      ]
1000 St. Clair Road
Springville, Al. 35146-5582

## STATEMENT OF THE CASE AND FACTS

On February 11th, 2004, the petitioner was found guilty by a jury for the crime of Robbery first degree.  And the sentencing was deferred until March 18th, 2004, awaiting a P.S.I. report, it was then continued until March 24, 2004.

March 24th, 2004, the hearing and sentence was held, the defendant was sentenced to [Life without Parole] "Quating verbatum:  C.T.R. Exhibit (A) hereto, CR-of hearing and sentencing, pages 364, through 373. Sentencing at pages 372 lines 20-thru-25, and page 373 lines 1-thru-15.

"[The defendant:  (Complied.) Page 272].  Lines-20-25]"

The Court:  Now, Ruben Mcnabb, the jury back on February 11th, 2004, having found you guilty of Robbery first degree, "[Based upon that jury verdict]" I hereby adjudge you guilty of Robbery in the first degree "As charged in theIndictment."  "[Page 373 Lines 1-14]"  Do you have anything to say as to say as to why sentence of Law should not be pronounced upon you at this time in this case?

The defendant: No, Sir. the court:  I hereby sentence you to imprisonment in the penitentiary of the State of alabama for the term of your natural Life without parole.  You're in the custody of the Sheriff.

States 1, is admitted.  State's Exhibit No. 1, was admitted for the purpose of the sentencing hearing.)  (The proceedings for March 24th, 2004, were concluded.)

(Off the Record.)

ADDITIONAL SHEETS FOR CLAIM 32.1 (A) (A.R. CRIM. P.),

The constitution of the United States or of the State of Alabama requires a new trial, a new sentencing proceeding or other relief:

McNabb was denied his right to due process and equal protection of Law as guaranteed through the 5th, 6th, and 14th, amendment of the United States constitution and article 1, Section 6, of the constitution of Alabama 1901.

And shows or sets out said violations herein claims raised in his Rule [32] petition under Rule 32.1 (A) (9), ineffective assistance of trial counsel, and appellate counsel. And under his claim raised under Rule 32.1 (B).

The court was without jurisdiction to impose the sentence March 24th, 2004, of "Life without Parole" For the felonie offense of Robbery I, 13A-8-41 Code of Alabama 1975. And under his claim raised under 32.1 (C),

The sentence imposed exceeds the maximum authorized by Law, or is otherwise not authorized by Law. Robbery first degree is a class A Felonie, 13 A-5-6 (A) (1), Code of Alabama 1975, as follows: For a class A felony, for Life or not more than 99 years or less than 10 years.

Therefore, the sentence of "Life Without Parole" Exceeds that authorized by statue, or is otherwise not authorized by Law.

ADDITIONAL SHEETS FOR CLAIM 32.1 (A) (9), (A.R.Crim.P.).

(1).  Denial of effective assistance of counsel.

Counsel at sentencing, and on appeal, should have objected to McNabb be-
ing sentence to "Life Without Parole"  For a crime of Robbery first degree,
a violation of 13A-8-41 Ala. Code 1975.

Counsel at sentencing and on appeal knew or should of knew the sentencing
guide line or minimum maximum range of purishment for and crime in which he
is defending a client, or appealing said conviction, Petitioner's establishes
ineffective assistance of counsel by demonstrating that counsels performance
fell below an objective standard of reasonableness, (A) for counsel to be

(A) For counsel to be effective constitutionally,  counsel must be fami-
liar with the facts and the Law in order to advise the defendant of the op-
tions available.  Scott-V-Wainwright, 698 F. 2D. [at 429] (11th, Cir. 1983).

Defense counsel has a constitutional duty to "know or learn about the
relevant Law and evaluate its application to his or her client – – – – Hill-
V-Lockheart, 474 U. S. 52, 62, 106 S. Ct. 366, 372 (1985);  Strickland-v-Wash-
ington, 466 U. S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. ED. 2D. 674 (1984).
Correale-V-U. S., 479, F. 2D. 944, 949 (1St. Cir. 1973).

"The failure of an attorney to inform his client of the relevant Law
clearly satsfies the first prong of the Strickland analysis – – – as such
an ommission cannot be said to fall within "the wide range of professionally
competent assistance 'Demanded by the 6th, amendment.

In the present case, petitioner's counsel at sentencing and on appeal was clearly not apprised of relevant case law. 13A-8-41, and 13A-5-6 (A), (1), Code of Ala. 1975.

Under the Strickland analysis, the petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not furnctioning as the "counsel" guaranteed the defendant by the sixth amendment. "Second. The defendant must show that the deficient performance prejudice the defense.

This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose results is reliable. 466 U. S. at 687, 104 S. Ct. at 2064.

## ADDITIONAL SHEETS FOR RULE 32.1 (B) (A.R.CRIM.P.).

Rule 32.1 (B), the court was without jurisdiction to render the sentence imposed.

The sentence of (Life Without Parole) is a illegal sentence. The maximum sentence for a crime of first degree Robbery a violation of 13A-8-41 Ala. Code 1975. (is a Life sentence) See: 13A-5-6 (A), (1). Ala. Code 1975. Upon a conviction of a class A felonie - Robbery first degree - a person can be sentenced to Life not more than 99 years and not less than 10 years. "Life Without Parole sentence" is not within the statutory boundary of sentencig of title 13A-8-41, nor 13A-5-6 (A0 (1), Code of Ala. 1975. Said sentence is null and void and not authroized by law.

## ADDITIONAL SHEETS FOR RULE 32.1 (C) (A.R.Crim.P.)

32.1 (C), the sentence as imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

McNabb, was charged, convicted and sentenced for the crime of Robbery first degree, a violation of 13A-8-41 (C), Code of Ala. 1975, and the court imposed a sentence of Life Without Parole, 13A-8-41 (C), States: Robbery in the first degree is a class A felony. Under statutory law 13A-5-6. Sentences of imprisonment for felonies. 13A-5-6 (A), sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:

13A-5-6 (A), (1), for a class A felony, for Life or not more than 99 years or less than 10 years.

Also See: Grady-V-State, 831 SO. 2D. 649 (at-No# 10) (Ala. Crim. App. 2001).

ARGUMENT

Based on the trial transcript and sentencing transcript and the brief and argument's on appeal.

McNabb's constitutional rights to due-process of a fair adjudication of sentence have been violated.

McNabb's constitutional rights to effective assistance of counsel through the 6th amendment hae been violated, and McNabb's sentence (Of Life Without Parole) exceeds that authorized by law or is otherwise not authorized by law 13A-8-41 (C) through 13A-5-6 (1) Ala. Code 1975. McNabb's sentence of (Life Without Parole) is a illegal sentence.

Wherefore, the within and above considered, this petition should be granted and lawful sentence between 10 years and Life.

REspectfully Submitted

*Ruben E. McNabb*

CONCLUSION

In the final analysis, petitioner McNabb is unable to imagine a more compelling example of a miscarriage of justice than that presented in the facts of this case. The record reflects that, through a series of misstepts, beginning with ineffective assistance of counsel, coupled with insufficient legal advice and a sentence which exceeds that authorized by statue, McNabb is now serving a excessive sentence for which he is inounce of the time being exacted.

Petitioner McNabb moves this Honorable court to appoint counsel to protect petitioner's fundamental and constitutional rights, and to grant petitioner's relief requested.

RELIEF REQUESTED

Petitioner request the court to set a hearing date to set aside the sentenceing order in accordance with the statues and Laws of the Code of Ala. 13A-8-41 (C), and 13A-5-6 (A) (1). 1975.

Respectfully Submitted

Ruben L. McNabb

Cerficate of Service Attached.

[vii].

## CERFICATE OF SERVICE

I Ruben C. McNabb, certify that I have this _7_ day of March, 2005, have placed three Rule 32.0 petitions with [9] pages of memorandum brief and arguments behind page (7) of the Rule [32] petitions, in the U. S. Mail by certified return requested. Proper postage and properly adressed to the office of the Circuit Clerk Houston County Courthouse.

Pro-Se-Petitioner
Ruben Corey Mcnabb
G-4-A-104 Ais: 236182
1000 ST. Clair Road
Springville, Al. 35146-5582

1    that some fight ensued about that transaction

2    there.  So that's what the testimony was at trial.

3    This was not some armed robbery at another grocery

4    store or anything of that nature.

5        MR. VALESKA:  I dispute that.  I recall the

6    paperwork when I had it in my hands, there was a

7    robbery.  The police were called.  And I can't

8    tell the Court if the victim did not show up to

9    testify.  But they did reduce it.  Once again, he

10   was charged with robbery.  As you can recall, the

11   Defense made the argument to you and the Defendant

12   himself on the stand, well, it wasn't robbery, it

13   was theft.  It was his own wallet.  Once again, if

14   it was his own wallet, he plead guilty, Judge, to

15   stealing his own wallet?  I do have the

16   paperwork.  But, once again, it was not a felony.

17       THE COURT:  I remember now.

18           Ruben McNabb, approach the bench,

19   please.

20       THE DEFENDANT:  (Complied.)

21       THE COURT:  Now, Ruben McNabb, the jury back

22   on February 11, 2004, having found you guilty of

23   robbery in the first degree, based upon that jury

24   verdict, I hereby adjudge you guilty of robbery in

25   the first degree as charged in the indictment.

— EXHIBIT [A] [1-of-2] —

19

1            Do you have anything to say as to why

2   sentence of law should not be pronounced upon you

3   at this time in this case?

4       THE DEFENDANT:  No, sir.

5       THE COURT:  I hereby sentence you to

6   imprisonment in the penitentiary of the State of

7   Alabama for the term of your natural life without

8   parole.

9           You're in the custody of the sheriff.

10           State's 1 is admitted.

11           (State's Exhibit No. 1 was admitted for

12           the purposes of the sentencing hearing.)

13           (The proceedings for March 24, 2004,

14           were concluded.)

15           (Off the Record.)

16

17

18

19

20

21

22

23

24

25

EXHIBIT [A]. [2-of-2]

20

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____3 — 4 — 05_____
(Date)

_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the __4__ day of _____May_____, _2005_

_____
Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____.
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, _____

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

_____

  * If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

21

)
)                                    **Case Number**
)

CC 02 225 W

ID   YR   NUMBER

(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

HOUSTON COUNTY ALABAMA, CIRCUIT COURT

[Insert appropriate court]

RUBIN C. McNABB

(Petitioner)

vs.

STATE OF ALABAMA

(Respondent(s))

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, RUBIN C. McNABB  236182 , declare that I am the petitioner
in the above entitled case; that in support of my motion to proceed without being required to prepay
fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs
of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?    Yes _____    No _✗___

    a.  If the answer is "yes", state the amount of your salary or wages per month, and give the
        name and address of your employer.

        _____

        _____

    b.  If the answer is "no", state the date of last employment and the amount of the salary and
        wages per month which you received.

        _____ MAY, 2001 _____

        _____

2.  Have you received within the past twelve months any money from any of the following sources?

    a.  Business, profession, or other form of self-employment?

        Yes _____            No _✗___

    b.  Rent payments, interest, or dividends?

        Yes _____            No _✗___

    c.  Pensions, annuities, or life insurance payments?

        Yes _____            No _✗___

    d.  Gifts or inheritances?

        Yes _____            No _✗___

    e.  Any other sources?

        Yes _____            No _✗___

**FILED**

MAR 0 8 2005

Judy Byrd

JUDY BYRD, CLERK
HOUSTON CO., AL

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____

_____

_____

_____

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____        No X_____

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____        No X_____

If the answer is "yes", describe the property and state its approximate value.

_____

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____   _Wife and Seven Children_

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on ___2-25-05___
               (Date)

_Rubin C. Menolb_ # 236182
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $_309.48_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _St. Clair C.F._ institution:

_____

_____

_2/28/05_
DATE

_[signature]_
AUTHORIZED OFFICER OF INSTITUTION

Rule 32

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
KILBY CORRECTIONAL FACILITY

AIS #: 236182        NAME: MCNABB, RUBEN C.

AS OF: 03/01/2005

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| MAR | 30 | $0.00 | $0.00 |
| APR | 30 | $0.00 | $0.00 |
| MAY | 31 | $0.00 | $0.00 |
| JUN | 30 | $0.00 | $0.00 |
| JUL | 31 | $0.00 | $0.00 |
| AUG | 31 | $0.00 | $0.00 |
| SEP | 30 | $6.39 | $67.70 |
| OCT | 31 | $7.50 | $50.00 |
| NOV | 30 | $5.13 | $10.00 |
| DEC | 31 | $6.96 | $25.00 |
| JAN | 31 | $0.00 | $0.00 |
| FEB | 28 | $0.00 | $0.00 |
| MAR | 1 | $0.00 | $0.00 |

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
ST. CLAIR CORR FACILITY

AIS #: 236182      NAME: MCNABB, RUBEN                AS OF: 02/28/2005

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| MAR   | 31        | $0.00             | $0.00            |
| APR   | 30        | $0.00             | $0.00            |
| MAY   | 31        | $0.00             | $0.00            |
| JUN   | 30        | $0.00             | $0.00            |
| JUL   | 31        | $0.00             | $0.00            |
| AUG   | 31        | $0.00             | $0.00            |
| SEP   | 30        | $0.00             | $0.00            |
| OCT   | 31        | $0.00             | $0.00            |
| NOV   | 30        | $0.00             | $0.00            |
| DEC   | 31        | $6.03             | $40.69           |
| JAN   | 31        | $3.19             | $20.00           |
| FEB   | 28        | $285.99           | $520.00          |

```
ACR0372            ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 000225.6
OPER: RHM                 CASE ACTION SUMMARY
PAGE:  1                  CIRCUIT  CRIMINAL                  RUN DATE: 03/10/200
================================================================================
IN THE CIRCUIT COURT OF  HOUSTON                                     JUDGE: JM

STATE  OF  ALABAMA              VS      MCNABB RUBEN COREY #23618
                                        1000 ST CLAIR RD
CASE: CC 2002 000225.60
                                        SPRINGVILLE  AL  35146 0000

DOB: 07/25/1975        SEX: M  RACE: B  HT: 6 00  WT: 197    HR: BLK EYES: BRO
SSN: 264654614  ALIAS NAMES:
================================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE: 06/07/2001                AGENCY/OFFICER: 0380100 SINGLET

DATE WAR/CAP ISS:                       DATE ARRESTED: 02/05/2002
DATE     INDICTED: 08/30/2001           DATE     FILED: 03/10/2005
DATE     RELEASED:                      DATE   HEARING:
BOND       AMOUNT:     $100,000.00          SURETIES:

DATE 1:             DESC:               TIME: 0000
DATE 2:             DESC:               TIME: 0000

TRACKING NOS:                /              /

  DEF/ATY: PRO SE                TYPE: P                          TYPE:

                        00000                    00000

PROSECUTOR: VALESKA DOUGLAS A

================================================================================
9TH CSE:   000000000000 CHK/TICKET NO:               GRAND JURY: 00000002
COURT REPORTER: _____  SID NO:       000000000
DEF STATUS: JAIL                DEMAND: Y                          OPER: RHM
NOTE: **BOND TO BE APPROVED BY THE COURT** (5-15-2003)
================================================================================
DATE        ACTIONS, JUDGEMENTS, AND NOTES
================================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|------|-------------------------------|
| 03-08-05 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE.  PETITIONER'S MEMORANDUM BRIEF.  IN FORMA PAUPERIS DECLARATION. |

March 15 2005 - Defendant allowed to file Rule 32 petition without prepayment of costs. Clerk to serve District Attorney with copy of petition. D.A. to answer petition within 30 days. Notify.

_[signed]_ Judge

(3-17-05 N' DA & Deft)

EX PARTE,                              )          IN THE CIRCUIT COURT OF

RUBEN COREY MCNABB         )          HOUSTON COUNTY, ALABAMA

VS.                                          )

STATE OF ALABAMA            )          CASE NO. CC 2002-225.60

## MOTION FOR SUMMARY DISPOSITION

Comes now the State of Alabama and moves the Court for an order summarily dismissing the petition filed herein and for reason alleges the following:

1. The petition fails to state a claim for which relief may be granted.

2. The grounds alleged in the petition either were raised at trial or could have been but were not raised at trial.

3. The grounds alleged in the petition either were raised on appeal or could have been but were not raised on appeal.

4. The grounds alleged and facts stated do not amount to newly discovered evidence.

5. The petitioner's entire premise is that his trial and appellate counsel were ineffective because they "should have objected to McNabb being sentence to 'Life Without Parole'". On March 17, 2004, the State filed a notice of prior convictions which showed four prior felony convictions. The circuit clerk's file contains certified copies of these prior convictions. Pursuant to §13A-5-9(c)(3), Code of Alabama, the range of punishment is "imprisonment for life or life without possibility of parole". Therefore the sentence did not exceed the maximum authorized by law, the Court did not exceed its jurisdiction, nor was either counsel ineffective. See Exhibit "A".

6. The State denies each and every material allegation contained within the petition.

Submitted this _18TH_ day of March, 2005.

Gary R. Maxwell
Chief Assistant District Attorney

## CERTIFICATE OF SERVICE

I, Gary R. Maxwell, Chief Assistant District Attorney, hereby certify that I have placed a copy of the same in the U.S. mail, postage prepaid, to Ruben Corey McNabb, #236182, St. Clair Prison, 1000 St. Clair Road, Springville, AL 35146 this _18TH_ day of March, 2005.

Gary R. Maxwell
Chief Assistant District Attorney

**FILED**

MAR 18 2005

Judy Byrd

JUDY BYRD, CLERK
HOUSTON CO., AL

28

<u>IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA</u>

Ruben Corey McNabb,                    )

   Petitioner,              )

           )

Vs.                                    ) IN RE: <u>CC-02-0225.60</u>

           )

State of Alabama,                      )

   Respondant,               )

OBJECTIONS TO RESPONDANT"S RESPONSE
TO PETITIONER'S RULE (32) PETITION
FOR RELIEF OF CONVICTION AND OR SENTENCE
OF LIFE WITHOUT PAROLE.

Ruben Corey McNabb

AIS# 236182  [G4A-104]

1000 St. Clair Rd.

Springville, Alabama 35146

**FILED**

MAR 2 8 2005

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

( 1- of -5 )

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

Ruben Corey McNabb,                         )

     Petitioner,                          )

                                      )

Vs,                                         )          IN RE: <u>CC-02-0225.60</u>

                                             )

                                           )

State of Alabama,                           )

     Respondant,                          )

   Response.... and objection to Respondant's Motion requesting dismissal and deniel of Petitioner's Rule [32] petition for relief under claims raised of <u>32.1 (a)</u>, <u>32.1 (a) (9)</u>, <u>32.1 (b)</u>, and <u>32.1 (c)</u>, [ Ala. R. Crim. P. ], and for good cause sets fourth reasons why:

1.)  As to Respondant's (No.#1 ) it is totaly without merit, and evidently Respondant is very confused as to the claims raised and "supported" by the court record," which also, Petitioner has exhibited copies as evidence in-support thereof his claims raised, [and the record sumitted has not been refuted by Respondant's as required under Rule 32.7 (a), Ala.R.Crim.P., further, See: <u>Exparte Rivers</u>, "Clearly illegal sentence does not require objection at trial and may be raised at any time. 597 So.2d 1308 (Ala. 1991).

2.)  As to Respondant's (No.# 2) and (No.# 3) : "Subdivision (a) (2) and (a) (3) mutually exclusive, as are (a) (4), and (a) (5) of [Rule 32.2].- Contending that subdivision (a) (2) is a ground of preclusion while also contending that subdivision (a) (3) is a ground of preclusion, amounts to a factual impossibility, Because subdivision (A) (2) allows preclusion where the petitioner's assertion was raised or adressed at trial, and subdivision (A) (3) allows preclusion where such issue could have been, but was not raised at trial.

[1].

Petitioner <u>could not</u> have both asserted and not asserted the same issue at trial. And the same analysis may be applied to subdivition (A) (4) and (A) (5). Fruther See, <u>Hughley-v-State</u>, 597 So. 2D. 764 (Ala.Crim.App. 1992).

[3]. As to respondant's (No.# 4) "atleaste the respondant <u>agrees</u> the claims raised <u>are (Facts)</u>. As to respondant's statement refering to (newly discovered evidence), petitioner's jurisdictional claims nor ineffective assistant of counsel (do not have to be raised under newly discovered evidence).

[4]. As to respondant's (No.# 5), it appear's furthur that respondant is very confused again.

Respondant states that petitioner's [entire premise] is that trial and appellant's counsel on appeal were ineffective as to petitioner being sentenced to [L W O P], however, there are other claims and subject matter jurisdictional claims the respondants fail to refer to. As required under Rule 32. 7 (A), (Ala.R.Crim.P.), and furthur See: <u>Ferguson-V-State,</u> 565 So. 2D. 1172 (Ala.Crim.App. 1990); <u>Adams-V-State,</u> 825 SO. 2D. 239-241 (Ala.Crim.App.2001); <u>ExParte Brannon,</u> 547 So. 2D. 68, 69 (Ala. 1989); <u>Hall-V-State,</u> 676 So. 2D. 954, 955 (Ala.Crim.App. 1995); <u>Steele-V-State,</u> 2004 WL 117813 (Ala.Crim.App. 2004); <u>Bates-V-State,</u> 620 SO. 2D. 745-46, (Ala.Crim.App. 1992); <u>Smith-V-State,</u> 581 SO. 2D. 1283-84, (Ala.Crim.App., 1991); <u>Goetzman-V-State,</u> 844 SO. 2D. 1289 (Ala.Crim.App. 2002).

[5]. Petitioner moves this Honorable Court to take judicial notice to the records and review said claims as are applied to the record, and after review to grant petitioner's relief requested and set a date for a full and complete hearing into each claim and matter before this Court for review.

Respectfully Submitted

*[signature]*

[2].
31

CERFICATE OF SERVICE

    I Ruben C. McNabb  hereby certify that I have placed a copy of the same
in the U. S. Mail, postage pre-paid and properly adressed to:  Gary R. Max-
well, assistant District Attorney, P. O. Box 1632, Dothan, Alabama 36302
C/C Inmate file.

                                      _Ruben C. McNabb_ 3/22/5
                                        Ruben Corey McNabb
                                        Ais: 236182 (G-4-A-104)
                                        1000 St. Clair Road
                                        Springville, Alabama 35146-5582

EXHIBIT "A"

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                    *

    PLAINTIFF,                    *

VS.                                  *    CASE NO. CC 2002 0002255

RUBEN COREY MCNABB,                  *

DEFENDANT.                           *

### NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS AND NOTICE OF INTENT TO USE SUCH CONVICTIONS FOR IMPEACHMENT PURPOSES

    You are hereby notified that the District Attorney's Office has evidence of the following convictions, which, in the event of your conviction in the above case, will be presented to the court for consideration under the Alabama Habitual Offender Statute, Sec. 13A-5-9, Code of Alabama, 1975. Furthermore, it is the State's intent to use such convictions for impeachment purposes should the defendant testify at trial, Rules 609 (a), (b), (c)of the Alabama Rules of Evidence.

| Date | Case No. | Charge | Disposition | Jurisdiction |
|------|----------|--------|-------------|--------------|
| 3/28/1995 | CR 94 5433 | Possession of Cocaine with Intent to Sell | 14 months | Orange Co, FL |
| 7/3/1997 | CR 0-97-3658 | Possession of Cocaine with Intent to Sell | 20 months | Orange Co, FL |
| 8/4/93 | CR 92-11635 | Carrying Concealed Firearm | 30 months | Orange Co, FL |
| 7/3/1997 | CR-0-97-13987 | Possession of Cocaine with Intent to Sell | 20 months | Orange Co, FL |

    You will be properly notified in the event the District Attorney receives evidence of any other or additional convictions.

    This the 17th day of November, 2004.

*Douglas Albert Valeska*

DOUGLAS ALBERT VALESKA
DISTRICT ATTORNEY

### CERTIFICATE OF SERVICE

I certify that I have served a copy of this motion on the Honorable Hamp Baxley, Attorney for the Defendant by placing a copy in his box at the Houston County Courthouse on March 17, 2004.

*Douglas Albert Valeska*

DOUGLAS ALBERT VALESKA

FILED

MAR 17 2004

JUDY BYRD, CLERK
HOUSTON CO., AL

STATE OF ALABAMA     VS    REUBAN MCNABB          CC2002-225.60

3-18-05  Motion for Summary Disposition.

03-28-05  Objection to Respondent's response to Petitioner's Rule 32

April 5, 2005
The Court has duly weighed and considered the defendant's Rule 32 petition as well as the State's motion for Summary disposition. It is the judgment and opinion of the Court that the State is entitled to prevail and that the motion for Summary disposition shall be granted. Defendant's Rule 32 petition is therefore denied and dismissed.

_Greg M. White_
Judge

(4-12-05 N. Da & Deft)

04-29-05  Notice of appeal to the Court of Criminal Appeals  CCA docketing statement and CR transcript order.

5-13-05  File returned No Action Needed.  Clerk to notify CCA.

5-16-05  Clerk's notice of appeal to CCA, Ag and deft.  CCA docketing statement to CCA, AG and deft.

05-16-05 Record on appeal to CCA, Ag and deft.

In the Circuit court of *Houston County*

*Dothan,* Alabama

*Ruben McNabb*

Petitioner, Pro Se,

vs.

# FILED

State of Alabama,

Respondent,

APR 2 9 2005

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

Case No. *CC-02-0225*

### Notice of Appeal to the Court of Criminal Appeals

### of Alabama

Notice is hereby given that *Ruben McNabb*_____, petitioner pro se, appeals to the above named court from the judgment entered in this case on the _*5th*_ day of *April*, **2005**, denying his Rule 32 post conviction petition.

Respectfully Submitted,

*Ruben McNabb*_____

Petitioner, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that I have this _22_ day of _April_____, 200_5_ .
served a copy of the foregoing, upon the following, by placing a copy of the
same in the U.S. mail, postage prepaid and properly addressed:

Judy Byford, Circuit Clerk
P.O. Drawer 6406
Nathan, Alabama 35146

_____

Respectfully Submitted,

Ruben Mcnabb #236182
1000 St. Clair Road
Springville, Al. 35146

_____

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 26 (front)    8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br>_____ |
|---|---|---|

## A. GENERAL INFORMATION:

☒ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF _____ Houston _____ COUNTY

_____ Rubin Corey Mcnabb _____ , Appellant

V.   ☒ STATE OF ALABAMA   ☐ MUNICIPALITY OF _____ Circuit Court Of Houston Co. Al. _____

| Case Number<br>CC-02-0225 | Date of Complaint or Indictment<br>3-5-05 | Date of Judgment/Sentence/Order<br>4-5-05 |
|---|---|---|
| Number of Days of Trial/Hearing<br>N/A    Days | Date of Notice of Appeal<br>Oral: | |
| | | Written: 4-21-05 Written |
| Indigent Status Requested: ☒ Yes ☐ No | Indigent Status Granted: ☒ Yes ☐ No | |

## B. REPRESENTATION:

Is Attorney Appointed or Retained?   ☐ Appointed   ☐ Retained.       If no attorney, will appellant represent self?   ☐ Yes   ☐ No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary) | Telephone Number |
|---|---|
| Address | City | State | Zip Code |

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | **FILED** |
| Codefendant | Case Number<br>APR 2 9 2005 |

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

## D. TYPE OF APPEAL: Please check the applicable block.

1 ☐ State Conviction
2 ☒ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☐ Habeas Corpus Petition
10 ☐ Other (Specify)

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____
2 ☐ Homicide - § _____
3 ☐ Assault - § _____
4 ☐ Kidnapping/Unlawful Imprisonment - § _____
5 ☐ Drug Possession - § _____
6 ☐ Trafficking in Drugs - § _____
7 ☒ Theft - § Robbery
8 ☐ Damage or Intrusion to Property - § _____
9 ☐ Escape - § _____
10 ☐ Weapons/Firearms - § _____
11 ☐ Fraudulent Practices - § _____
12 ☐ Offense Against Family - § _____
13 ☐ Traffic - DUI - § _____
14 ☐ Traffic - Other - § _____
15 ☐ Miscellaneous (Specify): _____ - § _____

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?   ☐ Yes   ☐ No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?   ☐ Yes   ☒ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?   ☐ Yes   ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?   ☐ Yes   ☐ No

NOTE:  If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

| Form ARAP-26 (back) | 8/91 | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT |
|---|---|---|

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.1 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 3 | 5 | 05 | Rule 32 Petition | 4 | 5 | 05 |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

Defendant was sentence to Life Without for Robbery First Degree, the Court transcript of sentencing clearly reflects he was not sentenced under the HFOA 13A-5-9 (C), (3), of the Code of Ala. 1975 nor was he sentenced as a HFO. The sentence of Life Without Parole exceed that authorized by law 13A-8-41, 13A-5-6 (A), (1), Code of Ala. 1975. Appellant filed his Rule 32 post conviction petition alleging his claims's under Rule 32.1 (B), and (C), concerning his illegal sentence, which exceeds that authorized by law.

The State responded "without answering the illegal sentence claim's, and the Circuit Court April 5, 2005, granted the states summary dispotion and denied petitioner's Rule 32 petition, this appeal followed.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

Did the Trial Court error in accepting the States claim that petitioner's jurisdictional claim's that the Trial Court was without jurisdiction or the authority to pass judgment and pronounce sentence which exceeds that authorized by law, where said claims are raised under Rule 32.1 (B), and 32.1 (C), Ala. R. Crim. P., and the trial court summary denied said claims under Rule 32.2 (A), (2), 32.2 (A), (30, 32.2 (A), #(4), and 32.2 (A), (5), 32.7 (D), Ala. Crim. P., and said illegal sentence and jurisdictional claim not answered by respondant or Circuit Court.

**K. SIGNATURE:**

| Date | 38 | Signature of Attorney/Party Filing this Form |
|---|---|---|

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 1C 8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number |
|---|---|---|

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

[X] CIRCUIT COURT   [ ] DISTRICT COURT   [ ] JUVENILE COURT OF   Houston   COUNTY

Ruben Corey McNabb   , Appellant

v.   [X] STATE OF ALABAMA   [ ] MUNICIPALITY OF   Circuit Court of Houston County, Al.

| Case Number<br>CC-02-0225.60 | Date of Judgment/Sentence/Order<br>Rule 32 petition |
|---|---|
| Date of Notice of Appeal   4-21-05<br>Oral:    Written:   Written | Indigent Status Granted:<br>[X] Yes    [ ] No |

PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

_____    _____    _____
Signature      Date      Print or Type Name

PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED: Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:

                                                       COURT REPORTER(S)

A. [ ] TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. [ ] ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

**FILED**

**APR 2 9 2005**

_Judy Byrd_

C. [ ] ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL (ATTACH ADDITIONAL PAGES IF NECESSARY):

**JUDY BYRD, CLERK**
**HOUSTON CO., AL.**

ADDITIONAL PROCEEDINGS REQUESTED              DATE                COURT REPORTER(S)

D. _____

E. _____

F. _____

G. _____

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT INDIGENT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_____    _____    _____
Signature      Date      Print or Type Name

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

38

ACR371
ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF HOUSTON COUNTY
STATE OF ALABAMA VS MCNABB RUBEN COREY #23618 JUDGE: JERRY M. WHITE

| APPEAL DATE: 04/29/2005 |
|---|

INDIGENCY STATUS:
GRANTED INDIGENCY STATUS AT TRIAL COURT: __X__ YES ____ NO
APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL: __X__ YES ____ NO
INDIGENT STATUS REVOKED ON APPEAL: ____ YES __X__ NO
INDIGENT STATUS GRANTED ON APPEAL: __X__ YES ____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 38/CC 2002 000225.60

ORDER ENTERED(DATE): 04052005 PETITION: __DISMISSED X DENIED __GRANTED

POST-JUDGMENT MOTIONS FILED:      DT FILED          DT DENIED       CON BY AGREE
___   MOTION FOR NEW TRIAL        _____          _____       _____
___   MOTION FOR JUDG. OF ACQUIT  _____          _____       _____
___   MOTION TO W/D GUILTY PLEA   _____          _____       _____
___   MOTION FOR ATTY TO W/DRAW   _____          _____       _____
___   OTHER                       _____          _____       _____

COURT REPORTER(S):
ADDRESS:                          _____
                                  _____
                                  _____

APPELLATE COUNSEL #1:
ADDRESS:                          PRO SE

PHONE NUMBER:                     000-000-0000              00000

APPELLATE COUNSEL #2:
ADDRESS:                          _____
                                  _____
                                  _____

PHONE NUMBER:                     _____

APPELLANT (PRO SE):
ADDRESS:                          MCNABB RUBEN COREY #236182
                                  1000 ST CLAIR RD
AIS #:                            SPRINGVILLE    , AL  351460000

APPELLEE (IF CITY APPEAL):
ADDRESS:                          _____
                                  _____

I CERTIFY THAT THE INFORMATION PROVIDED
ABOVE IS ACCURATE TO THE BEST OF MY                  OPERATOR: RHM
KNOWLEDGE AND I HAVE SERVED A COPY OF            PREPARED: 05/16/2005
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 16th DAY OF May , 2005
                                          _____
                                               CIRCUIT COURT CLERK

# CERTIFICATE OF COMPLETION AND TRANSMITTAL
## OF RECORD ON APPEAL BY TRIAL CLERK

REUBAN MCNABB
_____
**Appellant**

**V.**

**State of Alabama**
**Appellee**

TO: The Clerk of the Court of
    Criminal Appeals of Alabama

Case No. _____ CC2002-225.60 _____

Date of Notice of Appeal ____ 4-29-05 ____

   I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by

assembling _____ 40 _____ pages of the Clerk's record, and _____ 0 _____ pages of

the Court Reporter's transcript, and that one copy of each of the record on appeal
has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

   I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this _____ 16TH _____ day of _____ MAY _____ , _____ 2005 _____ .

_Judy Byrd_
_____
                                  Circuit Clerk

HOUSTON
_____
                                  County