# IN the Alabama Court of Criminal Appeals

CR-04-1628

Reuban McNabb
Petitioner/Appellant, PRO SE,

versus

State of Alabama,
Respondent/Appellee.

ATTORNEY GENERAL COPY

MAY 2 5 2005
CLERK
ALA COURT CRIMINAL APPEALS

Denial of Rule 32 petition by Judge White in the Circuit Court of Houston Co., Alabama, CC-02-225.60.

## BRIEF AND ARGUMENT OF Appellant

By:

Reuban McNabb
1000 St. Clair Rd.
#236182 (INF 129)
Springville, Alabama
USA 35146-5582

EXHIBIT F

NO ORAL ARGUMENT REQUESTED

## STATEMENT OF CASE

McNabb filed a Rule 32 alleging Ineffective Assistance of Counsel and challenged the Courts jurisdiction to impose sentence C.R. 03-21. The District Attorney responded C.R. 27-28. McNabb traversed the District Attorney's motion for Summary Disposition C.R. 29-33. The trial court granted the District Attorneys motion and denied the petition C.R. 02. Timely Notice of Appeal was filed C.R. 35-40.

## ISSUE PRESENTED FOR REVIEW

Whether or not the trial court abused its discretion when it denied the petition?

## STATEMENT OF FACTS

The state filed notice of prior convictions which showed four prior felony convictions. The clerks office file contains certified copies of those prior convictions C.R. 27 Also see C.R. 33. It is a fact, the trial court did not determine McNabb as a Habitual Felony offender because McNabb or his attorney did not admit he had prior felonies and the record fails to reflect the court acknowledged any prior(s) Case Action Summary Sheets from Orange County, Florida to adjudicate McNabb a H.F.O. C.R. 19-20. Lastly, the prosecutor's response did not contain any supporting affidavits and a certified record or such portions thereof as are appropriate or material to the issues raised in the petition nor did the trial court acknowledge it took Judicial notice of the record.

## STANDARD OF REVIEW

Standard of review on appeal in a post conviction petition is whether the trial court abused its discretion when he denied the petition. EX PARTE HEATON, 542 So.2d 931 (Ala. 1989), Elliot v. State, 601 So.2d 1118 (Ala. Cr. App. 1992).

1

## Summary of Argument

McNabb is due a new sentence hearing because he was not adjudicated by the court as a H.F.O. and the sentence imposed exceeds the maximum for a non H.F.O. 13A-5-6(a)(1), Ala. Crim. Code 1975.

## Argument

McNabb argues the trial court abused its discretion when the petition contained no evidence that the sentencing court determined McNabb as a H.F.O.

McNabb is due a new sentence hearing because he was not adjudicated by the court as a H.F.O. and the sentence imposed exceeds the maximum for a non H.F.O. Consequently, counsel was ineffective per se when the court in the presence of counsel sentenced McNabb to L.W.O.P. for a first degree Robbery conviction with determining and adjudicating McNabb was a H.F.O. Since McNabb or counsel did not admit he had priors and the trial court did not acknowledge any certified case action summary sheets from Orange Co., Florida were in the record then and there at sentencing. For these reasons the state did not meet its burden for the court to grant their motion and deny McNabb's petition.

## Conclusion

McNabb is due a new sentencing hearing because counsel failed to object when the court imposed a sentence that exceeded the maximum statutory limitations for sentencing a non H.F.O. Rule 26.6(b)(3) A.R.Cr.P.

## Certificate of Service

On May 25, 2005, McNabb served two copies upon the Appellate Court Clerk for him to place a copy into the Attorney General's mailbox.

Respectfully submitted,
Reuban McNabb
Reuban McNabb

2