CR-04-1628

In the COURT of CRIMINAL APPEALS
of ALABAMA

**REUBEN MCNABB,**

Appellant,

v.

**STATE OF ALABAMA,**

Appellee.

*On Appeal from the Circuit Court of
Houston County (CC-02-225.60)*

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

Robin Blevins Scales
*Assistant Attorney General*

Bettie J. Carmack
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130

June 16, 2005


EXHIBIT G

**STATEMENT REGARDING ORAL ARGUMENT**

The State does not request oral argument because "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Ala. R. App. P. 34(a)(3).

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ..................... i

TABLE OF CONTENTS ..................................... ii

TABLE OF AUTHORITIES ................................. iii

STATEMENT OF THE CASE AND FACTS ....................... 1

ISSUE PRESENTED FOR REVIEW ............................ 3

STANDARD OF REVIEW .................................... 3

SUMMARY OF THE ARGUMENT ............................... 4

ARGUMENT

I.  This Court Is Precluded From Reviewing McNabb's Claim That His Sentence Exceeded The Maximum Authorized By Law (Because He Was Never Adjudicated An Habitual Felony Offender), Because It Is A Precluded Non- Jurisdictional Claim................. 5

II.  McNabb's Claim That His Trial Counsel Was Ineffective Is Without Merit Because He Has Failed To Show That His Trial Counsel's Performance Was Deficient Or That He Was Prejudiced By His Trial Counsel's Allegedly Deficient Performance........... 8

CONCLUSION............................................ 10

CERTIFICATE OF SERVICE............................... 11

# TABLE OF AUTHORITIES

**Cases**

Dixon v. State, 804 So. 2d 1080 (Ala. Crim. App. 2000). ........................................... 7

Ex parte Dixon, 804 So. 2d 1075 (Ala. 2000) .......... 6

Franks v. State, 819 So. 2d 106 (Ala. Crim. App. 2001). ........................................... 5

Jones v. State, 816 So. 2d 1067 (Ala. Crim. App. 2000) 9

Yarbrough v. State, 841 So. 2d 306 (Ala. Crim. App. 2002). ........................................ 8, 9

**Statutes**

Ala. Code (1994)

13A-5-9(c)32.2(5). ............................... 6

**STATEMENT OF THE CASE AND FACTS**[1]

On April 5, 2005, Judge Jerry M. White of the Houston County Circuit Court denied Reuben McNabb's (hereinafter "McNabb") Rule 32 petition. This appeal followed.

On August 30, 2001, Ruben Corey McNabb was indicted for robbery in the first degree. (DAR, C. 1) McNabb was arrested on February 6, 2002. (DAR, C. 1) On February 14, 2003, McNabb's trial resulted in a mistrial. (C. 4)

McNabb's re-trial began on February 10, 2004. (DAR, R. 2) After deliberating for fifteen minutes, the jury found McNabb guilty of robbery in the first degree. (DAR, R. 356) McNabb appealed his conviction and sentence on the ground that the trial court judge improperly denied his request for a transcript of his first trial which had resulted in a mistrial. See McNabb v. State, CR-03-1141, mem. op. at 2 (Ala. Crim. App. Nov. 19, 2004).

---

[1] Some of the facts are taken from McNabb's direct appeal record (DAR). This Court is requested to take judicial notice of McNabb's direct appeal record (CR-03-1141). See Ex parte Salter, 520 So. 2d 213, 216 (Ala. Crim. App. 1987)("The Court of Criminal Appeals can take judicial notice of its own records.").

On March 8, 2005, McNabb filed his Rule 32 petition. (C. 3) In his Rule 32 petition, McNabb stated on the Rule 32 form that: (1) "The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief; (2) The court was without jurisdiction to render the judgment or to impose the sentence; and, (3) The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law." (C. 4-5) In his attachment to the Rule 32 form, McNabb stated that his trial counsel was ineffective and that his sentence exceeded the maximum authorized by law. (C. 13-15)

In his brief on appeal, McNabb contends that the trial court never adjudicated him an habitual felony offender and, as a result, his sentence exceeded the maximum authorized by law. (McNabb's brief, pg. 2.) McNabb further contends that his trial counsel was ineffective for failing to object to the trial court's alleged failure to adjudicate him an habitual felony offender. (McNabb's brief, pg. 2)

2

**ISSUES PRESENTED FOR REVIEW**

Did Judge White properly exercise his discretion when he summarily dismissed McNabb's Rule 32 petition?

**STATEMENT OF STANDARD OF REVIEW**

"When the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo. . . . However, where there are disputed facts in a post[-]conviction proceeding and the circuit court resolves those disputed facts, 'the standard of review on appeal . . . is whether the trial judge abused his discretion when he denied the petition.' . . . If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition." Boyd v. State, CR-02-0037, 2003 WL 22220330, at *3 (Ala. Crim. App. Sept. 26, 2003).

**SUMMARY OF THE ARGUMENT**

McNabb's claim that his sentence was improperly enhanced based upon the Habitual Felony Offender Act is precluded from review in a Rule 32 petition because, as a non-jurisdictional claim, McNabb had to have raised the claim on direct appeal and McNabb did not raise the claim on direct appeal.

McNabb's claim that his counsel was ineffective is without merit because McNabb has failed to show that his trial counsel's performance was deficient or that he was prejudiced by his trial counsel's allegedly deficient performance.

4

**ARGUMENT**

I. **This Court Is Precluded From Reviewing McNabb's Claim That His Sentence Exceeded The Maximum Authorized By Law (Because He Was Never Adjudicated An Habitual Felony Offender), Because It Is A Precluded Non-Jurisdictional Claim.**

McNabb contends that the trial court never adjudicated him an habitual felony offender and, as a result, his sentence exceeded the maximum sentence allowed for a first degree robbery conviction. In particular, McNabb contends that the State never produced certified copies of his prior felony convictions and, as a result, he could not be declared an habitual felony offender. This issue is precluded from review in a Rule 32 petition because McNabb did not raise it at his sentencing hearing or on direct appeal. See Franks v. State, 819 So. 2d 106, 108 (Ala. Crim. App. 2001).

McNabb did not object at his sentencing hearing to the trial court's decision to sentence him as an habitual offender.  On direct appeal, the only issue McNabb raised was that the trial court improperly denied him funds to obtain a copy of the transcript of his first trial which had resulted in a mistrial.  This Court has specifically held that the State's method of proving prior convictions is a non-jurisdictional issue and the issue is precluded from review in a Rule 32 petition if it was not raised on direct appeal.  See Franks v. State, 819 So. 2d at 108; see also Ala. R. Crim. P. 32.2(5).  Because McNabb failed to raise this issue on direct appeal, this Court is precluded from reviewing it in a Rule 32 petition.

Furthermore, McNabb admitted during his re-trial that he had "roughly four or five felony convictions." (DAR, R. 248)  As a result of admitting his prior felony convictions, the State was relieved of its burden of proving McNabb had prior felony convictions. See Ex parte Dixon, 804 So. 2d 1075, 1076 (Ala. 2000)("[B]y admitting prior felony convictions, the defendant relieves the State of its burden of proof.").

6

*rev'd as to sentences and remanded on other grounds* Dixon v. State, 804 So. 2d 1080 (Ala. Crim. App. 2000).

Moreover, McNabb was convicted of robbery in the first degree, a class A felony. See Ala. Code § 13A-8-41 (1994). McNabb admitted that he had four or five prior felony convictions. The trial court sentenced McNabb based upon three prior felony convictions submitted by the State on March 17, 2004. (DAR; C. 123, R. 365) As a convicted felon with three prior convictions, the trial court judge could have sentenced McNabb to a term of life imprisonment or life imprisonment without parole, in the discretion of the trial court. Judge White properly exercised his discretion and sentenced McNabb to a term of life imprisonment without the possibility of parole. See Ala. Code § 13A-5-9(c)(3)(1994). McNabb, therefore, was properly sentenced.

7

   II. **McNabb's Claim That His Trial Counsel Was Ineffective Is Without Merit Because He Has Failed To Show That His Trial Counsel's Performance Was Deficient Or That He Was Prejudiced By His Trial Counsel's Allegedly Deficient Performance.**

McNabb contends in his brief on appeal that this trial counsel was ineffective. McNabb contends that his trial counsel's performance was deficient because he did not object when the trial court imposed a sentence which exceeded the maximum authorized by law. (McNabb's brief, pg. 2)  McNabb's contention is without merit.

   "To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient and (2) that he was prejudiced by the deficient performance." Yarbrough v. State, 841 So. 2d 306, 309 (Ala. Crim. App. 2002).

   As stated previously, McNabb admitted that he had four or five felony convictions.  The trial court adjudicated McNabb as an habitual felony offender with three prior felony convictions.  The trial court judge chose to exercise his discretion and sentenced McNabb to a term of imprisonment of life without the

8

possibility of parole. Because McNabb's sentence was proper, his attorney's objection would have been without merit. This Court has specifically stated that "[c]ounsel cannot be ineffective for failing to raise a meritless issue." See Jones v. State, 816 So. 2d 1067, 1071 (Ala. Crim. App. 2000) *remanded with instructions on other grounds.*

Furthermore, McNabb has failed to show how he was prejudiced by his attorney's alleged failure to object to the enhancement of his sentence. McNabb, himself, admitted that he had four or five prior felony convictions. As a result, McNabb would have been sentenced to a term of life imprisonment without the possibility of parole even if his attorney had made the meritless objection that he was not an habitual felony offender.

## CONCLUSION

Based upon the above, this Court should affirm the trial court's decision summarily dismissing McNabb's Rule 32 petition.

Respectfully submitted,

Troy King
Attorney General
By-

Bettie J. Carmack
*Assistant Attorney General*
Counsel of Record*

## CERTIFICATE OF SERVICE

I hereby certify that on this the __16th__ day of June, 2005, I served a copy of the foregoing on the Appellant, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

**Reuben Corey McNabb
1000 St. Clair Road
#236182 (INF 129)
Springville, AL 35476-5582**

Bettie J. Carmack
*Assistant Attorney General*

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL 36130
1-334-353-5305
206924/McNabb, Reuben Corey

11