

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

**P. O. Box 301555**

**Montgomery, AL 36130-1555**

> **RELEASED**
> AUG 0 5 2005
> CLERK
> ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-1628                Houston Circuit Court CC-02-225.60

Ruben Corey McNabb v. State of Alabama

Wise, Judge.

The appellant, Ruben Corey McNabb, appeals from the circuit court's denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala. R. Crim. P., in which he challenged his 2004 conviction for first-degree robbery.[1]

---

[1]McNabb's first trial ended in a mistrial on February 14, 2003. He was retried on February 10, 2004 and found guilty as charged. McNabb appealed his conviction and sentence to this Court on November 19, 2004, alleging that the trial court improperly denied his request for a copy of a transcript of his first trial which ended in a mistrial. We affirmed the

1



EXHIBIT
H

On March 8, 2005, McNabb filed the instant Rule 32 petition. In his petition, McNabb stated on the Rule 32 form that: (1) the Constitution of the United States or of the State of Alabama requires a new trial, a new sentencing proceeding, or other relief; (2) the Court was without jurisdiction to render the judgment or to impose the sentence; and (3) the sentence imposed exceeds the maximum authorized by law. In his attachment to the Rule 32 form, McNabb stated that his trial counsel was ineffective and that his sentence exceeded the maximum authorized by law. On April 5, 2005, the trial court summarily dismissed McNabb's petition.

On appeal, McNabb claims that the trial court abused its discretion when it denied his Rule 32 petition. McNabb specifically claims as grounds for his illegal sentence that the trial court never adjudicated him as an habitual felony offender; thus, his sentence exceeded the maximum allowed by law. He also contends that his trial counsel was ineffective for failing to object to the trial court's alleged failure to adjudicate him as an habitual offender.

I.

McNabb contends that because the State never produced certified copies of his prior felony convictions his sentence exceeded the maximum legal sentence for first-degree robbery.

The State contends that this non-jurisdictional issue is precluded from review because McNabb failed to object to the use of the prior convictions at the sentencing hearing or on direct appeal. See Rule 32.2(a)(3) and (5), Ala. R. Crim. P.; Nichols v. State, 629 So.2d 51, 57-58 (Ala. Crim. App. 1993) (the failure to object in the trial court to the State's method of proving prior convictions precludes further consideration of that issue on direct appeal). Because this issue is waivable on appeal, it does not involve depriving the trial court of its jurisdiction; thus, this issue is not jurisdictional. Nichols, 629 So.2d at 57 (a procedural requirement can be waived by defendant's failure to object; a

---

trial court's judgment by unpublished memorandum. See McNabb v. State (No. CR-03-1141), ____ So. 2d ____ (Ala. Crim. App. 2004)(table).

jurisdictional matter is not subject to waiver); Ex parte Thomas, 549 So.2d 95 (Ala.1989) (Rule 32 petition asserting a claim of improper enhancement under the HFOA was not meritorious because such an issue is properly raised on direct appeal, rather than in a Rule 32 petition).

Moreover, McNabb admitted that he had four or five felony convictions. For sentencing, the trial court relied upon three of those prior felony convictions.[2] (Direct Appeal, C. 123; R. 365). As an habitual felony offender with three prior felony convictions, the range of punishment available to the trial court was life imprisonment or life imprisonment without the possibility of parole. The trial court was well within its discretion, pursuant to § 13A-5-9(c)(3), Ala. Code 1975, when it sentenced McNabb to a term of life imprisonment without the possibility of parole. Thus, McNabb's various claims regarding the legality of his sentence or of the court's authority to impose that sentence are without merit.

## II.

McNabb claims that his trial counsel was ineffective for his failure to object when the trial court imposed a sentence which allegedly exceeded the maximum authorized by law. Based on our analysis herein, his claim is without merit.

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. Counsel's performance is viewed objectively; therefore, a defendant's subjective satisfaction with counsel's performance is irrelevant in determining whether counsel was ineffective. As stated in Section I, McNabb admitted to at least three prior felony convictions -- actually four or five. The trial court exercised his discretion, pursuant to the habitual felony offender act and sentenced McNabb to imprisonment for a term

---

[2]This Court may take judicial notice of its own records. See Hull v. State, 607 So. 2d 369, 371 (Ala. Crim. App. 1992).

of life without the possibility of parole. Given the existence of at least three prior felony convictions, such a sentence is legally proper; thus, the failure to make an objection at sentencing does not constitute ineffective assistance of counsel. Counsel cannot be ineffective for failing to raise a meritless issue. See Patrick v. State, 680 So. 2d 959, 963 (Ala. Crim. App. 1996); Hope v. State, 521 So. 2d 1383, 1386 (Ala. Crim. App. 1988).

For the above-stated reasons, the trial court's dismissal of McNabb's Rule 32 petition is due to be affirmed.

**AFFIRMED.**

McMillan, P.J., and Cobb and Baschab, JJ., concur. Shaw, J., concurs in the result.