ACRBEO ALABAMA JUDICIAL DATA CENTER

ALIAS WARRANT

JID: JERRY M. WHITE

CC 2002 000225.00

THE STATE OF ALABAMA VS MCNABB RUBEN COREY

TO ANY LAW ENFORCEMENT OFFICER:

YOU ARE HEREBY COMMANDED TO ARREST: MCNABB RUBEN COREY AND BRING HIM/HER BEFORE THIS COURT TO ANSWER THE STATE FOR THE CHARGE OF FAILURE TO APPEAR ON THE CHARGE OF: ROBBERY 1ST - FELONY

WITNESS MY HAND THIS FEBRUARY 19, 2003.

BOND SET AT: $1,000,000.00 -

~~JUDGE~~/CLERK/~~MAGISTRATE~~ Judy Byrd

DEFENDANT'S ADDRESS:

% HOUSTON COUNTY JAIL

DOTHAN , AL 36302 0000

DEFENDANT'S DESCRIPTION:

HT: 600 WT: 197
HAIR: BLK EYE: BRO
BIRTH DATE: 07/25/1975
RACE: B SEX: M
SID#: 000000000
SSN#: 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

ALIAS:

EMPLOYER: ______________________ PHONE NO: ______________________

TICKET NUMBER: AGENCY/OFFICER: 0380100/SINGLETO

NOTE: ALIAS ORDERED DUE TO DEFT BEING RELEASED MISTAKENLY BY THE SHERIFF'S OFFICE. BOND SET AT $1,000,000.00.
Criminal Jury Trial is to be set upon defendant's arrest.
THIS APPEARS TO BE A VALID ADDRESS

OFFICERS RETURN:
RECEIVED ON ______________________

EXECUTED ON 2-24-03 BY: Michal Spivey

( ) DEFENDANT ARRESTED, RELEASED ON BOND
( ) DEFENDANT ARRESTED, IN JAIL
( ) DEFENDANT ARRESTED, NOT BOOKED
( ) NOT FOUND
( ) OTHER ______________________

Lamar Glover
SHERIFF

Michal Spivey
OFFICER

NCIC

OPERATOR: AML
PREPARED: 02/19/2003

State of Alabama
Unified Judicial System

Form C-10
Page 1 of 2 Rev. 2/95

# AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER

Case Number

0 5-

IN THE District COURT OF Houston, ALABAMA
(Circuit, District, or Municipal) (Name of County or Municipality)

STYLE OF CASE: ______ v. Ruben Corey McNabb
Plaintiff(s) Defendant(s)

TYPE OF PROCEEDING: ______ CHARGE(s) (if applicable): Robbery 1st

☐ CIVIL CASE-- I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.

☐ CIVIL CASE-- (such as paternity, support, termination of parental rights, dependency) - I am financially unable to hire an attorney and I request that the court appoint one for me.

☐ CRIMINAL CASE-- I am financially unable to hire an attorney and request that the court appoint one for me.

☐ DELINQUENCY/NEED OF SUPERVISION-- I am financially unable to hire an attorney and request that the court appoint one for my child/me.

## AFFIDAVIT

SECTION I.

1. IDENTIFICATION
Full name Ruben Corey McNabb Date of birth 7-25-75
Spouse's full name *(if married)* ______
Complete home address 1841 Ravenall Ave Orlando FL 32805
Number of people living in household ______
Home telephone number 407-648-0932
Occupation/Job ______ Length of employment ______
Driver's license number ______ *Social Security Number 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
Employer Unemployed. Employer's telephone number ______
Employer's address ______

2. ASSISTANCE BENEFITS
Do you or anyone residing in your household receive benefits from any of the following sources? *(If so, please check those which apply.)*

☐ AFDC ☐ Food Stamps ☐ SSI ☐ Medicaid ☐ Other ______

3. INCOME/EXPENSE STATEMENT INMATE
Hamton Baxley is his atty

Monthly Gross Income:
Monthly Gross Income $ 0
Spouse's Monthly Gross Income *(unless a marital offense)*
Other Earnings: Commissions, Bonuses, Interest Income, etc.
Contributions from Other People Living in Household
Unemployment/Workmen's Compensation, Social Security, Retirements, etc.
Other Income *(be specific)* ______ 0

TOTAL MONTHLY GROSS INCOME X $ 0

Ruben McNabb

Monthly Expenses:
A. Living Expenses
Rent/Mortgage $ 0
Total Utilities: *Gas, Electricity, Water, etc.*
Food
Clothing
Health Care/Medical
Insurance
Car Payment(s)/Transportation Expenses
Loan Payment(s) 0

X Ruben McNabb

*OPTIONAL

Form C-10 Page 2 of 2 Rev. 2/95

## AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER

Monthly Expenses: (cont'd page 1)
Credit Card Payment(s) ______
Educational/Employment Expenses ______
Other Expenses (*be specific*) ______

**Sub-Total** A $ 0

B. Child Support Payment(s)/Alimony $ ______

**Sub-Total** B $ 0

C. Exceptional Expenses $ 0

TOTAL MONTHLY EXPENSES (add subtotals from A & B monthly only) $ 0

Total Gross Monthly Income Less total monthly expenses:

DISPOSABLE MONTHLY INCOME $ 0

4. LIQUID ASSETS:
Cash on Hand/Bank (*or otherwise available such as stocks, bonds, certificates of deposit*) $ 0
Equity in Real Estate (value of property less what you owe) ______
Equity in Personal Property, etc. (such as the value of motor vehicles, stereo, VCR, furnishing, jewelry, tools, guns, less what you owe) ______
Other (*be specific*) 0
Do you own anything else of value? ☐ Yes ☐ No
(land, house, boat, TV, stereo, jewelry)
If so, describe ______

TOTAL LIQUID ASSETS $ 0

5. Affidavit/Request
I swear or affirm that the answers are true and reflect my current financial status. I understand that a false statement or answer to any question in the affidavit may subject me to the penalties of perjury. I authorize the court or its authorized representative to obtain records of information pertaining to my financial status from any source in order to verify information provided by me. I further understand and acknowledge that, if the court appoints an attorney to represent me, the court may require me to pay all or part of the fees and expenses of my court-appointed counsel.

Sworn to and subscribed before me this

______ day of ______, 19 ______.

Affiant's Signature

Judge/Clerk/Notary

Print or Type Name

## ORDER OF COURT

SECTION II.
IT IS THEREFORE, ORDERED, AND ADJUDGED BY THE COURT AS FOLLOWS:
☐ Affiant is not indigent and request is DENIED.
☐ Affiant is partially indigent and able to contribute monetarily toward his/her defense; therefore defendant is ordered to pay $ ______ toward the anticipated cost of appointed counsel. Said amount is to be paid to the clerk of court or as otherwise ordered and disbursed as follows: ______
☐ Affiant is indigent and request is GRANTED.
☐ The prepayment of docket fees is waived.

IT IS FURTHER ORDERED AND ADJUDGED that ______, is hereby appointed as counsel to represent affiant.
IT IS FURTHER ORDERED AND ADJUDGED that the court reserves the right and may order reimbursement of attorney's fees and expenses, approved by the court and paid to the appointed counsel, and costs of court.
Done this ______ day of ______, 19 ______.

______ Judge

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA, *

PLAINTIFF, *

V. * CASE NO. CC-2002-225-W

RUBEN McNABB, *

DEFENDANT. *

**MOTION TO REQUEST HEARING TO REDUCE BOND**

COMES NOW, the Defendant, RUBEN COREY McNABB, by and through his appointed counsel of record, and moves this Honorable Court to reduce the bond amount set in his case and as reason therefore, states the following:

1. Defendant claims he is not guilty of the charges and activities alleged in the State's Complaint.

2. Defendant's trial was held on February 13 – 14, 2003, and the jury became deadlocked. Your Honor declared a mistrial in the case due to the deadlocked jury.

3. After his mistrial, Defendant was erroneously released from the Houston County Jail. Defendant returned to the Houston County Jail after being made aware of this mistake. Defendant avers that he is not a flight risk and will return for the trial of his case if a reasonable bond is set in this case.

WHEREFORE, Defendant prays this Honorable Court will reduce the bond amount set in his case to an amount that would allow him to make bond and return to his family as soon as possible.

RAMSEY, BAXLEY & McDOUGLE

By: ______________________

M. Hampton Baxley (BAX009)
Attorney for Defendant
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550
mhb@rbmlaw.org

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon all opposing counsel by depositing same in the United States Mail, with sufficient postage and properly addressed.

This the 24th day of February, 2003.

______________________
Of Counsel

FILED
FEB 25 2003
JUDY BYRD, CLERK
HOUSTON CO., AL

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                          *

     PLAINTIFF,                          *

V                                          *                    CASE NO. CC-02-225-W

RUBEN McNABB,                              *

     DEFENDANT.                          *

## MOTION FOR EXTRAORDINARY EXPENSES

COMES NOW the Defendant, RUBEN McNABB, by and through his

undersigned appointed attorney, and respectfully moves this Honorable Court to grant

this Motion for Extraordinary Expenses in the above-styled cause.  As grounds thereof,

the Defendant states as follows:

1.    That on February 6, 2002, the Defendant, charged with Robbery First

Degree, appeared before the District Court of Houston County, Alabama, where he filed

an affidavit of substantial hardship prompting the appointment of the undersigned

attorney.

2.    That the Defendant appeared before this Court for the trial of this case on

February 13 and 14, 2003, and where, through no fault of his own, a mistrial was

declared in Defendant's trial.

3.    That Defendant's counsel is in need of the trial transcript from the mistrial

and the court reporter has estimated that such a transcript would cost $800.00.

Defendant's counsel is in need of said transcript for cross examination and rebuttal

purposes in the next trial of this case.

WHEREFORE, all premises considered, the Defendant, by and through counsel, respectfully requests this Honorable Court to grant this Motion for Extraordinary Expenses.

RAMSEY, BAXLEY & McDOUGLE

By: ______________________

M. Hampton Baxley (BAX009)
Attorney for Defendant
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550
mhb@rbmlaw.org

FILED
FEB 2 6 2003
JUDY BYRD, CLERK
HOUSTON CO., AL

083

2-26-03

2/26/03

Defendant before the Court and advised of his/her rights, Hon. [signature] is appointed counsel for the Defendant.

[signature]

DISTRICT JUDGE

(2-27-03 — HB, DA)

March 4, 2003 - Motion to reduce bond denied. Motion for extraordinary expenses denied. Notify [illegible] (3-6-03 - [illegible] - [illegible], DA)

4/3/03 Cont. for Δ w/o objection from State – Martin

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA, *

PLAINTIFF, *

V. * CASE NO. CC-2002-225

RUBEN McNABB, *

DEFENDANT. *

**MOTION TO REDUCE BOND**

COMES NOW, the Defendant, RUBEN COREY McNABB, by and through his appointed counsel of record, and moves this Honorable Court to reduce the bond amount set in his case and as reason therefore, states the following:

1. Defendant claims he is not guilty of the charges and activities alleged in the State's Complaint.

2. Defendant's trial was held on February 13 – 14, 2003, and the jury became deadlocked. Your Honor declared a mistrial in the case due to the deadlocked jury.

3. After his mistrial, Defendant was erroneously released from the Houston County Jail. Defendant returned to the Houston County Jail after being made aware of this mistake. Defendant avers that he is not a flight risk and will return for the trial of his case if a reasonable bond is set in this case.

4. That the current bond set in this case of one million dollars ($1,000,000.00) is not reasonable.

WHEREFORE, Defendant prays this Honorable Court will reduce the bond amount set in his case to an amount that would allow him to make bond and return to his family as soon as possible.

RAMSEY, BAXLEY & McDOUGLE

By: ______________________________

M. Hampton Baxley (BAX009)
Attorney for Defendant
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550
mhb@rbmlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all opposing counsel by depositing same in the United States Mail, with sufficient postage and properly addressed.

This the 1st day of May, 2003.

______________________________
Of Counsel

Filed 5-1-03
Judy Byrd Clerk

| | |
|---|---|
| 5-2-2003 | Motion to Reduce Bond is set down for a hearing on the 15th day of May, 2003, at 9:00 a.m. Notify. Thomas M. White, Judge |

(5-5-B-D-HB, DA)

May 15, 2003 - Bail reduced to $100,000.00 Bond to be approved by Court. Jerry McWhite Judge

(5-16-B-D-HB, DA 9 O.O.& Jail - Brill)

Given 5/16/03

IN THE CIRCUIT COURT OF HOUSTON COUNTY ALABAMA

STATE OF ALABAMA
PLAINTIFF

V

RUBEN McNABB
DEFENDANT

CASE NO. CC-2002-225-W

MOTION TO RECONSIDER BOND

COMES NOW, the Defendant, RUBEN COREY McNABB, PRO SE, And moves this Honorable Court to reconsider reduction of bond in the amount set in the case and reasons are therefore, stated as following:

1. On February 6, 2002 the Honorable Courts of HOUSTON COUNTY accepted Mr. McNABB'S, Affidavit of Substantial Hardship. Based upon his Level of income, he could not Afford to retain And Attorney.

2. Mr. McNabb has been incarcerated in Houston County Jail since February 5, 2002 without a reasonable bond, and several bond reductions being requested. At no time has bond been within a reasonable means for Mr. McNabb by the fact that he filed a Affidavit of Substantial Hardship, and has not been employed for over 16 months.

3. On May 15, 2003 bail was reduce from 1,000,000 to 100,000. To be approved by the courts.
4. On February 14, 2003 A Jury became deadlocked and a mistrial was declared.
5. Houston County Prosecutors have had a entire year with Defendant bond outside of means for Defendant to meet bond. Defendant posses no threat to community.
6. After the mistrial Houston County jail released Defendant by error made in there paperwork. Defendant return from Orlando, Florida with out any encirement from law enforcement And a new charge of escape due to no fault of his own.
7. Defendant Shows good nature and respect for the law of Alabama, by Showing he is no flight risk after returning with a frivolous charge of escape and bond being raised to a total of 1.5 million, and 1 year of incarceration before trial. The states proof of guilt by evidence presented at trial became evanescent due to A Jury deadlock.

WHEREFORE, Defendant prays this Honorable Court will reconsider reducing the bond amount set in his case to 30,000 to 3,000 in order to return to his family until trial.

Pro Se
Ruben Corey McNabb
901 E Main St.
Dothan, Al 36301

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all opposing counsel by depositing same in the United States Mail, with sufficient postage and properly addressed.

This the 2 day of July, 2003.

[signature]
Pro Se

FILED
JUL 15 2003
JUDY BYRD, CLERK
HOUSTON CO., AL

| | |
|---|---|
| | August 5, 2003 - Above motion denied + Clerk is ordered not to submit any further such motions to Court. [signature] |
| 8-11-03 | notified Hamp Baxley, DA + deft at jail [signature] |

8-20-03 Case Cont'd. (Issue) On Appeal

IN THE SUPREME COURT OF ALABAMA
October 3, 2003

1021528

Ex parte Ruben Corey McNabb. PETITION FOR WRIT OF MANDAMUS (In re: State of Alabama v. Ruben Corey McNabb) (Houston Circuit Court: CC-02-225; : CR-02-1305).

CERTIFICATE OF JUDGMENT

The petition of Ruben Cory McNabb for a writ of mandamus to be directed to the Court of Criminal Appeals of Alabama, having been duly filed and submitted to the Court,

IT IS CONSIDERED AND ORDERED that the petition for writ of mandamus be, and the same is hereby, returned to the Court of Criminal Appeals.

IT IS FURTHER ORDERED that the petitioner pay the costs of this proceeding, for which let execution issue.

PETITION RETURNED TO THE COURT OF CRIMINAL APPEALS.

OPINION BY LYONS, J. (9 pp)

Houston, See, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.

FILED
OCT 23 2003
Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.
Witness my hand this 21st day of October, 2003

Robert G Esdale, Sr. tr
Clerk, Supreme Court of Alabama

COURT OF CRIMINAL APPEALS
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

*H. W. "Bucky" McMILLAN*
Presiding Judge
*SUE BELL COBB*
*PAMELA W. BASCHAB*
*GREG SHAW*
*A. KELLI WISE*
Judges

*Lane W. Mann*
Clerk
*Wanda K. Ivey*
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

ORDER

CR-02-1305

Ex parte Ruben Corey McNabb (In re: State of Alabama vs. Ruben Corey McNabb) (Houston Circuit Court: CC-02-225).

It is ORDERED that the respondent(s) shall be allowed 21 days from the date of this order to respond to the merits of this petition.

**Done this the 18th day of November, 2003.**

H.W. "Bucky" McMILLAN, PRESIDING JUDGE

CCA/wki

cc: Honorable Jerry White, Special Tc Judge
Honorable Judy Byrd, Circuit Clerk
Honorable William H. Pryor, Jr., Attorney General
Honorable Douglas A. Valeska, District Attorney
Honorable M. Hampton Baxley, Attorney, Petitioner
Office of Attorney General

FILED
NOV 19 2003
JUDY BYRD, CLERK
HOUSTON CO., AL

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

0 5

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-02-1305

pending

Ex parte Ruben Corey McNabb (In re: State of Alabama vs. Ruben Corey McNabb) (Houston Circuit Court: CC-02-225).

## ORDER

Upon consideration of the above referenced Petition for Writ of Mandamus, the Court of Criminal Appeals orders that said petition, be and the same is hereby, denied.

McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.

Done this the 9th day of January, 2004.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Jerry White, Special TC Judge
Hon. Judy Byrd, Circuit Clerk
Carla Woodall, Court Reporter
M. Hampton Baxley, Attorney
Hon. William H. Pryor, Jr., Attorney General
James B. Prude, Asst. Atty. Gen.
Hon. Douglas A. Valeska, District Attorney

FILED
JAN 12
JUDY ... CLERK
HOUSTON CO., AL

Circuit Court
State of Alabama, Houston County
I, Judy ... Circuit Court, hereby certify that this is a true and correct copy of
filed in this Court
This the 20
Circuit Clerk

0 36

IN THE CIRCUIT COURT
OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA, *

vs. * CASE NO. CC 2002 225

REUBEN COREY MCNABB. *

**MOTION TO RELEASE TRIAL EXHIBITS TO DISTRICT ATTORNEY**

COMES NOW the State of Alabama by and through the undersigned counsel and moves the court to order Court Reporter Carla Woodall to release trial exhibits in the above referenced matter a for cause states that defendant's initial trial ended in mistrial. The exhibits are needed for trial set for February 10, 2004.

Respectfully submitted this the 2nd day of February 2004..

Douglas Albert Valeska
DOUGLAS ALBERT VALESKA
DISTRICT ATTORNEY

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of this motion on the Honorable Hamp Baxleyl, Attorneys for the Defendant by placing a copy in their boxes at the Houston County Courthouse on this the 2nd day of February 2004..

Douglas Albert Valeska
DOUGLAS ALBERT VALESKA

FILED
Feb. 02 2004
Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

IN THE CIRCUIT COURT
OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA, *

vs. * CASE NO. CC 2002 225

REUBEN COREY MCNABB. *

ORDER

I , Lawson Little, Judge of the Circuit Court, in and for Houston Countym, Alabama, a Court of Record, do hereby order Court Reporter Carla Woodall to release trial exhbits in the case of State v. Reuben Corey McNabb to the District Attorney.

LAWSON LITTLE
CIRCUIT JUDGE

2-2-04 notfd Hamp Bayley, DA + Carla Woodall

FEB 02 2004

JUD... ...ERK
HOUSTON CO., AL

018

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA, *

Plaintiff, *

vs. * CASE NO.: CC-02-225

RUBEN McNABB *

Defendant. *

9/11 W 2-10-04

## MOTION TO SUPPRESS EVIDENCE

COMES now the Defendant, RUBEN COREY McNABB, by and through his undersigned attorney, and moves this Honorable Court to suppress all evidence seized as the basis for his arrest on the following grounds:

1. The Defendant avers that the issuance of the search warrant in the instant case was illegal and served in violation of the rights of the Defendant.

2. The issuance of the search warrant was a result of an Affidavit based on hearsay evidence, in whole or in part, without existence of a substantial basis on believing that there was a factual basis for the information or a substantial basis for believing the source of the hearsay to be credible.

3. The search of the premises which produced the evidence in question was wholly without any valid constitutional basis, thereby depriving the Defendant of his rights to due process as guaranteed under the 4th and 14th Amendments of the Constitution of the United States and Article I, Section 5 and Section 6 of the Constitution of the State of Alabama (1901).

4. Defendant specifically avers that the search and seizure was illegal, in violation of his rights and unconstitutional for the following reasons:

a. The Affidavit submitted to the issuing officer was improperly and illegally executed;

b. The warrant was illegally issued because it does not show probable cause sufficient to justify the issuance of a search warrant;

c. The seizure was illegal in that it was too broad and not in conformity with the directions of the issuing judge so far as the items subject to search and seizure;

d. The information contained in the Affidavit constitutes false swearing;

e. The search was a "general search";

f. The Affiant, before the issuing judge, had no personal knowledge of any facts which would justify a determination by the judge of probable cause for the issuance of said warrant;

g. The Affidavit on which the search warrant is based was insufficient as a matter of law.

5. The search of the premises was illegal and all fruits of the search must be suppressed because of the foregoing reasons.

WHEREFORE, Defendant respectfully requests this Honorable Court for a hearing on this Motion to Suppress prior to the trial and outside the presence of the jury and for issuance of its Order suppressing all evidence seized as a result of the illegal search.

Respectfully submitted this 4th day of February, 2004.

RAMSEY, BAXLEY & McDOUGLE

By: [signature]
M. Hampton Baxley (BAX009)
Attorney for Defendant
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550
mhb@rbmlaw.org

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon the District Attorney by depositing same in his mailbox located at the Houston County Courthouse.

This the 4th day of February, 2004.

[signature]
Of Counsel

FILED

FEB 5 2004

JUDY BYRD, CLERK
HOUSTON CO., AL



Ruben McNabb

CC-02-225

5-04 Motion to Suppress Evidence. February 11, 2004 - Defendant's motion to Suppress [illegible] denied.

JUR250 ALABAMA JUDICIAL INFORMATION SYSTEM PAGE:
OPER: COFFEE DATE: 02/05/200
STRIKE LIST BY: N A M E RUN TIME: 15:38:47

TERM DATE: 02/09/2004 PANEL: ALL STATUS: A

| STRIKE | JUROR'S NAME |
|---|---|
| ~~0129~~ | ~~MAY WAYMAN~~ |
| 0130 | MCCALL MARTHA JANE |
| ~~0131~~ | ~~MCCLOUD THOMAS FRANKLIN~~ |
| 0132 | MCCOLLOUGH ALICE JOHNSO |
| 0133 | MCCRAY NAOMI |
| ~~0134~~ | ~~MCDONALD LENZEL LEON~~ |
| 0135 | MCDONALD SANTONIO L |
| ~~0136~~ | ~~MCKENZIE ROBERT EARL~~ |
| 0137 | MCKENZIE WILMA BAXTER |
| 0138 | MESSER HENRY MILFORD JR |
| 0139 | MIDDLEBROOKS JOHN MARTI |
| 0140 | MILLS MARY D |
| 0141 | MITTA NANCY FERRELL |
| 0142 | MORGAN JOHNNY LEWIS |
| ~~0143~~ | ~~MORRIS RUSHIE BELL~~ |
| ~~0144~~ | ~~MORRIS SANDRA JEAN~~ |
| ~~0145~~ | ~~MOSS BUFORD L~~ |
| 0146 | MOULTON CAROL ELAINE |
| ~~0147~~ | ~~NEAL SHELBY L~~ |
| ~~0148~~ | ~~NELSON CRAIG WILLIAM~~ |
| 0149 | NELSON TINA MARIE |
| 0150 | NEWMAN ERIKA ARDEN |
| 0151 | NEWSOME DOUGLAS A |
| 0152 | NEWTON OPTHELIA HODGES |
| 0153 | NORMAN ELIZABETH HUNTER |
| 0154 | OAKLEY KIM THOMPSON |
| ~~0155~~ | ~~OLIVER JAMIE WAKEFIELD~~ |
| 0156 | PALMER MARVIN WAYNE |
| ~~0157~~ | ~~PARTRIDGE DEAN THROPE~~ |
| ~~0158~~ | ~~PEEBLES PATRICIA PERRY~~ |
| 0159 | PELHAM MADGE ELLEN |
| 0160 | PELHAM PATRICIA SUE |
| 0161 | PHILLIPS BARBARA FAYE |
| 0162 | PHILLIPS TAMMY LYNN |
| 0163 | PIGG JEAN S |
| ~~0164~~ | ~~PULLIN VERNELL S~~ |
| ~~0165~~ | ~~RADFORD MARY LOUISE~~ |
| 0166 | REYNER WEBSTER CLARK |
| 0167 | RICHARDS FRANKLIN BRUCE |
| ~~0168~~ | ~~RICHARDSON JAMES DALE~~ |
| ~~0169~~ | ~~RIVERS WALLACE SHARIF~~ |
| ~~0170~~ | ~~ROBERTS CLARENCE BARRYE~~ |
| 0171 | ROBISON DORIS ELLIS |
| ~~0172~~ | ~~ROSENTRATER GARY ERNEST~~ |
| 0173 | RUSSELL LISA YORK |
| 0174 | SAULS EDWARD EARL |
| 0175 | SAWYER ROBERT JACK |
| 0176 | SEIBER HERB ROMAN |
| ~~0177~~ | ~~SHACKLEFORD MARKETA C~~ |
| ~~0178~~ | ~~SHAW JEFFREY LAMAR~~ |
| 0179 | SHEDDEN PATRICIA D |
| 0180 | SHELLEY JOYCE HENDRIX |
| 0181 | SHELLEY LARRY GAYLE |
| ~~0182~~ | ~~SIMS RONALD GLENN~~ S |
| 0183 | SIZEMORE SHARON JOY |
| ~~0184~~ | ~~SLOOP JOHN RATLIFF~~ |
| ~~0185~~ | ~~SMITH EDDIE D~~ S |
| 0186 | SMITH JOEY KEVIN |
| 0187 | SMITH KENNETH ALLEN |
| ~~0188~~ | ~~SNELLGROVE MARGARET ELI~~ S |
| ~~0189~~ | ~~SPARKS MARVIN CLIFFORD~~ S |
| ~~0190~~ | ~~SPEARS PHILLIP BEN~~ S |
| ~~0191~~ | ~~STARLING [illegible] CATRI~~ |
| ~~0192~~ | ~~STEVENS DARREN KEITH~~ S |

TERM DATE: 02/09/2004 PANEL: ALL STATUS: A

| STRIKE | JUROR'S NAME | STRIKE | JUROR'S NAME |
|---|---|---|---|
| ~~0193~~ | ~~STOKES ANGELIA ASKIN~~ △ | 0225 | WILLIAMS DEBORAH ANN |
| 0194 | SULLIVAN IDA S | ~~0226~~ | ~~WILLIAMS ERVIN E~~ |
| ALT 0195 | TAYLOR ROSE MCKINZIE | ~~0227~~ | ~~WILLIAMS GWENDOLYN V~~ S |
| ~~0196~~ | ~~TESH ELAINE B~~ | 0228 | WILLIS ROBERT NEIL |
| 0197 | THOMAS MILDRED CREEL | ~~0229~~ | ~~WILSON DEBRA ELAINE~~ |
| ~~0198~~ | ~~THOMPSON PAULA CLINE~~ △ | ~~0230~~ | ~~WOMACK BILLY MELVIN~~ △ |
| ~~0199~~ | ~~[illegible] PAMELA REGINA~~ | ~~0231~~ | ~~WOMACK JO ANN~~ △ |
| ~~0200~~ | ~~TS NGAE~~ | ~~0232~~ | ~~WOOD FORREST HESTER~~ S |
| 0201 | TRAN CHRYSTAL J | 0233 | WOOD MILTON H |
| ~~0202~~ | ~~TROKELL DIANE LANE~~ | | |
| ~~0203~~ | ~~TUCKER CHARLES DONALD~~ △ | | |
| ~~0204~~ | ~~TURNER SHIRLEY MATHIS~~ △ | | |
| ~~0205~~ | ~~WAID LAURIN SLINGLUFF~~ | | |
| ~~0206~~ | ~~WALKER COY GORDON~~ | | |
| ~~0207~~ | ~~WALKER SHERRY LYNN~~ | | |
| ~~0208~~ | ~~WALLACE WILLIAM C~~ △ | | |
| ~~0209~~ | ~~WARD MARCIA FAULKNER~~ | | |
| ~~0210~~ | ~~WARD ROGER ALLEN~~ △ | | |
| ~~0211~~ | ~~WARREN DIANNE~~ challenged | | |
| ~~0212~~ | ~~WATFORD BOBBIE MANN~~ | | |
| ALT 0213 | WATFORD MARTHA PEACOCK | | |
| ~~0214~~ | ~~WATFORD RICKEY WAYNE~~ △ | | |
| ~~0215~~ | ~~WATSON GIDGET DONYALE~~ S | | |
| ~~0216~~ | ~~WATSON NANCY MCCALLISTE~~ △ | | |
| 0217 | WELCH MARY FRANCES OXEN | | |
| 0218 | WESLEY IRA BERNARD | | |
| ~~0219~~ | ~~WHALEY JAMES FLETCHER~~ | | |
| ~~0220~~ | ~~WHIGHAM THERISA EARNEST~~ | | |
| ~~0221~~ | ~~WHITEHEAD LINDA ANN~~ S | | |
| ~~0222~~ | ~~WHITEHURST WILLARD L~~ | | |
| ~~0223~~ | ~~WICK JAMES E~~ | | |
| 0224 | WILKINSON SUSAN MICHELL | | |

CC-2002-220

Dec. 10, 2004
DATE

The State

V

Ruben Corey McNabb

Robbery, 1st
CHARGE

White
JUDGE

Carla Woodall
COURT REPORTER

| S 11 | D 11 | T 22 |
|---|---|---|
| 188 | 231 | 2 |
| 227 | 204 | 4 |
| 189 | 210 | 6 |
| 185 | 203 | 8 |
| 232 | 216 | 10 |
| 221 | 193 | 12 |
| 190 | 230 | 14 |
| 215 | 208 | 16 |
| 182 | 198 | 18 |
| 192 | 214 | 20 |
| ALT-213 | ALT-195 | 22 |
| | | 24 |
| | | 26 |
| | | 28 |
| | | 30 |
| | | 32 |
| | | 34 |
| | | 36 |

35
-12
23
-1
22

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| PLAINTIFF, | * | |
| V | * | CASE NO. CC-02-225 |
| RUBEN McNABB, | * | |
| DEFENDANT. | * | |

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

COMES NOW the Defendant, RUBEN McNABB, and respectfully requests this Court to read the following Jury Charges to the Jury and to instruct the Jury that said charges are correct propositions of law and should be considered by the Jury in their deliberations as part of the law in this case.

I hereby certify that a true and correct copy of the attached Jury Charges have been served upon Counsel for the State in open court this 11th day of February, 2004.

RAMSEY, BAXLEY & McDOUGLE

By: [signature]

M. Hampton Baxley (BAX009)
Attorney for Defendant
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550
mhb@rbmlaw.org

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA, *

PLAINTIFF, *

V * CASE NO. CC-02-225

RUBEN McNABB, *

DEFENDANT. *

REQUESTED INSTRUCTION 1

I charge you, members of the Jury, based on the evidence; you must find RUBEN McNABB not guilty.

______ GIVEN
______ GIVEN AS MODIFIED
__✓__ REFUSED
______ WITHDRAWN

Carlisle, Judge

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA, *

PLAINTIFF, *

V * CASE NO. CC-02-225

RUBEN McNABB, *

DEFENDANT. *

REQUESTED INSTRUCTION 2

I charge you, members of the Jury, if you believe the evidence, you must find RUBEN McNABB not guilty.

_____ GIVEN
_____ GIVEN AS MODIFIED
__✓__ REFUSED
_____ WITHDRAWN

Circuit Judge

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| PLAINTIFF, | * | |
| V | * | CASE NO. CC-02-225 |
| RUBEN McNABB, | * | |
| DEFENDANT. | * | |

REQUESTED INSTRUCTION 3

I charge you, members of the Jury, that the presumption of innocence with which the Defendant, RUBEN McNABB, enters into the trial is a fact in the case which must be considered with all the evidence and is not to be disregarded by you.

__✓__ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

Cashie, Judge

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA, *

PLAINTIFF, *

V * CASE NO. CC-02-225

RUBEN McNABB, *

DEFENDANT. *

REQUESTED INSTRUCTION 4

I charge you, members of the Jury, circumstances, no matter how strong, which merely arouse a suspicion of guilt, cannot serve as a basis for convicting RUBEN McNABB.

✓ GIVEN
______ GIVEN AS MODIFIED
______ REFUSED
______ WITHDRAWN

[signature], Judge

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| PLAINTIFF, | * | |
| V | * | CASE NO. CC-02-225 |
| RUBEN McNABB, | * | |
| DEFENDANT. | * | |

REQUESTED INSTRUCTION 5

I charge you, members of the Jury, circumstances merely consistent with guilt or causing suspicion thereof are insufficient to justify conviction of RUBEN McNABB.

__✓__ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

[signature], Judge

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA, *

PLAINTIFF, *

V * CASE NO. CC-02-225

RUBEN McNABB, *

DEFENDANT. *

REQUESTED INSTRUCTION 6

I charge you, members of the Jury, that the Defendant, RUBEN McNABB, should not be convicted of a crime on mere suspicion of or fear that he might have committed the act; the theory that the Defendant did so commit the act must be supported by the legal evidence before you.

✓ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

[signature], Judge

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA, *

PLAINTIFF, *

V * CASE NO. CC-02-225

RUBEN McNABB, *

DEFENDANT. *

REQUESTED INSTRUCTION 7

I charge you, members of the Jury, that where circumstantial evidence is relied upon by the District Attorney, if those circumstances, based on the evidence presented, can be reconciled with the theory that some other person may have committed the crime, you must find RUBEN McNABB not guilty of the charges contained in the indictment.

_____ GIVEN
_____ GIVEN AS MODIFIED
__✓__ REFUSED because the State did not totally depend upon circumstantial evidence therefore the charge would be inapplicable and confusing.
_____ WITHDRAWN

White, Judge

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA, *

PLAINTIFF, *

V * CASE NO. CC-02-225

RUBEN McNABB, *

DEFENDANT. *

REQUESTED INSTRUCTION 8

I charge you, members of the Jury, you cannot convict RUBEN McNABB on mere possibilities, surmise, suspicion, or speculation, however strong they may be. A verdict of guilty based upon mere possibilities, surmise, suspicion or speculation, would violate the oath that you the members of this jury have taken. If, after carefully and fairly reviewing the facts, you are not satisfied of RUBEN McNABB'S guilt, then you have a reasonable doubt and RUBEN McNABB should be found not guilty.

__✓__ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

[signature], Judge

**IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA**

STATE OF ALABAMA, *

PLAINTIFF, *

V * CASE NO. CC-02-225

RUBEN McNABB, *

DEFENDANT. *

REQUESTED INSTRUCTION 9

I charge you, members of the Jury, in a robbery prosecution for Robbery in the First Degree, the State must among prove, beyond a reasonable doubt that during the course of committing a theft RUBEN McNABB:

Used force against or threatened the use of force against the employees of the Winn Dixie located on Westgate Parkway with the intent to overcome their physical resistance or physical power of resistance; or

Threatened the imminent use of force against the employees of the Winn Dixie located on Westgate Parkway with intent to compel acquiescence to the taking of or escaping with property of the Winn Dixie located on Westgate Parkway; and

RUBEN McNABB was armed with a deadly weapon or dangerous instrument or caused serious physical injury to the employees of the Winn Dixie

If the State cannot prove that beyond a reasonable doubt, you must find the Defendant not guilty.

__✓__ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

White, Judge

T-49

**IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA**

STATE OF ALABAMA, *

PLAINTIFF, *

V * CASE NO. CC-02-225

RUBEN McNABB, *

DEFENDANT. *

REQUESTED INSTRUCTION 10

I charge you, members of the Jury, in a Robbery in the First Degree prosecution, the State also must prove, beyond a reasonable doubt that ~~it was~~ the Defendant, RUBEN McNABB, to the exclusion of all others, ~~that~~ was one of the two alleged to have committed the robbery of Winn Dixie located on Westgate Parkway.

If the State does not prove this beyond a reasonable doubt, you must find the Defendant not guilty.

_____ GIVEN
__✓__ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

Crittle(?), Judge

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA, *

PLAINTIFF, *

V * CASE NO. CC-02-225

RUBEN McNABB, *

DEFENDANT. *

REQUESTED INSTRUCTION 11

I charge you, members of the Jury, in order to convict RUBEN McNABB of Robbery in the First Degree, each of you must be convinced, by the evidence, beyond a reasonable doubt, of each and every element of the crime of Robbery in the First Degree.

✓ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA, *

PLAINTIFF, *

V * CASE NO. CC-02-225

RUBEN McNABB, *

DEFENDANT. *

REQUESTED INSTRUCTION 12

I charge you, members of the Jury, if the State has left a reasonable doubt as to any one of the individual elements of the crime of Robbery in the First Degree, then that is enough doubt to find the Defendant not guilty.

__✓__ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

White, Judge

**IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA**

STATE OF ALABAMA, *

PLAINTIFF, *

V * CASE NO. CC-02-225

RUBEN McNABB, *

DEFENDANT. *

REQUESTED INSTRUCTION 13

I charge you, members of the Jury,, in considering the evidence and testimony given in the trial of this case, you should not attach any more credibility to the testimony of any law enforcement officer, simply because he or she is employed as a law enforcement officer, than you would to the testimony of anyone else.

__✓__ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

[signature], Judge

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA, *

PLAINTIFF, *

V *

RUBEN McNABB, * CASE NO. CC-02-225

DEFENDANT. *

REQUESTED INSTRUCTION 14

I charge you, members of the Jury, the prosecution has the burden of providing the Defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the Defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

✓ GIVEN
______ GIVEN AS MODIFIED
______ REFUSED
______ WITHDRAWN

[signature], Judge

IN THE CIRCUIT COURT FOR THE
COUNTY OF HOUSTON
STATE OF ALABAMA

CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA | * | |
| PLAINTIFF | * | |
| VS | * | CASE NO. CC-2002-225 |
| RUBEN COREY McNABB | * | |
| DEFENDANT. | * | |

VERDICT

WE, THE JURY, FIND THE DEFENDANT, RUBEN COREY McNABB GUILTY OF ROBBERY, FIRST DEGREE, AS CHARGED IN THE INDICTMENT.

Milton H. Wood
NAME OF FOREMAN(please print)

[signature]
FOREMAN SIGNATURE

[signature]
CLERK OF COURT

February 11, 2004
DATE

JURY CONVICTION

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA

CRIMINAL DIVISION

VS.

Ruben Corey McNabb

CASE NO. CC 2002 - 225

The Defendant having been indicted and arraigned upon the Indictment on a charge of Robbery 1st Degree and heretofore having plead not guilty thereto the case was tried before a jury composed of Milton H. Wood as foreperson and eleven others. The Jury having been duly empanelled, sworn and charged by the Court according to law, with the Defendant being present in open court with his attorney at each and every stage of proceedings, said jury has now on this date pursuant to their oath found the Defendant guilty of Robbery 1st Degree ~~as~~ charged in the Indictment (a lesser included offense of that charge in the Indictment).

In accordance with the verdict of the Jury, Defendant is hereby adjudged guilty of Robbery 1st Degree Defendant being asked if he/she had anything to say why sentence of law should not be pronounced upon him/her, and Defendant says nothing.

**IT IS THEREFORE ORDERED AND ADJUDGED BY THE COURT** that the Defendant is guilty of said charge.

(✓) A Sentence hearing is set for the 18th day of March, 2004 at 9:00 o'clock A M. No bail.

**DONE**, this the 11th day of February, ~~2002.~~ 2004.

[signature]
CIRCUIT JUDGE

SENTENCING ORDER

AS PUNISHMENT, DEFENDANT IS HEREBY FORMALLY SENTENCED:

( ) to hard labor for Houston County for a term of __________.

(X) to the penitentiary of the State of Alabama for a term of natural life ~~years. ( ) FHOA~~ without parole.

[handwritten initials] 2/12/04

On the 30th day after the Clerk transmits to the Department of Corrections a copy of this judgment entry and sentence, if the Department has not directed the Sheriff where the Defendant shall be taken for confinement, the Sheriff is hereby ordered to transport Defendant forthwith to the Department's receiving center at Kilby/Tutweiler (circle) and effectuate the transfer of the Defendant to the custody of the Department. In the event the Department refuses to accept the Defendant in compliance with state law, the Sheriff is ordered to secure the Defendant to the property at the Department's receiving center.

Said sentence shall run ( ) consecutive or ( ) concurrent with case number (s) ______________________________.

( ) said sentence is suspended for ______years on the condition of good behavior and payment of all fines, costs, and restitution.

( ) The Defendant is hereby given credit for the days spent incarcerated pending trial.

Defendant is also ordered to pay:

( ) A fine of $____________
( ) A Victim Compensation Assessment of $__________.
(X) All Court Costs.
( ) Restitution of $ _________ to ____________________.
( ) Drug Demand Reduction Act Assessment of $1,000.00.
( ) Alabama Forensics Sciences Trust Fund $100.00.
( )Pay direct to Alabama Dept. of Forensic Sciences-Dothan Division $____________________.
( ) Investigation restitution direct to ( )DPD ( ) HCSO $________________.

**ADDITIONAL SENTENCE PROVISION ORDERED ARE:**

( ) Completion of a substance abuse program CRO
( ) The Department of Public Safety is ordered to comply with Alabama Code 13A-12-290 by suspending Defendant's drivers license for six months.
( ) Continued on same bond.
( ) Appeal bond is set at $________________.
( ) Indigency status granted and free transcript is ordered.

**PROBATION:**

( ) Defendant applies for probation.
( ) Defendant waives application for probation.
( ) Probation hearing is set for the ______ day of ___________ 20__ at ________
( ) Defendant to remain on same bond pending probation hearing

DONE this the 24th day of March, 2004.

Walker

[signature] Jerry M. White

February 11, 2004 - At close of State's evidence defendant moved for judgment of acquittal. Motion denied [illegible] Judge

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA, *

PLAINTIFF, *

VS. * CASE NO. CC 2002 0002255

RUBEN COREY MCNABB, *

DEFENDANT. *

**NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS AND NOTICE OF INTENT TO USE SUCH CONVICTIONS FOR IMPEACHMENT PURPOSES**

You are hereby notified that the District Attorney's Office has evidence of the following convictions, which, in the event of your conviction in the above case, will be presented to the court for consideration under the Alabama Habitual Offender Statute, Sec. 13A-5-9, Code of Alabama, 1975. Furthermore, it is the State's intent to use such convictions for impeachment purposes should the defendant testify at trial, Rules 609 (a), (b), (c)of the Alabama Rules of Evidence.

| Date | Case No. | Charge | Disposition | Jurisdiction |
|---|---|---|---|---|
| 3/28/1995 | CR 94 5433 | Possession of Cocaine with Intent to Sell | 14 months | Orange Co, FL |
| 7/3/1997 | CR 0-97-3658 | Possession of Cocaine with Intent to Sell | 20 months | Orange Co, FL |
| 8/4/93 | CR 92-11635 | Carrying Concealed Firearm | 30 months | Orange Co, FL |
| 7/3/1997 | CR-0-97-13987 | Possession of Cocaine with Intent to Sell | 20 months | Orange Co, FL |

You will be properly notified in the event the District Attorney receives evidence of any other or additional convictions.

This the 17th day of November, 2004.

Douglas Albert Valeska
DOUGLAS ALBERT VALESKA
DISTRICT ATTORNEY

CERTIFICATE OF SERVICE
I certify that I have served a copy of this motion on the Honorable Hamp Baxley, Attorney for the Defendant by placing a copy in his box at the Houston County Courthouse on March 17, 2004.

Douglas Albert Valeska
DOUGLAS ALBERT VALESKA

FILED

MAR 17 2004

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

March 18, 2004 - On motion of defendant, sentencing hearing continued to March 24, 2004, at 11:00 AM.

[signature] Judge

3-18-04 Notfd. Hamp Baxley, DA + P.S.

STATE OF ALABAMA * IN THE CIRCUIT COURT OF
*
V. * HOUSTON COUNTY, ALABAMA
*
Ruben McNabb * CASE NO. CC 02-225

NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS AND NOTICE OF INTENT TO USE SUCH CONVICTIONS FOR IMPEACHMENT PRUPOSES

You are hereby notified that the District Attorney's Office has evidence of the following convictions, which, in the event of your conviction in the above case, will be presented to the Court for consideration under the Alabama Habitual Offender Statute, §13A-5-9, Code of Alabama, 1975. Furthermore, it is the State's intent to use such convictions for impeachment purposes should the defendant testify at trial, Rules 609(a), (b), and (c) of the Alabama Rules of Evidence.

| Date | Charge | Disposition | | Jurisdiction |
|---|---|---|---|---|
| 8-4-93 | Carrying Concealed Weapon | 38 months | CR 92-11635 | Orange Co. FL |
| 3-28-95 | Poss. Cocaine w/ Intent to Sell | 14 months | CR 94-5433 | Orange Co. FL |
| 7-3-97 | Poss. Cocaine w/ Intent to Sell | 20 months | CR-97-2935 | Orange Co. FL |
| 7-3-97 | Poss. Cocaine w/ Intent to Sell | 20 months | CR 97-3658 to run cc w/ 97-2935 | Orange Co. FL |

You will be properly notified in the event the District Attorney receives evidence of any other additional convictions.

This the 18th day of March, 2004.

Amy Mendheim
Amy Mendheim
Assistant District Attorney

Certificate of Service

I, Amy Mendheim, do hereby certify that I have this date served a copy of the foregoing on Hamp Baxley, attorney of record for the defendant, by placing a copy of the same in his/her mailbox at the Houston County Courthouse on this the 18th day of March, 2004.

Amy Mendheim
Amy Mendheim

FILED

MAR 18 2004

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA, *

Plaintiff, *

vs. * CASE NO.: CC-02-225-W

RUBEN McNABB *

Defendant. *

**MOTION TO WITHDRAW AND APPOINT NEW COUNSEL TO REPRESENT DEFENDANT ON APPEAL**

COMES NOW, M. Hampton Baxley currently noted as attorney of record for the Defendant, RUBEN McNABB, in this matter, and respectfully moves this Court for leave to withdraw as attorney for Defendant and appoint new counsel to represent Defendant on appeal; and, as grounds therefore, says as follows:

1. Counsel represented Defendant through two (2) trials of his case.

2. Counsel believes Defendant has a valid case for appeal to the Alabama Court of Criminal Appeals.

3. Counsel believes new counsel would be more effective on the appeal of this case.

WHEREFORE, premises considered, the undersigned attorney requests this Honorable Court to allow him to withdraw from representation of Defendant and appoint new counsel to represent Defendant on appeal.

RAMSEY, BAXLEY & McDOUGLE

By: [signature]
M. Hampton Baxley (BAX009)
Attorney for Defendant
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550
mhb@rbmlaw.org

FILED

MAR 24 2004

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon the District Attorney by depositing same in their respective boxes located at the Houston County Courthouse.

This the 23rd day of March, 2004.

[signature]
Of Counsel

March 30 2004 - Hampton Harper allowed to withdraw as attorney for defendant. Cliff Mendheim appointed to represent defendant on appeal. Defendant gives oral notice of appeal to Alabama Court of Criminal Appeals. Defendant allowed free transcript on appeal. Clerk to notify Mendheim & Ct. Crim Appeals. [illegible] McAliley Judge

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

1..8

STATE OF ALABAMA, *

PLAINTIFF, *

V *

CASE NO. CC-02-225-W

RUBEN McNABB, *

DEFENDANT. *

**MOTION FOR NEW TRIAL**

COMES NOW the Defendant, RUBEN McNABB, and respectfully moves this Honorable Court to set aside the verdict rendered in this case and grant him a new trial and as reason therefore, says as follows:

1. The verdict of the jury is contrary to the evidence in the case;
2. The verdict of the jury is contrary to the law in the case;
3. The verdict of the jury is contrary to the evidence and the law in the case;
4. The verdict of the jury is contrary to the great preponderance of the evidence in the case;
5. The verdict of the jury is contrary to the weight of the evidence in the case;
6. The Court erred in allowing the admission of items seized from the Defendant's home by virtue of an illegal search warrant which was obtained through the use of an impermissibly and unduly suggestive photographic line-up
7. The Court erred in other substantial and materials matters as reflected in the record.

RAMSEY, BAXLEY & McDOUGLE

By: [signature]

M. Hampton Baxley (BAX009)
Attorney for Defendant
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550
mhb@rbmlaw.org

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon the District Attorney by depositing same in their respective boxes located at the Houston County Courthouse.

This the 24 day of March, 2004.

[signature]
Of Counsel

FILED

MAR 2 5 2004

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

CERTIFICATE OF SERVICE

I hereby certify that I have, on this 8th day of April, 2004, served an exact copy of the foregoing on Doug Valeska, District Attorney of Houston County, Alabama, by placing said copy in his box at the Houston County Courthouse.

Of Counsel

STATE OF ALABAMA, * IN THE CIRCUIT COURT OF

V. * HOUSTON COUNTY, ALABAMA

RUBEN C. MCNABB, * CRIMINAL DIVISION

DEFENDANT. * CC-2002-225-W

**MOTION TO WITHDRAW**

COMES NOW, R. Cliff Mendheim, appointed attorney for the Defendant, Ruben C. McNabb, and respectfully moves this Court for leave to withdraw as attorney for Defendant and as grounds thereof, states as follows:

1. That the undersigned attorney was appointed on or about March 23, 2004, to represent Defendant during his appeal.

2. That the undersigned attorney believes it will be in Defendant's best interests to allow another attorney handle the appeal of this matter.

WHEREFORE, all premises considered, the undersigned attorney requests this Honorable Court to allow him to withdraw from representation of Defendant and appoint another attorney to represent the Defendant during the appeal of this matter.

Respectfully Submitted.

BUNTIN, ETHEREDGE & DOWLING

R. Cliff Mendheim (MEN008)
Attorney for Defendant
PO Box 1193
Dothan, Alabama 36303
(334) 793-3377

FILED

APR 08 2004

JUDY BYRD, CLERK
HOUSTON CO., AL

1

3-25-04 MOTION FOR NEW TRIAL. Motion for new trial is denied.

April 7, 2004 - Deft's Cliff Mendheim moves that he be allowed to withdraw. Motion granted. David Hogg appointed to represent defendant on appeal. Clerk to notify deft, Cliff Mendheim, David Hogg, Ct. of Criminal Appeals. [illegible], Judge

132

ACR371
ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF HOUSTON COUNTY

STATE OF ALABAMA VS MCNABB RUBEN COREY JUDGE: JERRY M. WHITE

APPEAL DATE: 03/30/2004

INDIGENCY STATUS:

| | | |
|---|---|---|
| GRANTED INDIGENCY STATUS AT TRIAL COURT: | _X_ YES | ___ NO |
| APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL: | _X_ YES | ___ NO |
| INDIGENT STATUS REVOKED ON APPEAL: | ___ YES | _X_ NO |
| INDIGENT STATUS GRANTED ON APPEAL: | _X_ YES | ___ NO |

DEATH PENALTY: NO

Hog 007

APPEAL TYPE: STATE CONVICTION David Hogg is appointed as Counsel on Appeal

THIS IS AN APPEAL FROM A CONVICTION.

DATE OF CONVICTION: 02/11/2004 DATE OF SENTENCE: 00/00/0000 03/ 24 / 04

YOUTHFUL OFFENDER STATUS: DENIED

CC/CASE NUMBER: 38/CC 2002 000225.00
CODE: ROB1 CONVICTION: ROBBERY 1ST ACTION: CONVICTED
L I F E w/o Parole STATUTE: 13A-008-041
SENTENCE: CONF: 00 YRS 00 MOS 000 DAYS
SENTENCE: PROB: 00 YRS 00 MOS 000 DAYS LIFEWO: YES

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENIED | CON BY AGREE |
|---|---|---|---|
| _X_ MOTION FOR NEW TRIAL | 03/25/2004 | 04/07/2004 | ________ |
| ___ MOTION FOR JUDG. OF ACQUIT | ________ | ________ | ________ |
| ___ MOTION TO W/D GUILTY PLEA | ________ | ________ | ________ |
| ___ MOTION FOR ATTY TO W/DRAW | ________ | ________ | ________ |
| ___ OTHER ________ | ________ | ________ | ________ |

COURT REPORTER(S): WOODALL, CARLA H.
ADDRESS: C/O HON. LARRY ANDERSON
DOTHAN , AL 36302

APPELLATE COUNSEL #1: HOGG DAVID KENNETH
ADDRESS: 188 N FOSTER STREET
SUITE 200
DOTHAN , AL 36303
PHONE NUMBER: 334-794-8559

APPELLATE COUNSEL #2: ________
ADDRESS: ________

PHONE NUMBER: ________

APPELLANT (PRO SE): MCNABB RUBEN COREY
ADDRESS: % HOUSTON COUNTY JAIL
DOTHAN , AL 363030000

AIS #:

APPELLEE (IF CITY APPEAL): ________
ADDRESS: ________

I CERTIFY THAT THE INFORMATION PROVIDED ABOVE IS ACCURATE TO THE BEST OF MY KNOWLEDGE AND I HAVE SERVED A COPY OF THIS NOTICE OF APPEAL ON ALL PARTIES TO THIS ACTION ON THIS 15th DAY OF April , 2004

OPERATOR: STW
PREPARED: 04/14/2004

Judy Byrd
CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C 8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number |
|---|---|---|

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☐ CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF Houston COUNTY

______________________________, Appellant

V. ☒ STATE OF ALABAMA ☐ MUNICIPALITY OF ______________

| Case Number: CC 02-225 | Date of Judgment/Sentence/Order: 3-24-04 |
|---|---|
| Date of Notice of Appeal — Oral: 3-30-04 Written: | Indigent Status Granted: ☒ Yes ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*).

Signature ______________ Date ______________ Print or Type Name ______________

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED: — COURT REPORTER(S)

A. ☒ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately — Carla Woodall, c/o Hon. Larry Anderson, Dothan, AL

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| | ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|---|
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |

FILED
APR 23 2004
Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

Signature [signature] Date 4-23-04 Print or Type Name David K. Hogg

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

4-23-04 Mail copies to CCA, AG