State of Alabama
Unified Judicial System
Form ARAP- 26 (front)      8/91

# COURT OF CRIMINAL APPEALS
# DOCKETING STATEMENT

Criminal Appeal Number
_____   _____

## A. GENERAL INFORMATION:

☐ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF    Houston                              COUNTY

___ Ruben Corey McNabb _____ , Appellant

.v.  ☐ STATE OF ALABAMA     ☐ MUNICIPALITY OF _____

| Case Number CC 02–225 | Date of Complaint or Indictment | Date of Judgment/Sentence/Order 3–24–04 |
|---|---|---|

Number of Days of Trial/Hearing _____ Days·   Date of Notice of Appeal Oral: 3–30–04

Indigent Status Requested: ☒ Yes  ☐ No        Written: _____

Indigent Status Granted: ☒ Yes  ☐ No

## B. REPRESENTATION:

Is Attorney Appointed or Retained?  ☒ Appointed  ☐ Retained.     If no attorney, will appellant represent self?  ☐ Yes  ☐ No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)

David K. Hogg

Telephone Number
334–794–8659

Address
188 N. Foster St., Ste 205    City    Dothan

| | State AL | Zip Code 36303 |

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

## D. TYPE OF APPEAL: Please check the applicable block.

1 ☒ State Conviction
2 ☐ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☐ Habeas Corpus Petition
10 ☐ Other (Specify) _____

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense · § _____
2 ☐ Homicide · § _____
3 ☐ Assault · § ___ d ___
4 ☐ Kidnapping/Unlawful Imprisonment · § _____
5 ☐ Drug Possession · § _____
6 ☐ Trafficking in Drugs · § _____
7 ☒ Theft · § 13A–8–41
8 ☐ Damage or Intrusion to Property · § _____
9 ☐ Escape · § _____
10 ☐ Weapons/Firearms · § _____
11 ☐ Fraudulent Practices · § _____
12 ☐ Offense Against Family · § _____
13 ☐ Traffic · DUI · § _____
14 ☐ Traffic · Other · § _____
15 ☐ Miscellaneous (Specify) _____ · § _____

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?  ☐ Yes  ☒ No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?  ☒ Yes  ☐ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.   4-23-04   (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  ☐ Yes  ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  ☐ Yes  ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

| | REQUEST FOR LOCAL EXTENSION OF TIME TO COMPLETE THE REPORTER'S TRANSCRIPT | 155 |

Ruben Corey McNabb                    v.  State of Alabama
_Appellant's Name_                         _Appellee_

Trial Court Case No. CC-02-225        Notice of Appeal Date 3-30-01

On appeal from the:  [✓] Circuit Court of
                     [ ] District Court of  } Houston                County
                     [ ] Juvenile Court of

I, Carla H. Woodall , a court reporter in the above referenced case, hereby request a 28 day extension to complete the transcript in said cause for the reasons I have set out below. Currently this transcript is due on 6-2-04 , and with this extension the transcript will be due on 6-30-04 .

REASONS: Due to working on previously appealed transcripts as well as time spent in court

Carla H. Woodall                     6-1-2004
_Court Reporter_                     _Date_

===================================================================
**TRIAL COURT ACTION**

[✓] Upon consideration of the above request, I hereby grant a 28 day extension to complete said transcript, thus extending the transcript's due date to 6-30-2004 . Upon granting this request, I direct the court reporter to file this order with the Clerk of this Court and to mail or fax a copy hereof to the Clerk of the Court of Criminal Appeals at the address noted below by no later than the transcript due date in effect immediately preceding this order.

[ ] The above referenced request for a local extension is denied.

_Judge's Signature_                  6/1/04
                                     _Date_

Note:    Pursuant to Rule 11(c) of the Alabama Rules of Appellate Procedure, local extensions cannot total more than 28 days and cannot be to a date more than 84 days from the date of the notice of appeal.
===================================================================
The Clerk of the Court of Criminal Appeals        Fax (334) 242-4689
P. O. Box 301555
Montgomery, Alabama 36130-1555

| MOTION TO COURT OF CRIMINAL APPEALS FOR EXTENSION OF TIME TO FILE TRANSCRIPT | 156 |

TO: The Clerk of the Court of Criminal Appeals
P. O. Box 301555
Montgomery, Alabama 36130-1555

Fax: (334) 242-4689

Criminal Appeals Case Number    CR 03 - 1141

Ruben Corey McNabb _____ v. State of Alabama _____
Appellant's Name                        Appellee

Trial Court Case No. CC-02-225    Notice of Appeal Date 3-30-2004

**FILED**

'JUN 2 5 2004

On appeal from the:
☑ Circuit Court of
☐ District Court of    Houston _____ County
☐ Juvenile Court of

JUDY BYRD, CLERK
HOUSTON CO., AL

I, Carla H. Woodall _____, a court reporter in the above referenced case, hereby request a 28 day extension to complete the transcript in said cause for the reasons I have set out below. Currently this transcript is due on 6-30-2004, and with this extension the transcript will be due on 7-28-2004.

REASONS: Due to working on several transcripts that have appealed an due prior to this one I am currently working on this appeal and no other requests for extensions are anticipated

_____    6-25-2004
Court Reporter                        Date

Note: Rule 11(c) of the Alabama Rules of Appellate Procedure prohibits an appellate court from granting an extension if the request is not received by the clerk of the appellate court within the time originally prescribed or before the expiration of an extension previously granted. Based on internal policy of the Court of Criminal Appeals, no more than two 28-day extensions will be granted.

ACR359    *Court Copy*    ALABAMA JUDICIAL DATA CENTER
HOUSTON COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

157

CC 2002 000225.00 01
JERRY M. WHITE

```
CIRCUIT COURT OF HOUSTON COUNTY          COURT ORI: 038015 J

STATE OF ALABAMA        VS.              DC NO:        0000 000000.00
MCNABB RUBEN COREY         ALIAS:        G J: 0000000275
X HOUSTON COUNTY JAIL      ALIAS:        SSN: 264654614
DOTHAN  AL  36302                        SID: 000000000
                                         AIS:

DOB: 07/25/1975   SEX: M  HT: 6 00    WT: 197  HAIR: BLK   EYE: BRO
RACE: ( )W (X)B ( )O   COMPLEXION:        AGE:       FEATURES:

DATE OFFENSE: 06/07/2001  ARREST DATE: 02/05/2002  ARREST ORI: 0380100

CHARGES @ CONV     CITES            CT CL COURT ACTION        CA DATE
ROBBERY 1ST        13A-008-041      01 A  CONVICTED           02/11/2004
                                    00                        00/00/0000
                                    00                        00/00/0000

JUDGE: JERRY M. WHITE              PROSECUTOR: VALESKA DOUGLAS A

PROBATION APPLIED  GRANTED  DATE     REARRESTED DATE  REVOKED  DATE
( )Y (X)N         ( )Y( )N          ( )Y( )N          ( )Y( )N

15-18-8, CODE OF ALA 1975   IMPOSED  SUSPENDED   TOTAL   JAIL CREDIT
( )Y (X)N   CONFINEMENT: Life W/O Parole00 00 000Life W/O Parole02 00 037
            PROBATION : 00 00 000           00 00 000
DATE SENTENCED: 03/24/2004   SENTENCE BEGINS: 03/24/2004

PROVISIONS              COSTS/RESTITUTION        DUE        ORDERED

  PENITENTIARY          RESTITUTION           $0.00        $0.00
  LIFE WO PAROL         ATTORNEY FEE       $7677.30     $7677.30
                        CRIME VICTIMS        $50.00       $50.00
                        COST              $1488.07     $1488.07
                        FINE                  $0.00        $0.00
                        MUNICIPAL FEES        $0.00        $0.00
                        DRUG FEES             $0.00        $0.00
                        ADDTL DEFENDANT       $0.00        $0.00
                        DA FEES               $0.00        $0.00
                        COLLECTION ACCT       $0.00        $0.00
                        JAIL FEES             $0.00        $0.00

                        TOTAL             $9215.37     $9215.37

APPEAL DATE        SUSPENDED        AFFIRMED           REARREST
(X)Y( )N 03/30/2004 ( )Y( )N       ( )Y( )N           ( )Y( )N

REMARKS:                          THIS IS TO CERTIFY THAT THE
                                  ABOVE INFORMATION WAS EXTRACTED
                                  FROM OFFICIAL COURT RECORDS
                                  AND IS TRUE AND CORRECT.
DEFENDANT TO SERVE NATURAL LIFE WITHOUT PAROLE IN THE STATE OF
ALABAMA PENITENTIARY.


                                  JODY BYRD   *Judy Byrd*

                                  07/23/2004
```

*07-23-04 el*
OPERATOR: AML
PREPARED: 07/23/2004

COURT REPORTER'S INDEX OF TRIAL EXHIBITS — ARAP RULE 11(e)

IN THE CIRCUIT COURT OF __Houston__ COUNTY

/ ALABAMA — COUNTY SEAT

APPELLANT: __Ruben Corey McNabb__

VS.

STATE OF ALABAMA - or -                                             appellant

ACTION (Case)
No. __CC-02-235__
( ) State Criminal
( ) Civil (Law)
( ) City Appeal (Crim.)
( ) Civil (Equity)

appellee

TO: (name) __Judy Byrd__ _____ OF CIRCUIT COURT OF __Houston__ COUNTY.

FROM: (name) __Carla H. Woodall__ COURT REPORTER OF __20TH__ JUDICIAL CIRCUIT OF ALABAMA

**REPORTER'S INDEX TO EXHIBITS**

The following EXHIBITS were received by the Court Reporter in above Action and same have been properly marked and identified. Where capable said exhibit(s) have been assembled herein (in flat file) where incapable of being assembled herein such exhibit(s) placed in suitable separate container. This Index includes all exhibits (herein assembled or separately housed - or - other, as indicated) and further indicates these offered, admitted or not admitted into evidence, etc...

[NOTE: (√) check appropriate]

| Party | Exhibit No. | BRIEF DESCRIPTION OF EXHIBIT | (√) Admitted Yes | Yes not admt | Iden. only used | Refused by Court by Court (√) | Retained Reserved by Court (√) | To be (√) | (√) | REMARKS, etc. |
|---|---|---|---|---|---|---|---|---|---|---|
| SX | | State's Exhibits | | | | | | | | |
| SX | 1 | photo lineup | | | √ | | | | | |
| SX | 2 | tobacco | √ | | | | | | | |
| SX | 3 | box of pennies | √ | | | | | | | |
| SX | 4 | speaker wire | √ | | | | | | | |
| SX | 5 | food stamps | √ | | | | | | | |
| SX | 6 | stamps | √ | | | | | | | |
| SX | 7 | bullets | | √ | | | | | | |
| SX | 8 | stamps | | √ | | | | | | |
| SX | 9 | money wrapper | √ | | | | | | | |
| SX | 10 | driver's license | √ | | | | | | | |
| SX | 11 | food cajon | | √ | | | | | | |
| SX | 12 | search warrant | | √ | | | | | | |
| SX | 13 | | | | | | | | | |
| SX | 14 | | | | | | | | | marked by state never identified |
| SX | 15 | photo | | | | | | | | marked by state never identified |
| SX | 16 | photo | √ | | | | | | | |
| SX | 17 | photo | √ | | | | | | | |
| SX | 18 | photo | √ | | | | | | | |
| SX | 19 | photo | √ | | | | | | | |
| SX | 20 | photo | √ | | | | | | | |
| SX | 21 | photo | √ | | | | | | | |
| SX | 22 | photo | √ | | | | | | | |
| SX | 23 | photo | √ | | | | | | | |
| SX | 24 | photo | √ | | | | | | | |

NOTE: ARAP RULE 11(e)... Reporter shall file all exhibits with trial Court Clerk within 14 days (2 weeks) of date of the Notice of Appeal in Criminal and Civil Actions, assembled in a flat file (not stuck) and if incapable then assembled in a suitable container ... with index.

1) ABOVE INDEX RECEIVED & FILED __20th July 2004__ DATED THIS __20th__ DAY OF __July__, __2004__

2) EXHIBITS IN FILE &/OR CONTAINER VERIFIED (except as noted)

/s/ __Judy Byrd__
CLERK - REGISTER ( ) — REGISTER'S ASST.
CLERK'S OFC. ( ) — REGISTER'S OFC. ( )

/s/ __Carla H. Woodall__
COURT REPORTER
20TH JUDICIAL CIRCUIT

Page 1 of 2

(Clerk's printed Seal) (Clerk's Seal)

- - 159
(Civil / Criminal)

## COURT REPORTER'S INDEX OF TRIAL EXHIBITS — ARAP RULE 11(c)

IN THE CIRCUIT COURT OF _Houston_ _____ COUNTY

Dothan , ALABAMA — COUNTY SEAT

APPELLANT: _Ruben Corey McNabb_ _____

VS.                                                          appellant

STATE OF ALABAMA - or -

                                                           appellee

ACTION (Case)
No. _CC-02-235_

[✗] State Criminal
[ ] Civil (Law)
[ ] City Appeal (Crim.)
[ ] Civil (Equity)

TO:  (name) _Judy Byrd_ _____ OF CIRCUIT COURT OF _Houston_ COUNTY.

FROM: (name) _Carla H. Woodall_ ___ COURT REPORTER OF 20TH JUDICIAL CIRCUIT OF ALABAMA

### REPORTER'S INDEX TO EXHIBITS

The following EXHIBITS were received by the Court Reporter in above Action and same have been properly marked and identified. Where capable said exhibit(s) have been assembled herein (in flat file); where incapable of being assembled herein such exhibit(s) placed in suitable separate container. This index includes all exhibits (herein assembled or separately housed - or - other, as indicated) and further indicates those offered, admitted or not admitted into evidence, etc...

[NOTE: (✓) check appropriate]

| Party | Exhibit No. | BRIEF DESCRIPTION OF EXHIBIT | (✓) Admitted Yes / No | Iden. only (✓) | With-drawn (✓) | Entered by Court in Camp (✓) | Exhibit Retained by Court (✓) | In File (✓) | REMARKS, etc. |
|---|---|---|---|---|---|---|---|---|---|
| | | Defendant's Exhibits | | | | | | | |
| DX | 1 | receipt | ✓ | | | | | | |
| | | Sentencing | | | | | | | |
| SX | 1 | prints | ✓ | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

NOTE: ARAP RULE 11(c)...Reporter shall file all exhibits with trial Court Clerk within 14 days (2 weeks) of date of the Notice of Appeal in Criminal and Civil Actions, assembled in a flat file (not stuck) and if incapable then assembled in a suitable container . . . with index.

1) ABOVE INDEX RECEIVED & FILED: _28th July 2004_   DATED THIS _28th_ DAY OF _July_ _2004_
2) EXHIBITS IN FILE &/OR CONTAINER VERIFIED (except as noted)

/s/ _Judy Byrd_                          /s/ _Carla H. Woodall_
CLERK - REGISTER - or - AUTHORIZED ASS'T.              COURT REPORTER
CLERK'S OFC. [ ] - REGISTER'S OFC. [ ]          20TH JUDICIAL CIRCUIT

Page 2 of 2

STATE'S EXHIBIT NUMBER 2                    1 ᔕ ᔕ

CERTIFICATION OF EVIDENCE

        I, Judy Byrd, Clerk of the Circuit Court of Houston County, Alabama, do
hereby certify that State's Exhibit Number 2 is of such size and bulk (bag
and contents) that it is incapable of being included in the transcript, but
will be forwarded to the Court of Criminal Appeals if requested by the Court.
(toboggon)

                                    Judy Byrd
                                    Judy Byrd, Clerk

STATE'S EXHIBIT NUMBER 3

CERTIFICATION OF EVIDENCE

    I, Judy Byrd, Clerk of the Circuit Court of Houston County, Alabama, do hereby certify that State's Exhibit Number 3 is of such size and bulk (bag and contents) that it is incapable of being included in the transcript, but will be forwarded to the Court of Criminal Appeals if requested by the Court. (box of pennies)

Judy Byrd, Clerk

STATE'S EXHIBIT 4

## CERTIFICATION OF EVIDENCE

    I, Judy Byrd, Clerk of the Circuit Court of Houston County, Alabama, do hereby certify that State's Exhibit Number 4 is of such size and bulk (speaker wire) that it is incapable of being included in the transcript, but will be forwarded to the Court of Criminal Appeals if requested by the court.


_Judy Byrd_

Judy Byrd, Clerk

STATE'S EXHIBIT NUMBER 5

#50



STATE'S EXHIBIT NUMBER  6

CERTIFICATION OF EVIDENCE

    I, Judy Byrd, Clerk of the Circuit Court of Houston County, Alabama, do hereby certify that State's Exhibit Number 6  is of such size and bulk (stamps) that it is incapable of being included in the transcript, but will be forwarded to the Court of Criminal Appeals  if requested  by the court.

                                                  _____
                                          Judy Byrd,  Clerk

STATE'S EXHIBIT NUMBER 9







STATE'S EXHIBIT NUMBER 10



DEFENDANT'S EXHIBIT NUMBER 1

Greg's Complete Auto
Repair
523-5917

# AUTO REPAIR ORDER

NAME
Ruben McNobb
ADDRESS
927 Honeysuckle Rd J141
CITY, STATE
Dothan, AL 3630l

| QUAN. | PART NO. | NAME OF PART | PRICE | | CUSTOMER'S INFORMATION | | | |
|---|---|---|---|---|---|---|---|---|
| 1 | | transmission used | 200 — | DATE 6/6/01 | CUSTOMER'S ORDER NO. | WHEN PROMISED 6/10/01 | PHONE 3347186001 |
| | | installation | 175 — | YEAR • MAKE • MODEL 84 Buick Lesabre | | SERIAL NO. MOTOR NO. | |
| | | | | LICENSE NO. 7117519 | ODOMETER | WRITTEN BY | |

☐ LUBE  ☐ OIL CHANGE  ☐ FLUSH TRANS.  ☐ FLUSH DIFF.  ☐ WASH  ☐ POLISH

DEFENDANT'S EXHIBIT

| GAS, OIL & GREASE | ACCESSORIES | | |
|---|---|---|---|
| GALS. GAS | | LABOR ONLY | 175 — |
| QTS. OIL | | PARTS | 200 — |
| LBS. GREASE | | ACCESSORIES | |
| TOTAL GAS OIL & GREASE | | GAS, OIL, & GREASE | |
| | | MISC. MERCHANDISE | |
| | | SUBLET REPAIRS | |

TOTAL PARTS

MECHANICS RECOMMENDATIONS

☐ RETAIN PARTS
☐ DESTROY PARTS

TOTAL ACCESSORIES

TAX  22.0

AUTHORIZED BY

ESTIMATE AMOUNT • PARTS & LABOR ▶

TOTAL  398

I HEREBY AUTHORIZE THE ABOVE REPAIR WORK TO BE DONE ALONG WITH THE NECESSARY MATERIAL AND HEREBY GRANT YOU AND/OR YOUR EMPLOYEES PERMISSION TO OPERATE THE CAR, TRUCK OR VEHICLE HEREIN DESCRIBED ON STREETS, HIGHWAYS OR ELSEWHERE FOR THE PURPOSE OF TESTING AND/OR INSPECTION. AN EXPRESS MECHANIC'S LIEN IS HEREBY ACKNOWLEDGED ON ABOVE CAR, TRUCK OR VEHICLE TO SECURE THE AMOUNT OF REPAIRS THERETO.

YOU ARE ENTITLED TO A PRICE ESTIMATE FOR THE REPAIRS YOU HAVE AUTHORIZED.  THE REPAIR PRICE MAY BE LESS THAN THE ESTIMATE, BUT WILL NOT EXCEED THE ESTIMATE WITHOUT YOUR PERMISSION.  YOUR SIGNATURE WILL INDICATE YOUR ESTIMATE SELECTION.

TEARDOWN ESTIMATE - I UNDERSTAND THAT MY CAR WILL BE REASSEMBLED WITHIN _____DAYS OF THE DATE SHOWN IF I CHOOSE NOT TO AUTHORIZE THE SERVICES RECOMMENDED.

1. I request an estimate in writing before you begin repairs _____
2. Please proceed with repairs, but call me before continuing if the price will exceed $ _____
3. I do not want an estimate _____

Adams GT3870

AUTO REPAIR ORDER

STATE'S EXHIBIT NUMBER 1   SENTENCING

158

# EXEMPLIFICATION CERTIFICATE

STATE OF FLORIDA
            SS.
COUNTY OF ORANGE

I, _Chris Zeiger_ Deputy Clerk of the Circuit Court in and for the County of Orange, State of Florida, and Custodian of the Records and of the Seal of said Court, DO HEREBY CERTIFY that the attached and foregoing is a true and correct copy of:

**Ruben Corey McNabb      Case # CRO92-11635, CRO97-3658, CRO94-2935, CRO94-5433**

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this the _4th_ day of _September_ A.D., 2002.

                        LYDIA GARDNER, Clerk of the Court
            By: _____, Deputy Clerk

STATE OF FLORIDA
            SS.
COUNTY OF ORANGE

I, _Jay Cohen_ , one of the Judges of the Ninth Judicial Circuit of the State of Florida, and of the Circuit Court of Orange County, Florida, DO HEREBY CERTIFY that the foregoing attestation is in due form and made by the proper officer.

WITNESS my hand and seal of said Court this _6_ day of _September_ A.D., 2002.

            _____
                    CIRCUIT JUDGE

STATE OF FLORIDA
            SS:
COUNTY OF ORANGE

I, _Chris Zeiger_ Deputy Clerk of the Circuit Court in and for the County of Orange, State of Florida, DO HEREBY CERTIFY that the Honorable _Jay Cohen_ who signed the foregoing attestation is a duly commissioned and qualified Judge of the Ninth Judicial Circuit of the State of Florida for Orange County.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this the _10th_ day of _September_ A.D. 2002.

                        LYDIA GARDNER, Clerk of the Court
            By: _____, Deputy Clerk

- 16 -

X COURT MINUTES  X ORDER (PLEA/SENTENCING/RELEASE)    IN THE CIRCUIT COURT IN AND FOR ORANGE
AKA: *Rodney Little*    COUNTY, FLORIDA

TE OF FLORIDA    CASE CR93-11635

VS    DIVISION 14

*Ruben Corey McNabb*

CHARGED WITH:

1) Carrying Con F/A

COURT OPENED AT 8/4/93    10:40AM HONORABLE G. Adams    JUDGE

ASSISTANT PUBLIC DEFENDER    ASSISTANT STATE ATTORNEY M. Graham

COURT REPORTER M Pasak    COURT DEPUTY G Davison

This case came on this date for ___Plea  X Sentencing ___Trial ___Pre-Trial

The Defendant was ___present, ___not present, X present with Counsel D. Blessing

___Plea of not guilty withdrawn. ___Defendant tried and found guilty of: ___Defendant sworn and pled  X Guilty to:

___Nolo Contendere to:

___Defendant reserves right to appeal ___Adjudication of Guilt withheld, finding of guilt entered.

___Defendant adjudged guilty. ___$5.00 C.C. ___$50.00 C.C.F. ___$200.00 C.J.T.F. or ___$50.00 C.J.T.F.(27.3455)

___ P.S.I. ORDERED. It is hereby Ordered that the Department of Corrections submit P.S.I. or a  scoresheet of Defendant and deliver a written report of same to the undersigned Judge within two working days before sentencing. STATUS _____.

___Sentencing set for _____, 19___, at _____.M., Courtroom _____

___P.S.I. Bond set at _____. ___P.D.R. ORDERED. ___P.S.I. waived.

**SENTENCING:**

___Adjudication of guilt was withheld, a finding of guilt entered.    CC waived

X Defendant adjudged guilty. ___$5.00 C.C. ___$50.00 C.C.F. ___$200.00 C.J.T.F. (27.3455)or ___$50.00 C.J.T.F.

SENTENCE: 5 years prob w/ cond:
① not own/posess firearm
② P.D. lien waived
③ concur w/ any other prob

___RELEASE - Defendant is Ordered released from custody as to this case only.

DONE AND ORDERED this 4 day of august, 93

_____ CIRCUIT JUDGE

FILED IN OPEN COURT THIS 4 DAY OF Aug, 19 93    Distribution: Surety/Cash Bond
FRAN CARLTON, Clerk of the CIRCUIT/COUNTY Court    Defendant
    Probation/Parole
DEPUTY CLERK in attendance.    Court Deputy

STATE OF FLORIDA, COUNTY OF ORANGE
I HEREBY CERTIFY that the above and foregoing is a true copy of the original filed in this office
LYDIA GARDNER, Clerk Circuit Court

COURT RECESSED at _____ 8/4/93

32-60(B)  (7-92)    Dated 9-4-02 By _____ D.C.

OFFICER: RIOLAND-09/0
DOC#: 370109

# JUDGEMENT OF GUILT
# AND PLACING DEFENDANT ON PROBATION

STATE OF FLORIDA
    VS       Plaintiff

In the Circuit Court of the
9th Judicial Circuit in
and for Orange County, Florida

RODNEY LITTLE
    Defendant

Case No. CR92-11635

    This cause coming on this day to be heard before me, and you, the defendant RODNEY LITTLE, being now present before me, and you having:
ENTERED A PLEA OF GUITY TO:
the offense of CT. I CARRYING A CONCEALED FIREARM the Court here adjudges you to be guilty of said offense; and

    It appearing to the satisfaction of the Court that you are not likely again to engage in a criminal course of conduct, and that the ends of justice and the welfare of society do not require that you should suffer the penalty authorized by law:

    Now, therefore, it is ordered and adjudged that the imposition of sentence are hereby withheld, and that you are hereby placed on probation for a period of FIVE (5) YEARS CONCURRENT WITH ANY OTHER PROBATION under the supervision of the Department of Corrections and its Officers, such supervision to be subject to the provisions of the laws of this State.

    It is further ordered that you shall comply with the following conditions of probation:

(1)    Not later than the fifth day of each month, you will make a full and truthful report to your Probation Officer on the form provided for that purpose.
(2)    You will pay to the State of Florida the amount of Fifty Dollars ($50.00) or lesser amount as determined by the Department of Corrections, plus a 4% surcharge per month by the fifth day of each month toward the cost of your supervision unless otherwise waived in compliance with Florida Statutes.
(3)    You will not change your residence or employment or leave the county of your residence without first procuring the consent of your Probation Officer.
(4)    You will neither possess, carry or own any weapons or firearm without first securing the consent of your Probation Officer.
(5)    You will live and remain at liberty without violating any law.  A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your probation.
(6)    You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.
(7)    You will work diligently at a lawful occupation and support any dependents to the best of your ability as directed by your Probation Officer.
(8)    You will promptly and truthfully answer all inquiries directed to you by the Court or the Probation Officer, and allow the Officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions he may give you.
(9)    You will not possess or use any marijuana or other controlled substance except upon prescription of a duly licensed medical or osteopathic doctor and then only in accordance with the prescribed dosage.  You will not possess any controlled substance paraphernalia or forged or blank prescription forms.
(10)    Unless prohibited from consuming alcoholic beverages by a special condition elsewhere in this order, you will not consume alcoholic beverages to the extent that your normal faculties are impaired.

1

_____ Probation Violator

_____ Community Control Violator

_____ Retrial

_____ Resentence

State of Florida  AKA Rodney Little

v.

Ruben Corey McNabb

Defendant

In the Circuit Court, Ninth Judicial Circuit,

in and for _____ Orange _____ County, Florida

Division _____ 14

Case Number _____ CR92-11635

FILED IN OPEN COURT

THIS ___ DAY OF _August_ 19 93

Fran Carlton Clerk

BY _____ D.C.

## J U D G M E N T

The defendant, Ruben Corey McNabb AKA Rodney Little , being personally before this court

represented by _____ D Blessing _____ , the attorney of record, and the state

represented by _____ M Graham _____ , and having

_____ been tried and found guilty by jury/ by court of the following crime(s)

✓ entered a plea of guilty to the following crime(s)

_____ entered a plea of nolo contendere to the following crime(s)

Orange Co FL 4561496
08/13/93 03:54:15pm
OR Bk 4605 Pg 423

| Count | Crime | Offense Statute Number(s) | Degree of Crime | OBTS Number |
|-------|-------|---------------------------|-----------------|-------------|
| 1 | Carrying A Concealed Firearm | 79001 | F3 | 5017351 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

_____ and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED that the
defendant is hereby ADJUDICATED GUILTY of the above crime(s).

_____ and pursuant to section 943.325, Florida Statutes, having been convicted of attempts or offenses relating
to sexual battery (ch.794) or lewd and lascivious conduct (ch.800) the defendant shall be required to sub-
mit  blood specimens.

_____ and good cause being shown;  IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.

32-34 (8/92)

State of Florida

v.

*Ruben C. McNabb*

Defendant

Case Number _CR92-11635_

## FINGERPRINTS OF DEFENDANT

| 1. Right Thumb | 2. Right Index | 3. Right Middle | 4. Right Ring | 5. Right Little |
|---|---|---|---|---|
| | | | | |

| 6. Left Thumb | 7. Left Index | 8. Left Middle | 9. Left Ring | 10. Left Little |
|---|---|---|---|---|
| | | | | |

Fingerprints taken by: _____    _D/S OCSO_

                          Name                                                Title

       I HEREBY CERTIFY that the above and foregoing are the fingerprints of the

defendant, _Ruben C. McNabb_____, and that they were placed thereon by the defendant

in my presence in open court this date.

       DONE AND ORDERED in open court in _____ _ORANGE_ _____ County, Florida,

this ___4___ day of ___August___ , 19_93_

STATE OF FLORIDA, COUNTY OF ORANGE     I HEREBY CERTIFY
that the above and foregoing is a true copy of the original filed in this office
LYDIA GARDNER, Clerk Circuit Court

                                                          Judge

Dated _9-4-02_ By _____ D.C.

OR Bk _4605_ Pg _424_
Orange Co FL 4561496

32-37 (7/92)

*Martha O. Haynie*
County Comptroller, Orange Co., FL

X COURT MINUTES  X ORDER     (PROBATION VIOLATION/) COMMUNITY CONTROL/ RELEASE ORDER

STATE OF FLORIDA     *AKA Rodney Little*

IN THE CIRCUIT/ COUNTY COURT FOR
ORANGE COUNTY, FLORIDA

-VS-

Robin Corey McNabb

CASE NO. CR92-11635 DIVISION 14

CHARGED WITH: 1) 79001

COURT OPENED AT 3/28/95     HONORABLE B Wattles     JUDGE     M. Cycmanick
ASSISTANT STATE ATTORNEY Croglen     ASSISTANT PUBLIC DEFENDER _____
COURT REPORTER G Wood     COURT DEPUTY Dr Moore

This case came on this date for Violation of (Probation/) Community Control     Hearing  Sentencing.
The Defendant was ____ Not Present ____ Present with Counsel
Defendant X ADMITTED ____ DENIED Violation of condition(s) 5
A hearing was conducted. ____ All witnesses were placed under the Rule of Exclusion.

STATE WITNESSES SWORN AND TESTIFIED :     STATE EXHIBITS ADMITTED INTO EVIDENCE:

DEFENSE WITNESSES SWORN AND TESTIFIED:     DEFENSE EXHIBITS ADMITTED INTO EVIDENCE:

COURT WITNESSES SWORN AND TESTIFIED:     COURT EXHIBITS ADMITTED INTO EVIDENCE:

Court found ____ NO VIOLATION X VIOLATION OF (PROBATION/) COMMUNITY CONTROL condition(s) ____
____ Probation/Community Control was ____ RESTORED X REVOKED ____ TERMINATED. ____ WARRANT RESCINDED.
Court modified (Probation/) Communtiy Control as follows:

STATE OF FLORIDA, COUNTY OF ORANGE I HEREBY CERTIFY
that the above and foregoing is a true copy of the original filed in this office
LYDIA GARDNER, Clerk Circuit Court
_____ D.C.

Adjudication of guilt was X ENTERED PREVIOUSLY ____ ENTERED ____ WITHHELD.
Sentence deferred to ____ 19 ____ M.
Defendant ____ REMANDED to custody ____ PERMITTED TO REMAIN ON
SENTENCE/OTHER 38 mos DOC W/C 285 days TS

____ All previously owed monies will be reduced to Civil Judgment.
FINES AND COSTS MUST BE PAID BY CASH, MONEY ORDER, OR CASHIER'S CHECK. NO PERSONAL CHECKS WILL BE ACCEPTED.
Said sentence to run ____ CONCURRENT WITH ____ CONSECUTIVE TO ____
____ DEFENDANT RELEASED FROM CUSTODY AS TO THIS CASE ONLY
DONE AND ORDERED THIS 28 DAY OF March, 19 95

Michael F. Cycmanick
CIRCUIT/COUNTY JUDGE

FILED IN OPEN COURT March 28, 19 95.
This ____ DAY OF ____
DAN CARLTON, CLERK OF THE CIRCUIT/COUNTY COURTS
BY ____, Deputy Clerk in attendance.
COURT RECESSED at ____
CC: X DEFENDANT   X COURT DEPUTY   X PROBATION AND PAROLE OR COMMUNITY CONTROL

32-60 (D)     (5/93)

Defendant _Reuben_ _____ Case Number _CR 93_ GTS Number _501935_

_Mc Nabb_                                          _11635_                                    1.

## SENTENCE

### (As to Count _one_ )

The defendant, being personally before this court, accompanied by the defendant's attorney of record,_____ _E. Jewett_ , and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown,

(Check one if applicable.)

_____ and the Court having on _____deferred imposition of sentence until this date.
                                    (date)

_____ and the Court having previously entered a judgment in this case on_____now resentences
        the defendant.                                              (date)

_____ and the Court having placed the defendant on probation/community  control and having subsequently revoked
        the defendant's probation/community control.

## IT IS THE SENTENCE OF THE COURT THAT:

_____ The defendant pay a fine of $_____, pursuant to section 775.083, Florida Statutes, plus $_____
        as the 5% surcharge required by section 960.25, Florida Statutes.

_____ The defendant is hereby committed to the custody of the Department of Corrections.

_____ The defendant is hereby committed to the custody of the Sheriff of _____**Orange**_____County, Florida.

_____ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

**TO BE IMPRISONED (CHECK ONE; UNMARKED SECTIONS ARE INAPPLICABLE.):**

_____ For a term of natural life.  _38 mos_

_____ For a term of_____.

_____ Said SENTENCE SUSPENDED for a period of _____subject to conditions set forth in
        this order.

FILED IN OPEN COURT
THIS _____ DAY OF _March_, 19_95_
_Fran Carlton_, Clerk
BY _____ D.C.

**If "split" sentence, complete the appropriate paragraph.**

_____ Followed by a period of _____on probation/community control under the supervision of the
        Department of Corrections according to the terms and conditions of supervision set forth in a separate order
        entered herein.

_____ However, after serving a period of _____imprisonment in _____, the
        balance of the sentence shall be suspended and the defendant shall be placed on probation/community
        control for a period of _____under supervision of the Department of Corrections
        according to the terms and conditions of probation/community control set forth in a separate order entered
        herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be
satisfied before the defendant begins service of the supervision terms.

**CONSECUTIVE/**    It is further ordered that the sentence imposed for this count shall run _____Consecutive to
**CONCURRENT**          _____Concurrent with (check one) the sentence set forth in count _____above.

Defendant _Reuben_ _____              Case Number  _CR 93-11635_

Defendant _Ruben McNabb_____    Case Number _CR92 - 11635_

Other Provisions, continued:                                                 157

**Consecutive/Concurrent**      _____It is further ordered that the sentence imposed for this count shall run
**As To Other Counts**          (check one) _____consecutive to _____concurrent
                                with the sentence set forth in count _____of this case.

**Consecutive/Concurrent**      _____It is further ordered that the composite term of all sentences imposed for
**As To Other Convictions**     the counts specified in this order shall run
                                (check one) _____consecutive to _____concurrent
                                with the following:
                                (check one)

                                _____any active sentence being served.

                                _____specific sentences: _____

                                _____

                                _____

                                _____

                                _____

    In the event the above sentence is to the Department of Corrections, the Sheriff of __**ORANGE**__
County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at
the facility designated by the department together with a copy of this judgment and sentence and any other
documents specified by Florida Statute.

    The defendant in open court was advised of the right to appeal from this sentence by filing notice of
appeal within 30 days from this date with the clerk of this court and the defendant's right to the assistance
of counsel in taking the appeal at the expense of the State on showing of indigency.

    In imposing the above sentence, the court further recommends _Work Release_

_____

_____

_____

_____

    DONE AND ORDERED in open court at _____ **ORANGE** _____ County, Florida,
this_____ day of_____ March _____ 19_75_.

                                        _Michael F. Cycmanick_
                                                        Judge

STATE OF FLORIDA, COUNTY OF ORANGE. I HEREBY CERTIFY
that the above and foregoing is a true copy of the original filed in this office
                    LYDIA GARDNER, Clerk Circuit Court
Dated _9-4-02_ By_____ D.C.

                    Page _3_ of ____

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NUMBER: CR-O-92- 11635 /-A

STATE OF FLORIDA,
      Plaintiff,

DIVISION NO: 14

vs.

RUBEN COREY MCNABB,
    AKA: LITTLE, RODNEY
      Defendant.
_____/

## Court Minutes / Order (Hearing Violation of Probation)

Court opened on 06/19/97, with the following officers present:
Honorable Frank N. Kaney, Judge Presiding.
Asst. State Atty.:   Division 14        Court Reporter:   Bobby Timms
Court Deputy:    R. Drummond

This case came on this day for Hearing for Violation of Probation. The Defendant was present with counsel. Counsel's Name:  M. Solomon.

### Count(s): Ct. 01)  79001

The Defendant admitted violating the condition(s) of the Affidavit and Warrant of Violation of Probation: as charged
The Court found the Defendant violated condition(s) of Probation: as charged

### Sentence

The Defendant's Probation is revoked.

**Jail**

    The defendant is ordered  to serve 30 Month(s) in  the Department of Corrections with credit for 1 Year(s), 238 Day(s) time served.    All counts on this case to run concurrent with CR93-2899.

**Probation**

Filed in Open Court this 19th day of June, 1997.

      **Fran Carlton**
   Clerk of the Circuit and County Courts

    By: M. Foster/H. Young,
    Deputy Clerk in Attendance

Done and Ordered at Orange County, Florida this 19th day of June, 1997.

_____
Honorable Frank N. Kaney, Judge Presiding

STATE OF FLORIDA COUNTY OF ORANGE I HEREBY CERTIFY
that the above and foregoing is a true copy of the original filed in this office
LYDIA GARDNER, Clerk Circuit Court
Dated _____ By _____ D.C.

| _____ ACS | _____ Dockets | _____ Defendant | _____ Booking | _____ Court Security |
|---|---|---|---|---|
| _____ CFSC | _____ Court Deputy | _____ P&P/Com Cont | _____ Surety | _____ S.O. on _____ |
| _____ Other: | | | | |

~ndant: RUBEN COREY MCNABB          Case Number: CR-O-92- 11635          OBTS Number: 0005017351
 .A: LITTLE, RODNEY)

## SENTENCE
### (as to Count 01)

The defendant being personally before this court, accompanied by the defendant's attorney of record, M. Solomon, and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown, and the Court having placed the defendant on probation and having subsequently revoked the defendant's probation.

**IT IS THE SENTENCE OF THE COURT THAT:**

The Defendant is hereby committed to the custody of the Department of Corrections.

**TO BE IMPRISONED:**

For a term of 30 Month(s).

## SPECIAL PROVISIONS
### (As to Count 01)

The following provision(s) apply to the sentence imposed:

**Other Provisions:**

Jail Credit                                         It is further ordered that the defendant shall be allowed a total of 1 Year(s), 238 Day(s) as credit for time incarcerated before imposition of this sentence.

RUBEN COREY MCNABB               06/19/97 03:45 PM     Page 1 of 2          CR-O-92- 11635 / A

Case Number: CR-O-92- 11635

endant: RUBEN COREY MCNABB (AKA: LITTLE, RODNEY)

Consecutive / Concurrent as to Other Convictions

It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run concurrent with CR93-2899.

In the event the above sentence is to the Department of Corrections, the Sheriff of Orange County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.

The defendant in open court was advised of the right to appeal from this sentence by filing notice of appeal within 30 days from this date with the clerk of this court and the defendant's right to assistance of counsel in taking the appeal at the expense of the State on showing of indigence.

Filed in Open Court this 19th day of June, 1997.

Done and Ordered at Orange County, Florida this 19th day of June, 1997.

**Fran Carlton**
Clerk of the Circuit and County Courts

By: M. Foster/H. Young,
Deputy Clerk in Attendance

Honorable Frank N. Kaney, Judge Presiding

STATE OF FLORIDA, COUNTY OF ORANGE, I HEREBY CERTIFY, that the above and foregoing is a true copy of the original filed in this office
LYDIA GARDNER, Clerk Circuit Court

Dated 9-4-02 By _____ D.C.

RUBEN COREY MCNABB

06/19/97 03:45 PM    Page 2 of 2

CR-O-92- 11635 / A

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 1C        8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br>_____ - _____ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☑CIRCUIT COURT  ☐DISTRICT COURT  ☐JUVENILE COURT OF    Houston                            COUNTY

Ruben McNabb                            , Appellant

v.   ☒ STATE OF ALABAMA    ☐ MUNICIPALITY OF _____

| Case Number<br>CC 02-225 | Date of Judgment/Sentence/Order<br>3-24-04 |
| Date of Notice of Appeal<br>Oral:  3-30-04        Written: | Indigent Status Granted:<br>☒ Yes    ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT.**
I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*).

Signature _____  Date _____  Print or Type Name _____

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:                                              COURT REPORTER(S)

A. ☑ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence    Carla Woodall
proceedings, a transcript of the organization of the jury and arguments of counsel must    c/o Hon. Larry Anderson
be designated separately    Dothan, AL.

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and    _____
challenges for cause. Note that in noncapital cases the voir dire of the jury will not be
recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will    _____
not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
| D. _____ | | **FILED** |
| E. _____ | | **APR 23 2004** |
| F. _____ | | *Judy Byrd* |
| G. _____ | | JUDY BYRD, CLERK |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT.**
I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

Signature _____   Date 4-23-04   Print or Type Name David K. Hogg

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals. (2) the District Attorney. (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript

1     IN THE CIRCUIT COURT OF HOUSTON COUNTY

2        STATE OF ALABAMA

3  STATE OF ALABAMA,    *
               *
4  v.           *  Case No. CC-02-225
               *
5  RUBEN COREY MCNABB,   *
               *
6    Defendant.     *

7

8

9

    REPORTER'S OFFICIAL TRANSCRIPT ON APPEAL

10

11

12

  Before:

13

      The Honorable Jerry M. White

14

        February 13, 2003

15

16

17

  APPEARANCES:

18

     For the State

19

       Martin Adams, Esquire
20       Assistant District Attorney

21     For the Defendant

22       M. Hampton Baxley, Esquire
        Dothan, Alabama

23

24

  Carla H. Woodall
25  Court Reporter

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

I N D E X

State of Alabama  v.  Ruben Corey McNabb
Case No. CC-02-225

|  | PAGE |
|---|---|
| REPORTER'S TRANSCRIPT ORDER | 1 |
| TITLE PAGE | 2 |
| INDEX | 3 |
| COLLOQUY | 4 |

STATE'S TESTAMENTARY EVIDENCE

WITNESSES:

  WILLIE WILLIAMSON

| Direct Examination by Mr. Adams | 4 |
|---|---|
| Cross Examination by Mr. Baxley | 12 |

STATE RESTS                                       18

DEFENDANT'S TESTAMENTARY EVIDENCE

WITNESSES:

  RONALD REEVES

|    Direct Examination by Mr. Baxley | 18 |
|---|---|
| DEFENSE RESTS | 22 |
| ARGUMENT BY MR. BAXLEY | 22 |
| RULING BY THE COURT | 25 |
| REPORTER'S CERTIFICATE | 26 |

4

1       PROCEEDINGS

2       MOTION TO SUPPRESS

3          THE COURT:  Now, what about our motion to

4       suppress evidence?  Do we need to take testimony

5       on that?

6          MR. BAXLEY:  Yes, sir.  That's very pertinent

7       in this case, Your Honor.

8          THE COURT:  Okay.

9          MR. BAXLEY:  Are you ready to hear that?

10         THE COURT:  Yes, sir.

11         MR. ADAMS:  Let me get my witness, Judge.

12         THE COURT:  Do you want to call the police

13      officer?  Is that who you want to call?

14         MR. BAXLEY:  Yes, sir.

15         MR. ADAMS:  Who do you want?  I'm going to

16      put Willie on.  Generally I go first and then you

17      get to rebut it.

18         THE COURT: Okay.

19         MR. ADAMS:  Judge, the State calls Willie

20      Williamson to the stand.

21                    WILLIE WILLIAMSON

22      having first been duly sworn, was examined and

23      testified as follows:

24                    DIRECT EXAMINATION

25      BY MR. ADAMS:

| | | |
|---|---|---|
| 1 | Q | State your name, please. |
| 2 | A | Sergeant Willie Williamson. |
| 3 | Q | How are you employed? |
| 4 | A | City of Dothan Police Department. |
| 5 | Q | In what capacity? |
| 6 | A | I'm an investigator, criminal investigations |
| 7 | | division. |
| 8 | Q | Employed in that capacity back on June 7, 2001? |
| 9 | A | Yes, sir. |
| 10 | Q | Back on that date did you have an opportunity to |
| 11 | | investigate an armed robbery at the Winn Dixie? |
| 12 | A | Yes. |
| 13 | Q | Where is that located? |
| 14 | A | It's on 1571 Westgate Parkway. |
| 15 | Q | Is that in Houston County? |
| 16 | A | Yes. |
| 17 | Q | Dothan, Alabama? |
| 18 | A | Yes, sir. |
| 19 | Q | And you were dispatched over there.  Did your |
| 20 | | office get a call on something? |
| 21 | A | Investigator Singleton actually responded to that |
| 22 | | call as the investigator. |
| 23 | Q | And did he collect some evidence? |
| 24 | A | Yes, he did. |
| 25 | Q | All right.  And then you responded at a later |

```
 1          date?
 2     A    Yes.  He and I later went out later at about five
 3          p.m. and did a further investigation.
 4     Q    Did you speak to some witnesses?
 5     A    Yes.
 6     Q    Did you speak to a Betty Jean Prescott?
 7     A    Yes.
 8     Q    What did she tell you when you interviewed her?
 9     A    Ms. Prescott told us that she was -- had just come
10          to work -- let me refresh my notes here.  She's a
11          cashier there.  She's employed there.  And she
12          reports to work about 0400 hours, which is four
13          a.m.  And she said she was coming to work.  And
14          she said that she had always noticed -- tries to
15          be observant because it's real dark out and she
16          doesn't want anything to happen to her.  And she
17          also said she had been robbed before which had
18          made her a little more observant in her words.
19          Ms. Prescott said there was a mini van coming from
20          around the north side of the store at a very high
21          rate of speed and she had to actually swerve to
22          keep from hitting the curb.  So she was on her
23          vehicle and she had to -- she barely missed it.
24          And she stated that the only thing she could tell
25          us about the van was that it was possibly a 1989
```

1    through 1992 model and that it had wood panels on

2    the side of it.  She stated that she had got out

3    of her car and went in and she clocked in and it

4    was about three-fifty-three a.m. then.  And then

5    she walked to the back of the store.  Ms. Prescott

6    stated that almost immediately the store was

7    robbed.  And she stated that Reeves, which was the

8    manager at that time, walked to the back of the

9    store, and he was talking to Reginald Hill, who I

10   believe was assistant manager although I'm not

11   quite sure.

12   Q   Let me ask you.  You spoke to her and she told you

13       about a van?

14   A   Yes.

15   Q   And described it?

16   A   Yes.

17   Q   And did you and Officer Singleton try to locate

18       this particular vehicle or a vehicle that would

19       match it?

20   A   Yes.

21   Q   And where did you go?

22   A   We went to Barstone Apartments located on

23       Honeysuckle Road.

24   Q   Was that the only place you went?  First place?

25       Only place?

```
1   A   That's the first place.  That's the first
2       apartment complex.
3   Q   What made you go there?
4   A   Barstone Apartments has a history of having
5       several police calls there.
6   Q   Now, you mentioned one of the managers.  There was
7       a night manager, Mr. Reeves?
8   A   Yes.
9   Q   Who else was there?  Any other managers?
10  A   Mr. Hill would have been there.
11  Q   Did you find out where Mr. Hill lived?
12  A   Yes.
13  Q   Where did he live?
14  A   Barstone Apartments.
15  Q   Based on your preliminary investigation, were you
16      concerned with a possible inside job with regard
17      to this armed robbery?
18  A   Investigator Singleton had mentioned that to me,
19      yes.
20  Q   And you-all discussed that?
21  A   Yes, sir.
22  Q   You went to Barstone Apartments.  What did you
23      see -- when did you go to Barstone Apartments?
24  A   Would have been after five p.m., and if memory
25      serves me, it was still daylight.  It was during
```

9

1    the summer hours.

2  Q   And --

3  A   We pulled in the driveway and essentially we were

4      looking for a van with wood panels.  A mini van.

5      Such as Ms. Prescott had described.

6  Q   And did you find one?

7  A   Yes.

8  Q   And what type of car was that, or vehicle, that

9      you saw there?

10  A   It was a Dodge -- I'm sorry, a 1989 white Dodge

11      mini van with wood panel siding on the sides of

12      the vehicle.

13  Q   Run the tag on it?

14  A   Yes, sir.

15  Q   What did it come back as?

16  A   It was registered to Ruben or Yvette McNabb, 927

17      Honeysuckle Road, which is Barstone Apartments,

18      apartment number J.  I believe there's going to be

19      a number to that, too.

20  Q   Were you able to -- so it came back to a Ruben or

21      Yvette?

22  A   McNabb.

23  Q   Did you run a rap sheet on Mr. McNabb?

24  A   Yes.

25  Q   And what did it show?

| | | |
|---|---|---|
| 1 | A | It showed that he had some -- possible some |
| 2 | | convictions for drug activity and having weapons |
| 3 | | in his possession. |
| 4 | Q | Had he previously been arrested for armed robbery? |
| 5 | A | It showed there was some type of robbery charge. |
| 6 | | I don't know the outcome of it. |
| 7 | Q | But he was arrested? |
| 8 | A | Yes, sir. |
| 9 | Q | And through your investigation did you -- were you |
| 10 | | able to determine whether or not Mr. McNabb knew |
| 11 | | Mr. Hill? |
| 12 | A | Yes. |
| 13 | Q | And did they live in the same basic area? |
| 14 | A | In the same complex. |
| 15 | Q | They both lived in Barstone? |
| 16 | A | Correct. |
| 17 | Q | You determined through your investigation that |
| 18 | | they were acquaintances? |
| 19 | A | Yes. |
| 20 | Q | And did you return and speak to Ms. Prescott? |
| 21 | A | Yes, sir. |
| 22 | Q | And did you bring her to Barstone? |
| 23 | A | Yes, sir.  Investigator Singleton and I went to |
| 24 | | Ms. Prescott's residence.  We called her, and she |
| 25 | | knew we were coming.  We went and got her.  We |

1    drove her over to Barstone to look at the mini

2    van.

3  Q  What did she say when you got there?

4  A  She stated that the van looked like the one in the

5     parking lot that night, the night of the robbery,

6     but she could not be sure about the color, but

7     that the wood grain on the side of the mini van

8     was the right color and the van looked like the

9     right year model.

10 Q  What did you do after that?

11 A  I sent off to Alabama Department Public Safety

12    driver's license division to have a picture of Mr.

13    McNabb e-mailed to me.  There was not one in our

14    computer system.  And when we got the photograph,

15    we put together a black and white photo lineup to

16    include Mr. McNabb's picture in it.  And then we

17    called Mr. ████████ the manager on duty during the

18    robbery, and asked him if he would come to the

19    police department and look at the photos.  He did

20    so and gave us a statement about what happened

21    during the robbery, and he stated -- I'm sorry.

22    Essentially he picked him from the lineup.  Picked

23    Mr. McNabb as the --

24 Q  Essentially or he did pick him out?

25 A  He did pick him out of the lineup as one of the

1    ~~men who had molested him~~.

2    Q    And then what did you do after that?

3    A    We typed a search warrant at that point.

4    Q    Based on the information that you had gathered

5         that you've recovered?

6    A    Correct.

7    Q    Those particular items, you got the search warrant?

8    A    Yes, sir.

9              MR. ADAMS:  That's all I have, Judge.

10             THE COURT:  Mr. Baxley?

11             MR. BAXLEY:  Is she going to be able to

12        testify to the search warrant herself?

13             MR. ADAMS:  I believe she typed it up.

14                      CROSS EXAMINATION

15   BY MR. BAXLEY:

16   Q    You typed it up?

17   A    Yes, I typed it up.

18   Q    So you're going to be able to do that.  Okay.

19             And you have a copy of that warrant?

20   A    I'm sorry?

21   Q    Do you have a copy of the warrant?

22   A    The warrant?

23   Q    Yes.

24   A    I should have the original.

25   Q    In the affidavit signed -- even though Jimmy

13

```
 1          Singleton signed this, you would still verify the
 2          contents of this affidavit?
 3     A    Yes, sir.  Even though Jimmy signed it, I typed it
 4          and put the words together.
 5     Q    In this you stated that Mr. McNabb has a history
 6          of robbery.  Where do you obtain that history of
 7          robbery?
 8     A    NCIC.  I run a criminal history of Mr. McNabb.
 9     Q    I've got the history, too.  It doesn't show
10          anything about it.  Where is that history of
11          robbery in his report?
12     A    Hold on.  Let me find it.
13              THE WITNESS:  You found it?  I have the same
14          copy.
15              MR. ADAMS:  It's right towards the end.
16          Unless you want to take this one.
17              THE WITNESS:  I'll take this one.  They're
18          identical.
19     A    It shows that he was -- it shows these are the
20          drug convictions.
21     Q    We know about the drugs.  I want to know about the
22          robbery.
23     A    Right.  I understand.  I just saw it.  I'm sorry.
24          Here it is.  It shows that December 18, 1996,
25          Orlando Police Department he was charged with
```

```
 1        robbery, which is a first degree felony in that
 2        state with a firearm.
 3   Q    He was convicted of that charge?
 4   A    It says the charges were reduced to larceny,
 5        misdemeanor first degree.  Florida.
 6   Q    So he doesn't have a history of robbery, does he?
 7        Anyone can make an allegation, but there's no
 8        conviction for robbery, is there?
 9   A    There's no conviction for robbery, no, sir.
10   Q    Exactly.  But you list in your affidavit he has a
11        history of robbery?
12   A    Yes, I did.
13   Q    Even though you knew that was false?
14   A    I knew he wasn't convicted of it, right.
15   Q    But you knew it was false and presented to a judge
16        where a judge might assume --
17             MR. ADAMS:  Objection.  Asked and answered.
18             THE COURT:  I understand what's happened.  Go
19        ahead.  You're not arguing to a jury.  It's just
20        me.
21   Q    You said you sent off for the digital photograph
22        of Mr. McNabb, correct?
23   A    Correct.
24   Q    Do you have a copy of that photo lineup here with
25        you today?
```

1    A    Yes.

2    Q    And this is the exact photo lineup you showed to

3         Mr. Reeves?

4    A    Yes.

5    Q    I notice that the photographs are different.  Was

6         there a reason for the photographs being different

7         in this photo lineup?

8    A    In speaking about Mr. McNabb's photograph?

9    Q    Correct.  It's a different kind of photograph than

10        all five of the other photographs.

11   A    The ones -- the only photograph I could obtain was

12        from the driver's license division of Mr. McNabb.

13   Q    Okay.  Well, tell me this.  Could you have

14        obtained driver's licenses for these other people

15        or anyone else to obtain the same character or

16        nature of photographs?

17   A    If they had driver's license in Alabama.

18   Q    I'm saying -- you could have gotten other driver's

19        license photos that match the grainyness and I

20        guess disparity shown by Mr. McNabb's photo, could

21        you not?

22   A    They vary by state.  If these gentlemen have

23        driver's license --

24   Q    That's not my question, Ms. Williamson.  I asked

25        you if --

1    A    I don't know, Mr. Baxley, because I don't know

2         what other photographs other states have if these

3         people --

4    Q    I'm not asking about other states.  I'm asking

5         anything.  You say you need photographs of five

6         black males, six foot tall, roughly balding,

7         whatever.  You give a general characteristic.  To

8         get the exact -- or near about the same as Mr.

9         McNabb's description or whatever the description

10        may have been that you were looking for.  You

11        could have done that?

12   A    From the driver's license division, yes, sir.

13   Q    So you could have easily gotten other photographs

14        from the driver's license division rather than

15        using the glossy photos that were obviously used

16        in this one?

17   A    If I --

18   Q    Yes or no?

19   A    No.  If I used the pictures of these gentlemen and

20        they had a driver's license, I can get the

21        photographs, yes.  But to find these gentlemen

22        just based on whether they had a driver's license

23        or not --

24   Q    That's not what I asked, once again.  You don't

25        have to have the exact same people.  I'm just

1       saying other people that would match the

2       photographs.  The problem we have got here is that

3       photograph is different than from all the other

4       five photographs in this lineup.

5    A  I understand.

6    Q  Is that true?

7    A  By resolution, yes.

8    Q  Yes.  By resolution or whatever.  It's a different

9       photograph?

10   A  It appears to be more -- a little more distorted

11      than the others, yes.

12   Q  Okay.  Thank you.

13         But you could have gotten other digital

14      photographs rather than using those other five?

15      Possibly, you could have.  If you wanted to, you

16      could have?

17   A  No, sir, I don't -- I don't think you understand

18      what I'm trying to say.  I had to find these

19      gentlemen to match Mr. McNabb.  They had to be

20      similar in description.  I couldn't just go and

21      pick out a driver's license and say, I need that

22      photograph because I wouldn't know their

23      descriptions.  I wouldn't know they were balding.

24      So if these gentlemen had pictures with the State

25      of Alabama, they would look exactly like that.

```
 1   Q   But you could have -- say that's Joe Blow.  You

 2       could have called and said Joe Blow, I need his

 3       driver's license photograph.  You could have

 4       gotten that, could you?  It might have taken a

 5       little bit longer, but you could have gotten it,

 6       right?

 7   A   It depends on the state.

 8   Q   I'm saying if they were in Alabama, Ms.

 9       Williamson.

10   A   Yes.  If they were in Alabama, Mr. Baxley.

11   Q   Okay.  That's what I'm asking.  That's exactly

12       what I'm asking.  Thank you.

13            MR. BAXLEY:  That's all I have for her at

14       this time, Your Honor.

15            THE COURT:  Anything further?

16            MR. ADAMS:  No, sir.

17            THE COURT:  Please, ma'am, you may step

18       down.

19            MR. ADAMS:  The State would rest at this

20       time.

21            MR. BAXLEY:  I would like to call Mr. Reeves,

22       Your Honor.

23                        RONALD REEVES

24       having first been duly sworn, was examined and

25       testified as follows:
```

```
1                    DIRECT EXAMINATION

2     BY MR. BAXLEY:

3     Q    Mr. Reeves, my name is Hamp Baxley.  I'm a lawyer

4          for Mr. McNabb in this case.  Thank you for coming

5          here today.  You were shown -- you were obviously

6          robbed -- on duty the night the Winn Dixie was

7          robbed.  Over a year ago, correct?

8     A    Yes.

9     Q    And at some point you called 911, didn't you?

10    A    Yes, sir.

11    Q    Do you remember the substance of your conversation

12         with 911?

13    A    No, I couldn't recall.  Obviously I was -- I just

14         been robbed.  That's what I told them.

15    Q    Could you give a description of who robbed the

16         store that night?

17    A    Yes, sir.  One guy.

18    Q    You could give a description of one guy?

19    A    Yes.

20    Q    What was that description?

21    A    What was the description?

22    Q    Uh-huh.

23    A    Well, he's a black male, and he had a cap on.

24         Like a toboggan cap.  And then, you know, I was --

25         and I said he was about -- about around six foot
```

```
1          tall.
2     Q    Six foot tall, black male.  That's about all you
3          knew about the guy.  Just one of them.  And how
4          many were there?
5     A    There was two.
6     Q    Two of them?
7     A    Yes, sir.
8     Q    Six foot tall, black male.  And do you recall
9          calling 911 and not being able to give them a
10         description?
11    A    I couldn't -- I don't remember.  I don't remember.
12    Q    Okay.  Tell me this.  Did you -- could you
13         remember any of the facial characteristics of the
14         person you remember?
15    A    Yes.
16    Q    You remember the facial characteristics.  I'm
17         going to play for you -- this is a 911 tape that
18         was called in on that night.  I would like for you
19         to listen to it to make sure this is correct.
20              (At which time the 911 tape was played.)
21    Q    You just heard that.  They said, could you tell
22         what race they were.  And you said, no, I
23         couldn't, ma'am.  Is that what you said that
24         night?
25    A    Race they was, yeah, I said that.
```

1    Q    You said, I could not tell what race they were?

2    A    Uh-huh.

3    Q    So you didn't know what race they were that night,

4         did you?

5    A    Well, a black male.  I know that.  I was upset at

6         the time, sir.

7    Q    But on the tape you --

8    A    That's right.

9    Q    She simply asked you black or white, and you

10        couldn't name black or white, could you?

11   A    Yeah.

12   Q    Okay.  Now, five days later you go down to the

13        police department and you look at that thing and

14        you pick somebody out of that.  What did you pick

15        out of that lineup?

16   A    Pick five out.

17   Q    Any reason you picked five out?  I mean, the

18        reason I ask that is does number five stand out to

19        you for any reason?

20   A    Yes.  Yes, it do.

21   Q    How did it stand out?

22   A    He had -- he held me at gun point.

23   Q    You said that's the individual that held you at

24        gun point right there?  You're a hundred percent

25        sure even though the 911 tape -- the 911 tape you

1        said that you did not know the race of the person?

2   A   I'm a hundred percent sure.

3   Q   Hundred percent sure?

4   A   Hundred percent sure.

5          MR. BAXLEY:  Thank you.

6          THE COURT:  You may step down.

7          MR. ADAMS:  Mr. Reeves, if you'll just go

8 down the hall, there's a room right there, or you

9 can just wait outside.  Thank you.

10          THE COURT:  Anything further?

11         MR. BAXLEY:  No, sir.  Other than just a

12 summary.

13          THE COURT:  Go ahead.

14         MR. BAXLEY:  Your Honor, the search warrant

15 here, it was issued based on pretty much

16 impermissibly and unduly suggested photo lineup.

17 And the officer who filled out --

18          THE COURT:  Tell me what it is -- I'm not

19 sure I understand what it is that you are saying

20 is suggestive and impermissible.

21         MR. BAXLEY:  Your Honor, that photograph of

22 number five being a driver's license photograph is

23 a digital photograph.  It's grainy.  It was

24 enlarged from its original stance.  And it's

25 distorted compared to the rest of the photographs.

A neutral person or I would naturally fall to
that photograph on that lineup. And it's our
contention that that is unduly suggestive. We
believe that Mr. Reeves as you heard the 911 tape
does not recall who robbed the store. He didn't
know the race of the individual. He could not
tell. And I know he said something different just
then. It's been a year after the fact. Maybe
he's got his memory refreshed. We can't really
tell.

THE COURT: And also he might have been
scared to death when he made that 911 call.

MR. ADAMS: He sure sounded like it, Judge.

MR. BAXLEY: May very well have, Your Honor.

The sworn testimony of Officer Singleton in
an application for that search warrant was
knowingly and intentionally false. There was no
history of robbery. Yet, they presented that to
Judge Mendheim to sign and receive that search
warrant. That's just completely false. The
Alabama Court of Criminal Appeals states that a
search warrant may be invalidated if the affidavit
that supported that warrant contains materials and
false statements made knowingly and intentionally
or in wreckless disregard for the truth. Sergeant

Williamson stated up there, they knew he hadn't

```
 1        A neutral person or I would naturally fall to
 2        that photograph on that lineup.  And it's our
 3        contention that that is unduly suggestive.  We
 4        believe that Mr. Reeves as you heard the 911 tape
 5        does not recall who robbed the store.  He didn't
 6        know the race of the individual.  He could not
 7        tell.  And I know he said something different just
 8        then.  It's been a year after the fact.  Maybe
 9        he's got his memory refreshed.  We can't really
10        tell.
11            THE COURT:  And also he might have been
12        scared to death when he made that 911 call.
13            MR. ADAMS:  He sure sounded like it, Judge.
14            MR. BAXLEY:  May very well have, Your Honor.
15            The sworn testimony of Officer Singleton in
16        an application for that search warrant was
17        knowingly and intentionally false.  There was no
18        history of robbery.  Yet, they presented that to
19        Judge Mendheim to sign and receive that search
20        warrant.  That's just completely false.  The
21        Alabama Court of Criminal Appeals states that a
22        search warrant may be invalidated if the affidavit
23        that supported that warrant contains materials and
24        false statements made knowingly and intentionally
25        or in wreckless disregard for the truth.  Sergeant
```

1    States.  And anything retrieved from that that

2    search based on that illegal warrant must be

3    suppressed just like the fruits from the poisonous

4    tree.

5        THE COURT:  Where's the rest of this warrant

6    where it shows what they are searching for and

7    what they wanted to search?  All I have is the

8    affidavit.  I guess they probably -- okay.  The

9    apartment at Barstone Apartments, any vehicle.

10   Okay.  I see.  Looking for any firearms, cash,

11   food stamps, clothing, or other evidence involved

12   in the robbery.

13        Okay.  The motion to suppress is

14   denied.

15        (End of motion to suppress.)

16        (Off the Record.)

17

18

19

20

21

22

23

24

25

```
 1                    * * * * * * * * * * *

 2                    REPORTER'S CERTIFICATE

 3                    * * * * * * * * * * *

 4    STATE OF ALABAMA

 5    COUNTY OF HOUSTON

 6

 7              I, Carla H. Woodall, Court Reporter and

 8    Notary Public in and for the State of Alabama at Large,

 9    do hereby certify that the above-styled and numbered

10    cause was reported stenographically by me and is a true

11    and correct transcript of the testimony, objections,

12    motions, rulings of the Court, and was transcribed by

13    or under my direction and control.

14              I further certify that I have filed all

15    exhibits offered in the trial of this cause, if any,

16    with the Circuit Clerk of Houston County, Dothan,

17    Alabama, for incorporation into the Record on Appeal.

18              I further certify that I have on this day,

19    filed with the Clerk of the Court of Criminal Appeals,

20    the Attorney General, and the parties here involved, a

21    copy of the Reporter's Index to the Testimony and a

22    Certificate of Completion of Reporter's Transcript of

23    the said cause.

24              I further certify that I have filed the

25    original and three copies of this transcript in the
```

27

1    office of the Circuit Clerk of the Circuit Court of

2    Houston County, Dothan, Alabama.

3

4        Done this the 28th  day of July, 2004.

5

6

7                    Carla H. Woodall
                     Court Reporter and Notary Public
8                    State of Alabama at Large

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25