COURT OF CRIMINAL APPEALS NO. _CR·03-1141_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

## FROM

### CIRCUIT COURT OF _Houston_ COUNTY, ALABAMA

CIRCUIT COURT NO. _CC2002-225  Volume I_

CIRCUIT JUDGE _Jerry M. White_

Type of Conviction / Order Appealed From: _ROBBERY I_

Sentence Imposed: _LIfe w/o Parole, and costs_

Defendant Indigent: ☒ YES  ☐ NO

Ruben McNabb

**NAME OF APPELLANT**

Hon. David Hogg                    334-794-8559
(Appellant's Attorney)                    (Telephone No.)
188 N. Foster St. Ste 200
(Address)
Dothan, Al.  36303
(City)                    (State)                    (Zip Code)

### V.

## STATE OF ALABAMA

**NAME OF APPELLEE**

(State represented by Attorney General)
NOTE: If municipal appeal, indicate below, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

CLERK'S INDEX

CASE ACTION SUMMARY                                                    1-9

INDICTMENT                                                            10-11

ORDER OF 2-6-2002, DEFT. BEFORE THE COURT, ADVISED OF HIS RIGHTS, HON. 12
H. BAXLEY  APPOINTED.

AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER                           13-14

REMOVAL BILL                                                            15

PLEA OF NOT GUILTY AND WAIVER OF ARRAIGNMENT                            16

MOTION FOR PRELIMINARY HEARING AND DISCOVERY                          17-18

MOTION TO SET BOND                                                      19

ORDER OF 2-27-2002, Discovery granted. Motion to set bond set for       20
hearing 3-11-2002 at 9:00 a.m.

RECIPROCAL DISCOVERY ORDER  DATED 3-6-2002                              21

ORDER OF  3-11-2002, BOND SET AT $500,000.00                           22

MOTION TO SUPPRESS EVIDENCE                                           23-25

ORDER OF 3-18-2002, MOTION TO SUPPRESS WILL BE HEARD PRIOR TO TRIAL     26

MOTION TO RECONSIDER BOND                                             27-28

ORDER OF 5-31-2002, MOTION TO RECONSIDER BOND SET FOR HEARING           29
8-14-2002 at 9:00 a.m.

MOTION FOR SPEEDY TRIAL                                                 30

ORDER OF 6-19-2002, SPEEDY TRIAL GRANTED                                31

LETTER FROM DEFENDANT                                                   32

DEFENDANT'S REQUEST FOR PRODUCTION BY THE STATE                       33-36

ORDER OF 8-5-2002, REQUEST FOR PRODUCTION GRANTED                       37

ORDER OF 8-14-2002, MOTION FOR BOND REDUCTION DENIED                    38

MOTION TO CONTINUE                                                    39-40

ORDER OF 8-21-2002, MOTION TO CONTINUE GRANTED                          41

NOTICE TO DEFT OF PREVIOUS CONVICTIONS AND NOTICE OF INTENT TO USE      42
SUCH CONVICTIONS FOR IMPEACHMENT PURPOSES

ORDER OF 8-21-2002, UPON MOTION OF DEFT. CASE CONTINUED.                43

ORDER OF 8-27-2002, CONTINUED FOR DEFT. TO NEXT AVAILABLE TERM          44

CLERK'S INDEX CONTINUED -- PAGE 2

MOTION TO SCHEDULE TRIAL — 45

ORDER OF 9-10-2002, CASE TO BE PLACED ON NEXT AVAILABLE JURY DOCKET — 46

ORDER OF 1-16-2003, CONTINUED UNREACHED — 47

NOTICE OF STATE'S INTENT TO SEEK ADDITIONAL PENALTY — 48

STRIKE LIST — 49-51

MOTION IN LIMINE — 52-54

ORDER OF 2-13-2003, MOTION IN LIMINE DENIED. MOTION TO SUPPRESS EVIDENCE DENIED. — 55

ORDER OF 2-13-2003, AT CLOSE OF STATE'S EVIDENCE, DEFT. MOVES FOR JUDGMENT OF ACQUITTAL — 56

ORDER OF 2-13-2003, ATTACHMENT ISSUED FOR JIMMY BOLIN AND PATSY LYNN ROACH — 57

ORDER OF 2-14-2003, INSTANA SUBPEONA ISSUED FOR MAY BESSIE AND STEPHANIE REEVES — 58

DEFENDANT'S REQUESTED JURY INSTRUCTIONS — 59-71

ORDER OF 2-14-2003, JURY DEADLOCKED, MISTRIAL DISCLARED — 72

ORDER OF 2-19-2003, DEFT RELEASED IN ERROR, ALIAS WRIT ISSUED BAIL SET AT $1,000,000.00 — 73

ALIAS EXECUTED — 74

AFFIDAVID OF SUBSTANTIAL HARDSHIP AND ORDER — 75-76

MOTION TO REQUEST HEARING TO REDUCE BOND — 77-78

MOTION FOR EXTRAORDINARY EXPENSES — 79-80

ORDER OF 2-26-2003, DEFT. ADVISED OF RIGHTS, HON. H. BAXLEY APPT'D — 81

ORDER OF 3-4-2003, MOTION TO REDUCE BOND AND MOTION FOR EXTRAORDINARY EXPENSES DENIED. — 82

ORDER OF 4-3-2003, CONTINUED FOR DEFT. W/O OBJECTION FROM STATE — 83

MOTION TO REDUCE BOND — 84-85

ORDER OF 5-2-2003, MOTION TO REDUCE BOND SET FOR HEARING 5-15-03 AT 9:00 AM — 86

ORDER OF 5-15-2003, BOND REDUCED TO $100,000.00 BOND TO BE APPROVED BY THE COURT — 87

MOTION TO RECONSIDER BOND — 88-90

CLERK'S INDEX CONTINUATION --PAGE 3

ORDER OF 8-5-2003, MOTION TO RECONSIDER BOND DENIED, CLERK ORDERED    91
NOT TO SUBMIT ANY FURTHER SUCH MOTIONS TO THE COURT

ORDER OF 8-20-2003, CASE CONTINUED, ISSUE ON APPEAL    92

CERTIFCATE OF JUDGMENT, WRIT OF MANDAMUS    93

ORDER FROM COURT CRIMINAL APPEALS    94

ORDER FROM COURT CRIMINAL APPEALS DENYING WRIT OF MANDAMUS    95

MOTION TO RELEASE TRIAL EXHIBITS TO DISTRICT ATTORNEY    96

ORDER RELEASING TRIAL EXHIBITS TO DISTRICT ATTORNEY    97

MOTION TO SUPPRESS EVIDENCE    98-99

ORDER OF 2-11-2004, MOTION TO SUPPRESS DENIED    100

JURY STRIKE LIST    101-103

DEFENDANT'S REQUESTED JURY INSTRUCTIONS (1-14)    104-118

JURY VERDICT    119

JURY CONVICTION, SENTENCING ORDER    120-121

ORDER OF 2-11-2004, AT CLOSE OF STATE'S EVIDENCE DEFT. MOVED FOR    122
JUDGEMENT OF ACQUITTAL, MOTION DENIED.

NOTICE TO DEFT OF PREVIOUS CONVICTIONS AND NOTICE OF INTENT TO USE    123
SUCH CONVICTIONS FOR IMPEACHMENT PURPOSES.

ORDER OF 3-18-2004, ON MOTION OF DEFT. SENTENCING HEARING CONT'D    124
TO 3-24-2004

NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS AND NOTICE OF INTENT TO    125
USE SUCH CONVICTIONS FOR IMPEACHMENT PURPOSES.

MOTION TO WITHDRAW AND APPOINT NEW COUNSEL TO REPRESENT DEFT ON    126
APPEAL

ORDER OF 3-30-2004, HAMP BAXLEY ALLOWED TO WITHDRAW.  CLIFF MENDHEIM    127
APPOINTED TO REPRESENT DEFT. ON APPEAL.  DEFT. GIVES ORAL NOTICE OF
APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS.  FREE TRANSCRIPT ON
APPEAL.

MOTION FOR NEW TRIAL    128

MOTION TO WITHDRAW    129-130

ORDER OF 4-7-2004, MOTION FOR NEW TRIAL DENIED.  CLIFF MENDHEIM    131
ALLOWED TO WITHDRAW.  DAVID HOGG APPOINTED TO REPRESENT DEFT. ON
APPEAL.

CLERK'S INDEX CONTINUATION -- PAGE 4

| | |
|---|---|
| CLERK'S NOTICE OF APPEAL | 132 |
| REPORTER'S TRANSCRIPT ORDER -- CRIMINAL | 133 |
| COURT OF CRIMINAL APPEALS DOCKETING STATEMENT | 134 |
| REQUEST FOR LOCAL EXTENSION OF TIME TO COMPLETE THE REPORTER'S TRANSCRIPT | 135 |
| MOTION TO COURT OF CRIMINAL APPEALS FOR EXTENSION OF TIME TO FILE TRANSCRIPT. | 136 |
| TRANSCRIPT OF RECORD - CONVICTION REPORT | 137 |
| COURT REPORTER'S INDEX OF TRIAL EXHIBITS | 138-139 |
| STATE'S EXHIBIT NUMBER 2, CERTIFICATION OF EVIDENCE | 140 |
| STATE'S EXHIBIT NUMBER 3, CERTIFICATION OF EVIDENCE | 141 |
| STATE'S EXHIBIT NUMBER 4, CERTIFICATION OF EVIDENCE | 142 |
| STATE'S EXHIBIT NUMBER 5 | 143 |
| STATE'S EXHIBIT NUMBER 6, CERTIFICATION OF EVIDENCE | 144 |
| STATE'S EXHIBIT NUMBER 9 | 145 |
| STATE'S EXHIBIT NUMBER 10 | 146 |
| STATE'S EXHIBIT NUMBER 15 | 147 |
| STATE'S EXHIBIT NUMBER 16 | 148 |
| STATE'S EXHIBIT NUMBER 17 | 149 |
| STATE'S EXHIBIT NUMBER 18 | 150 |
| STATE'S EXHIBIT NUMBER 19 | 151 |
| STATE'S EXHIBIT NUMBER 20 | 152 |
| STATE'S EXHIBIT NUMBER 21 | 153 |
| STATE'S EXHIBIT NUMBER 22 | 154 |
| STATE'S EXHIBIT NUMBER 23 | 155 |
| STATE'S EXHIBIT NUMBER 24 | 156 |
| DEFENDANT'S EXHIBIT NUMBER 1 | 157 |
| STATE'S EXHIBIT NUMBER 1, SENTENCING | 158-170 |
| COURT REPORTER CARLA WOODALL'S TRANSCRIPT OF SUPPRESSION HEARING | 1-27 |

## CLERK'S INDEX CONTINUEATION --PAGE 5

COURT REPORTER CARLA WOODALL'S TRANSCRIPT OF TRIAL PROCEEDINGS      1-376
AND SENTENCE HEARING

CERTIFICATE OF COMPLETION                                          574

```
                 ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2002 000225.00
      AS                    CASE ACTION SUMMARY
      1                     CIRCUIT   CRIMINAL               RUN DATE: 02/06/2002
      ===============================================================================
      E CIRCUIT COURT OF  HOUSTON                                    JUDGE:
      
      TE OF  ALABAMA                     VS     MCNABB RUBEN COREY
                                                % HOUSTON COUNTY JAIL
      ASE: CC 2002 000225.00
                                                DOTHAN, AL  36302 0000

      DOB: 07/25/1975       SEX: M  RACE: B  HT: 6 00  WT: 197   HR: BLK EYES: BRO
      SSN: 264654614  ALIAS NAMES:

      CHARGE01: ROBBERY 1ST          CODE01: ROB1  LIT: ROBBERY 1ST   TYP: F #: 001
      OFFENSE DATE: 06/07/2001                   AGENCY/OFFICER: 0380100 SINGLET

      DATE WAR/CAP ISS:                   DATE ARRESTED: 02/05/2002
      DATE     INDICTED: 08/30/2001       DATE     FILED: 02/06/2002
      DATE    RELEASED:                   DATE   HEARING:
      BOND       AMOUNT:    5.00/00,00.   SURETIES:

      DATE 1: 03/06/2002  DESC: ARRG                TIME: 0900 A
      DATE 2: 05/06/2002  DESC: JTRL                TIME: 0830 A

      TRACKING NOS:
          DEF/ATY:                                                      TYPE:

                                 00000                              00000
      PROSECUTOR: VALESKA DOUGLAS A

      ===============================================================================
       H CSE:   000000000000 CHK/TICKET NO:                  GRAND JURY: 000000027
      JURT REPORTER: -------------- SID NO:    000000000
      DEF STATUS: JAIL           DEMAND: Y                          OPER: PAE
      ===============================================================================
      DATE        ACTIONS, JUDGEMENTS, AND NOTES
      ===============================================================================
```

| | |
|---|---|
| 2-6-2002 | Defendant arrested on writ on indictment.  Arraignment set for March 6, 2002 at 9:00 AM and trial is TENTATIVELY set for May 6, 2002 term of Circuit Court.  Clerk to notify. |
| 2-6-2002 | Defendant before the Court and advised of his/her rights. Hon _____ H. Bayley is appointed counsel for the Defendant.  _____ DISTRICT JUDGE |
| | ( 2-6-02 - A - HB DA) |
| 2-13-02 | Motion To Set Bond |
| 2-13-02 | Motion for Preliminary Hearing & Discovery |
| 2-1-02 | WAIVER OF ARRAIGNMENT _____ Judge |

Handwritten notations in upper right area:
2-14-03 deft released from Jail by
2-24-03 - Arrested on A.W.
& Writ (Duplicate

2-27-02   Motion for Discovery granted. Motion to Set Bond is set down for a hearing on the 11th day of March, 2002, at 9:00 a.m. Notify.
                                    Denny Holladay, Judge
          (2-28-02 - N - HB, DA)

---

**RECIPROCAL DISCOVERY ORDER**

3-6 , 20 02

Within 14 days of this Order, the State and Defendant will make available for inspection and copying all materials discoverable under the Alabama Rules of Criminal Procedure. In addition, the State will make any exculpatory material available to the Defense. The State will make its materials available at the District Attorney's office and the Defense will do likewise at the Defense Counsel's office.

C. LAWSON LITTLE
CIRCUIT JUDGE

---

3-11-02 - Upon Hrg. Bond Set AT $500,000
3-11-02 Shown                    Holl - Judge

3-13-02 - Motion to Suppress Evidence.

3-18-02   Motion to Suppress will be heard prior to trial. Notify.
                                    Denny Holladay, Judge
          (3-19-02 - N - HB, DA)

5-7-2002   Motion to Reconsider Bond

5-31-02   Motion to Reconsider Bond Set for hearing on the 14th day   Holladay, Judge
          of August, 2002 at 9:00 a.m. Notify.
          (6-18-02 N - HB, DA)

6-19-02   Motion for Speedy Trial.
7-1-02    Motion for Speedy Trial granted.   Denny Holladay, Judge
          (7-3-02 - N - HB,
          DA + Judge)

ALABAMA    JUDICIAL    INFORMATION    CENTER

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2002 000225.00
JUDGE ID:   DLH

STATE OF ALABAMA                 VS    MCNABB RUBEN COREY

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 7-31-02 | Defendants Request for Production by the State |
| 8-5-02 | Request to Production Granted. Notify |
| 8-4-02 | refd Hamp Baxley + DA |
| 8-14-02 | Motion for Bond Reduction |
| | Denied  Hollenby Judge |
| 8-21-02 | Motion to Continue Trial |
| 8-21-02 | Upon motion of defendant case continued. Notify |
| | (8-22-02 -D- |
| | H/B, DA)  Denny Hollenby Judge |
| 8-22-02 | Continued for Deft to next available Term |
| 8-20-02 | NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS & NOTICE OF INTENT TO USE SUCH CONVICTIONS FOR IMPEACHMENT PURPOSES. |
| 9-9-2002 | Motion to schedule trial |
| 9-10-02 | This Case is to be placed on the next available jury trial docket. Notify |
| | Denny Hollenby Judge |
| | (9-13-02-D-H/B Judge & DA) |
| 1-16-03 | Continued unreached.   Deny M White |
| 1-29-03 | Notice Of States Intent To Seek Additional Penalty |
| | February 13, 2003. Motion in limine denied if dft takes witness stand and state wishes to use Conviction to impeach defendant. Motion to Suppress evidence denied.  Deny M White Judge |

*February 13, 2003 - At close of State's evidence, defendant moved for judgment of acquittal.*

*February 13 2003 - Attachments to issue for Jimmy Bolin #1571 Westgate Pkwy, Dothan and Daisy Lynn Road #4 Walmart on Montgomery Hwy, Dothan* ~~Day in Circuit Judge~~
2-13-03 ~~issue attachments~~

*February 14, 2003 - Custody Subpoena issued for Mary Bessie 1404 Eastwood Ct. Dothan, Ala. and Stephanie Reeves Bessie Apts 2 Highlands Boy Corner.* Day in Circuit

*February 14, 2003 - Jury deadlocked, Mistrial declared.* Day in Circuit Judge
02-14-03 ~~aaron~~

*February 19 2003 - Let being made known to the Court that the defendant was mistakenly released by the Sheriff's office. An alias writ of arrest is ordered to be issued. Bail set at $1,000,000.* Judge in Circuit Judge
(2-19-03 alias issued)

2-26-2003--Defendant arrested on alias and writ. Writ was the original for which the Sheriff's Dept. had asked for a duplicate as it had been lost. This was done in December, 2001. Bond set at $ 1,000,000.00 on this case. Criminal jury trial is TENTATIVELY reset for April 7, 2003 at 8:30 AM. CLerk to notify.

2-26-03
Dawn
2/26/03

Defendant before the Court and advised of his/her rights, Hon. ___H. Baxley___ is appointed counsel for the Defendant.
B. Mendhein
DISTRICT JUDGE

(2-27-03 D — HB, DA)

ACR0269   A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2002 000225.00
JUDGE ID: JMW

STATE OF ALABAMA                    VS   MCNABB RUBEN COREY

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 2-25-2003 | Motion to request hearing to reduce bond. |
| 2-26-2003 | Motion for extraordinary expenses. |
| | *March 4, 2003 - Motion to reduce bond* *denied ~~Motion for extraordinary expenses~~* *denied (Judge Cobb, Jr.)* |
| | *(3-6-03 - M - HB, DA)* |
| 4/3/03 | *Cont. for S w/o objection from State - McElroy* |
| 5-1-2003 | Motion to reduce bond |
| 5-2-2003 | *Motion to Reduce Bond is set down for a hearing on the 15th day of May, 2003, at 9:00 a.m. Notify. (Gene M. White, Judge)* |
| | *(5-5-03 - M - HB, DA)* |
| | *May 15, 2003 - Bail reduced to $100,000 Bond to be approved by Court (Gene M. White Judge)* |
| | *(6-16-03 - M - HB, DA, O. O + Jail - Sheriff)* |
| | *7-24-03 - Appellants Reply Brief* |
| 7-15-03 | Motion to Reconsider Bond. |
| | *August 5, 2003 - Above motion denied + Clerk is ordered not to submit any further such motions to Court. (Gene M. White Judge)* |
| 8-6-03 | *w/Hamp Baxley, DA + deft at jail* |
| | *8-20-03 Case Cont'd (Issue On Appeal) (Gene M. White Judge)* |
| 2-2-04 | *Motion to release trial exhibits to District Attorney* |
| 2-2-04 | *Order (in file)* |

Ruben McNabb                                        CC-02-225

a 5-0 4 *Motion to Suppress Evidence.*
February 11, 2004 - Defendant's motion to Suppress
denied. *[signature]*

February 11, 2004 - At close of State's evidence
defendant moved for judgment of acquittal,
motion denied. *[signature]*

3-17-04  Notice to Defendant of Previous convictions and Notice
of intent to Use such Convictions for Impeachment Purposes.

March 18, 2004 - On motion of defendant
sentencing hearing continued to March 24, 2004,
at 11:00 AM. *[signature]*

3-18-04  Notfd. Hamp Baxley, DA + P.O.

3-18-04 - Notice to Defendant of Previous Convictions and Notice of Intent to Use
Such Convictions for Impeachment Purposes.

3-18-04 - Notified Attorney Hamp Baxley

3-23-04  -  Motion to Withdraw and Appoint New Counsel to Represent Defendant on Appeal.

March 30, 2004 - Hampton Baxley allowed to
withdraw as attorney for defendant. Cliff
Mendheim appointed to represent defendant
on Appeal.
Defendant gives oral notice of Appeal to
Alabama Court of Criminal Appeals.
Defendant allowed free transcript on Appeal.
Clerk to notify Mendheim Ct. Crim Appeals. *[signature]*

4-1-04    NOTIFIED ATTORNEY HAMP BAXLEY, ATTORNEY CLIFF MENDHEIM,   COURT OF CRIMINAL APPEALS,
P.O. AND DA.

3-25-04  MOTION FOR NEW TRIAL.
April 7, 2004 - Deft's motion for new trial is denied
Cliff Mendheim moves that he be allowed to withdraw
motion granted. David Hogg appointed to
represent defendant on Appeal. Clerk to notify
deft Cliff Mendheim, David Hogg, Ct. of Criminal Appeals. *[signature]*

**JURY CONVICTION**

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA

VS.

_Ruben Corey McNabb_

CRIMINAL DIVISION

CASE NO. _CC 2002 - 225_

    The Defendant having been indicted and arraigned upon the Indictment on a charge of _Robbery 1st Degree_, and heretofore having plead not guilty thereto the case was tried before a jury composed of _Milton H. Wood_ as foreperson and eleven others. The Jury having been duly empanelled , sworn and charged by the Court according to law , with the Defendant being present in open court with his attorney at each and every stage of proceedings, said jury has now on this date pursuant to their oath found the Defendant guilty of _Robbery 1st Degree_ as charged in the Indictment (a lesser included offense of that charge in the indictment).

    In accordance with the verdict of the Jury, Defendant is hereby adjudged guilty of _Robbery 1st Degree_ Defendant being asked if he/she had anything to say why sentence of law should not be pronounced upon him/her, and Defendant says nothing .

    **IT IS THEREFORE ORDERED AND ADJUDGED BY THE COURT** that the Defendant is guilty of said charge.

    (✓) A Sentence hearing is set for the _18th_ day of _March_, 20~~02~~04 at 9.00 o'clock _A_ M. _No bail._

    DONE, this the _11th_ day of _February_, ~~2002.~~ _2004._

_____
CIRCUIT JUDGE

## SENTENCING ORDER

AS PUNISHMENT, DEFENDANT IS HEREBY FORMALLY SENTENCED:

( ) to hard labor for Houston County for a term of _____.

(✗) to the penitentiary of the State of Alabama for a term of _____ ~~years.~~ ( ) FHOA _natural life without parole._

8

On the 30th day after the Clerk transmits to the Department of Corrections a copy of this judgment entry and sentence, if the Department has not directed the Sheriff where the Defendant shall be taken for confinement, the Sheriff is hereby ordered to transport Defendant forthwith to the Department's receiving center at Kilby/Tutweiler (circle) and effectuate the transfer of the Defendant to the custody of the Department. In the event the Department refuses to accept the Defendant in compliance with state law, the Sheriff is ordered to secure the Defendant to the property at the Department's receiving center.

Said sentence shall run ( ) consecutive or ( ) concurrent with case number (s) _____

_____

( ) said sentence is suspended for _____ years on the condition of good behavior and payment of all fines, costs, and restitution.

( ) The Defendant is hereby given credit for the days spent incarcerated pending trial.

Defendant is also ordered to pay:

( ) A fine of $_____
( ) A Victim Compensation Assessment of $_____.
(X) All Court Costs.
( ) Restitution of $ _____ to _____.
( ) Drug Demand Reduction Act Assessment of $1,000.00.
( ) Alabama Forensics Sciences Trust Fund $100.00.
( ) Pay direct to Alabama Dept. of Forensic Sciences-Dothan Division
    $_____
( ) Investigation restitution direct to ( )DPD ( ) HCSO $_____.

## ADDITIONAL SENTENCE PROVISION ORDERED ARE:

( ) Completion of a substance abuse program CRO
( ) The Department of Public Safety is ordered to comply with Alabama Code 13A-12-290 by suspending Defendant's drivers license for six months.
( ) Continued on same bond.
( ) Appeal bond is set at $_____.
( ) Indigency status granted and free transcript is ordered.

## PROBATION:

( ) Defendant applies for probation.
( ) Defendant waives application for probation.
( ) Probation hearing is set for the _____ day of _____ 20__ at _____
( ) Defendant to remain on same bond pending probation hearing

DONE this the 24th day of March, 2004.

Walker

Jerry M. White

ACRDI6P  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2003 000235.00
JUDGE ID: JMC

STATE OF ALABAMA                          VS     MCNABB RUBEN COREY

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|------------------------------|
| 4-15-04 | Mailed Clerk's Notice of Appeal to CCA, AG, DA, CR, Deft., and David Hogg |
| 7-23-2004 | Penitentiary Transcript Mailed to DOC |

## INDICTMENT

The State of Alabama

Houston County

}

CIRCUIT COURT
TWENTIETH JUDICIAL
**AUGUST TERM, 2001**

COUNT 1

The Grand Jury of said county charge that, before the finding of this indictment, RUBEN COREY MCNABB, whose name is otherwise unknown to the Grand Jury, did in the course of committing a theft of U.S. CURRENCY, POSTAGE STAMPS AND FOOD STAMPS, the property of WINN DIXIE, use force against the person of RON REEVES AND PATSY LYNN ROACH, with intent to overcome THEIR physical resistance or physical power of resistance, or threaten the imminent use of force against the person of RON REEVES AND PATSY LYNN ROACH with intent to compel acquiescence to the taking of or escaping with the property, while the said RUBEN COREY MCNABB was armed with a deadly weapon or dangerous instrument, to-wit: A HANDGUN, in violation of Section 13A-8-41 of the Code of Alabama, against the peace and dignity of the State of Alabama.

Douglas Albert Valeska
District Attorney

---

THE STATE OF ALABAMA
Houston County

Witnesses for Agency No. 0101004436

REGGIE M HILL, WINN DIXIE 1571 W/G PKWY, DOTHAN, AL  36301
BETTY JEAN PRESCOTT, 1571 W/G PKWY-WINN DIXIE, DOTHAN, AL  36301
RON REEVES, 1571 W/G PKWY, DOTHAN, AL  36301
PATSY LYNN ROACH, WINN DIXIE 1571 W/G PKWY, DOTHAN, AL  36301
JIMMY SINGLETON, PD, DOTHAN, AL  36301
WILLY WILLIAMSON, DPD, DOTHAN, AL  36303

THE CIRCUIT COURT
Twentieth Judicial Circuit

THE STATE
vs.
RUBEN COREY MCNABB

---

Charges: 1.  ROBBERY FIRST DEGREE

#2

## A TRUE BILL

_Emanuel Nabler_
Foreman of the Grand Jury

Presented to the presiding Judge in open court foreman of the Grand Jury, in the presence of _16_ Grand Jurors and filed in open court by order of the court on this the _30th_ day of _Aug_, 20._01_.

_Judge Boyd_                    CLERK

## INDICTMENT

NO PROSECUTOR

Upon the arrest of Defendant let him be admitted to bail on giving bond in the sum of

_No Bond_ Dollars

With security to be approved by the Sheriff.

Judge Presiding

2-6-2002

Defendant before the Court and advised of
his/her rights. Hon. H. Beyly
is appointed counsel for the Defendant.

DISTRICT JUDGE

1-2-6-02-M-HB-DA

State of Alabama
Unified Judicial System

Form C-10
Page 1 of 2          Rev. 2/95

Case Number

# AFFIDAVIT OF SUBSTANTIAL
# HARDSHIP AND ORDER

IN THE _Circuit_ COURT OF _Houston_ , ALABAMA
(Circuit, District, or Municipal)          (Name of County or Municipality)

STYLE OF CASE: _State of Alabama_ v. _Ruben Corey McNabb_
Plaintiff(s)                    Defendant(s) _Wri_

TYPE OF PROCEEDING: _Criminal_ CHARGE(S) (if applicable): _Robbery 1st_

☐ **CIVIL CASE--** I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.

☐ **CIVIL CASE--** (such as paternity, support, termination of parental rights, dependency) - I am financially unable to hire an attorney and I request that the court appoint one for me.

☐ **CRIMINAL CASE--** I am financially unable to hire an attorney and request that the court appoint one for me.

☐ **DELINQUENCY/NEED OF SUPERVISION--** I am financially unable to hire an attorney and request that the court appoint one for my child/me.

## AFFIDAVIT

**SECTION I.**

1. **IDENTIFICATION**
   Full name _Ruben Corey McNabb_          Date of birth _7-25-75_
   Spouse's full name (if married) _____
   Complete home address _1741 Ravenball Ave_
   _Orlando, FL 32805_
   Number of people living in household _4_
   Home telephone number _648-0982 (407)_
   Occupation/Job _Auto Body Repair_ Length of employment _____
   Driver's license number _____ *Social Security Number _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_
   Employer _Unemployed_ Employer's telephone number _____
   Employer's address _____

2. **ASSISTANCE BENEFITS**
   Do you or anyone residing in your household receive benefits from any of the following sources? (If so, please check those which apply.)

   ☐ AFDC     ☐ Food Stamps     ☐ SSI     ☐ Medicaid     ☐ Other _____

3. **INCOME/EXPENSE STATEMENT** _Recently Lost Job_
   Monthly Gross Income:
   Monthly Gross Income                                    $
   Spouse's Monthly Gross Income (unless a marital offense)          _0_          _RM_
   Other Earnings: Commissions, Bonuses, Interest Income, etc.
   Contributions from Other People Living in Household
   Unemployment/Workmen's Compensation,
     Social Security, Retirements, etc.                    _0_
   Other Income (be specific) _____
   
   **TOTAL MONTHLY GROSS INCOME**                          $  _0_

   Monthly Expenses:
   A. Living Expenses          _any States Do Not Pay_
      Rent/Mortgage            _Bills at this time_
      Total Utilities: Gas, Electricity, Water, etc.    _0_          _RM_
      Food
      Clothing                                          _0_
      Health Care/Medical
      Insurance                                         _0_
      Car Payment(s)/Transportation Expenses
      Loan Payment(s)                                   _0_

'OPTIONAL

| Form C-10  Page 2 of 2     Rev. 2/95 | AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER |

Monthly Expenses: (cont'd page 1)
Credit Card Payment(s)
Educational/Employment Expenses
Other Expenses (be specific) _____

    **Sub-Total**            A $ _____ 0

B.  Child Support Payment(s)/Alimony     $ _____ 0

    **Sub-Total**            B $ _____ 0

C.  Exceptional Expenses     $ _____ 0

    **TOTAL MONTHLY EXPENSES** (add subtotals from A & B monthly only)   $ _____ 0

Total Gross Monthly Income Less total monthly expenses:

**DISPOSABLE MONTHLY INCOME**       $ _____ 0

4.  **LIQUID ASSETS:**
Cash on Hand/Bank (or otherwise available such as stocks, bonds, certificates of deposit)     $ _____ 0
Equity in Real Estate (value of property less what you owe)   0
Equity in Personal Property, etc. (such as the value of motor vehicles, stereo, VCR, furnishing, jewelry, tools, guns, less what you owe)
Other (be specific)
Do you own anything else of value?  ☐ Yes  ☐ No   0
(land, house, boat, TV, stereo, jewelry)
If so, describe _____

    **TOTAL LIQUID ASSETS**       $ _____ 0

5.  **Affidavit/Request**
I swear or affirm that the answers are true and reflect my current financial status. I understand that a false statement or answer to any question in the affidavit may subject me to the penalties of perjury. I authorize the court or its authorized representative to obtain records of information pertaining to my financial status from any source in order to verify information provided by me. I further understand and acknowledge that, if the court appoints an attorney to represent me, the court may require me to pay all or part of the fees and expenses of my court-appointed counsel.

Sworn to and subscribed before me this

_____ day of _____ 2003

_____
Judge/Clerk/Notary

_____
Affiant's Signature

X Rhuben McRabb
Print or Type Name

**ORDER OF COURT**

SECTION II.
IT IS THEREFORE, ORDERED, AND ADJUDGED BY THE COURT AS FOLLOWS:
☐ Affiant is not indigent and request is DENIED.
☐ Affiant is partially indigent and able to contribute monetarily toward his/her defense; therefore defendant is ordered to pay
$ _____ toward the anticipated cost of appointed counsel. Said amount is to be paid to the clerk of court or as otherwise ordered and disbursed as follows:
☐ Affiant is indigent and request is GRANTED.
☐ The prepayment of docket fees is waived.

IT IS FURTHER ORDERED AND ADJUDGED that _H. Baxley_ , is hereby appointed as counsel to represent affiant.
IT IS FURTHER ORDERED AND ADJUDGED that the court reserves the right and may order reimbursement of attorney's fees and expenses, approved by the court and paid to the appointed counsel, and costs of court.
Done this _____ 6 day of _____ Feb _____ 203

_____
Judge

Payable to _____ Lamar Glover _____ , Sheriff of _____ Houston _____ County.

For removal of _____ Ruben Corey McNabb _____ charged with _____ Robbery 1st. _____
(Use Felony only)

from _____ Orange County, Fl. _____ County, to jail in _____ Houston _____ County.

Date or dates of removal _____ February 5, 2002 _____

| To _____ Lamar Glover _____ , Sheriff _____ days at $8.00 per day ......... | $ | |
| To _____ , Guard _____ days at $8.00 per day ......... | $ | |

| DATE | ITEMIZATION OF EXPENSES Commercial transportation must be tax exempt. | | |
|------|-------------------------------------------------|-----|----|
| 2/5 | TransCor America | 415 | 07 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | Total | 415 | 07 |

Mileage In State  Title 12-19-191.                    Mileage Out of State  Title 15-9-62

I _____ Lamar Glover _____ , Sheriff of

_____ Houston _____ County, do state, the above account for the sum of

_____ Four-hundred, fifteen & 07/100 ------------------------ _____ dollars, is correct;

that I have never received the same or any part thereof; that I had _____ guard 1 employed; that said

account embraces, aside from per diem for self or deputy and guard, only actual traveling expenses, and that

without any unnecessary delay the nearest route usually traveled was followed.

_____ Lamar Glover _____
Sheriff.

**SUPPORTING PAPERS MUST BE ATTACHED**

| IN STATE | OUT OF STATE |
|----------|--------------|
| TITLE 15-10-70, 71, 72 & 73 | TITLE 15-9-62, 65 & 81 |
| A: Solicitor's statement & Authorization District | A: Governor's Extradition or Waiver of Extradition |
| : Receipt & Notification from Officer who has Prisoner in Custody | Signed by Prisoner |
| | B: Receipts for expenditures |
| C: Receipts for Expenditures | C: Agreement on Detainers |

**THE USE OF A GUARD MUST BE AUTHORIZED**
(Attorney General Opinion 3-27-59)

| State of Alabama<br>Unified Judicial System<br><br>Form CR-9   Rev. 3/95 | PLEA OF NOT GUILTY AND WAIVER OF<br>ARRAIGNMENT | Case Number<br>CC-02-225 |
|---|---|---|

IN THE **Circuit** _____ COURT OF **Houston County,** _____, ALABAMA
*(Circuit, District, or Municipal)*            *(Name of County or Municipality)*

☑ STATE OF ALABAMA v. **Ruben Corey McNabb** _____, Defendant

---

Comes now, the defendant in the above-styled matter, and to the offense charged enters a plea of

☑   Not Guilty
☐   Not Guilty by Reason of Mental Disease or Defect
☐   Not Guilty and Not Guilty by Reason of Mental Disease or Defect

Defendant acknowledges receipt of the copy of the charge against him/her and further waives the right to have an arraignment at which the defendant is present in person, or at which the defendant is represented by an attorney.

But, the defendant specifically and expressly reserves the right upon the filing hereof to hereafter, but before trial or before such date as may be set by the court, to interpose any defenses, objections, or motions which the defendant had the right as a matter of law or rule to interpose in this cause, prior to the filing hereof.

Defendant's date of birth is **7/25/1975** _____   Defendant's age is **26 years** _____
The defendant is not eligible for consideration by the court for youthful offender status as provided by law.

**2/28/02** _____          *Ruben McNabb*
Date                                   Defendant

**2/28/02** _____          *M. Hampton Baxley*
Date                                   Attorney for Defendant

This is to certify that I am the attorney for the defendant in this matter, and that I have fully explained this form and all matters set forth herein, and pertaining hereto, to the defendant. I further state to the court that I have explained to the defendant his right to be arraigned in person and his right to have me represent him at arraignment. I further certify to the court that my client hereby knowingly, voluntarily, and intelligently waives these rights after a full and complete explanation of each and every one of them to him/her by me. BOTH MYSELF AND THE DEFENDANT UNDERSTAND THAT I AM RESPONSIBLE FOR ASCERTAINING WHAT DATE, IF ANY, HAS BEEN SET BY THE COURT FOR THE MAKING OR FILING OF ANY DEFENSES, OBJECTIONS, OR MOTIONS. I FURTHER UNDERSTAND THAT I AM RESPONSIBLE FOR NOTIFYING MY CLIENT OF THE DATE HIS/HER CASE IS SET FOR TRIAL, AND THAT I HAVE ADVISED AND INFORMED HIM/HER THAT IN THE EVENT HE/SHE FAILS TO APPEAR ON THE DATE HIS/HER CASE IS SET FOR TRIAL, ALL APPROPRIATE LEGAL ACTION WILL BE TAKEN BY THE COURT AGAINST THE DEFENDANT AND HIS/HER BOND. I further certify to the court that I have advised my client that he/she is responsible for obtaining the date his/her case is set for trial in this matter and that in the event he/she fails to appear on the date his/her case is set for trial all appropriate legal action will be taken by the court against the defendant and his/her bond, and I hereby certify that the defendant knows that he/she is personally responsible for obtaining the date his/her case is set for trial and for being present in court on that date.

**2/28/02** _____   ~~FILED~~          *M. Hampton Baxley*
Date                                              Attorney for Defendant Signature

I certify that I served a copy of the foregoing          *M. Hampton Baxley*
plea and waiver of arraignment on the Prosecutor **2002**   Printed or Typed Attorney's Name
by mailing/delivering a copy of the same to him/her on:
**3/1/02** _____                       *P.O. Drawer 1486, Dothan, AL 36302*
Date          *Judy Byrd, CLERK*          Address

This is to certify that my attorney has explained each and every matter and right set forth in this form and I have completely and fully read and do so understand each and every matter set forth in this form. I further state to the court that I do not wish to be personally present at an arraignment in this case and that I do not want to have an attorney represent me at an arraignment and WITH FULL KNOWLEDGE OF EACH OF THESE RIGHTS, I HEREBY EXPRESSLY WAIVE SUCH RIGHTS. I further state to the court that I have been informed of the charge against me and have received a copy of the charge.

**2/28/02** _____          *Ruben McNabb*
Date                                   Defendant Signature

Filed in office this date _____          _____ By _____
                                             Clerk

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                    *

    Plaintiff,                       *

V.                                   *        CRIMINAL DIVISION

REUBEN MCNABB,                       *        CASE NO. CC-02-225

    Defendant.                       *

## MOTION FOR PRELIMINARY HEARING AND DISCOVERY

Comes now, REUBEN MCNABB, the Defendant, by and through the undersigned attorney, and moves this Honorable Court to set this case for preliminary hearing on the next available calendar, at which time the Defendant demands that he be accorded a preliminary hearing as provided by law and that the State disclose the following:

1. The names and addresses of all witnesses against the Defendant;

2. The names and addresses of all witnesses known to the State having information exculpatory to the Defendant;

3. Copies of all written statements taken in the course of the investigation of said case by the State or any officer or agent acting in its behalf;

4. The substance of any and all oral statements made to the State, it's officers or agents in the course of investigation of said case which are either exculpatory of the Defendant or upon which the State intends to rely in the prosecution of this case;

5. The production of any and all other objects or things in the possession of the State or known or obtainable by it, its officers or agents, which would be exculpatory of the Defendant or upon which the State intends to rely in the prosecution of this case.

Respectfully submitted,

*M. Hampton Baxley*

M. Hampton Baxley (BAX009)
Attorney for Defendant
P. O. Drawer 1486
Dothan, Alabama 36302
(334)793-6550

**FILED**

FEB 13 2002

*[stamp] HOUSTON CO., AL*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the District Attorney of Houston County, Alabama, by placing same in his box in the Houston County Courthouse, Dothan, Alabama, on the 13th day of February, 2002.

Of Counsel

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                          *

      PLAINTIFF,                          *          CRIMINAL DIVISION

V.                                        *          CASE NO.  CC-02-225

REUBEN MCNABB,                             *

      DEFENDANT.                          *

## MOTION TO SET BOND

COMES NOW, the Defendant, REUBEN MCNABB, by and through his appointed counsel of record, and moves this Honorable Court to set the bond in his case and as reason therefore, states the following:

1.    Defendant is not a flight risk.

2.    Defendant's father resides in Barbour County, Alabama, and is in a critical medical situation.  Defendant wishes to spend time with his father while his father is still able to communicate.

WHEREFORE, Defendant prays this Honorable Court will set a reasonable bond in his case to an amount that would allow him to make bond and return to his family as soon as possible.

RAMSEY, BAXLEY & McDOUGLE

By: _____

M. Hampton Baxley          (BAX009)
Attorney for Defendant
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all opposing counsel by depositing same in the United States Mail, with sufficient postage and properly addressed.

This the 13th day of February, 2002.

_____
Of Counsel

FILED

FEB 1 3 2002

HOUSTON CO., AL

2-27-02   Motion for Discovery granted. Motion to
Set Bond is set down for a hearing on
the 11th day of March, 2002, at 9:00 a.m.
Notify.                              , Judge

(2-28-02   H/B, D A)

RECIPROCAL DISCOVERY ORDER

3-6 , 20 02

Within 14 days of this Order, the State and Defendant will make available for inspection and copying all materials discoverable under the Alabama Rules of Criminal Procedure. In addition, the State will make any exculpatory material available to the Defense. The State will make its materials available at the District Attorney's office and the Defense will do likewise at the Defense Counsel's office.

C. LAWSON LITTLE
CIRCUIT JUDGE

3. 1/-02 - Upon Hrg. Bond Set At $500,000

3-1/02 Shaw

Hall-Jrvl

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                    *

     Plaintiff,                         *

vs.                                  *        CASE NO.: CC-02-225

RUBEN McNABB                         *

     Defendant.                        *

## MOTION TO SUPPRESS EVIDENCE

COMES now the Defendant, RUBEN McNABB, by and through his undersigned attorney, and moves this Honorable Court to suppress all evidence seized as the basis for his arrest on the following grounds:

1.    The Defendant avers that the issuance of the search warrant in the instant case was illegal and served to violate the rights of the Defendant.

2.    The issuance of the search warrant was a result of an Affidavit based on hearsay evidence, in whole or in part, without existence of a substantial basis on believing that there was a factual basis for the information or a substantial basis for believing the source of the hearsay to be credible.

3.    The search of the premises which produced the evidence in question was wholly without any valid constitutional basis, thereby depriving the Defendant of his rights to due process as guaranteed under the 4th and 14th Amendments of the Constitution of the United States and Article I, Section 5 and Section 6 of the Constitution of the State of Alabama (1901).

4.    Defendant specifically avers that the search and seizure was illegal, in violation of his rights and unconstitutional for the following reasons:

a.     The Affidavit submitted to the issuing officer was improperly and illegally executed;

b.     The warrant was illegally issued because it does not show probable cause sufficient to justify the issuance of a search warrant;

c.     The seizure was illegal in that it was too broad and not in conformity with the directions of the issuing judge so far as the items subject to search and seizure;

d.     The information contained in the Affidavit constitutes false swearing;

e.     The search was a "general search";

f.     The Affiant, before the issuing judge, had no personal knowledge of any facts which would justify a determination by the judge of probable cause for the issuance of said warrant;

g.     The Affidavit on which the search warrant is based was insufficient as a matter of law.

5.     The search of the premises was illegal and all fruits of the search must be suppressed because of the foregoing reasons.

WHEREFORE, Defendant respectfully requests this Honorable Court for a hearing on this Motion to Suppress prior to the trial and outside the presence of the jury and for issuance of its Order suppressing all evidence seized as a result of the illegal search.

Respectfully submitted this 13th day of March, 2002.

RAMSEY, BAXLEY & McDOUGLE

By: _____

M. Hampton Baxley        (BAX009)
Attorney for Defendant
   Ruben McNabb
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the District Attorney by depositing same in his mailbox located at the Houston County Courthouse Annex.

This the 13th day of March, 2002.

_____
Of Counsel

pc:

FILED

MAR 1 3 2002

3-18-02

Motion to Suppress will be heard prior to trial. Notify.

(3-19-02 — Denny Holladay, Judge — Hts, Ala.)

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                          *

      PLAINTIFF,                          *

V.                                          *          CASE NO.  CC-02-225

RUBEN MCNABB,                               *

      DEFENDANT.                          *

## MOTION TO RECONSIDER BOND

    Comes now the Defendant, RUBEN MCNABB, by and through his undersigned attorney, and moves this Honorable Court to reconsider the bond amount set in the instant case and for grounds therefore states as follows:

    1.    The Defendant is being held on a bond of $300,000.00 on a charge of Robbery, 1st Degree, and is presently incarcerated in the Houston County Jail;

    2.    The Defendant has immediate family in the area;

    3.    The Defendant's wife is currently expecting their child and will be unable to support herself and her other children without assistance;

    4.    The Defendant is financially unable to post bond in the amount set in this cause;

    5.    The Defendant's present incarceration makes it extremely difficult to consult with his attorney, locate witnesses on his behalf, and, in general, prepare a defense to the charges in this matter;

    6.    The Defendant is presumed innocent of the charges against him in this matter.

    WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order reducing said bond to an amount commensurate with the facts of this matter.

**FILED**

MAY 0 7 2002

*Evelyn Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

RAMSEY, BAXLEY & McDOUGLE

By: _____

    M. Hampton Baxley    (BAX009)
    Attorney for Defendant
    P. O. Drawer 1486
    Dothan, AL 36302
    (334) 793-6550

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the District Attorney by depositing same in the District Attorney's box located at the Houston County Courthouse Annex.

This the 7th day of May, 2002.

_____
Of Counsel

7-31-02 Motion to Reconsider ~~Denied~~
set for hearing on the 14th day Holly John
of August, 2002 at 9:00 a.m. Not.by
(C-18-02 T-HB, DQa)

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                    *

      PLAINTIFF,                    *

V                                    *          CASE NO. CC-02-225

RUBEN McNABB,                        *

      DEFENDANT.                    *

## MOTION FOR SPEEDY TRIAL

COMES NOW, the Defendant, RUBEN McNABB, by and through his undersigned attorney of record, and moves this Honorable Court for a speedy trial or disposition of the instant case.

Submitted, this the 19th day of June, 2002.

RAMSEY, BAXLEY & McDOUGLE

By: _____

M. Hampton Baxley          (BAX009)
Attorney for Defendant
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the District Attorney by depositing same in the District Attorney's box located at the Houston County Courthouse Annex.

This the 19th day of June, 2002.

JUN 1 9 2002

_____ Of Counsel

CLERK OF
HOUSTON CO., AL

31

12-19-02  Motion for Speedy Trial.
1-1-02  Motion for Speedy Trial granted
(7-3-0?  ?-  ?  ?  Jeffery Holloway, Judge
?  at Jury)

CASE #02-225

Dear Judy Bird,

Please send me a copy of my case action Summary and a copy of the motion filed in my behalf up to this date. Also could you inform me why my trial dates are not on my case action Summary Since This is The Third time it has changed. Thank You for your time and consideration.

Ruben McNabb

CASE # 02-225
Ruben McNabb 52942
901 E. Main St.
Dothan Al 36302

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                           *

          PLAINTIFF,                   *        CASE NO. CC-2002-225

V.                                          *

RUBEN McNABB,                               *

          DEFENDANT.                   *

## DEFENDANT'S REQUEST FOR PRODUCTION BY THE STATE

    The Defendant, pursuant to the Alabama Rules of Criminal Procedure 16 through 16.3 and other provisions of law respectfully requests the State to produce the following:

    1.    To produce and permit the defendant to inspect and copy any written, or recorded statements made by the defendant to any law enforcement officer, official or employee which are in the possession, custody and control of the State of Alabama.

    2.    To produce and permit the defendant to inspect and copy any written, or recorded statements by a co-defendant or accomplice, which is in the possession, custody or control of the State of Alabama.

    3.    To disclose to the defendant the substance of any oral statement made by the defendant before and/or after arrest to any law enforcement officer, official or employee.

    4.    To disclose to the defendant the substance of any oral statements made by a co-defendant or accomplice, before or after arrest to a law enforcement officer, official or employee.

5.    To produce and permit the defendant to inspect and copy any and all results of reports and police reports made in connection with this case, which are within the possession, custody and control of the State of Alabama.

6.    To produce and permit the defendant to analyze, inspect and copy or photograph any physical evidence within the possession, custody and control of the State of Alabama inclusive of any video and/or sound recordings.

7.    To disclose and make available to the defendant all evidence known to the State which is favorable to the defendant including but not limited to evidence which reasonably tends to negate the guilt of the defendant, reduce the degree of guilt of the defendant, or reduce the punishment of the defendant.  Brady v. Maryland, 373 U.S. 83 (1963).

8.    To produce and permit the defendant to inspect and copy any recordings or any and all communications between law enforcement personnel concerning the offenses alleged.

9.    To produce the names, addresses and phone numbers of all witnesses to be called or likely to be called by the State.

10.    To produce the name and last known address of all confidential government informants who are eyewitnesses to the commission of the alleged crime or whose information the law enforcement personnel relied upon to procure a search or arrest warrant or search or arrest the defendant without said warrant.

11.    Any and all considerations or promises of consideration given to or made on behalf of State witnesses or agents, including payments or consideration to any State witness for non-prosecution.

12.    Any and all records and information revealing felony convictions attributed to each State witness.

13.    Any and all records and information showing prior misconduct or bad acts committed by the State witnesses.

14.    Any information that any of the State witnesses had consumed alcohol or drugs prior to witnessing the event that gives rise to their respective testimony.

15.    Any statement of witnesses which conflict either internally or with another statement of the same witness.

16.    Any internal documents or other evidence of any law enforcement official's misfeasance, malfeasance or negligence whether by act or omission or commission in the performance of his or her duties concerning this specific case.

17.    Any evidence of periodic destruction of any evidence such as a police department document retention policy.

18.    Copies of all written or recorded polygraph tests taken in the course of the investigation of said case administered to any State witnesses by any officer or agent or investigator acting on the State's behalf.

19.    In addition, the defendant requests notice of the following matters:

  a.    Any grant of immunity or leniency offered or made to any witness or potential witness;

  b.    Any item, of whatever sort, used or to be used to refresh the memory of any witness;

  c.    Any fact, of which the state intends to ask the Court to take Judicial Notice;

d.    Any motions that the State intends to make.

20.    It is understood that this is a continuing request for production pursuant to Rule 16.3 of the Alabama Rules of Criminal Procedure, the Constitutions of the United States and the State of Alabama and other provisions of law.

RAMSEY, BAXLEY & McDOUGLE

By: _____

M. Hampton Baxley        (BAX009)
Attorney for Defendant
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the District Attorney by depositing same in the District Attorney's box located at the Houston County Courthouse Annex.

This the 31st day of July, 2002.

_____
Of Counsel

FILED

JUL 3 1 2002

657

8-5-02 | Request Jo Production Granted. Notyny ﬁ
8-4-02 | refd Hamp Baxley + DA                    HOLmoney, Judge

8-14-52   Mot so for Bond Reduction
          Denid   Hill Judy

639

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,               *

     PLAINTIFF,                  *    CRIMINAL DIVISION

V.                              *    CASE NO. CC-2002-225

RUBEN McNABB,                   *

     DEFENDANT.                  *

## MOTION TO CONTINUE TRIAL

COMES NOW, the Defendant, RUBEN McNABB, by and through his undersigned attorney, and requests this Honorable Court to continue the trial in the above-styled cause and for grounds therefore states as follows:

1.    Trial is set for August 27, 2002, for the charge of first degree robbery.

2.    Several out-of-state witnesses for the defense have work-related conflicts and will not be able to attend the trial as it is currently scheduled.

3.    The witnesses referred to in paragraph 2 are essential to the defense of the Defendant's case.

4.    The District Attorney has been contacted and has no objection to a continuance at this time.

WHEREFORE, Defendant respectfully requests this Honorable Court to continue said trial which is presently scheduled to commence on August 27, 2002, and reschedule it for the next term.

RAMSEY, BAXLEY & McDOUGLE

By: _____ (BAX009)
    M. Hampton Baxley
    Attorney for Defendant
    P. O. Drawer 1486
    Dothan, AL 36302
    (334) 793-6550
    mhb@rbmlaw.org

FILED

AUG 2 1 2002

JUDY BYRD, CLERK
HOUSTON CO., AL

040

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the District Attorney by depositing same in the District Attorney's box located at the Houston County Courthouse Annex.

This the 21st day of August, 2002.

_____
Of Counsel

041

| 8-21-02 | Motion to Continue Trial |
|---------|--------------------------|
| 8-21-02 | Upon motion of defendant case continued. Motion |
| | (8-22-02) Jerry H. Milberg, Judge |

STATE OF ALABAMA

VS.

RUBEN C McNABB

| | IN THE CIRCUIT COURT OF |
| * | HOUSTON COUNTY, ALABAMA |
| * | CASE NO. _CC2002 - 225-H_ |

### NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS AND
### NOTICE OF INTENT TO USE SUCH CONVICTIONS FOR IMPEACHMENT PURPOSES

You are hereby notified that the District Attorney's Office has evidence of the following convictions, which, in the event of your conviction in the above case, will be presented to the Court for consideration under the Habitual Offender Statute, §13A-5-9, Code of Alabama, 1975. Furthermore, it is the State's intent to use such convictions for impeachment purposes should the defendant testify at trial Rules 609(a)(b)& (c) of the Alabama Rules of Evidence.

| Date | Case No. | Charge | Disposition | Jurisdiction |
|------|----------|--------|-------------|--------------|
| 6-19-97 | | CARRYING CONCEALED WEAPON | 2YRS 6MOS | ORANGE COUNTY, FLA |
| 6-19-97 | | UPCS | 2YRS 6MOS | " " |
| 7-3-97 | | UPCS | 1YR 6MOS | ORLANDO, FLA |
| | | | | |
| | | | | |

You will be properly notified in the event the District Attorney receives evidence of any other additional convictions.

This the 19TH day of AUGUST 2002.

**FILED**

_____
Assistant District Attorney

AUG 20 2002

### CERTIFICATE OF SERVICE

JUDY BYRD, CLERK
HOUSTON CO. ALA

I, William C. White, Assistant District Attorney, do hereby certify that I have this date served a copy of the foregoing on _Hamp Baxley_ , attorney of record for the defendant, by placing a copy of the same in his/her mailbox at the Houston County Courthouse on this 19TH day of AUGUST 2001.

_____
Assistant District Attorney

| | |
|---|---|
| 8-21-02 | Motion to Continue Trial |
| 8-21-02 | Upon motion of defendant case continued. Notify |
| | (8-22-02 jg) |
| | (YB, DA) |

*[handwritten entry — signature and "Judge" at right]*

8-27-02  Continued for dept. to rest available Term

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                    *

     PLAINTIFF,                    *

V                                    *          CASE NO. CC-02-225

RUBEN McNABB,                        *

     DEFENDANT.                    *

### MOTION TO SCHEDULE TRIAL

    COMES NOW, the Defendant, RUBEN McNABB, by and through his undersigned attorney of record, and moves this Honorable Court to schedule his trial for the next trial term.

    Submitted, this the 30th day of August, 2002.

                RAMSEY, BAXLEY & McDOUGLE

By: _____

              M. Hampton Baxley      (BAX009)
              Attorney for Defendant
              P. O. Drawer 1486
              Dothan, AL 36302
              (334) 793-6550

                     SEP 9 2002

### CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing upon the District Attorney by depositing same in the District Attorney's box located at the Houston County Courthouse Annex.

    This the 30th day of August, 2002.

_____
Of Counsel

9-10-02   This Case is to be placed on the next available
jury trial docket. Notify
(9-13-02-D-TB
(Judge & D.a)

1-16-03 | Continued unreached.

STATE OF ALABAMA                    )        IN THE CIRCUIT COURT OF

V.                                 )        HOUSTON COUNTY, ALABAMA

*Ruben Corey McNabb*               )        CASE NO. *CC02-225* W
_____
DEFENDANT

## NOTICE OF STATE'S INTENT
## TO SEEK ADDITIONAL PENALTY

Comes now the State of Alabama, pursuant to §13A-5-6 of the Code of Alabama, and

notifies the defendant that the State intends to seek an additional penalty for the commission of a

felony in which a firearm or deadly weapon was used or attempted to be used.

Dated this 29 day of January 2002. 2003

_____
Assistant District Attorney

## CERTIFICATE OF SERVICE

I, Martin Adams, Assistant District Attorney of the 20th Judicial Circuit, hereby certify

that I have served a copy of the foregoing on

Hamp Baxley , attorney for defendant, by placing a copy

of the same in his/her box at the Houston County Courthouse this 29 day of

January 2002. 2003

_____
Assistant District Attorney

FILED

JAN 29 2003

JUDY BYRD, CLERK
HOUSTON CO., AL

```
JUR250                    XXXXX  JUDICIAL SYSTEM       PAGE:   1
OPER: TDB                     HOUSTON COUNTY           RUN DATE: 02/06/2003
                          STRIKE LIST BY: N A M E      RUN TIME: 15:36:03

TERM DATE: 02/06/2003   PANEL: ALL   STATUS: A
-------------------------------------------------------------------
STRIKE   JUROR'S NAME              STRIKE   JUROR'S NAME
-------------------------------------------------------------------
```

| STRIKE | JUROR'S NAME | STRIKE | JUROR'S NAME |
|---|---|---|---|
| 0001 | ADAMS JOHN MITCHELL | 0033 | FENIOR BEVERLY SCHOENEW |
| 0002 | ALFORD JEFFIE LEE | 0034 | FRIDELL JOSEPH FRANKLIN |
| 0003 | ARD ANNETTE FAILS | 0035 | GLASGOW FRANK L |
| 0004 | BARNWELL JAMES MARVIN J | 0036 | GLASNER GARY S |
| 0005 | BARRENTINE ROBERT E | 0037 | GODWIN CHARLES ERICK |
| 0006 | BLANCHARD FAYE OWENS | 0038 | GOOD CHARLES STEVEN |
| 0007 | BOWMAN STEPHANIE RAE | 0039 | GORDON RANDALL JOE |
| 0008 | BOYETT EDITH DIANNE HAL | 0040 | GOUGE FLOYD ALLEN |
| 0009 | BREWTON POWELL | 0041 | GRACE DANIEL LARRY |
| 0010 | BROOKS NANCY ANN | 0042 | GRIFFIN PHYLLIS C |
| 0011 | BROWN JAMES CURTIS | 0043 | GRIMMER JERELYN M |
| 0012 | BRYAN KATHY STARLING | 0044 | GRIMSLEY JAMES EDWARD |
| 0013 | CARROLL JUDITH CORN | 0045 | GROSS ROBERT ELMER |
| 0014 | CHILDS JUNE MCKENZIE | 0046 | HARRIS SYLVIA BAXLEY |
| 0015 | CHITTY SHIRLEY SPANN | 0047 | HART WILLIAM HENRY III |
| 0016 | CLARK ROBBY RIPPLE | 0048 | HOLLAND HAZEL MONDAY |
| 0017 | COKER KELLY JEAN | 0049 | HOOPER PATSY HOLMES |
| 0018 | COOK REGINALD EUGENE | 0050 | HOUSTON RENDA MYERS |
| 0019 | COPELAND TELLIS | 0051 | HUDGENS DANA LATRICE |
| 0020 | CRAIG JEFFREY SCOTT | 0052 | HUGHES LORI MARIE JACKS |
| 0021 | CROWE DORIS KENT | 0053 | HURST CLAYTON EDWIN |
| 0022 | CURRY BRIDGETTE GRIMSLE | 0054 | JACKSON RHONDA HENSLEY |
| 0023 | DANIELS SYLVESTER | 0055 | JACOBS SARAH SHIRLEY |
| 0024 | DAVIS LUTHER LEONARD | 0056 | JOHNSON JOHN WESLEY SR |
| 0025 | DAWSEY LATRECE V | 0057 | JOHNSON SUSAN MARIA BAR |
| 0026 | DEMKE PATRICIA HENRY | 0058 | JONES GREGORY ALLEN |
| 0027 | DEVANE LESTER B JR | 0059 | KIRKLAND JERRY J |
| 0028 | DILLARD KENNETH ED | 0060 | LEE JENNIFER DRINKARD |
| 0029 | DOUGLAS CHARLES WESLEY | 0061 | LEGER MARVIN LEE |
| 0030 | DOWNING DEBRA ANN | 0062 | LEWIS NEO |
| 0031 | EVANS CHARLES LOCIE | 0063 | MADISON LINDA WILLIAMS |
| 0032 | EVERETTE LINDA ANDREWS | 0064 | MANNING BRUCE ALLEN |

CC02-2
State of Alabama vs. Ruben Corey McNab
(Hamp Baxter)
Judge White

S
S Alt

JUR250
OPER: TDB
HOUSTON COUNTY
STRIKE LIST BY: N A M E
RUN DATE: 02/06/2003
RUN TIME: 15:36:03
PAGE: 2

TERM DATE: 02/06/2003    PANEL: ALL    STATUS: A

| STRIKE | JUROR'S NAME | STRIKE | JUROR'S NAME |
|--------|--------------|--------|--------------|
| 0065 | MARTIN FARON PAUL | 0097 | TILLMAN BENNY JAMES |
| 0066 | MCCALLISTER CHARLES JER | 0098 | TURVIN DANNY CLARK |
| 0067 | MCCALLISTER SHERRY ANN | 0099 | TURVIN DONELL |
| 0068 | MCCARDLE TONYA PREVATT | 0100 | WARD CULEY |
| 0069 | MCGRIFF SAUNDRA FREE | 0101 | WEATHERINGTON BARBARA A |
| 0070 | MCKEE DEBORAH DUNCAN | 0102 | WHATLEY ANSLEY E JR |
| 0071 | MCKINNON ROBERT DENNIS | 0103 | WILLIAMS AMY NICOLE SHU |
| 0072 | MCKISSACK JULIA TERRY W | 0104 | WILLIAMS BLONDELL H |
| 0073 | MCNEAL BETTY AMELIA | 0105 | WILLIAMS CARLOS |
| 0074 | MCNEAL WILLIAM RALPH JR | 0106 | WILLIAMS CYNTHIA D |
| 0075 | METCALF THEATA WOOD | 0107 | WILLIAMS JUDY MILTON |
| 0076 | NELSON ROBERT WAYNE | 0108 | WILLIS CHARLES MAX |
| 0077 | NORRIS LINDA BAWLEY | 0109 | WILSON FOREST CLAY |
| 0078 | PARKER JOAN N | 0110 | WILSON JUDY CAROL |
| 0079 | PICKETT MARY FARMER | 0111 | WREN VANESSA CHRISTIAN |
| 0080 | PIPKINS BEVERLY WEED | 0112 | WYMES SAM JR |
| 0081 | PITTMAN J C | 0113 | WYNN ALLEN RORY |
| 0082 | RICHARDSON MARY NIELSEN | 0114 | YOUMANS CLYDES N |
| 0083 | RILEY DOLORES H | 0115 | YOUNG TAMMIE |
| 0084 | RIVERS RICHARD JERREL | | |
| 0085 | ROBINSON WILLIE C | | |
| 0086 | RONEY CHARLENE BLANCHAR | | |
| 0087 | RUDD BARRY DALE | | |
| 0088 | SHIRAH MARY KATHRYN DOD | | |
| 0089 | SMITH JIMMIE LEE JR | | |
| 0090 | SMITH PATRICIA MOBLEY | | |
| 0091 | STILL LARONDA FAYE JONE | | |
| 0092 | STOVALL CARRIE F SPANN | | |
| 0093 | TAYLOR CHARLOTTE MCCULL | | |
| 0094 | THOMAS EDNA BRAY | | |
| 0095 | THOMAS KRYSTAL ANN | | |
| 0096 | TICE JAMES EARL | | |

CASE NO.

2-13-03
DATE

051

_State of Alabama_

v

_Ruben Corey McNabb_

_Robbery 1st Degree_
CHARGE

_Jerry White_
JUDGE

_Carla Woodall_
COURT REPORTER

S

| 13 | 12 | 25 |
|------|--------|----|
| 84 | 108 | 2 |
| 89 | 66 | 4 |
| 79 | 61 | 6 |
| 62 | 68 | 8 |
| 81 | 107 | 10 |
| 106 | 78 | 12 |
| 101 | 98 | 14 |
| 90 | 77 | 16 |
| 109 | 75 | 18 |
| 97 | 82 | 20 |
| 92 | 95 | 22 |
| 100 | 80 Alt | 24 |
| 63 Alt | | 26 |
| | | 28 |
| | | 30 |
| | | 32 |
| | | 34 |
| | | 36 |

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                        *

      PLAINTIFF,                         *

V                                        *            CASE NO. CC-02-225

RUBEN McNABB,                            *

      DEFENDANT.                         *

## MOTION IN LIMINE

COMES NOW, Ruben McNabb, the Defendant in the above-styled cause, by and through his undersigned attorney, and respectfully moves that this court enter an Order prohibiting the prosecution in this cause from introducing or referring to any evidence indicating the defendant's previous conviction for carrying a concealed firearm. As grounds for this Motion, the Defendant states to the Court as follows:

1.     Defendant was previously convicted in Orange County, Florida, case number CR-92-11635, of carrying a concealed firearm on January 27, 1993, and pled guilty to that charge on the same date. Defendant's probation at that time was revoked and he served the remainder of a sentence in the Florida State Penitentiary.

2.     The Alabama Rules of Evidence, specifically Rule 609(a) and (b), state as follows:

(a) **General Rule.** For the purpose of attacking the credibility of a witness,
(1)(A) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law which the witness was convicted, and
(1)(B) evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
(2) evidence that any witness has been convicted of a crime shall be

admitted if it involved dishonesty or false statement, regardless of the punishment.

(b) **Time Limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction, more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advanced written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

3.    Defendant's conviction for carrying a concealed firearm do not fall within the parameters of admissible evidence, as outlined in the Alabama Rules of Evidence, Rule 609(a) and (b), because the conviction is more than ten years old, the crimes do not involve dishonesty or false statement, and their prejudicial effect substantially outweighs any probative value. Further, defendant's conviction for carrying a concealed firearm is a misdemeanor offense.

4.    The introduction of evidence of defendant's conviction would tend to prejudice and inflame the jury and allow them to consider matters in the instant case that would infer that because defendant was convicted of crimes involving violence in the past, then defendant must be guilty of the current charge. This type of inference by a jury is in contrast to the general exclusionary rule of character evidence as stated in Rule 404(a) of the Alabama Rules of Evidence.

WHEREFORE, all premises considered, Defendant respectfully prays that this Court enter an Order prohibiting the State of Alabama from referring to, or introducing into evidence in this cause, any evidence of defendants prior conviction for carrying a concealed firearm.

RAMSEY, BAXLEY & McDOUGLE

By: _____

      M. Hampton Baxley     (BAX009)
      Attorney for Defendant
      P. O. Drawer 1486
      Dothan, AL 36302
      (334) 793-6550
      mhb@rbmlaw.org

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing upon the District Attorney by depositing same in the District Attorney's box located at the Houston County Courthouse Annex.

    This the 13th day of February, ~~2002~~
                2003

                _____
                Of Counsel

February 13, 2003 - Motion in limine denied if
deft take witness stand and state wish to use
conviction to impeach defendant. Motion to Suppr
evidence denied.

Gary M. White
Judge

"February 13, 2003. At close of State's evidence, defendant moved for judgment of acquittal."

February 13 2003 - Attachments to issue
for Jimmy Bolin #7 1571 West 5th Hwy,
Dothan and Betsy Lynn Road #4, Walmart
on Montgomery Hwy, Dothan (signature)

2-13-03 issued (illegible)

February 14 2003. Unstart _____ _____
issued for May Bessie, _____ _____
Dothan, Ala. and Telephone Received _____
Barstow Apts & Highlands Boys Corner.

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,        *

     PLAINTIFF,        *

V                      *       CASE NO. CC-02-225

RUBEN McNABB,        *

     DEFENDANT.       *

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

COMES NOW the Defendant, RUBEN McNABB, and respectfully requests this Court to read the following Jury Charges to the Jury and to instruct the Jury that said charges are correct propositions of law and should be considered by the Jury in their deliberations as part of the law in this case.

I hereby certify that a true and correct copy of the attached Jury Charges have been served upon Counsel for the State in open court this _14th_ day of February, 2003.

RAMSEY, BAXLEY & McDOUGLE

By: _____

   M. Hampton Baxley     (BAX009)
   Attorney for Defendant
   P. O. Drawer 1486
   Dothan, AL 36302
   (334) 793-6550
   mhb@rbmlaw.org

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                    *

      PLAINTIFF,                    *

V                                    *            CASE NO. CC-02-225

RUBEN McNABB,                        *

      DEFENDANT.                    *

## REQUESTED INSTRUCTION 1

I charge you, members of the jury, based on the evidence; you must find RUBEN McNABB not guilty.

\_\_\_\_\_ GIVEN
\_\_\_\_\_ GIVEN AS MODIFIED
\_\_✓\_\_ REFUSED
\_\_\_\_\_ WITHDRAWN

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                        *

     PLAINTIFF,                          *

V                                        *          CASE NO. CC-02-225

RUBEN McNABB,                            *

     DEFENDANT.                          *

## REQUESTED INSTRUCTION 2

    I further charge you that, if you believe the evidence, you must find RUBEN McNABB

not guilty.

_____ GIVEN
_____ GIVEN AS MODIFIED
__✓__ REFUSED
_____ WITHDRAWN

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                        *

     PLAINTIFF,                          *

                         *

V                                         *              CASE NO. CC-02-225

RUBEN McNABB,                            *

     DEFENDANT.                           *

## REQUESTED INSTRUCTION 3

Circumstances, no matter how strong, which merely arouse a suspicion of guilt, cannot serve as a basis for convicting RUBEN McNABB.


   __✓__ GIVEN
   _____ GIVEN AS MODIFIED
   _____ REFUSED
   _____ WITHDRAWN

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                          *

     PLAINTIFF,                           *

V                                          *              CASE NO. CC-02-225

RUBEN McNABB,                              *

     DEFENDANT.                           *

## REQUESTED INSTRUCTION 4

Circumstances merely consistent with guilt or causing suspicion thereof are insufficient to justify conviction of RUBEN McNABB.

     __ ✓ __ GIVEN
     _____ GIVEN AS MODIFIED
     _____ REFUSED
     _____ WITHDRAWN

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                              *

    PLAINTIFF,                              *

V                                             *              CASE NO. CC-02-225

RUBEN McNABB,                                  *

    DEFENDANT.                              *

<u>REQUESTED INSTRUCTION 5</u>

Members of the jury, for circumstantial evidence to be sufficient to justify a conviction, the circumstances proved must not only be consistent with the hypothesis that the Defendant is guilty but inconsistent with the hypothesis that RUBEN McNABB is innocent, and inconsistent with every other rational hypothesis except that of guilt.

    ✓ GIVEN
    _____ GIVEN AS MODIFIED
    _____ REFUSED
    _____ WITHDRAWN

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                        *

      PLAINTIFF,                      *

V                                        *            CASE NO. CC-02-225

RUBEN McNABB,                            *

      DEFENDANT.                      *

## REQUESTED INSTRUCTION 6

You cannot convict RUBEN McNABB on mere possibilities, surmise, suspicion, or speculation, however strong they may be.  A verdict of guilty based upon mere possibilities, surmise, suspicion or speculation, would violate the oath that you the members of this jury have taken.  If, after carefully and fairly reviewing the facts, you are not satisfied of RUBEN McNABB'S guilt, then you have a reasonable doubt and RUBEN McNABB should be found not guilty.

✓ GIVEN
___ GIVEN AS MODIFIED
___ REFUSED
___ WITHDRAWN

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                          *

     PLAINTIFF,                          *

V                                          *               CASE NO. CC-02-225

RUBEN McNABB,                              *

     DEFENDANT.                          *

## REQUESTED INSTRUCTION 7

Members of the jury, in a robbery prosecution for Robbery in the First Degree, the State must among prove, beyond a reasonable doubt that during the course of committing a theft RUBEN McNABB:

Used force against or threatened the use of force against the employees of the Winn Dixie located on Westgate Parkway with the intent to overcome their physical resistance or physical power of resistance; or

Threatened the imminent use of force against the employees of the Winn Dixie located on Westgate Parkway with intent to compel acquiescence to the taking of or escaping with property of the Winn Dixie located on Westgate Parkway; and

RUBEN McNABB was armed with a deadly weapon or dangerous instrument or caused serious physical injury to the employees of the Winn Dixie

If the State cannot prove that beyond a reasonable doubt, you must find the Defendant not guilty.

    ✓ GIVEN
    _____ GIVEN AS MODIFIED
    _____ REFUSED
    _____ WITHDRAWN

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                        *

     PLAINTIFF,                         *

V                                        *                    CASE NO. CC-02-225

RUBEN McNABB,                            *

     DEFENDANT.                         *

## REQUESTED INSTRUCTION 8

Members of the jury, in a Robbery in the First Degree prosecution, the State also must prove, beyond a reasonable doubt that it was the Defendant, RUBEN McNABB, to the exclusion of all others that committed the Robbery of Winn Dixie located on Westgate Parkway.

If the State does not prove this beyond a reasonable doubt, you must find the Defendant not guilty.

_____ GIVEN
_____ GIVEN AS MODIFIED
__✓__ REFUSED
_____ WITHDRAWN

*misleading and doesn't conform to evidence*

*[signature]*

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,　　　　　　　*

　　　　PLAINTIFF,　　　　　　　*

V　　　　　　　　　　　　　　　*　　　　　CASE NO. CC-02-225

RUBEN McNABB,　　　　　　　　*

　　　　DEFENDANT.　　　　　　*

<u>REQUESTED INSTRUCTION 9</u>

In order to convict RUBEN McNABB of Robbery in the First Degree, each of you must be convinced, by the evidence, beyond a reasonable doubt, of each and every element of the crime of Robbery in the First Degree.

_____√_ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                    *

     PLAINTIFF,                    *

V                                    *                CASE NO. CC-02-225

RUBEN McNABB,                        *

     DEFENDANT.                    *

## REQUESTED INSTRUCTION 10

Ladies and Gentlemen, if the State has left the slightest doubt as to any one of the individual elements of the crime of Robbery in the First Degree, then that is enough doubt to find the Defendant not guilty.

✓ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                              *

     PLAINTIFF,                              *

V                                              *          CASE NO. CC-02-225

RUBEN McNABB,                                  *

     DEFENDANT.                              *

<u>REQUESTED INSTRUCTION 11</u>

     Ladies and Gentlemen, in considering the evidence and testimony given in the trial of this case, you should not attach any more credibility to the testimony of any law enforcement officer, simply because he or she is employed as a law enforcement officer, than you would to the testimony of anyone else.

     ___✓___ GIVEN
     _____ GIVEN AS MODIFIED
     _____ REFUSED
     _____ WITHDRAWN

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                    *

     PLAINTIFF,                     *

V                                    *          CASE NO. CC-02-225

RUBEN McNABB,                        *

     DEFENDANT.                     *

### REQUESTED INSTRUCTION 12

    The State has the burden of providing the Defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

    Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the Defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

    ✓   GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

February 14, 2003 - Jury deadlocked.
Mistrial declared.

02-14-03 COForm

Jury McWhite
Judge

February 19 2003 - Let being made known
to the Court that the defendant was mistakenly
released by the Sheriff's office, an alias
writ of arrest is ordered to be issued. Bail
Set at $1,500,000

(2-19-03 alias issued)