ALIAS WARRANT
                    JID: JERRY M. WHITE

------------------------------------------------------------

        THE  STATE OF ALABAMA          VS MCNABB RUBEN COREY

TO ANY LAW ENFORCEMENT OFFICER:

YOU ARE HEREBY COMMANDED TO ARREST: MCNABB RUBEN COREY
AND BRING HIM/HER BEFORE THIS COURT TO ANSWER THE STATE FOR THE CHARGE OF
FAILURE TO APPEAR ON THE CHARGE OF: ROBBERY 1ST          - FELONY
                                                         -
                                                         -
WITNESS MY HAND THIS  FEBRUARY 19, 2003.


BOND SET AT:  $1,000,000.00 -                     Judy Byrd
                                        --CLERK/MAGISTRATE--

------------------------------------------------------------

DEFENDANT'S ADDRESS:            DEFENDANT'S DESCRIPTION:

% HOUSTON COUNTY JAIL           HT: 600  WT: 197
                                HAIR: BLK   EYE: BRO
DOTHAN          , AL 36302 0000 BIRTH DATE: 07/26/1975
                                RACE: B     SEX: M
                                SID#: 000000000
                                SSN#: 264654614

  ALIAS:

  EMPLOYER: _____   PHONE NO: _____

  TICKET NUMBER:              AGENCY/OFFICER: 0380100/SINGLETO

NOTE: ALIAS ORDERED DUE TO DEFT BEING RELEASED MISTAKENLY BY THE
      SHERIFF'S OFFICE.   BOND SET AT $1,000,000.00.
        Criminal Jury Trial is to be set upon defendant's arrest.
THIS APPEARS TO BE A VALID ADDRESS

------------------------------------------------------------


    OFFICERS RETURN:
    RECEIVED ON _____

    EXECUTED ON 2-24-03_____   BY: Michael Spicy

    ( ) DEFENDANT ARRESTED, RELEASED ON BOND
    ( ) DEFENDANT ARRESTED, IN JAIL
    ( ) DEFENDANT ARRESTED, NOT BOOKED
    ( ) NOT FOUND
    ( ) OTHER _____

    _____        _____
    SHERIFF                         OFFICER


                                    NCIC

------------------------------------------------------------

OPERATOR: AMC
PREPARED: 02/19/2003

State of Alabama
Unified Judicial System

Form C-10
Page 1 of 2       Rev. 2/95

# AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER

Case Number

0 75

IN THE ___District___ COURT OF ___Houston___, ALABAMA
(Circuit, District, or Municipal)        (Name of County or Municipality)

STYLE OF CASE: _____ v. _Ruben Cory McNabb_
Plaintiff(s)                          Defendant(s)

TYPE OF PROCEEDING: _____ CHARGE(S) (if applicable): _Robbery 1st_

☐ CIVIL CASE-- I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.

☐ CIVIL CASE-- (such as paternity, support, termination of parental rights, dependency) - I am financially unable to hire an attorney and I request that the court appoint one for me.

☐ CRIMINAL CASE-- I am financially unable to hire an attorney and I request that the court appoint one for me.

☐ DELINQUENCY/NEED OF SUPERVISION-- I am financially unable to hire an attorney and request that the court appoint one for my child/me.

## AFFIDAVIT

### SECTION I.

1. IDENTIFICATION
   Full name _Ruben Cory McNabb_                    Date of birth _7-25-75_
   Spouse's full name (if married) _____
   Complete home address _1841 Ravenall Ave Orlando FL 32805_
   _____
   Number of people living in household _____
   Home telephone number _407-648-0921_
   Occupation/Job _____ Length of employment _____
   Driver's license number _____ *Social Security Number _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_
   Employer _Unemployed._        Employer's telephone number _____
   Employer's address _____

2. ASSISTANCE BENEFITS
   Do you or anyone residing in your household receive benefits from any of the following sources? (If so, please check those which apply.)

   ☐ AFDC    ☐ Food Stamps    ☐ SSI    ☐ Medicaid    ☐ Other _____

3. INCOME/EXPENSE STATEMENT _Inmate_
   _Hampton Baxley is his atty_                                    _Ruben McN_
   Monthly Gross Income:
       Monthly Gross Income                                     $ ___
       Spouse's Monthly Gross Income (unless a marital offense)  ___
       Other Earnings: Commissions, Bonuses, Interest Income, etc.  ___
       Contributions from Other People Living in Household  ___
       Unemployment/Workmen's Compensation,
           Social Security, Retirements, etc.  ___
       Other Income (be specific) _____  ___
   TOTAL MONTHLY GROSS INCOME                                 $ ___

   Monthly Expenses:
   A.  Living Expenses                                        $ ___
       Rent/Mortgage
       Total Utilities: Gas, Electricity, Water, etc.
       Food
       Clothing
       Health Care/Medical
       Insurance
       Car Payment(s)/Transportation Expenses
       Loan Payment(s)

*OPTIONAL

| Form C-10  Page 2 of 2    Rev. 2/95 | AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER |

Monthly Expenses: (cont'd page 1)
   Credit Card Payment(s)
   Educational/Employment Expenses
   Other Expenses (*be specific*) _____

       **Sub-Total**                 A $ _____

B.  Child Support Payment(s)/Alimony    $ _____

       **Sub-Total**                 B $ _____

C.  Exceptional Expenses    $ _____

     **TOTAL MONTHLY EXPENSES** (add subtotals from A & B monthly only)  $ _____

---

Total Gross Monthly Income Less total monthly expenses:

     **DISPOSABLE MONTHLY INCOME**        $ _____

---

4.   **LIQUID ASSETS:**
    Cash on Hand/Bank *(or otherwise available such as stocks,*
    *bonds, certificates of deposit)*      $ _____
    Equity in Real Estate (value of property less what you owe)
    Equity in Personal Property, etc. (such as the value of
    motor vehicles, stereo, VCR, furnishing, jewelry, tools,
    guns, less what you owe)
    Other *(be specific)*
    Do you own anything else of value? ☐ Yes   ☐ No
    (land, house, boat, TV, stereo, jewelry)
    If so, describe _____
    _____

       **TOTAL LIQUID ASSETS**        $ _____

---

5.   Affidavit/Request
   I swear or affirm that the answers are true and reflect my current financial status.  I understand that a false statement or answer to any question in the affidavit may subject me to the penalties of perjury.  I authorize the court or its authorized representative to obtain records of information pertaining to my financial status from any source in order to verify information provided by me.  I further understand and acknowledge that, if the court appoints an attorney to represent me, the court may require me to pay all or part of the fees and expenses of my court-appointed counsel.

   Sworn to and subscribed before me this

_____ day of _____, 19 _____.

_____     Affiant's Signature
   Judge/Clerk/Notary             (Print or Type Name)

---

               **ORDER OF COURT**

SECTION II.
   IT IS THEREFORE, ORDERED, AND ADJUDGED BY THE COURT AS FOLLOWS:
    ☐ Affiant is not indigent and request is DENIED.
    ☐ Affiant is partially indigent and able to contribute monetarily toward his/her defense; therefore defendant is ordered to pay
      $ _____ toward the anticipated cost of appointed counsel. Said amount is to be paid to the clerk of court or as otherwise
      ordered and disbursed as follows: _____
    ☐ Affiant is indigent and request is GRANTED.
    ☐ The prepayment of docket fees is waived.

   IT IS FURTHER ORDERED AND ADJUDGED that _____, is hereby appointed as counsel to represent affiant.
   IT IS FURTHER ORDERED AND ADJUDGED that the court reserves the right and may order reimbursement of attorney's fees and expenses, approved by the court and paid to the appointed counsel, and costs of court.
   Done this _____ day of _____, 19 ____.

_____
                      Judge

                                                                        0 7 2

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                    *

       PLAINTIFF,                 *

V.                                   *         CASE NO. CC-2002-225-W

RUBEN McNABB,                        *

       DEFENDANT.                 *

### MOTION TO REQUEST HEARING TO REDUCE BOND

    COMES NOW, the Defendant, RUBEN COREY McNABB, by and through his appointed counsel of record, and moves this Honorable Court to reduce the bond amount set in his case and as reason therefore, states the following:

    1.    Defendant claims he is not guilty of the charges and activities alleged in the State's Complaint.

    2.    Defendant's trial was held on February 13 – 14, 2003, and the jury became deadlocked. Your Honor declared a mistrial in the case due to the deadlocked jury.

    3.    After his mistrial, Defendant was erroneously released from the Houston County Jail. Defendant returned to the Houston County Jail after being made aware of this mistake. Defendant avers that he is not a flight risk and will return for the trial of his case if a reasonable bond is set in this case.

    WHEREFORE, Defendant prays this Honorable Court will reduce the bond amount set in his case to an amount that would allow him to make bond and return to his family as soon as possible.

RAMSEY, BAXLEY & McDOUGLE

By: _____

      M. Hampton Baxley     (BAX009)
      Attorney for Defendant
      P. O. Drawer 1486
      Dothan, AL 36302
      (334) 793-6550
      mhb@rbmlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all opposing counsel by depositing same in the United States Mail, with sufficient postage and properly addressed.

This the 24th day of February, 2003.

_____
Of Counsel

**FILED**

FEB 2 5 2003

JUDY BYRD, CLERK
HOUSTON CO., AL

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                          *

      PLAINTIFF,                       *

V                                          *          CASE NO. CC-02-225-W

RUBEN McNABB,                              *

      DEFENDANT.                        *

## MOTION FOR EXTRAORDINARY EXPENSES

COMES NOW the Defendant, RUBEN McNABB, by and through his undersigned appointed attorney, and respectfully moves this Honorable Court to grant this Motion for Extraordinary Expenses in the above-styled cause.  As grounds thereof, the Defendant states as follows:

1.     That on February 6, 2002, the Defendant, charged with Robbery First Degree, appeared before the District Court of Houston County, Alabama, where he filed an affidavit of substantial hardship prompting the appointment of the undersigned attorney.

2.     That the Defendant appeared before this Court for the trial of this case on February 13 and 14, 2003, and where, through no fault of his own, a mistrial was declared in Defendant's trial.

3.     That Defendant's counsel is in need of the trial transcript from the mistrial and the court reporter has estimated that such a transcript would cost $800.00. Defendant's counsel is in need of said transcript for cross examination and rebuttal purposes in the next trial of this case.

WHEREFORE, all premises considered, the Defendant, by and through counsel, respectfully requests this Honorable Court to grant this Motion for Extraordinary Expenses.

RAMSEY, BAXLEY & McDOUGLE

By: _M. Hampton Baxley_ (BAX009)

M. Hampton Baxley
Attorney for Defendant
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550
mhb@rbmlaw.org

FILED
FEB 2 6 2003
JUDY BYRD, CLERK
HOUSTON CO., AL

2-26-03

Daus
2/26/03

Defendant before the Court and advised of
his/her rights, Hon. _____
is appointed counsel for the Defendant.

_____
DISTRICT JUDGE

(2-27-03 ⟶ — HB, DA)

March 4, 2003 - Motion to reduce bond
denied. Motion for extraordinary expense
denied. Notice. (illegible) (illegible)
(3-6-03 - ?) - (DB DA)

4/3/03   Cont- for △ w/s director from State - Meeting

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,            *

      PLAINTIFF,         *

V.                        *     CASE NO.  CC-2002-225

RUBEN McNABB,           *

      DEFENDANT.      *

## MOTION TO REDUCE BOND

COMES NOW, the Defendant, RUBEN COREY McNABB, by and through his appointed counsel of record, and moves this Honorable Court to reduce the bond amount set in his case and as reason therefore, states the following:

1.     Defendant claims he is not guilty of the charges and activities alleged in the State's Complaint.

2.     Defendant's trial was held on February 13 – 14, 2003, and the jury became deadlocked.  Your Honor declared a mistrial in the case due to the deadlocked jury.

3.     After his mistrial, Defendant was erroneously released from the Houston County Jail.  Defendant returned to the Houston County Jail after being made aware of this mistake.  Defendant avers that he is not a flight risk and will return for the trial of his case if a reasonable bond is set in this case.

4.     That the current bond set in this case of one million dollars ($1,000,000.00) is not reasonable.

WHEREFORE, Defendant prays this Honorable Court will reduce the bond amount set in his case to an amount that would allow him to make bond and return to his family as soon as possible.

RAMSEY, BAXLEY & McDOUGLE

By: _____ (BAX009)
M. Hampton Baxley
Attorney for Defendant
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550
mhb@rbmlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all opposing counsel by depositing same in the United States Mail, with sufficient postage and properly addressed.

This the 1st day of May, 2003.

_____
Of Counsel

*Filed 5103*
*Judy Byrd Clerk*

| 5-2-2003 | Motion to Reduce Bond is set down for a hearing on the 15th day of May, 2003, at 9:00 a.m. Notify. Derw m. White, Judge |

(5-5-03-71 - AB, D-A)

May 15, 2003 - Bail reduced to $100,000
+ Bond to be approved by Court.    Judge White
                                   Judge

5-16-03-71 - AB, D, G, O. + Jail - Bail)

IN THE CIRCUIT COURT OF HOUSTON COUNTY ALABAMA

STATE OF ALABAMA
    PLAINTIFF

                                        CASE NO. CC-2002-225-W
        V
RUBEN McNABB
    DEFENDANT

        MOTION TO RECONSIDER BOND

COMES NOW, the Defendant, RUBEN COREY McNABB, PRO SE,
and moves this Honorable Court to reconsider reduction of
bond in the amount set in the case and reasons are
therefore, stated as following:

1. On February 6, 2002 the Honorable Courts of HOUSTON COUNTY
accepted Mr. McNABB's, Affidavit of Substantial Hardship.
Based upon his Level of income, he could not Afford to
retain and Attorney.

2. Mr. McNabb has been incarcerated in Houston County Jail
since February 5, 2002 without a reasonable bond, and several
bond reductions being requested. At no time has bond
been within a reasonable means for Mr. McNabb by the
fact that he filed a Affidavit of Substantial Hardship,
and has not been employed for over 16 months.

3. On May 15, 2003 bail was reduce from 1,000,000 to 100,000. To be approved by the courts.

4. On February 14, 2003 a Jury became deadlocked and a mistrial was declared.

5. Houston County Prosecutors have had a entire year with Defendant bond outside of menus for Defendant to meet bail. Defendant posses no Threat to community.

6. After the mistrial Houston County jail released Defendant by error made in there paperwork. Defendant return from Orlando, Florida with out any enforcement from law enforcement And a new charge of escape due to no fault of his own.

7. Defendant Shows good nature and respect for the law of Alabama, by showing he is no flight risk after returning with a frivolous charge of escape and bond being raised to a total of 1.5 million, And 1 year of incarceration before trial. The states proof of guilt by evidence presented at trial became evanescent due to a Jury deadlock.

WHEREFORE, Defendant prays this Honorable Court will reconsider reducing the bond Amount set in his case to 30,000 to 3,000 in order to return to his family until trial.

Pro'Se
Ruben Corey McNabb
901 E Main St.
Dothan, Al 36301

## CERTIFICATE OF SERVICE

I hereby certify That I have served a copy of the foregoing upon All opposing counsel by depositing same in the United States Mail, with sufficient postage And properly addressed.

This the 2 day of July, 2003.

Ruben McNabb
Pro'Se

FILED

JUL 1 5 2003

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

JC! August 5, 2003 - Above motion denied
+ Clerk is ordered not to submit any
further such motions to Court. _____
8-6-03 copy Hamp Baxley, DA + deft
at jail

8-20-03 (Case) Cont'd    (Issue on Appeal)

0 5 8

IN THE SUPREME COURT OF ALABAMA
October 3, 2003

1021528

Ex parte Ruben Corey McNabb.  PETITION FOR WRIT OF MANDAMUS
(In re: State of Alabama v. Ruben Corey McNabb)   (Houston
Circuit Court: CC-02-225;  : CR-02-1305).

## CERTIFICATE OF JUDGMENT

The petition of Ruben Cory McNabb for a writ of
mandamus to be directed to the Court of Criminal Appeals of
Alabama, having been duly filed and submitted to the Court,

IT IS CONSIDERED AND ORDERED that the petition for writ
of mandamus be, and the same is hereby, returned to the
Court of Criminal Appeals.

IT IS FURTHER ORDERED that the petitioner pay the costs
of this proceeding, for which let execution issue.

PETITION RETURNED TO THE COURT OF CRIMINAL APPEALS.

OPINION BY LYONS, J. (9 pp)

Houston, See, Brown, Johnstone, Harwood, Woodall, and
Stuart, JJ., concur.

**FILED**

OCT 2 3 2003

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this 21st day of October, 2003

*Robert G. Esdale, Sr.*

Clerk, Supreme Court of Alabama

COURT OF CRIMINAL APPEALS
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

*H. W. "Bucky" McMILLAN*
Presiding Judge
*SUE BELL COBB*
*PAMELA W. BASCHAB*
*GREG SHAW*
*A. KELLI WISE*
Judges

*Lane W. Mann*
Clerk
*Wanda K. Ivey*
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

ORDER

CR-02-1305

Ex parte Ruben Corey McNabb (In re: State of Alabama vs. Ruben Corey McNabb)  (Houston Circuit Court: CC-02-225).

It is ORDERED that the respondent(s) shall be allowed 21 days from the date of this order to respond to the merits of this petition.

**Done this the 18th day of November, 2003.**

_____
H.W. "Bucky" McMILLAN, PRESIDING JUDGE

CCA/wki

cc: Honorable Jerry White, Special Tc Judge
    Honorable Judy Byrd, Circuit Clerk
    Honorable William H. Pryor, Jr., Attorney General
    Honorable Douglas A. Valeska, District Attorney
    Honorable M. Hampton Baxley, Attorney, Petitioner
    Office of Attorney General

FILED

NOV 1 9 2003

JUDY BYRD, CLERK
HOUSTON CO., AL

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA



H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-02-1305

Ex parte Ruben Corey McNabb   (In re: State of Alabama vs. Ruben Corey McNabb) (Houston Circuit Court: CC-02-225).

## ORDER

Upon consideration of the above referenced Petition for Writ of Mandamus, the Court of Criminal Appeals orders that said petition, be and the same is hereby, denied.

McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.

Done this the 9th day of January, 2004.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Jerry White, Special TC Judge
Hon. Judy Byrd, Circuit Clerk
Carla Woodall, Court Reporter
M. Hampton Baxley, Attorney
Hon. William H. Pryor, Jr., Attorney General
James B. Prude, Asst. Atty. Gen.
Hon. Douglas A. Valeska, District Attorney

FILED

JAN 12

JUDGE CLERK
HOUSTON CO., AL

Circuit Court
State of Alabama, Houston County
I, _____ _____ _____ Court, hereby
certify that this is a true and correct copy of
_____ filed in this Court
This the _____

Circuit Clerk

0 25

# IN THE CIRCUIT COURT
## OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                          *

vs.                                        *    CASE NO. CC 2002 225

REUBEN COREY MCNABB.                       *

### MOTION TO RELEASE TRIAL EXHIBITS TO DISTRICT ATTORNEY

COMES NOW the State of Alabama by and through the undersigned counsel and moves

the court to order Court Reporter Carla Woodall to release trial exhibits in the above referenced

matter a for cause states that defendant's initial trial ended in mistrial. The exhibits are needed for

trial set for February 10, 2004.

Respectfully submitted this the 2nd day of February 2004..

DOUGLAS ALBERT VALESKA
DISTRICT ATTORNEY

### CERTIFICATE OF SERVICE

I certify that I have served a copy of this motion on the Honorable Hamp Baxleyl,
Attorneys for the Defendant by placing a copy in their boxes at the Houston County Courthouse
on this the 2nd day of February 2004..

DOUGLAS ALBERT VALESKA

Feb. 02 2004

JUDY BYRD, CLERK
HOUSTON CO., AL

IN THE CIRCUIT COURT
OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                    *

vs.                                  *     CASE NO. CC 2002 225

REUBEN COREY MCNABB.                 *

## ORDER

I , Lawson Little, Judge of the Circuit Court, in and for Houston Countym, Alabama, a Court of

Record, do hereby order Court Reporter Carla Woodall  to release trial exhbits in the case of

State v. Reuben Corey McNabb to the District Attorney.

LAWSON LITTLE
CIRCUIT JUDGE

FEB 02 2004

JUDGE CLERK
HOUSTON CO., AL

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                              *

     Plaintiff,                              *

vs.                                            *        CASE NO.: CC-02-225

RUBEN McNABB                                   *

     Defendant.                              *

## MOTION TO SUPPRESS EVIDENCE

COMES now the Defendant, RUBEN COREY McNABB, by and through his undersigned attorney, and moves this Honorable Court to suppress all evidence seized as the basis for his arrest on the following grounds:

1.     The Defendant avers that the issuance of the search warrant in the instant case was illegal and served in violation of the rights of the Defendant.

2.     The issuance of the search warrant was a result of an Affidavit based on hearsay evidence, in whole or in part, without existence of a substantial basis on believing that there was a factual basis for the information or a substantial basis for believing the source of the hearsay to be credible.

3.     The search of the premises which produced the evidence in question was wholly without any valid constitutional basis, thereby depriving the Defendant of his rights to due process as guaranteed under the 4th and 14th Amendments of the Constitution of the United States and Article I, Section 5 and Section 6 of the Constitution of the State of Alabama (1901).

4.     Defendant specifically avers that the search and seizure was illegal, in violation of his rights and unconstitutional for the following reasons:

     a.     The Affidavit submitted to the issuing officer was improperly and illegally executed;

b.     The warrant was illegally issued because it does not show probable cause sufficient to justify the issuance of a search warrant;

c.     The seizure was illegal in that it was too broad and not in conformity with the directions of the issuing judge so far as the items subject to search and seizure;

d.     The information contained in the Affidavit constitutes false swearing;

e.     The search was a "general search";

f.     The Affiant, before the issuing judge, had no personal knowledge of any facts which would justify a determination by the judge of probable cause for the issuance of said warrant;

g.     The Affidavit on which the search warrant is based was insufficient as a matter of law.

5.     The search of the premises was illegal and all fruits of the search must be suppressed because of the foregoing reasons.

WHEREFORE, Defendant respectfully requests this Honorable Court for a hearing on this Motion to Suppress prior to the trial and outside the presence of the jury and for issuance of its Order suppressing all evidence seized as a result of the illegal search.

Respectfully submitted this 4th day of February, 2004.

RAMSEY, BAXLEY & McDOUGLE

By: _____
M. Hampton Baxley     (BAX009)
Attorney for Defendant
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550
mhb@rbmlaw.org

---

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon the District Attorney by depositing same in his mailbox located at the Houston County Courthouse.

This the 4th day of February, 2004.

_____
Of Counsel

---

FILED

FEB 5 2004


JUDY BYRD, CLERK
HOUSTON CO., AL

Ruben McNabb                                    CC-02-225

5-04 Motion to Suppress Evidence,
February 11, 2004- Defendant's    motion to Suppress
denied.                                          [illegible signature]
                                                  Judge.

TERM DATE: 02/09/2004    PANEL: ALL    STATUS: A
--------------------------------------------------------------------------------
STRIKE   JUROR'S NAME                    STRIKE   JUROR'S NAME
--------------------------------------------------------------------------------

0129   MAY WAYMAN                         0161   PHILLIPS BARBARA FAYE
0130   MCCALL MARTHA JANE                 0162   PHILLIPS TAMMY LYNN
0131   MCCLOUD THOMAS FRANKLIN            0163   FIGG JEAN S
0132   MCCOLLOUGH ALICE JOHNSO            0164   PULLIN VERNELL S
0133   MCCRAY NAOMI                       0165   RADFORS MARY LOUISE
0134   MCDONALD LEMUEL LEON               0166   REYNER WEBSTER CLARK
0135   MCDONALD SANTONIO L                0167   RICHARDS FRANKLIN BRUCE
0136   MCKENZIE ROBERT EARL              0168   RICHARDSON JAMES DALE
0137   MCKENZIE WILMA BAXTER              0169   RIVERS WALLACE SHARIF
0138   MESSER HENRY MILFORD JR            0170   ROBERTS CLARENCE DARRYL
0139   MIDDLEBROOKS JOHN MARTI            0171   ROBISON DORIS ELLIS
0140   MILLS MARY D                       0172   ROSENTRATER GARY ERNEST
0141   MITTA NANCY FERRELL                0173   RUSSELL LISA YORK
0142   MORGAN JOHNNY LEWIS                0174   SAULS EDWARD EARL
0143   MORRIS RUSHIE BELL                 0175   SAWYER ROBERT JACK
0144   MORRIS SANDRA JEAN                 0176   SEIBER HERB ROMAN
0145   MOSS BUFORD L                      0177   SHACKLEFORD MARKETA L
0146   MOULTON CAROL ELAINE               0178   SHAW JEFFREY LAMAR
0147   NEAL SHELBY L                      0179   SHEDDEN PATRICIA D
0148   NELSON CRAIG WILLIAM               0180   SHELLEY JOYCE HENDRIX
0149   NELSON TINA MARIE                  0181   SHELLEY LARRY GAYLE
0150   NEWMAN ERIKA ARDEN                 0182   SIMS RONALD GLENN        S
0151   NEWSOME DOUGLAS A                  0183   SIZEMORE SHARON JOY
0152   NEWTON OPTHELIA HODGES             0184   SLOOP JOHN RATLIFF
0153   NORMAN ELIZABETH HUNTER            0185   SMITH EDDIE D            S
0154   OAKLEY KIM THOMPSON                0186   SMITH JOEY KEVIN
0155   OLIVER JAMIE WAKEFIELD             0187   SMITH KENNETH ALLEN
0156   PALMER MARVIN WAYNE                0188   SNELLGROVE MARGARET ELI  S
0157   PARTRIDGE DEAN THROPE              0189   SPARKS MARVIN CLIFFORD   S
0158   PEEBLES PATRICIA PERRY             0190   SPEARS PHILLIP BEN       S
0159   PELHAM MADGE ELLEN                 0191   STARLING NENTATIA LAIRI
0160   PELHAM PATRICIA SUE                0192   STEVENS DARREN KEITH     S

TERM DATE: 02/09/2004   PANEL: ALL   STATUS: A

| STRIKE | JUROR'S NAME | STRIKE | JUROR'S NAME |
|--------|--------------|--------|--------------|
| ~~0193 STOKES ANGELIA ASKIN~~ △ | | 0225 WILLIAMS DEBORAH ANN | |
| 0194 SULLIVAN IDA S | | ~~0226 WILLIAMS ERVIN E~~ | |
| ALT 0195 TAYLOR ROSE MCKINZIE | | ~~0227 WILLIAMS GWENDOLYN V~~ S | |
| ~~0196 TESH ELAINE B~~ | | 0228 WILLIS ROBERT NEIL | |
| 0197 THOMAS MILDRED CREEL | | ~~0229 WILSON DEBRA ELAINE~~ | |
| ~~0198 THOMPSON PAULA CLINE~~ △ | | ~~0230 WOMACK BILLY MELVIN~~ △ | |
| ~~0199 TINDOL PAMELA REGINA~~ | | ~~0231 WOMACK JO ANN~~ △ | |
| ~~0200 TO NGOC~~ | | ~~0232 WOOD FORREST HESTER~~ S | |
| 0201 TRAN CHRYSTAL J | | 0233 WOOD MILTON H | |
| ~~0202 TROXELL DIANE LANE~~ | | | |
| ~~0203 TUCKER CHARLES DONALD~~ △ | | | |
| ~~0204 TURNER SHIRLEY MATHIS~~ △ | | | |
| ~~0205 WAID LAURIN SLINGLUFF~~ | | | |
| ~~0206 WALKER COY GORDON~~ | | | |
| ~~0207 WALKER SHERRY LYNN~~ | | | |
| ~~0208 WALLACE WILLIAM S~~ △ | | | |
| ~~0209 WARD MARCIA FAULKNER~~ | | | |
| ~~0210 WARD ROGER ALLEN~~ △ | | | |
| ~~0211 WARREN DIANNE~~ challenged | | | |
| ~~0212 WATFORD BOBBIE MANN~~ | | | |
| ALT 0213 WATFORD MARTHA PEACOCK | | | |
| ~~0214 WATFORD RISKEY WAYNE~~ △ | | | |
| ~~0215 WATSON GIDGET DONYALE~~ S | | | |
| ~~0216 WATSON NANCY MCGALLISTE~~ △ | | | |
| 0217 WELCH MARY FRANCES OXEN | | | |
| 0218 WESLEY IRA BERNARD | | | |
| ~~0219 WHALEY JAMES FLETCHER~~ | | | |
| ~~0220 WHIGHAM THERISA EARNEST~~ | | | |
| ~~0221 WHITEHEAD LINDA ANN~~ S | | | |
| ~~0222 WHITEHURST WILLARD L~~ | | | |
| ~~0223 WICK JAMES E~~ | | | |
| 0224 WILKINSON SUSAN MICHELL | | | |

CC - 2002 - 225

_____
DATE

The State

v.

Ruben Corey McNatt

Robbery, 1st
CHARGE

White
JUDGE

Carla Woodall
COURT REPORTER

| S 11 | D 11 | T 22 |
|------|------|------|
| 188 | 231 | 2 |
| 227 | 204 | 4 |
| 189 | 210 | 6 |
| 185 | 203 | 8 |
| 232 | 216 | 10 |
| 221 | 193 | 12 |
| 190 | 230 | 14 |
| 215 | 208 | 16 |
| 182 | 198 | 18 |
| 192 | 214 | 20 |
| ALT-213 | ALT-195 | 22 |
|  |  | 24 |
|  |  | 26 |
|  |  | 28 |
|  |  | 30 |
|  |  | 32 |
|  |  | 34 |
|  |  | 36 |

35
- 12
23
- 1
22

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                          *

     PLAINTIFF,                           *

V                                          *              CASE NO. CC-02-225

RUBEN McNABB,                              *

     DEFENDANT.                           *

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

COMES NOW the Defendant, RUBEN McNABB, and respectfully requests this Court to read the following Jury Charges to the Jury and to instruct the Jury that said charges are correct propositions of law and should be considered by the Jury in their deliberations as part of the law in this case.

I hereby certify that a true and correct copy of the attached Jury Charges have been served upon Counsel for the State in open court this _11th_ day of February, 2004.

RAMSEY, BAXLEY & McDOUGLE

By: _____

    M. Hampton Baxley          (BAX009)
    Attorney for Defendant
    P. O. Drawer 1486
    Dothan, AL 36302
    (334) 793-6550
    mhb@rbmlaw.org

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                    *

     PLAINTIFF,                     *

V                                    *          CASE NO. CC-02-225

RUBEN McNABB,                        *

     DEFENDANT.                     *

### REQUESTED INSTRUCTION 1

I charge you, members of the Jury, based on the evidence; you must find RUBEN McNABB not guilty.

\_\_\_\_\_ GIVEN
\_\_\_\_\_ GIVEN AS MODIFIED
\_\_✓\_\_ REFUSED
\_\_\_\_\_ WITHDRAWN

*Carlitz, Judge*

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                    *

     PLAINTIFF,                    *

V                                    *            CASE NO. CC-02-225

RUBEN McNABB,                        *

     DEFENDANT.                    *

<u>REQUESTED INSTRUCTION 2</u>

I charge you, members of the Jury, if you believe the evidence, you must find RUBEN McNABB not guilty.

_____ GIVEN
_____ GIVEN AS MODIFIED
___✓___ REFUSED
_____ WITHDRAWN

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                      *

     PLAINTIFF,                    *

V                                      *            CASE NO. CC-02-225

RUBEN McNABB,                          *

     DEFENDANT.                    *

<u>REQUESTED INSTRUCTION 3</u>

I charge you, members of the Jury, that the presumption of innocence with which the Defendant, RUBEN McNABB, enters into the trial is a fact in the case which must be considered with all the evidence and is not to be disregarded by you.

_✓_ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| PLAINTIFF, | * | |
| V | * | CASE NO. CC-02-225 |
| RUBEN McNABB, | * | |
| DEFENDANT. | * | |

## REQUESTED INSTRUCTION 4

I charge you, members of the Jury, circumstances, no matter how strong, which merely arouse a suspicion of guilt, cannot serve as a basis for convicting RUBEN McNABB.

_____ ✓ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

*Ashit, Judge*

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                    *

     PLAINTIFF,                    *

V                                    *          CASE NO. CC-02-225

RUBEN McNABB,                        *

     DEFENDANT.                    *

### REQUESTED INSTRUCTION 5

I charge you, members of the Jury, circumstances merely consistent with guilt or causing suspicion thereof are insufficient to justify conviction of RUBEN McNABB.

_____ ✓ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                    *

      PLAINTIFF,                    *

V                                    *            CASE NO. CC-02-225

RUBEN McNABB,                        *

      DEFENDANT.                    *

### REQUESTED INSTRUCTION 6

I charge you, members of the Jury, that the Defendant, RUBEN McNABB, should not be convicted of a crime on mere suspicion of or fear that he might have committed the act; the theory that the Defendant did so commit the act must be supported by the legal evidence before you.

_____ ✓ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                          *

      PLAINTIFF,                           *

V                                          *          CASE NO. CC-02-225

RUBEN McNABB,                              *

      DEFENDANT.                           *

REQUESTED INSTRUCTION 7

    I charge you, members of the Jury, that where circumstantial evidence is relied upon by the District Attorney, if those circumstances, based on the evidence presented, can be reconciled with the theory that some other person may have committed the crime, you must find RUBEN McNABB not guilty of the charges contained in the indictment.

_____ GIVEN
_____ GIVEN AS MODIFIED
___✓___ REFUSED     *because the State did not totally*
_____ WITHDRAWN   *depend upon circumstantial evidence*
       *—therefore the charge would be*
       *inapplicable and confusing.*
                *White, Judge*

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                              *

     PLAINTIFF,                                 *

V                                              *              CASE NO. CC-02-225

RUBEN McNABB,                                  *

     DEFENDANT.                                 *

## REQUESTED INSTRUCTION 8

I charge you, members of the Jury, you cannot convict RUBEN McNABB on mere possibilities, surmise, suspicion, or speculation, however strong they may be. A verdict of guilty based upon mere possibilities, surmise, suspicion or speculation, would violate the oath that you the members of this jury have taken. If, after carefully and fairly reviewing the facts, you are not satisfied of RUBEN McNABB'S guilt, then you have a reasonable doubt and RUBEN McNABB should be found not guilty.

_____ ✓ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                          *

     PLAINTIFF,                          *

V                                          *                    CASE NO. CC-02-225

RUBEN McNABB,                              *

     DEFENDANT.                          *

<u>REQUESTED INSTRUCTION 9</u>

I charge you, members of the Jury, in a robbery prosecution for Robbery in the First

Degree, the State must among prove, beyond a reasonable doubt that during the course of

committing a theft RUBEN McNABB:

    Used force against or threatened the use of force against the employees of the Winn
Dixie located on Westgate Parkway with the intent to overcome their physical resistance or
physical power of resistance; or

    Threatened the imminent use of force against the employees of the Winn Dixie located
on Westgate Parkway with intent to compel acquiescence to the taking of or escaping with
property of the Winn Dixie located on Westgate Parkway; and

    RUBEN McNABB was armed with a deadly weapon or dangerous instrument or caused
serious physical injury to the employees of the Winn Dixie

    If the State cannot prove that beyond a reasonable doubt, you must find the Defendant
not guilty.

    _____ GIVEN
    _____ GIVEN AS MODIFIED
    _____ REFUSED
    _____ WITHDRAWN

White, Judge

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                              *

     PLAINTIFF,                              *

V                                              *                    CASE NO. CC-02-225

RUBEN McNABB,                                  *

     DEFENDANT.                              *

### REQUESTED INSTRUCTION 10

I charge you, members of the Jury, in a Robbery in the First Degree prosecution, the State also must prove, beyond a reasonable doubt that ~~it was~~ the Defendant, RUBEN McNABB, to the exclusion of all others, ~~that~~ *was one of the two alleged to have* committed the robbery of Winn Dixie located on Westgate Parkway.

If the State does not prove this beyond a reasonable doubt, you must find the Defendant not guilty.

_____ GIVEN
___✓___ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

*Carte, Judge*

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,               *

    PLAINTIFF,                  *

V                               *          CASE NO. CC-02-225

RUBEN McNABB,                   *

    DEFENDANT.                  *

### REQUESTED INSTRUCTION 11

I charge you, members of the Jury, in order to convict RUBEN McNABB of Robbery in the First Degree, each of you must be convinced, by the evidence, beyond a reasonable doubt, of each and every element of the crime of Robbery in the First Degree.

    ✓  GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

116

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                          *

     PLAINTIFF,                          *

V                                          *          CASE NO. CC-02-225

RUBEN McNABB,                              *

     DEFENDANT.                          *

<u>REQUESTED INSTRUCTION 12</u>

    I charge you, members of the Jury, if the State has left a reasonable doubt as to any one of the individual elements of the crime of Robbery in the First Degree, then that is enough doubt to find the Defendant not guilty.


     ✓  GIVEN
\_\_\_\_\_ GIVEN AS MODIFIED
\_\_\_\_\_ REFUSED
\_\_\_\_\_ WITHDRAWN

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                    *

     PLAINTIFF,                    *

V                                    *          CASE NO. CC-02-225

RUBEN McNABB,                        *

     DEFENDANT.                    *

### REQUESTED INSTRUCTION 13

I charge you, members of the Jury,, in considering the evidence and testimony given in the trial of this case, you should not attach any more credibility to the testimony of any law enforcement officer, simply because he or she is employed as a law enforcement officer, than you would to the testimony of anyone else.

_✓_ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

*White, Judge*

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,

    PLAINTIFF,                  *

                               *

V                            *

                                CASE NO. CC-02-225

RUBEN McNABB,          *

    DEFENDANT.         *

## REQUESTED INSTRUCTION 14

I charge you, members of the Jury, the prosecution has the burden of providing the Defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the Defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

✓ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

                                             *White, Judge*

1

# IN THE CIRCUIT COURT FOR THE
## COUNTY OF HOUSTON
## STATE OF ALABAMA

### CRIMINAL DIVISION

STATE OF ALABAMA            *

    PLAINTIFF            *

VS                          *    CASE NO. CC-2002-225

RUBEN COREY McNABB          *

    DEFENDANT.           *


## V E R D I C T

WE, THE JURY, FIND THE DEFENDANT, RUBEN COREY McNABB GUILTY OF ROBBERY, FIRST DEGREE, AS CHARGED IN THE INDICTMENT.


_Milton H. Wood_
NAME OF FOREMAN (please print)

_Milton H. Wood_
FOREMAN SIGNATURE

_Judy Byrd_
CLERK OF COURT

_February 11, 2004_
DATE

JURY CONVICTION                                      120

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA

CRIMINAL DIVISION

VS.

_Ruben Corey M℃Nabb_                CASE NO. _CC 2002 - 225_

The Defendant having been indicted and arraigned upon the Indictment on a charge of _Robbery 1st Degree_, and heretofore having plead not guilty thereto the case was tried before a jury composed of _Milton H. Wood_ as foreperson and eleven others. The Jury having been duly empanelled, sworn and charged by the Court according to law, with the Defendant being present in open court with his attorney at each and every stage of proceedings, said jury has now on this date pursuant to their oath found the Defendant guilty of _Robbery 1st Degree_ as charged in the Indictment (a lesser included offense of that charge in the Indictment).

In accordance with the verdict of the Jury, Defendant is hereby adjudged guilty of _Robbery 1st Degree_ Defendant being asked if he/she had anything to say why sentence of law should not be pronounced upon him/her, and Defendant says nothing.

**IT IS THEREFORE ORDERED AND ADJUDGED BY THE COURT** that the Defendant is guilty of said charge.

(✓) A Sentence hearing is set for the _18th_ day of _March_, 20_04_ at _9.'00_ o'clock **A** M. _No bail._

DONE, this the _11th_ day of _February_, ~~2002.~~ _2004._

_[signature]_

CIRCUIT JUDGE

## SENTENCING ORDER

AS PUNISHMENT, DEFENDANT IS HEREBY FORMALLY SENTENCED:

( ) to hard labor for Houston County for a term of _____.

(X) to the penitentiary of the State of Alabama for a term of _natural life_ ~~years. ( ) FHOA~~ _without parole._

_[handwritten signature and date]_

On the 30th day after the Clerk transmits to the Department of Corrections a copy of this judgment entry and sentence, if the Department has not directed the Sheriff where the Defendant shall be taken for confinement, the Sheriff is hereby ordered to transport Defendant forthwith to the Department's receiving center at Kilby/Tutweiler (circle) and effectuate the transfer of the Defendant to the custody of the Department. In the event the Department refuses to accept the Defendant in compliance with state law, the Sheriff is ordered to secure the Defendant to the property at the  Department's receiving center.

Said sentence shall run ( ) consecutive or ( ) concurrent with case number (s)

_____ .

( ) said sentence is suspended for _____ years on the condition of good behavior and payment of all fines, costs, and restitution.

( ) The Defendant is hereby given credit for the days spent incarcerated pending trial.

Defendant is also ordered to pay:

( ) A fine of $_____
( ) A Victim Compensation Assessment of $_____ .
(X) All Court Costs.
( ) Restitution of $ _____ to _____ .
( ) Drug Demand Reduction Act Assessment of $1,000.00.
( ) Alabama Forensics Sciences Trust Fund $100.00.
( )Pay direct to Alabama Dept. of Forensic Sciences-Dothan Division
        $_____ .
( ) Investigation restitution direct to ( )DPD ( ) HCSO $_____ .

## ADDITIONAL SENTENCE PROVISION ORDERED ARE:

( ) Completion of a substance abuse program CRO
( ) The Department of Public Safety is ordered to comply with Alabama Code 13A-12-290 by suspending Defendant's drivers license for six months.
( ) Continued on same bond.
( ) Appeal bond is set at $_____ .
( ) Indigency status granted and free transcript is ordered.

## PROBATION:

( ) Defendant applies for probation.
( ) Defendant waives application for probation.
( ) Probation hearing is set for the _____ day of _____ 20__ at _____
( ) Defendant to remain on same bond pending probation hearing

DONE this the 24th day of March, 2004.

Walker

Doug M. White

February 11, 2004 – At close of State's evidence, defendant moved for judgment of acquittal, motion denied

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| PLAINTIFF, | * | |
| VS. | * | CASE NO. CC 2002 000255 |
| RUBEN COREY MCNABB, | * | |
| DEFENDANT. | * | |

## NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS AND NOTICE OF INTENT TO USE SUCH CONVICTIONS FOR IMPEACHMENT PURPOSES

You are hereby notified that the District Attorney's Office has evidence of the following convictions, which, in the event of your conviction in the above case, will be presented to the court for consideration under the Alabama Habitual Offender Statute, Sec. 13A-5-9, Code of Alabama, 1975. Furthermore, it is the State's intent to use such convictions for impeachment purposes should the defendant testify at trial, Rules 609 (a), (b), (c)of the Alabama Rules of Evidence.

| Date | Case No. | Charge | Disposition | Jurisdiction |
|---|---|---|---|---|
| 3/28/1995 | CR 94 5433 | Possession of Cocaine with Intent to Sell | 14 months | Orange Co, FL |
| 7/3/1997 | CR 0-97-3658 | Possession of Cocaine with Intent to Sell | 20 months | Orange Co, FL |
| 8/4/93 | CR 92-11635 | Carrying Concealed Firearm | 30 months | Orange Co, FL |
| 7/3/1997 | CR-0-97-13987 | Possession of Cocaine with Intent to Sell | 20 months | Orange Co, FL |

You will be properly notified in the event the District Attorney receives evidence of any other or additional convictions.

This the 17th day of November, 2004.

DOUGLAS ALBERT VALESKA
DISTRICT ATTORNEY

### CERTIFICATE OF SERVICE
I certify that I have served a copy of this motion on the Honorable Hamp Baxley, Attorney for the Defendant by placing a copy in his box at the Houston County Courthouse on March 17, 2004.

DOUGLAS ALBERT VALESKA

FILED

MAR 17 2004

JUDY BYRD, CLERK
HOUSTON CO., AL

March 18, 2004 — On motion of defendant ~~this~~
sentencing hearing continued to March 24, 2004,
at 11:00 AM.

3-18-04    Notfd. Hamp Baxley, DA & P.C.

| STATE OF ALABAMA | * | IN THE CIRCUIT COURT OF |
| | * | |
| V. | * | HOUSTON COUNTY, ALABAMA |
| Ruben McNabb | * | |
| | * | CASE NO. CC _02 -225_ |

## NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS AND NOTICE OF INTENT TO USE SUCH CONVICTIONS FOR IMPEACHMENT PRUPOSES

You are hereby notified that the District Attorney's Office has evidence of the following convictions, which, in the event of your conviction in the above case, will be presented to the Court for consideration under the Alabama Habitual Offender Statute, §13A-5-9, Code of Alabama, 1975.  Furthermore, it is the State's intent to use such convictions for impeachment purposes should the defendant testify at trial, Rules 609(a), (b), and (c) of the Alabama Rules of Evidence.

| Date | Charge | Disposition | Jurisdiction |
|------|--------|-------------|--------------|
| 8-4-93 | Carrying Concealed Weapon | 38 months CR 92-11635 | Orange Co. FL |
| 3-28-95 | Poss. Cocaine w/ Intent to Sell | 14 months CR 94-5433 | Orange Co. FL |
| 7-3-97 | Poss Cocaine w/ Intent to Sell | 20 months CR-97-2935 | Orange Co. FL |
| 7-3-97 | Poss. Cocaine w/ Intent to Sell | 20 months CR 97-3658 + run cc w/ 97-2935 | Orange Co. FL |

You will be properly notified in the event the District Attorney receives evidence of any other additional convictions.

This the _18th_ day of _March_, 2004.

Amy Mendheim
Assistant District Attorney

### Certificate of Service

I, Amy Mendheim, do hereby certify that I have this date served a copy of the foregoing on _Hamp Baxley_, attorney of record for the defendant, by placing a copy of the same in his/her mailbox at the Houston County Courthouse on this the _18th_ day of _March_, 2004.

**FILED**

MAR 1 8 2004

JUDY BYRD, CLERK
HOUSTON CO., AL

Amy Mendheim

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,              *

      Plaintiff,             *

vs.                               *      CASE NO.:  CC-02-225-W

RUBEN McNABB             *

      Defendant.           *

## MOTION TO WITHDRAW AND APPOINT NEW COUNSEL
## TO REPRESENT DEFENDANT ON APPEAL

COMES NOW, M. Hampton Baxley currently noted as attorney of record for the Defendant, RUBEN McNABB, in this matter, and respectfully moves this Court for leave to withdraw as attorney for Defendant and appoint new counsel to represent Defendant on appeal; and, as grounds therefore, says as follows:

1.    Counsel represented Defendant through two (2) trials of his case.

2.    Counsel believes Defendant has a valid case for appeal to the Alabama Court of Criminal Appeals.

3.    Counsel believes new counsel would be more effective on the appeal of this case.

WHEREFORE, premises considered, the undersigned attorney requests this Honorable Court to allow him to withdraw from representation of Defendant and appoint new counsel to represent Defendant on appeal.

RAMSEY, BAXLEY & McDOUGLE

By: _____

M. Hampton Baxley    (BAX009)
Attorney for Defendant
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550
mhb@rbmlaw.org

**FILED**

MAR 2 4 2004

JUDY BYRD, CLERK
HOUSTON CO., AL

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the District Attorney by depositing same in their respective boxes located at the Houston County Courthouse.

This the 23rd day of March, 2004.

_____
Of Counsel

March 30, 2004 - Hamilton Baxley Allowed to withdraw as attorney for defendant. Cliff Mendheim appointed to represent defendant on appeal. Defendant gives oral notice of appeal to Alabama Court of Criminal Appeals. Defendant allowed free transcript on appeal. Clerk to notify Mendheim & Ct. Crim Appeals. _____ Judge

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA                    1.8

STATE OF ALABAMA,                          *

      PLAINTIFF,                          *

V                                          *

                                                *          CASE NO. CC-02-225-W

RUBEN McNABB,                              *

      DEFENDANT.                          *

## MOTION FOR NEW TRIAL

COMES NOW the Defendant, RUBEN McNABB, and respectfully moves this Honorable Court to set aside the verdict rendered in this case and grant him a new trial and as reason therefore, says as follows:

1.     The verdict of the jury is contrary to the evidence in the case;

2.     The verdict of the jury is contrary to the law in the case;

3.     The verdict of the jury is contrary to the evidence and the law in the case;

4.     The verdict of the jury is contrary to the great preponderance of the evidence in the case;

5.     The verdict of the jury is contrary to the weight of the evidence in the case;

6.     The Court erred in allowing the admission of items seized from the Defendant's home by virtue of an illegal search warrant which was obtained through the use of an impermissibly and unduly suggestive photographic line-up

7.     The Court erred in other substantial and materials matters as reflected in the record.

RAMSEY, BAXLEY & McDOUGLE

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon the District Attorney by depositing same in their respective boxes located at the Houston County Courthouse.

This the ___ day of March, 2004.

_____
Of Counsel

**FILED**

MAR 2 5 2004

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

By: _____
M. Hampton Baxley          (BAX009)
Attorney for Defendant
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550
mhb@rbmlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 8th day of April, 2004, served an exact copy of the foregoing on Doug Valeska, District Attorney of Houston County, Alabama, by placing said copy in his box at the Houston County Courthouse.

_____
Of Counsel

STATE OF ALABAMA,                    *    IN THE CIRCUIT COURT OF

V.                                   *    HOUSTON COUNTY, ALABAMA

RUBEN C. MCNABB,                     *    CRIMINAL DIVISION

       DEFENDANT.              *    CC-2002-225-W


### <u>MOTION TO WITHDRAW</u>

COMES NOW, R. Cliff Mendheim, appointed attorney for the Defendant, Ruben C. McNabb, and respectfully moves this Court for leave to withdraw as attorney for Defendant and as grounds thereof, states as follows:

1. That the undersigned attorney was appointed on or about March 23, 2004, to represent Defendant during his appeal.

2. That the undersigned attorney believes it will be in Defendant's best interests to allow another attorney handle the appeal of this matter.

WHEREFORE, all premises considered, the undersigned attorney requests this Honorable Court to allow him to withdraw from representation of Defendant and appoint another attorney to represent the Defendant during the appeal of this matter.

Respectfully Submitted.

                                       BUNTIN, ETHEREDGE & DOWLING

                                       R. Cliff Mendheim (MEN008)
                                       Attorney for Defendant
                                       PO Box 1193
                                         Dothan, Alabama 36303
                                       (334) 793-3377

**FILED**

APR 0 8 2004

JUDY BYRD, CLERK
HOUSTON CO., AL

1

3-25-04  MOTION FOR NEW TRIAL

April 7, 2004. Deft's Motion for new trial is denied.
Cliff menshim moves that he be allowed to withdraw.
Motion granted. David Hogg appointed to
represent defendant on appeal. Clerk to notify
deft, Cliff menshim, David Hogg, Ct. of Criminal Appeals.
Burlyon White, Judge

152

ACR371          ALABAMA JUDICIAL DATA CENTER
         NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                     BY THE TRIAL COURT CLERK
              IN THE CIRCUIT COURT OF   HOUSTON COUNTY
STATE OF ALABAMA VS MCNABB RUBEN COREY        JUDGE: JERRY M. WHITE

------------------------------------------------------------------
| APPEAL DATE: 03/30/2004
|-----------------------------------------------------------------
| INDIGENCY STATUS:
|    GRANTED INDIGENCY STATUS AT TRIAL COURT:      _X_ YES  ____ NO
|    APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL: _X_ YES  __X_ NO
|    INDIGENT STATUS REVOKED ON APPEAL:            ___ YES  _X_ NO
|    INDIGENT STATUS GRANTED ON APPEAL:            _X_ YES  ____ NO
|
| DEATH PENALTY: NO              Hog 007
| APPEAL TYPE: STATE CONVICTION  David Hogg is appointed as Counsel on Appeal
|-----------------------------------------------------------------
| THIS IS AN APPEAL FROM A CONVICTION.
|                                                    03/ 24/ 04
| DATE OF CONVICTION: 02/11/2004      DATE OF SENTENCE: 00/00/0000
|
| YOUTHFUL OFFENDER STATUS: DENIED
|
| CC/CASE NUMBER: 38/CC 2002 000325.00
| CODE: ROB1   CONVICTION: ROBBERY 1ST      ACTION: CONVICTED
|            L I F E  w/o Parole            STATUTE: 13A-008-041
| SENTENCE:  CONF: 00 YRS 00 MOS 000 DAYS
| SENTENCE:  PROB: 00 YRS 00 MOS 000 DAYS            LIFEWO: YES
|-----------------------------------------------------------------
| POST-JUDGMENT MOTIONS FILED:   DT FILED    DT DENIED   CON BY AGREE
| _X_ MOTION FOR NEW TRIAL       03/25/2004  04/07/2004  _____
| ___ MOTION FOR JUDG. OF ACQUIT _____    _____   _____
| ___ MOTION TO W/D GUILTY PLEA  _____    _____   _____
| ___ MOTION FOR ATTY TO W/DRAW  _____    _____   _____
| ___ OTHER
|=================================================================
| COURT REPORTER(S):              WOODALL, CARLA H.
| ADDRESS:                        C/O HON. LARRY ANDERSON
|                                 DOTHAN        , AL  36302
|
| APPELLATE COUNSEL #1:           HOGG DAVID KENNETH
| ADDRESS:                        185 N FOSTER STREET
|                                 SUITE 200
|                                 DOTHAN        , AL  36303
| PHONE NUMBER:                   334-794-6559
|
| APPELLATE COUNSEL #2:
| ADDRESS:                        _____
|                                 _____
|                                 _____
| PHONE NUMBER:                   _____
|
| APPELLANT (PRO SE):             MCNABB RUBEN COREY
| ADDRESS:                        % HOUSTON COUNTY JAIL
|                                 DOTHAN        , AL  363030000
| AIS #:
|
| APPELLEE (IF CITY APPEAL):
| ADDRESS:                        _____
|                                 _____
|                                 _____
------------------------------------------------------------------
| I CERTIFY THAT THE INFORMATION PROVIDED           OPERATOR: BTW
| ABOVE IS ACCURATE TO THE BEST OF MY           PREPARED: 04/14/2004
| KNOWLEDGE AND I HAVE SERVED A COPY OF
| THIS NOTICE OF APPEAL ON ALL PARTIES TO      _Judy Byrd_
| THIS ACTION ON THIS 15th DAY OF _April_, 2004  CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 1C　　8/91 | **REPORTER'S TRANSCRIPT ORDER -- CRIMINAL**<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br>_____ - _____ |
|---|---|---|

**TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.**

☐ CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF ___Houston___ COUNTY
_____, Appellant

v. ☒ STATE OF ALABAMA ☐ MUNICIPALITY OF _____

| Case Number<br>CC 02-225 | Date of Judgment/Sentence/Order<br>3-24-04 |
|---|---|
| Date of Notice of Appeal<br>Oral: 3-30-04　　Written: | Indigent Status Granted:<br>☒ Yes ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE APPELLANT AND THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

Signature _____ Date _____ Print or Type Name _____

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:　　　　　　　　　　　　　　　　　　COURT REPORTER(S)

A. ☒ **TRIAL PROCEEDINGS** - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately

Carla Woodall
c/o Hon. Larry Anderson
Dothan, AL

B. ☐ **ORGANIZATION OF THE JURY** - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

ADDITIONAL PROCEEDINGS REQUESTED　　　DATE　　　COURT REPORTER(S)

D. _____
E. _____
F. _____
G. _____

**FILED**
**APR 23 2004**
Judy Byrd
JUDY BYRD, CLERK

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

Signature _____ Date 4-23-04 Print or Type Name David K. Hogg

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.