State of Alabama
Unified Judicial System
Form ARAP-26 (front) 8/91

# COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

Criminal Appeal Number ____ . ____

## A. GENERAL INFORMATION:

☐ CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF Houston COUNTY

Ruben Corey McNabb, Appellant

V. ☐ STATE OF ALABAMA ☐ MUNICIPALITY OF ____

| Case Number | Date of Complaint or Indictment | Date of Judgment/Sentence/Order |
|---|---|---|
| CC 02-225 | | 3-24-04 |
| Number of Days of Trial/Hearing: Days | Date of Notice of Appeal Oral: 3-30-04 | Written: |

Indigent Status Requested: ☒ Yes ☐ No Indigent Status Granted: ☒ Yes ☐ No

## B. REPRESENTATION:

Is Attorney Appointed or Retained? ☒ Appointed ☐ Retained. If no attorney, will appellant represent self? ☐ Yes ☐ No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary) | | Telephone Number |
|---|---|---|
| David K. Hogg | | 334-794-8659 |
| Address: 188 N. Foster St., Ste 20 | City: Dothan | State: AL Zip Code: 36303 |

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| | |
| | |
| | |

## D. TYPE OF APPEAL: Please check the applicable block.

1 ☒ State Conviction
2 ☐ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☐ Habeas Corpus Petition
10 ☐ Other (Specify) ____

## E. UNDERLYING CONVICTION/CHARGE:

Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § ____
2 ☐ Homicide - § ____
3 ☐ Assault - § ____
4 ☐ Kidnapping/Unlawful Imprisonment - § ____
5 ☐ Drug Possession - § ____
6 ☐ Trafficking in Drugs - § ____
7 ☒ Theft - § 13A-8-41
8 ☐ Damage or Intrusion to Property - § ____
9 ☐ Escape - § ____
10 ☐ Weapons/Firearms - § ____
11 ☐ Fraudulent Practices - § ____
12 ☐ Offense Against Family - § ____
13 ☐ Traffic - DUI - § ____
14 ☐ Traffic - Other - § ____
15 ☐ Miscellaneous (Specify) ____ - § ____

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed? ☐ Yes ☒ No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript? ☒ Yes ☐ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. 4-23-04 (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk? ☐ Yes ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? ☐ Yes ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

| | REQUEST FOR LOCAL EXTENSION OF TIME TO COMPLETE THE REPORTER'S TRANSCRIPT | 155 |
|---|---|---|

Ruben Corey McNabb                         v.    State of Alabama
**Appellant's Name**                              **Appellee**

Trial Court Case No. CC-02-225     Notice of Appeal Date 3-30-04

On appeal from the:  [✓] Circuit Court of

[ ] District Court of          } Houston _____ County

[ ] Juvenile Court of

I, Carla H. Woodall _____, a court reporter in the above referenced case, hereby request a 28 day extension to complete the transcript in said cause for the reasons I have set out below. Currently this transcript is due on 6-2-04 _____, and with this extension the transcript will be due on 6-30-04.

REASONS: Due to working on previously appealed transcripts as well as time spent in court _____

_____

_____

Carla H. Woodall                          6-1-2004
**Court Reporter**                           **Date**

======================================================

## TRIAL COURT ACTION

[✓] Upon consideration of the above request, I hereby grant a 28 day extension to complete said transcript, thus extending the transcript's due date to 6-30-2004. Upon granting this request, I direct the court reporter to file this order with the Clerk of this Court and to mail or fax a copy hereof to the Clerk of the Court of Criminal Appeals at the address noted below by no later than the transcript due date in effect immediately preceding this order.

[ ] The above referenced request for a local extension is denied.

_____                6/1/04
**Judge's Signature**                          **Date**

Note:    Pursuant to Rule 11(c) of the Alabama Rules of Appellate Procedure, local extensions cannot total more than 28 days and cannot be to a date more than 84 days from the date of the notice of appeal.

======================================================

The Clerk of the Court of Criminal Appeals          Fax (334) 242-4689
P. O. Box 301555
Montgomery, Alabama 36130-1555

| MOTION TO COURT OF CRIMINAL APPEALS FOR EXTENSION OF TIME TO FILE TRANSCRIPT | | 156 |
|---|---|---|

TO: The Clerk of the Court of Criminal Appeals
P. O. Box 301555
Montgomery, Alabama 36130-1555

Fax: (334) 242-4689

Criminal Appeals Case Number    CR 03-1141

Ruben Corey McNabb    v.    State of Alabama
Appellant's Name    Appellee

Trial Court Case No. CC-02-225    Notice of Appeal Date 3-30-2004    **FILED**

JUN 2 5 2004

On appeal from the:
[✓] Circuit Court of
[ ] District Court of    Houston    County
[ ] Juvenile Court of

Judy Byrd, CLERK
HOUSTON CO., AL

I, Carla H. Woodall, a court reporter in the above referenced case, hereby request a 28 day extension to complete the transcript in said cause for the reasons I have set out below. Currently this transcript is due on 6-30-2004, and with this extension the transcript will be due on 7-28-2004.

REASONS: Due to working on several transcripts that have appealed an due prior to this one. I am currently working on this appeal and no other requests for extensions are anticipated

_____    6-25-2004
Court Reporter    Date

Note:    Rule 11(c) of the Alabama Rules of Appellate Procedure prohibits an appellate court from granting an extension if the request is not received by the clerk of the appellate court within the time originally prescribed or before the expiration of an extension previously granted. Based on internal policy of the Court of Criminal Appeals, no more than two 28-day extensions will be granted.

ACR359    *Court COPY*    ALABAMA JUDICIAL DATA CENTER    157
HOUSTON COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 2002 000225.00 01
JERRY M. WHITE

---

CIRCUIT COURT OF HOUSTON COUNTY          COURT ORI: 038015 J

STATE OF ALABAMA        VS.          DC NO:       0000 000000.00
MCNABB RUBEN COREY        ALIAS:      G J:   0000000275
X HOUSTON COUNTY JAIL     ALIAS:      SSN:   264654614
DOTHAN AL 36302                       SID:   000000000
                                      AIS:

---

DOB: 07/25/1975   SEX: M   HT: 6 00   WT: 197  HAIR: BLK   EYE: BRO
RACE: ( )W (X)B ( )O   COMPLEXION: _____   AGE: _____   FEATURES: _____

---

DATE OFFENSE: 06/07/2001   ARREST DATE: 02/05/2002   ARREST ORI: 0380100

---

CHARGES @ CONV      CITES        CT CL COURT ACTION       CA DATE
ROBBERY 1ST       13A-008-041    01 A  CONVICTED         02/11/2004
                                 00                      00/00/0000
                                 00                      00/00/0000

---

JUDGE: JERRY M. WHITE          PROSECUTOR: VALESKA DOUGLAS A

---

PROBATION APPLIED   GRANTED  DATE    REARRESTED DATE   REVOKED  DATE
( )Y (X)N           ( )Y( )N         ( )Y( )N          ( )Y( )N

---

15-18-8, CODE OF ALA 1975   IMPOSED   SUSPENDED   TOTAL   JAIL CREDIT
( )Y (X)N   CONFINEMENT: Life W/O Parole00 00 000Life W/O Parole02 00 037
            PROBATION : 00 00 000          00 00 000
DATE SENTENCED: 03/24/2004   SENTENCE BEGINS: 03/24/2004

---

PROVISIONS                COSTS/RESTITUTION        DUE        ORDERED

  PENITENTIARY            RESTITUTION          $0.00        $0.00
  LIFE WO PAROL           ATTORNEY FEE      $7677.30     $7677.30
                          CRIME VICTIMS       $50.00       $50.00
                          COST             $1488.07     $1488.07
                          FINE                $0.00        $0.00
                          MUNICIPAL FEES      $0.00        $0.00
                          DRUG FEES           $0.00        $0.00
                          ADDTL DEFENDANT     $0.00        $0.00
                          DA FEES             $0.00        $0.00
                          COLLECTION ACCT     $0.00        $0.00
                          JAIL FEES           $0.00        $0.00

                          TOTAL            $9215.37     $9215.37

---

APPEAL DATE      SUSPENDED         AFFIRMED           REARREST

(X)Y( )N 03/30/2004 ( )Y( )N      ( )Y( )N           ( )Y( )N

---

REMARKS:                          THIS IS TO CERTIFY THAT THE
                                  ABOVE INFORMATION WAS EXTRACTED
                                  FROM OFFICIAL COURT RECORDS
                                  AND IS TRUE AND CORRECT.

DEFENDANT TO SERVE NATURAL LIFE WITHOUT PAROLE IN THE STATE OF
ALABAMA PENITENTIARY.

                                  *Judy Byrd*

                          JODY BYRD
                          07/23/2004

---

*07-23-04 ef*
OPERATOR: AML
PREPARED: 07/23/2004

Clerk's printed form  (Clerk's form)

C-138

(CIVIL / CRIMINAL)

## COURT REPORTER'S INDEX OF TRIAL EXHIBITS — ARAP RULE 11(e)

IN THE CIRCUIT COURT OF _Houston_ ———— COUNTY
( ALABAMA — COUNTY SEAT _Dothan_ )

APPELLANT: _Ruben Corey McNabb_

VS.

STATE OF ALABAMA - or - _____ appellant

ACTION (Case)
No. _CC-02-235_

( ✓ ) State Criminal
( ) Civil (Law)
( ) City Appeal (Crim.)
( ) Civil (Equity)

TO: (name) _Judy Byrd_ ——————— of CIRCUIT COURT OF _Houston_ COUNTY.

FROM: (name) _Carla H. Woodall_ COURT REPORTER OF _20TH_ JUDICIAL CIRCUIT OF ALABAMA

### REPORTER'S INDEX TO EXHIBITS

The following EXHIBITS were received by the Court Reporter in above Action and same have been properly marked and identified. Where capable said exhibit(s) have been assembled herein (in flat file) where incapable of being assembled herein such exhibit(s) placed in suitable separate container. This Index includes all exhibits (herein assembled or separately housed - or other, as indicated) and further indicates those offered, admitted or not admitted into evidence, etc...

[NOTE: ( ✓ ) check appropriate]

| Party | Exhibit No. | BRIEF DESCRIPTION OF EXHIBIT | ( ✓ ) Admitted (✓) | Time, Not Admit (✓) | Witho drawn (✓) | Released to Court Reporter (✓) | Retained Received by Court (✓) | To be ( ✓ ) | REMARKS, etc. |
|---|---|---|---|---|---|---|---|---|---|
| | | State's Exhibits | | | | | | | |
| SX | 1 | photo lineup | | ✓ | | | | | |
| SX | 2 | tobacco | ✓ | | | | | | |
| SX | 3 | box of pennies | ✓ | | | | | | |
| SX | 4 | speaker wire | ✓ | | | | | | |
| SX | 5 | food stamps | ✓ | | | | | | |
| SX | 6 | stamps | | | | | | | |
| SX | 7 | bullets | | ✓ | | | | | |
| SX | 8 | stamps | | | | | | | |
| SX | 9 | money wrapper | | ✓ | | | | | |
| SX | 10 | driver's license | ✓ | | | | | | |
| SX | 11 | food carton | | | | | | | |
| SX | 12 | search warrant | | ✓ | | | | | |
| SX | 13 | | | | | | | | |
| SX | 14 | | | | | | | | marked by state never identified |
| SX | 15 | photo | | | | | | | marked by state never identified |
| SX | 16 | photo | | ✓ | | | | | |
| SX | 17 | photo | | ✓ | | | | | |
| SX | 18 | photo | | ✓ | | | | | |
| SX | 19 | photo | | ✓ | | | | | |
| SX | 20 | photo | | ✓ | | | | | |
| SX | 21 | photo | | ✓ | | | | | |
| SX | 22 | photo | | ✓ | | | | | |
| SX | 23 | photo | | ✓ | | | | | |
| SX | 24 | photo | | ✓ | | | | | |

NOTE: ARAP RULE 11(e)... Reporter shall file all exhibits with trial Court Clerk within 14 days (2 weeks) of date of the Notice of Appeal in Criminal and Civil Actions, assembled in a flat file (not stuck) and if incapable then assembled in a suitable container ... with index.

1) ABOVE INDEX RECEIVED & FILED _28th July_ , 2004
2) EXHIBITS IN FILE &/OR CONTAINER VERIFIED (except as noted)

/s/ _Judy Byrd_

CLERK - REGISTER -or- DISTINGUISHED ASST.
CLERK'S OFC. ( ) — REGISTER'S OFC. ( )

DATED THIS 28 DAY OF _July_ , 2004

/s/ _Carla H. Woodall_

COURT REPORTER
20TH JUDICIAL CIRCUIT

Page 1 of 2

COURT REPORTER'S INDEX OF TRIAL EXHIBITS — ARAP RULE 11(e)

IN THE CIRCUIT COURT OF _Houston_ COUNTY

_Dothan_ , ALABAMA - COUNTY SEAT

APPELLANT - _Ruben Corey McNabb_

ACTION (Case)

VS.

appellant

No. _CC-02-225_

STATE OF ALABAMA - or -

appellee

[X] State Criminal
[ ] Civil (Law)
[ ] City Appeal (Crim.)
[ ] Civil (Equity)

TO: (name) _Judy Byrd_ — OF CIRCUIT COURT OF _Houston_ COUNTY.

FROM: (name) _Carla H. Waxtall_ COURT REPORTER OF 20TH JUDICIAL CIRCUIT OF ALABAMA

REPORTER'S INDEX TO EXHIBITS

The following EXHIBITS were received by the Court Reporter in above Action and same have been properly marked and identified. Where capable said exhibit(s) have been assembled herein (in flat file); where incapable of being assembled herein such exhibit(s) placed in suitable separate container. This Index includes all exhibits (herein assembled or separately housed - or - other, as indicated) and further indicates the same offered, admitted or not admitted into evidence, etc...

[NOTE: (√) check appropriate]

| Party | Exhibit No. | BRIEF DESCRIPTION OF EXHIBIT | (√) Admitted Yes/No | (√) Iden. only (√) | With drawn (√) | Retained by Court In Evng (√) | Retained or Returned by Court (√) | In Evi. (√) | REMARKS, etc. |
|---|---|---|---|---|---|---|---|---|---|
| | | Defendant's Exhibits | | | | | | | |
| DX | 1 | receipt | √ | | | | | | |
| | | Sentencing | | | | | | | |
| SX | 1 | prints | √ | | | | | | |

NOTE: ARAP RULE 11(e)...Reporter shall file all exhibits with trial Court Clerk within 14 days (2 weeks) of date of the Notice of Appeal in Criminal and Civil Actions, assembled in a flat file (not stuck) and if incapable then assembled in a suitable container ...with index.

1) ABOVE INDEX RECEIVED & FILED _28th_ _July_ 2004    DATED THIS _28th_ DAY OF _July_ 2004
2) EXHIBITS IN FILE &/OR CONTAINER VERIFIED (except as noted)

/s/ _Judy Byrd_
CLERK - REGISTER - or - AUTHORIZED ASS'T.
CLERK'S OFC. [ ] - REGISTER'S OFC. [ ]

/s/ _Carla H. Waxtall_
COURT REPORTER
20TH JUDICIAL CIRCUIT

Page 2 of 2

STATE'S EXHIBIT NUMBER 2                                    1 40

CERTIFICATION OF EVIDENCE

    I, Judy Byrd, Clerk of the Circuit Court of Houston County, Alabama, do hereby certify that State's Exhibit Number 2 is of such size and bulk (bag and contents) that it is incapable of being included in the transcript, but will be forwarded to the Court of Criminal Appeals if requested by the Court. (toboggon)

                              *Judy Byrd*

                            Judy Byrd, Clerk

STATE'S EXHIBIT NUMBER 3

CERTIFICATION OF EVIDENCE

     I, Judy Byrd, Clerk of the Circuit Court of Houston County, Alabama, do hereby certify that State's Exhibit Number 3 is of such size and bulk (bag and contents) that it is incapable of being included in the transcript, but will be forwarded to the Court of Criminal Appeals if requested by the Court. (box of pennies)

Judy Byrd, Clerk

STATE'S EXHIBIT 4

CERTIFICATION OF EVIDENCE

    I, Judy Byrd, Clerk of the Circuit Court of Houston County, Alabama,
do hereby certify that State's Exhibit Number  4 is of such size and bulk (speaker wire)
that it is incapable of being included in the transcript, but will be forwarded to
the Court of Criminal Appeals  if requested  by the court.

Judy Byrd, Clerk

STATE'S EXHIBIT NUMBER 5

1-3

#50



STATE'S EXHIBIT NUMBER  6

CERTIFICATION OF EVIDENCE


    I, Judy Byrd, Clerk of the Circuit Court of Houston County, Alabama, do hereby certify that State's Exhibit Number 6  is of such size and bulk (stamps) that it is incapable of being included in the transcript, but will be forwarded to the Court of Criminal Appeals  if requested  by the court.


Judy Byrd, Clerk

STATE'S EXHIBIT NUMBER 9







STATE'S EXHIBIT NUMBER 10



DEFENDANT'S EXHIBIT NUMBER 1

Greg's Complete Auto
Repair
523-5917

# AUTO REPAIR ORDER

NAME
Ruben McNobb

ADDRESS
927 Honeysickle Rd J141

CITY, STATE
Dothan, AL 3630l

| QUAN. | PART NO. | NAME OF PART | PRICE | CUSTOMER'S INFORMATION | | | |
|---|---|---|---|---|---|---|---|
| | | | | **DATE** 6/6/01 | CUSTOMER'S ORDER NO. | **WHEN PROMISED** 6/10/01 | **PHONE** 3347186001 |
| l | | transmission used | 200 — | **YEAR • MAKE • MODEL** 84 Buick LeSabre | | **SERIAL NO.** | |
| | | installation | 175 — | | | **MOTOR NO.** | |
| | | | | **LICENSE NO.** 711519 | ODOMETER | WRITTEN BY | |
| | | | | ☐ LUBE   ☐ OIL CHANGE   ☐ FLUSH TRANS.   ☐ FLUSH DIFF.   ☐ WASH   ☐ POLISH | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

DEFENDANT'S EXHIBIT

| | | GAS, OIL & GREASE | ACCESSORIES | LABOR ONLY | 175 — |
|---|---|---|---|---|---|
| | | GALS. GAS | | PARTS | 200 — |
| TOTAL PARTS | | QTS. OIL | | ACCESSORIES | |
| MECHANICS RECOMMENDATIONS | | LBS. GREASE | | GAS, OIL, & GREASE | |
| | | TOTAL GAS OIL & GREASE | | MISC. MERCHANDISE | |
| | | ☐ RETAIN PARTS | | SUBLET REPAIRS | |
| | | ☐ DESTROY PARTS | TOTAL ACCESSORIES | TAX | 22.0 |
| ESTIMATE AMOUNT • PARTS & LABOR ▶ | | AUTHORIZED BY | | TOTAL | 398 |

I HEREBY AUTHORIZE THE ABOVE REPAIR WORK TO BE DONE ALONG WITH THE NECESSARY MATERIAL AND HEREBY GRANT YOU AND/OR YOUR EMPLOYEES PERMISSION TO OPERATE THE CAR, TRUCK OR VEHICLE HEREIN DESCRIBED ON STREETS, HIGHWAYS OR ELSEWHERE FOR THE PURPOSE OF TESTING AND/OR INSPECTION. AN EXPRESS MECHANIC'S LIEN IS HEREBY ACKNOWLEDGED ON ABOVE CAR, TRUCK OR VEHICLE TO SECURE THE AMOUNT OF REPAIRS THERETO.

YOU ARE ENTITLED TO A PRICE ESTIMATE FOR THE REPAIRS YOU HAVE AUTHORIZED. THE REPAIR PRICE MAY BE LESS THAN THE ESTIMATE, BUT WILL NOT EXCEED THE ESTIMATE WITHOUT YOUR PERMISSION. YOUR SIGNATURE WILL INDICATE YOUR ESTIMATE SELECTION.

TEARDOWN ESTIMATE - I UNDERSTAND THAT MY CAR WILL BE REASSEMBLED WITHIN _____ DAYS OF THE DATE SHOWN IF I CHOOSE NOT TO AUTHORIZE THE SERVICES RECOMMENDED.

1. I request an estimate in writing before you begin repairs _____
2. Please proceed with repairs, but call me before continuing if the price will exceed $ _____
3. I do not want an estimate _____

Adams GT3870

AUTO REPAIR ORDER

STATE'S EXHIBIT NUMBER 1    SENTENCING

158

# EXEMPLIFICATION CERTIFICATE

STATE OF FLORIDA
             SS.
COUNTY OF ORANGE

I, _Chris Zeiger_ Deputy Clerk of the Circuit Court in and for the County of Orange, State of Florida, and Custodian of the Records and of the Seal of said Court, DO HEREBY CERTIFY that the attached and foregoing is a true and correct copy of:

**Ruben Corey McNabb**     **Case # CRO92-11635, CRO97-3658, CRO94-2935, CRO94-5433**

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this the _4th_ day of _September_ A.D., 2002.

                          LYDIA GARDNER, Clerk of the Court

By: _____, Deputy Clerk

..............................................................................................

STATE OF FLORIDA
             SS.
COUNTY OF ORANGE

I, _Jay Cohen_ , one of the Judges of the Ninth Judicial Circuit of the State of Florida, and of the Circuit Court of Orange County, Florida, DO HEREBY CERTIFY that the foregoing attestation is in due form and made by the proper officer.

WITNESS my hand and seal of said Court this _6_ day of _September_ A.D., 2002.

_____
CIRCUIT JUDGE

..............................................................................................

STATE OF FLORIDA
             SS:
COUNTY OF ORANGE

I, _Chris Zeiger_ Deputy Clerk of the Circuit Court in and for the County of Orange, State of Florida, DO HEREBY CERTIFY that the Honorable _Jay Cohen_ who signed the foregoing attestation is a duly commissioned and qualified Judge of the Ninth Judicial Circuit of the State of Florida for Orange County.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this the _10th_ day of _September_ A.D. 2002.

                      LYDIA GARDNER, Clerk of the Court

By: _____, Deputy Clerk

- 16 -

X COURT MINUTES   X ORDER (PLEA/SENTENCING/RELEASE)     IN THE CIRCUIT COURT IN AND FOR ORANGE
AKA: _Rodney Little_                                    COUNTY, FLORIDA
TE OF FLORIDA                                           CASE _CR93-11635_
VS
_Reuben Corey McNabb_                                   DIVISION ____14____

CHARGED WITH:

1) _Carrying Con F/A_

COURT OPENED AT _8/4/93_ _10:40AM_ HONORABLE _G. Adams_ JUDGE

ASSISTANT PUBLIC DEFENDER _____ ASSISTANT STATE ATTORNEY _M. Graham_

COURT REPORTER _M Pasak_          COURT DEPUTY _G Davison_

____ This case came on this date for ____Plea  X Sentencing ____Trial ____Pre-Trial

____ The Defendant was ____present, ____not present, X present with Counsel _D. Blessing_

____Plea of not guilty withdrawn. ____Defendant tried and found guilty of: ____Defendant sworn and pled X Guilty to:

____Nolo Contendere to: _____

____Defendant reserves right to appeal ____Adjudication of Guilt withheld, finding of guilt entered.

____Defendant adjudged guilty. ____$5.00 C.C. ____$50.00 C.C.F. ____$200.00 C.J.T.F. or ____$50.00 C.J.T.F.(27.3455)

____P.S.I. ORDERED. It is hereby Ordered that the Department of Corrections submit P.S.I. or a scoresheet of Defendant and deliver a written report of same to the undersigned Judge within two working days before sentencing. STATUS _____.

____Sentencing set for _____, 19____, at _____.M., Courtroom_____

____P.S.I. Bond set at _____. ____P.D.R. ORDERED. ____P.S.I. waived.

SENTENCING:

____Adjudication of guilt was withheld, a finding of guilt entered.

X Defendant adjudged guilty. ____$5.00 C.C. ____$50.00 C.C.F. ____$200.00 C.J.T.F. (27.3455)or ____$50.00 C.J.T.F.   _CC waived_

SENTENCE: _5 years prob w/ cond:_
① _not own/possess firearm_
② _P.D. lien waived_
③ _Concur w/ any other prob_

____RELEASE - Defendant is Ordered released from custody as to this case only.

DONE AND ORDERED this ____4 day of ____august____, 93

_____
CIRCUIT JUDGE

FILED IN OPEN COURT THIS _4_ DAY OF _Aug_, 19 _93_     Distribution:     Surety/Cash Bond
FRAN CARLTON, Clerk of the CIRCUIT/COUNTY Court                          X Defendant
                                                                        Probation/Parole
DEPUTY CLERK in attendance.                                             Court Deputy

                                    _8/4/93_     STATE OF FLORIDA, COUNTY OF ORANGE
                                                 I HEREBY CERTIFY
COURT RECESSED at _____              that the above and foregoing is a true copy of the original filed in this office
32-60(B) (7-92)                                 LYDIA GARDNER, Clerk Circuit Court
                                    Dated _9-4-02_ By _____ D.C.

OFFICER: RIOLAND-09/0
DOC#: 370109

# JUDGEMENT OF GUILT
# AND PLACING DEFENDANT ON PROBATION

STATE OF FLORIDA
    VS       Plaintiff

In the Circuit Court of the
9th Judicial Circuit in
and for Orange County, Florida

RODNEY LITTLE
    Defendant

Case No. CR92-11635

This cause coming on this day to be heard before me, and you, the defendant RODNEY LITTLE, being now present before me, and you having:
ENTERED A PLEA OF GUITY TO:
the offense of CT. I CARRYING A CONCEALED FIREARM the Court here adjudges you to be guilty of said offense; and

It appearing to the satisfaction of the Court that you are not likely again to engage in a criminal course of conduct, and that the ends of justice and the welfare of society do not require that you should suffer the penalty authorized by law:

Now, therefore, it is ordered and adjudged that the imposition of sentence are hereby withheld, and that you are hereby placed on probation for a period of FIVE (5) YEARS CONCURRENT WITH ANY OTHER PROBATION under the supervision of the Department of Corrections and its Officers, such supervision to be subject to the provisions of the laws of this State.

It is further ordered that you shall comply with the following conditions of probation:

(1)    Not later than the fifth day of each month, you will make a full and truthful report to your Probation Officer on the form provided for that purpose.

(2)    You will pay to the State of Florida the amount of Fifty Dollars ($50.00) or lesser amount as determined by the Department of Corrections, plus a 4% surcharge per month by the fifth day of each month toward the cost of your supervision unless otherwise waived in compliance with Florida Statutes.

(3)    You will not change your residence or employment or leave the county of your residence without first procuring the consent of your Probation Officer.

(4)    You will neither possess, carry or own any weapons or firearm without first securing the consent of your Probation Officer.

(5)    You will live and remain at liberty without violating any law. A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your probation.

(6)    You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.

(7)    You will work diligently at a lawful occupation and support any dependents to the best of your ability as directed by your Probation Officer.

(8)    You will promptly and truthfully answer all inquiries directed to you by the Court or the Probation Officer, and allow the Officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions he may give you.

(9)    You will not possess or use any marijuana or other controlled substance except upon prescription of a duly licensed medical or osteopathic doctor and then only in accordance with the prescribed dosage. You will not possess any controlled substance paraphernalia or forged or blank prescription forms.

(10)    Unless prohibited from consuming alcoholic beverages by a special condition elsewhere in this order, you will not consume alcoholic beverages to the extent that your normal faculties are impaired.

_____ Probation Violator

_____ Community Control Violator

_____ Retrial

_____ Resentence

State of Florida     AKA Rodney Little
v.
Ruben Corey McNabb
Defendant

In the Circuit Court, Ninth Judicial Circuit,

in and for _____ Orange _____ County, Florida

Division ____ 14

Case Number ____ CR92-11635

FILED IN OPEN COURT
THIS __ DAY OF August 19 93
Fran Carlton, Clerk
BY _____ D.C.

## JUDGMENT

The defendant, Ruben Corey McNabb AKA Rodney Little , being personally before this court

represented by ____ D Blessing ____ , the attorney of record, and the state

represented by ____ M Graham ____ , and having

____ been tried and found guilty by jury/ by court of the following crime(s)

✓ entered a plea of guilty to the following crime(s)

____ entered a plea of nolo contendere to the following crime(s)

Orange Co FL 4561496
08/13/93 03:54:15pm
OR Bk 4605 Pg 423

| Count | Crime | Offense Statute Number(s) | Degree of Crime | OBTS Number |
|---|---|---|---|---|
| 1 | Carrying A Concealed Firearm | 79001 | F3 | 5017351 |

✓ and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED that the defendant is hereby ADJUDICATED GUILTY of the above crime(s).

____ and pursuant to section 943.325, Florida Statutes, having been convicted of attempts or offenses relating to sexual battery (ch.794) or lewd and lascivious conduct (ch.800) the defendant shall be required to submit blood specimens.

____ and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.

32-34 (8/92)

State of Florida

v.

*Ruben C. McNabb*

Defendant

Case Number *CR92-11635*

## FINGERPRINTS OF DEFENDANT

| 1. Right Thumb | 2. Right Index | 3. Right Middle | 4. Right Ring | 5. Right Little |
|---|---|---|---|---|
| | | | | |

| 6. Left Thumb | 7. Left Index | 8. Left Middle | 9. Left Ring | 10. Left Little |
|---|---|---|---|---|
| | | | | |

Fingerprints taken by: _____        D/S  OCSO
                          Name                             Title

   I HEREBY CERTIFY that the above and foregoing are the fingerprints of the

defendant, *Ruben C. McNabb*_____, and that they were placed thereon by the defendant

in my presence in open court this date.

   DONE AND ORDERED in open court in _____ ORANGE _____ County, Florida,

this ____4____ day of ____august____, 19_93____                    _____
                                                                       Judge

STATE OF FLORIDA, COUNTY OF ORANGE    I HEREBY CERTIFY
that the above and foregoing is a true copy of the original filed in this office
GLORIA GARDNER, Clerk Circuit Court

Dated 9-4-02 By _____ D.C.

32-37 (7/92)

OR Bk 4605 Pg 424
Orange Co FL 4561496

RECORDED & RECORD VERIFIED
*Martha O. Haynie*
County Comptroller, Orange Co, FL

X COURT MINUTES  X ORDER    (PROBATION VIOLATION)  COMMUNITY CONTROL/ RELEASE ORDER

STATE OF FLORIDA        AKA Rodney Little        IN THE CIRCUIT/ COUNTY COURT FOR
-VS-                                             ORANGE COUNTY, FLORIDA
Ruben Corey McNabb                              CASE NO. CR92-11635 DIVISION 14

CHARGED WITH: _____ 1) 79001 _____

                    3/28/95                              M. Cycmanick

COURT OPENED AT _____ Cragen _____    HONORABLE B. Wattles _____ JUDGE
ASSISTANT STATE ATTORNEY _____         ASSISTANT PUBLIC DEFENDER _____
COURT REPORTER  G. Wood _____                COURT DEPUTY D. Moore

    This case came on this date for Violation of (Probation)  Community Control ____ Hearing ✔ Sentencing.
The Defendant was ____ Not Present ____ Present with Counsel
Defendant  X ADMITTED ____ DENIED Violation of condition(s) __5__
A hearing was conducted. ____ All witnesses were placed under the Rule of Exclusion.

STATE WITNESSES SWORN AND TESTIFIED :          STATE EXHIBITS ADMITTED INTO EVIDENCE:
_____              _____
_____              _____

DEFENSE WITNESSES SWORN AND TESTIFIED:         DEFENSE EXHIBITS ADMITTED INTO EVIDENCE:
_____              _____
_____              _____

COURT WITNESSES SWORN AND TESTIFIED:           COURT EXHIBITS ADMITTED INTO EVIDENCE:
_____              _____

Court found ____ NO VIOLATION  X VIOLATION OF (PROBATION)  COMMUNITY CONTROL condition(s) _____
____ Probation/Community Control was ____ RESTORED  X REVOKED ____ TERMINATED.  WARRANT RESCINDED
Court modified (Probation)  Communtiy Control as follows: STATE OF FLORIDA, COUNTY OF ORANGE, I HEREBY CERTIFY,
                                                that the above and foregoing is a true copy of the original filed in this office
                                                    LYDIA GARDNER, Clerk Circuit Court
                                                    9-4-00
Adjudication of guilt was  X ENTERED PREVIOUSLY ____ ENTERED ____ WITHHELD _____ D.C.
Sentence deferred to _____ 19 ____ at _____ M.
Defendant ____ REMANDED to custody ____ PERMITTED TO REMAIN ON
SENTENCE/OTHER 38 mos DOC W/C 885 days TS

____ All previously owed monies will be reduced to Civil Judgment.
FINES AND COSTS MUST BE PAID BY CASH, MONEY ORDER, OR CASHIER'S CHECK.  NO PERSONAL CHECKS WILL BE ACCEPTED.
Said sentence to run ____ CONCURRENT WITH ____ CONSECUTIVE TO _____
____ DEFENDANT RELEASED FROM CUSTODY AS TO THIS CASE ONLY
DONE AND ORDERED THIS 28 DAY OF March, 19 95

                                                Michael F. Cycmanick
                                                CIRCUIT/COUNTY JUDGE
FILED IN OPEN COURT  March 28 , 19 95 .
This ____ DAY OF _____
FRAN CARLTON, CLERK OF THE CIRCUIT/COUNTY COURTS
BY _____ , Deputy Clerk in attendance.
COURT RECESSED at _____
CC: X DEFENDANT  ✔ COURT DEPUTY ____ PROBATION AND PAROLE OR COMMUNITY CONTROL
32-60 (D)    (5/93)

Defendant _Reuben McNabb_   Case Number _CR 93_   GTS Number _501935 1_

## SENTENCE

(As to Count _one_)

The defendant, being personally before this court, accompanied by the defendant's attorney of record,_____ _E. Jewett_, and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown,

(Check one if applicable.)

_____ and the Court having on _____ deferred imposition of sentence until this date.
                                (date)

_____ and the Court having previously entered a judgment in this case on_____ now resentences
      the defendant.                                                              (date)

_____ and the Court having ~~placed~~ the defendant on probation/community control and having subsequently revoked
      the defendant's probation/community control.

**IT IS THE SENTENCE OF THE COURT THAT:**

_____ The defendant pay a fine of $_____, pursuant to section 775.083, Florida Statutes, plus $_____
      as the 5% surcharge required by section 960.25, Florida Statutes.

_____ The defendant is hereby committed to the custody of the Department of Corrections.

_____ The defendant is hereby committed to the custody of the Sheriff of _____**Orange**_____ County, Florida.

_____ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

**TO BE IMPRISONED (CHECK ONE; UNMARKED SECTIONS ARE INAPPLICABLE.):**

_____ For a term of natural life.   _38 mos_

_____ For a term of_____.

_____ Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in
      this order.

FILED IN OPEN COURT
THIS ___ DAY OF _March_, 19_95_
_Fran Carlton_, Clerk
BY _____ D.C.

**If "split" sentence, complete the appropriate paragraph.**

_____ Followed by a period of _____ on probation/community control under the supervision of the
      Department of Corrections according to the terms and conditions of supervision set forth in a separate order
      entered herein.

_____ However, after serving a period of _____ imprisonment in _____, the
      balance of the sentence shall be suspended and the defendant shall be placed on probation/community
      control for a period of _____ under supervision of the Department of Corrections
      according to the terms and conditions of probation/community control set forth in a separate order entered
      herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be
satisfied before the defendant begins service of the supervision terms.

**CONSECUTIVE/**        It is further ordered that the sentence imposed for this count shall run _____ Consecutive to
**CONCURRENT**          _____ Concurrent with (check one) the sentence set forth in count _____ above.

Defendant _Reuben_   Case Number _CR 93-11635_

Defendant _Ruben McNabb_    Case Number _CR92-11635_

Other Provisions, continued:                                                        137

**Consecutive/Concurrent**    _____It is further ordered that the sentence imposed for this count shall run
**As To Other Counts**        (check one) _____consecutive to _____concurrent
                              with the sentence set forth in count _____of this case.

**Consecutive/Concurrent**    _____It is further ordered that the composite term of all sentences imposed for
**As To Other Convictions**   the counts specified in this order shall run
                              (check one) _____consecutive to _____concurrent
                              with the following:
                              (check one)

                              _____any active sentence being served.

                              _____specific sentences: _____

                              _____

                              _____

                              _____

                              _____

    In the event the above sentence is to the Department of Corrections, the Sheriff of __ORANGE__
County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at
the facility designated by the department together with a copy of this judgment and sentence and any other
documents specified by Florida Statute.

    The defendant in open court was advised of the right to appeal from this sentence by filing notice of
appeal within 30 days from this date with the clerk of this court and the defendant's right to the assistance
of counsel in taking the appeal at the expense of the State on showing of indigency.

    In imposing the above sentence, the court further recommends _Work Release_

_____

_____

_____

    DONE AND ORDERED in open court at _____ **ORANGE** _____ County, Florida,
this_____ 30 _____ day of_____ March _____ 19_ 95 _.

                                                  _Michael F. Cycmanick_
                                                  Judge

                        STATE OF FLORIDA, COUNTY OF ORANGE, I HEREBY CERTIFY
                        that the above and foregoing is a true copy of the original filed in this office
                                        LYDIA GARDNER, Clerk Circuit Court
                        Dated _9-4-02_ By _____
                                                                    D.C.

                        Page _3_ of _____

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NUMBER: CR-O-92- 11635 /-A

DIVISION NO: 14

STATE OF FLORIDA,
       Plaintiff,
vs.

RUBEN COREY MCNABB,
    AKA: LITTLE, RODNEY
       Defendant.
_____/

## Court Minutes / Order (Hearing Violation of Probation)

Court opened on 06/19/97, with the following officers present:
Honorable Frank N. Kaney, Judge Presiding.
Asst. State Atty.:    Division 14        Court Reporter:    Bobby Timms
Court Deputy:     R. Drummond

This case came on this day for Hearing for Violation of Probation. The Defendant was present with counsel. Counsel's Name: M. Solomon.

### Count(s): Ct. 01) 79001

The Defendant admitted violating the condition(s) of the Affidavit and Warrant of Violation of Probation: as charged
The Court found the Defendant violated condition(s) of Probation: as charged

### Sentence

The Defendant's Probation is revoked.

**Jail**
    The defendant is ordered to serve 30 Month(s) in the Department of Corrections with credit for 1 Year(s); 238 Day(s) time served.  All counts on this case to run concurrent with CR93-2899.

**Probation**

Filed in Open Court this 19th day of June, 1997.

**Fran Carlton**
Clerk of the Circuit and County Courts

By: M. Foster/H. Young,
Deputy Clerk in Attendance

Done and Ordered at Orange County, Florida this 19th day of
June, 1997.

_____
Honorable Frank N. Kaney, Judge Presiding

STATE OF FLORIDA COUNTY OF ORANGE    I HEREBY CERTIFY
that the above and foregoing is a true copy of the original filed in this office
LYDIA GARDNER, Clerk Circuit Court
Dated _____ By _____ D.C.

_____ ACS          _____ Dockets       _____ Defendant      _____ Booking      _____ Court Security
_____ CFSC       _____ Court Deputy   _____ P&P/Com Cont   _____ Surety       _____ S.O. on _____

_____ Other: _____

RUBEN COREY MCNABB        06/19/97 03:45 PM   Page 1 of 1        CR-O-92- 11635 / A

ndant: RUBEN COREY MCNABB     Case Number: CR-O-92- 11635     OBTS Number: 0005017351

A: LITTLE, RODNEY)

## SENTENCE
### (as to Count 01)

The defendant being personally before this court, accompanied by the defendant's attorney of record, M. Solomon, and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown, and the Court having placed the defendant on probation and having subsequently revoked the defendant's probation.

**IT IS THE SENTENCE OF THE COURT THAT:**

The Defendant is hereby committed to the custody of the Department of Corrections.

**TO BE IMPRISONED:**

For a term of 30 Month(s).

## SPECIAL PROVISIONS
### (As to Count 01)

The following provision(s) apply to the sentence imposed:

**Other Provisions:**

Jail Credit            It is further ordered that the defendant shall be allowed a total of 1 Year(s), 238 Day(s) as credit for time incarcerated before imposition of this sentence.

RUBEN COREY MCNABB       06/19/97 03:45 PM     Page 1 of 2       CR-O-92- 11635 / A

Case Number: CR-O-92- 11635

.endant: RUBEN COREY MCNABB (AKA: LITTLE, RODNEY)

Consecutive / Concurrent as to
Other Convictions

It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run  concurrent with CR93-2899.

In the event the above sentence is to the Department of Corrections, the Sheriff of Orange County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.

The defendant in open court was advised of the right to appeal from this sentence by filing notice of appeal within 30 days from this date with the clerk of this court and the defendant's right to assistance of counsel in taking the appeal at the expense of the State on showing of indigence.

Filed in Open Court this 19th day of June, 1997.

**Fran Carlton**
Clerk of the Circuit and County Courts

By: M. Foster/H. Young,
Deputy Clerk in Attendance

Done and Ordered at Orange County, Florida this 19th day of June, 1997.

Honorable Frank N. Kaney, Judge Presiding

STATE OF FLORIDA, COUNTY OF ORANGE, I HEREBY CERTIFY,
that the above and foregoing is a true copy of the original filed in this office
LYDIA GARDNER, Clerk Circuit Court

Dated 9-4-02 By _____ D.C.

RUBEN COREY MCNABB                06/19/97 03:45 PM    Page 2 of 2                 CR-O-92- 11635 / A

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP- 1C          8/91 | **REPORTER'S TRANSCRIPT ORDER -- CRIMINAL**<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br><br>_____ - _____ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☑CIRCUIT COURT  ☐DISTRICT COURT  ☐JUVENILE COURT OF  Houston _____ COUNTY

Ruben McNabb _____, Appellant

v.  ☒ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____

| Case Number<br>CC 02-225 | Date of Judgment/Sentence/Order<br>3-24-04 |
| Date of Notice of Appeal<br>Oral:  3-30-04          Written: | Indigent Status Granted:<br>☑ Yes        ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT.**
I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*).

_____   _____   _____
Signature                              Date                          Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:                                                          **COURT REPORTER(S)**

A. ☑ **TRIAL PROCEEDINGS** - Although this designation will include the judgment and sentence      Carla Woodall
proceedings, a transcript of the organization of the jury and arguments of counsel must      c/o Hon. Larry Anderson
be designated separately                                                                          Dothan, Al.

B. ☐ **ORGANIZATION OF THE JURY** - This designation will include voir dire examination and      _____
challenges for cause. Note that in noncapital cases the voir dire of the jury will not be      _____
recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments of counsel will      _____
not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)                      _____

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
| D. _____ | _____ | **FILED** |
| E. _____ | _____ | **APR 23 2004** |
| F. _____ | _____ | _Judy Byrd_ |
| G. _____ | _____ | JUDY BYRD, CLERK |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT.**
I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

_____   4-23-04   David K. Hogg
Signature                              Date                          Print or Type Name

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to:  (1) Clerk of the Court of Criminal Appeals,  (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript

1                    IN THE CIRCUIT COURT OF HOUSTON COUNTY

2                             STATE OF ALABAMA

3      STATE OF ALABAMA,              *
                                      *
4      v.                             *      Case No. CC-02-225
                                      *
5      RUBEN COREY MCNABB,            *
                                      *
6          Defendant.                 *

7

8

9              REPORTER'S OFFICIAL TRANSCRIPT ON APPEAL

10

11

12
       Before:

13
                 The Honorable Jerry M. White

14
                        February 13, 2003

15

16

17
       APPEARANCES:

18
                     For the State

19
                         Martin Adams, Esquire
20                       Assistant District Attorney

21                   For the Defendant

22                       M. Hampton Baxley, Esquire
                         Dothan, Alabama
23

24
       Carla H. Woodall
25     Court Reporter

1                      I N D E X

2            State of Alabama  v.  Ruben Corey McNabb
                      Case No. CC-02-225
3

4                                                    PAGE

5    REPORTER'S TRANSCRIPT ORDER                       1

6    TITLE PAGE                                        2

7    INDEX                                             3

8    COLLOQUY                                          4

9            STATE'S TESTAMENTARY EVIDENCE

10   WITNESSES:

11       WILLIE WILLIAMSON

12           Direct Examination by Mr. Adams           4
             Cross Examination by Mr. Baxley          12
13
     STATE RESTS                                      18
14
             DEFENDANT'S TESTAMENTARY EVIDENCE
15
     WITNESSES:
16
         RONALD REEVES
17
             Direct Examination by Mr. Baxley         18
18
     DEFENSE RESTS                                    22
19
     ARGUMENT BY MR. BAXLEY                            22
20
     RULING BY THE COURT                               25
21
     REPORTER'S CERTIFICATE                            26
22

23

24

25

4

```
 1                    PROCEEDINGS

 2                 MOTION TO SUPPRESS

 3         THE COURT:  Now, what about our motion to

 4    suppress evidence?  Do we need to take testimony

 5    on that?

 6         MR. BAXLEY:  Yes, sir.  That's very pertinent

 7    in this case, Your Honor.

 8         THE COURT:  Okay.

 9         MR. BAXLEY:  Are you ready to hear that?

10         THE COURT:  Yes, sir.

11         MR. ADAMS:  Let me get my witness, Judge.

12         THE COURT:  Do you want to call the police

13    officer?  Is that who you want to call?

14         MR. BAXLEY:  Yes, sir.

15         MR. ADAMS:  Who do you want?  I'm going to

16    put Willie on.  Generally I go first and then you

17    get to rebut it.

18         THE COURT: Okay.

19         MR. ADAMS:  Judge, the State calls Willie

20    Williamson to the stand.

21                 WILLIE WILLIAMSON

22    having first been duly sworn, was examined and

23    testified as follows:

24                 DIRECT EXAMINATION

25    BY MR. ADAMS:
```

```
 1    Q    State your name, please.

 2    A    Sergeant Willie Williamson.

 3    Q    How are you employed?

 4    A    City of Dothan Police Department.

 5    Q    In what capacity?

 6    A    I'm an investigator, criminal investigations

 7         division.

 8    Q    Employed in that capacity back on June 7, 2001?

 9    A    Yes, sir.

10    Q    Back on that date did you have an opportunity to

11         investigate an armed robbery at the Winn Dixie?

12    A    Yes.

13    Q    Where is that located?

14    A    It's on 1571 Westgate Parkway.

15    Q    Is that in Houston County?

16    A    Yes.

17    Q    Dothan, Alabama?

18    A    Yes, sir.

19    Q    And you were dispatched over there.  Did your

20         office get a call on something?

21    A    Investigator Singleton actually responded to that

22         call as the investigator.

23    Q    And did he collect some evidence?

24    A    Yes, he did.

25    Q    All right.  And then you responded at a later
```

1        date?

2    A    Yes.  He and I later went out later at about five

3        p.m. and did a further investigation.

4    Q    Did you speak to some witnesses?

5    A    Yes.

6    Q    Did you speak to a Betty Jean Prescott?

7    A    Yes.

8    Q    What did she tell you when you interviewed her?

9    A    Ms. Prescott told us that she was -- had just come

10       to work -- let me refresh my notes here.  She's a

11       cashier there.  She's employed there.  And she

12       reports to work about 0400 hours, which is four

13       a.m.  And she said she was coming to work.  And

14       she said that she had always noticed -- tries to

15       be observant because it's real dark out and she

16       doesn't want anything to happen to her.  And she

17       also said she had been robbed before which had

18       made her a little more observant in her words.

19       Ms. Prescott said there was a mini van coming from

20       around the north side of the store at a very high

21       rate of speed and she had to actually swerve to

22       keep from hitting the curb.  So she was on her

23       vehicle and she had to -- she barely missed it.

24       And she stated that the only thing she could tell

25       us about the van was that it was possibly a 1989

1     through 1992 model and that it had wood panels on

2     the side of it.  She stated that she had got out

3     of her car and went in and she clocked in and it

4     was about three-fifty-three a.m. then.  And then

5     she walked to the back of the store.  Ms. Prescott

6     stated that almost immediately the store was

7     robbed.  And she stated that Reeves, which was the

8     manager at that time, walked to the back of the

9     store, and he was talking to Reginald Hill, who I

10    believe was assistant manager although I'm not

11    quite sure.

12  Q   Let me ask you.  You spoke to her and she told you

13    about a van?

14  A   Yes.

15  Q   And described it?

16  A   Yes.

17  Q   And did you and Officer Singleton try to locate

18    this particular vehicle or a vehicle that would

19    match it?

20  A   Yes.

21  Q   And where did you go?

22  A   We went to Barstone Apartments located on

23    Honeysuckle Road.

24  Q   Was that the only place you went?  First place?

25    Only place?

| | | |
|---|---|---|
| 1 | A | That's the first place.  That's the first |
| 2 | | apartment complex. |
| 3 | Q | What made you go there? |
| 4 | A | Barstone Apartments has a history of having |
| 5 | | several police calls there. |
| 6 | Q | Now, you mentioned one of the managers.  There was |
| 7 | | a night manager, Mr. Reeves? |
| 8 | A | Yes. |
| 9 | Q | Who else was there?  Any other managers? |
| 10 | A | Mr. Hill would have been there. |
| 11 | Q | Did you find out where Mr. Hill lived? |
| 12 | A | Yes. |
| 13 | Q | Where did he live? |
| 14 | A | Barstone Apartments. |
| 15 | Q | Based on your preliminary investigation, were you |
| 16 | | concerned with a possible inside job with regard |
| 17 | | to this armed robbery? |
| 18 | A | Investigator Singleton had mentioned that to me, |
| 19 | | yes. |
| 20 | Q | And you-all discussed that? |
| 21 | A | Yes, sir. |
| 22 | Q | You went to Barstone Apartments.  What did you |
| 23 | | see -- when did you go to Barstone Apartments? |
| 24 | A | Would have been after five p.m., and if memory |
| 25 | | serves me, it was still daylight.  It was during |

9

```
1          the summer hours.

2    Q     And --

3    A     We pulled in the driveway and essentially we were

4          looking for a van with wood panels.  A mini van.

5          Such as Ms. Prescott had described.

6    Q     And did you find one?

7    A     Yes.

8    Q     And what type of car was that, or vehicle, that

9          you saw there?

10   A     It was a Dodge -- I'm sorry, a 1989 white Dodge

11         mini van with wood panel siding on the sides of

12         the vehicle.

13   Q     Run the tag on it?

14   A     Yes, sir.

15   Q     What did it come back as?

16   A     It was registered to Ruben or Yvette McNabb, 927

17         Honeysuckle Road, which is Barstone Apartments,

18         apartment number J.  I believe there's going to be

19         a number to that, too.

20   Q     Were you able to -- so it came back to a Ruben or

21         Yvette?

22   A     McNabb.

23   Q     Did you run a rap sheet on Mr. McNabb?

24   A     Yes.

25   Q     And what did it show?
```

1    A    It showed that he had some -- possible some

2         convictions for drug activity and having weapons

3         in his possession.

4    Q    Had he previously been arrested for armed robbery?

5    A    It showed there was some type of robbery charge.

6         I don't know the outcome of it.

7    Q    But he was arrested?

8    A    Yes, sir.

9    Q    And through your investigation did you -- were you

10        able to determine whether or not Mr. McNabb knew

11        Mr. Hill?

12   A    Yes.

13   Q    And did they live in the same basic area?

14   A    In the same complex.

15   Q    They both lived in Barstone?

16   A    Correct.

17   Q    You determined through your investigation that

18        they were acquaintances?

19   A    Yes.

20   Q    And did you return and speak to Ms. Prescott?

21   A    Yes, sir.

22   Q    And did you bring her to Barstone?

23   A    Yes, sir.  Investigator Singleton and I went to

24        Ms. Prescott's residence.  We called her, and she

25        knew we were coming.  We went and got her.  We

```
 1           drove her over to Barstone to look at the mini

 2           van.

 3      Q    What did she say when you got there?

 4      A    She stated that the van looked like the one in the

 5           parking lot that night, the night of the robbery,

 6           but she could not be sure about the color, but

 7           that the wood grain on the side of the mini van

 8           was the right color and the van looked like the

 9           right year model.

10      Q    What did you do after that?

11      A    I sent off to Alabama Department Public Safety

12           driver's license division to have a picture of Mr.

13           McNabb e-mailed to me.  There was not one in our

14           computer system.  And when we got the photograph,

15           we put together a black and white photo lineup to

16           include Mr. McNabb's picture in it.  And then we

17           called Mr.          the manager on duty during the

18           robbery, and asked him if he would come to the

19           police department and look at the photos.  He did

20           so and gave us a statement about what happened

21           during the robbery, and he stated -- I'm sorry.

22           Essentially he picked him from the lineup.  Picked

23           Mr. McNabb as the --

24      Q    Essentially or he did pick him out?

25      A    He did pick him out of the lineup as one of the
```

1    ~~man who had provided him~~.

2    Q    And then what did you do after that?

3    A    We typed a search warrant at that point.

4    Q    Based on the information that you had gathered

5         that you've recovered?

6    A    Correct.

7    Q    Those particular items, you got the search warrant?

8    A    Yes, sir.

9              MR. ADAMS:  That's all I have, Judge.

10             THE COURT:  Mr. Baxley?

11             MR. BAXLEY:  Is she going to be able to

12        testify to the search warrant herself?

13             MR. ADAMS:  I believe she typed it up.

14                      CROSS EXAMINATION

15   BY MR. BAXLEY:

16   Q    You typed it up?

17   A    Yes, I typed it up.

18   Q    So you're going to be able to do that.  Okay.

19             And you have a copy of that warrant?

20   A    I'm sorry?

21   Q    Do you have a copy of the warrant?

22   A    The warrant?

23   Q    Yes.

24   A    I should have the original.

25   Q    In the affidavit signed -- even though Jimmy

```
 1           Singleton signed this, you would still verify the
 2           contents of this affidavit?
 3    A      Yes, sir.  Even though Jimmy signed it, I typed it
 4           and put the words together.
 5    Q      In this you stated that Mr. McNabb has a history
 6           of robbery.  Where do you obtain that history of
 7           robbery?
 8    A      NCIC.  I run a criminal history of Mr. McNabb.
 9    Q      I've got the history, too.  It doesn't show
10           anything about it.  Where is that history of
11           robbery in his report?
12    A      Hold on.  Let me find it.
13                 THE WITNESS:  You found it?  I have the same
14           copy.
15                 MR. ADAMS:  It's right towards the end.
16           Unless you want to take this one.
17                 THE WITNESS:  I'll take this one.  They're
18           identical.
19    A      It shows that he was -- it shows these are the
20           drug convictions.
21    Q      We know about the drugs.  I want to know about the
22           robbery.
23    A      Right.  I understand.  I just saw it.  I'm sorry.
24           Here it is.  It shows that December 18, 1996,
25           Orlando Police Department he was charged with
```

```
 1          robbery, which is a first degree felony in that
 2          state with a firearm.
 3    Q     He was convicted of that charge?
 4    A     It says the charges were reduced to larceny,
 5          misdemeanor first degree.  Florida.
 6    Q     So he doesn't have a history of robbery, does he?
 7          Anyone can make an allegation, but there's no
 8          conviction for robbery, is there?
 9    A     There's no conviction for robbery, no, sir.
10    Q     Exactly.  But you list in your affidavit he has a
11          history of robbery?
12    A     Yes, I did.
13    Q     Even though you knew that was false?
14    A     I knew he wasn't convicted of it, right.
15    Q     But you knew it was false and presented to a judge
16          where a judge might assume --
17              MR. ADAMS:  Objection.  Asked and answered.
18              THE COURT:  I understand what's happened.  Go
19          ahead.  You're not arguing to a jury.  It's just
20          me.
21    Q     You said you sent off for the digital photograph
22          of Mr. McNabb, correct?
23    A     Correct.
24    Q     Do you have a copy of that photo lineup here with
25          you today?
```

```
 1   A   Yes.

 2   Q   And this is the exact photo lineup you showed to

 3       Mr. Reeves?

 4   A   Yes.

 5   Q   I notice that the photographs are different.  Was

 6       there a reason for the photographs being different

 7       in this photo lineup?

 8   A   In speaking about Mr. McNabb's photograph?

 9   Q   Correct.  It's a different kind of photograph than

10       all five of the other photographs.

11   A   The ones -- the only photograph I could obtain was

12       from the driver's license division of Mr. McNabb.

13   Q   Okay.  Well, tell me this.  Could you have

14       obtained driver's licenses for these other people

15       or anyone else to obtain the same character or

16       nature of photographs?

17   A   If they had driver's license in Alabama.

18   Q   I'm saying -- you could have gotten other driver's

19       license photos that match the grainyness and I

20       guess disparity shown by Mr. McNabb's photo, could

21       you not?

22   A   They vary by state.  If these gentlemen have

23       driver's license --

24   Q   That's not my question, Ms. Williamson.  I asked

25       you if --
```

```
 1    A    I don't know, Mr. Baxley, because I don't know
 2         what other photographs other states have if these
 3         people --
 4    Q    I'm not asking about other states.  I'm asking
 5         anything.  You say you need photographs of five
 6         black males, six foot tall, roughly balding,
 7         whatever.  You give a general characteristic.  To
 8         get the exact -- or near about the same as Mr.
 9         McNabb's description or whatever the description
10         may have been that you were looking for.  You
11         could have done that?
12    A    From the driver's license division, yes, sir.
13    Q    So you could have easily gotten other photographs
14         from the driver's license division rather than
15         using the glossy photos that were obviously used
16         in this one?
17    A    If I --
18    Q    Yes or no?
19    A    No.  If I used the pictures of these gentlemen and
20         they had a driver's license, I can get the
21         photographs, yes.  But to find these gentlemen
22         just based on whether they had a driver's license
23         or not --
24    Q    That's not what I asked, once again.  You don't
25         have to have the exact same people.  I'm just
```

1      saying other people that would match the
2      photographs.  The problem we have got here is that
3      photograph is different than from all the other
4      five photographs in this lineup.
5  A   I understand.
6  Q   Is that true?
7  A   By resolution, yes.
8  Q   Yes.  By resolution or whatever.  It's a different
9      photograph?
10 A   It appears to be more -- a little more distorted
11     than the others, yes.
12 Q   Okay.  Thank you.
13         But you could have gotten other digital
14     photographs rather than using those other five?
15     Possibly, you could have.  If you wanted to, you
16     could have?
17 A   No, sir, I don't -- I don't think you understand
18     what I'm trying to say.  I had to find these
19     gentlemen to match Mr. McNabb.  They had to be
20     similar in description.  I couldn't just go and
21     pick out a driver's license and say, I need that
22     photograph because I wouldn't know their
23     descriptions.  I wouldn't know they were balding.
24     So if these gentlemen had pictures with the State
25     of Alabama, they would look exactly like that.

```
1    Q    But you could have -- say that's Joe Blow.  You

2         could have called and said Joe Blow, I need his

3         driver's license photograph.  You could have

4         gotten that, could you?  It might have taken a

5         little bit longer, but you could have gotten it,

6         right?

7    A    It depends on the state.

8    Q    I'm saying if they were in Alabama, Ms.

9         Williamson.

10   A    Yes.  If they were in Alabama, Mr. Baxley.

11   Q    Okay.  That's what I'm asking.  That's exactly

12        what I'm asking.  Thank you.

13             MR. BAXLEY:  That's all I have for her at

14        this time, Your Honor.

15             THE COURT:  Anything further?

16             MR. ADAMS:  No, sir.

17             THE COURT:  Please, ma'am, you may step

18        down.

19             MR. ADAMS:  The State would rest at this

20        time.

21             MR. BAXLEY:  I would like to call Mr. Reeves,

22        Your Honor.

23                       RONALD REEVES

24        having first been duly sworn, was examined and

25        testified as follows:
```

```
 1                      DIRECT EXAMINATION
 2     BY MR. BAXLEY:
 3     Q    Mr. Reeves, my name is Hamp Baxley.  I'm a lawyer
 4          for Mr. McNabb in this case.  Thank you for coming
 5          here today.  You were shown -- you were obviously
 6          robbed -- on duty the night the Winn Dixie was
 7          robbed.  Over a year ago, correct?
 8     A    Yes.
 9     Q    And at some point you called 911, didn't you?
10     A    Yes, sir.
11     Q    Do you remember the substance of your conversation
12          with 911?
13     A    No, I couldn't recall.  Obviously I was -- I just
14          been robbed.  That's what I told them.
15     Q    Could you give a description of who robbed the
16          store that night?
17     A    Yes, sir.  One guy.
18     Q    You could give a description of one guy?
19     A    Yes.
20     Q    What was that description?
21     A    What was the description?
22     Q    Uh-huh.
23     A    Well, he's a black male, and he had a cap on.
24          Like a toboggan cap.  And then, you know, I was --
25          and I said he was about -- about around six foot
```

```
 1              tall.
 2     Q        Six foot tall, black male.  That's about all you
 3              knew about the guy.  Just one of them.  And how
 4              many were there?
 5     A        There was two.
 6     Q        Two of them?
 7     A        Yes, sir.
 8     Q        Six foot tall, black male.  And do you recall
 9              calling 911 and not being able to give them a
10              description?
11     A        I couldn't -- I don't remember.  I don't remember.
12     Q        Okay.  Tell me this.  Did you -- could you
13              remember any of the facial characteristics of the
14              person you remember?
15     A        Yes.
16     Q        You remember the facial characteristics.  I'm
17              going to play for you -- this is a 911 tape that
18              was called in on that night.  I would like for you
19              to listen to it to make sure this is correct.
20                        (At which time the 911 tape was played.)
21     Q        You just heard that.  They said, could you tell
22              what race they were.  And you said, no, I
23              couldn't, ma'am.  Is that what you said that
24              night?
25     A        Race they was, yeah, I said that.
```

1   Q   You said, I could not tell what race they were?

2   A   Uh-huh.

3   Q   So you didn't know what race they were that night,

4       did you?

5   A   Well, a black male.  I know that.  I was upset at

6       the time, sir.

7   Q   But on the tape you --

8   A   That's right.

9   Q   She simply asked you black or white, and you

10      couldn't name black or white, could you?

11  A   Yeah.

12  Q   Okay.  Now, five days later you go down to the

13      police department and you look at that thing and

14      you pick somebody out of that.  What did you pick

15      out of that lineup?

16  A   Pick five out.

17  Q   Any reason you picked five out?  I mean, the

18      reason I ask that is does number five stand out to

19      you for any reason?

20  A   Yes.  Yes, it do.

21  Q   How did it stand out?

22  A   He had -- he held me at gun point.

23  Q   You said that's the individual that held you at

24      gun point right there?  You're a hundred percent

25      sure even though the 911 tape -- the 911 tape you

1    said that you did not know the race of the person?

2  A  I'm a hundred percent sure.

3  Q  Hundred percent sure?

4  A  Hundred percent sure.

5        MR. BAXLEY:  Thank you.

6        THE COURT:  You may step down.

7        MR. ADAMS:  Mr. Reeves, if you'll just go

8  down the hall, there's a room right there, or you

9  can just wait outside.  Thank you.

10       THE COURT:  Anything further?

11      MR. BAXLEY:  No, sir.  Other than just a

12  summary.

13       THE COURT:  Go ahead.

14      MR. BAXLEY:  Your Honor, the search warrant

15  here, it was issued based on pretty much

16  impermissibly and unduly suggested photo lineup.

17  And the officer who filled out --

18       THE COURT:  Tell me what it is -- I'm not

19  sure I understand what it is that you are saying

20  is suggestive and impermissible.

21      MR. BAXLEY:  Your Honor, that photograph of

22  number five being a driver's license photograph is

23  a digital photograph.  It's grainy.  It was

24  enlarged from its original stance.  And it's

25  distorted compared to the rest of the photographs.

1    A neutral person or I would naturally fall to

2    that photograph on that lineup. And it's our

3    contention that that is unduly suggestive. We

4    believe that Mr. Reeves as you heard the 911 tape

5    does not recall who robbed the store. He didn't

6    know the race of the individual. He could not

7    tell. And I know he said something different just

8    then. It's been a year after the fact. Maybe

9    he's got his memory refreshed. We can't really

10   tell.

11        THE COURT: And also he might have been

12   scared to death when he made that 911 call.

13        MR. ADAMS: He sure sounded like it, Judge.

14        MR. BAXLEY: May very well have, Your Honor.

15        The sworn testimony of Officer Singleton in

16   an application for that search warrant was

17   knowingly and intentionally false. There was no

18   history of robbery. Yet, they presented that to

19   Judge Mendheim to sign and receive that search

20   warrant. That's just completely false. The

21   Alabama Court of Criminal Appeals states that a

22   search warrant may be invalidated if the affidavit

23   that supported that warrant contains materials and

24   false statements made knowingly and intentionally

25   or in wreckless disregard for the truth. Sergeant

1    Williamson stated up there, they knew he hadn't

```
 1        A neutral person or I would naturally fall to
 2        that photograph on that lineup.  And it's our
 3        contention that that is unduly suggestive.  We
 4        believe that Mr. Reeves as you heard the 911 tape
 5        does not recall who robbed the store.  He didn't
 6        know the race of the individual.  He could not
 7        tell.  And I know he said something different just
 8        then.  It's been a year after the fact.  Maybe
 9        he's got his memory refreshed.  We can't really
10        tell.
11            THE COURT:  And also he might have been
12        scared to death when he made that 911 call.
13            MR. ADAMS:  He sure sounded like it, Judge.
14            MR. BAXLEY:  May very well have, Your Honor.
15            The sworn testimony of Officer Singleton in
16        an application for that search warrant was
17        knowingly and intentionally false.  There was no
18        history of robbery.  Yet, they presented that to
19        Judge Mendheim to sign and receive that search
20        warrant.  That's just completely false.  The
21        Alabama Court of Criminal Appeals states that a
22        search warrant may be invalidated if the affidavit
23        that supported that warrant contains materials and
24        false statements made knowingly and intentionally
25        or in wreckless disregard for the truth.  Sergeant
```

```
 1        States.  And anything retrieved from that that
 2        search based on that illegal warrant must be
 3        suppressed just like the fruits from the poisonous
 4        tree.
 5             THE COURT:  Where's the rest of this warrant
 6        where it shows what they are searching for and
 7        what they wanted to search?  All I have is the
 8        affidavit.  I guess they probably -- okay.  The
 9        apartment at Barstone Apartments, any vehicle.
10        Okay.  I see.  Looking for any firearms, cash,
11        food stamps, clothing, or other evidence involved
12        in the robbery.
13             Okay.  The motion to suppress is
14        denied.
15                  (End of motion to suppress.)
16                  (Off the Record.)
17
18
19
20
21
22
23
24
25
```

```
1                    *  *  *  *  *  *  *  *  *  *  *

2                    REPORTER'S CERTIFICATE

3                    *  *  *  *  *  *  *  *  *  *  *

4     STATE OF ALABAMA

5     COUNTY OF HOUSTON

6

7            I, Carla H. Woodall, Court Reporter and

8     Notary Public in and for the State of Alabama at Large,

9     do hereby certify that the above-styled and numbered

10    cause was reported stenographically by me and is a true

11    and correct transcript of the testimony, objections,

12    motions, rulings of the Court, and was transcribed by

13    or under my direction and control.

14            I further certify that I have filed all

15    exhibits offered in the trial of this cause, if any,

16    with the Circuit Clerk of Houston County, Dothan,

17    Alabama, for incorporation into the Record on Appeal.

18            I further certify that I have on this day,

19    filed with the Clerk of the Court of Criminal Appeals,

20    the Attorney General, and the parties here involved, a

21    copy of the Reporter's Index to the Testimony and a

22    Certificate of Completion of Reporter's Transcript of

23    the said cause.

24            I further certify that I have filed the

25    original and three copies of this transcript in the
```

1    office of the Circuit Clerk of the Circuit Court of

2    Houston County, Dothan, Alabama.

3

4        Done this the 28th  day of July, 2004.

5

6

7    _____
     Carla H. Woodall
     Court Reporter and Notary Public
8    State of Alabama at Large

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25