IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUBEN COREY McNABB, #236182, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:06-CV-530-MEF |
| | ) | |
| RALPH HOOKS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

In their answer filed on May 1, 2006, the respondents assert that the petitioner has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, the respondents maintain that the petitioner may present his claims challenging the enhancement of his sentence with alleged youthful offender convictions in a petition filed pursuant to ALA.R.CRIM.P.32. *Respondents' Answer* at 6-7 (The issues raised are considered jurisdictional issues by the state courts and are therefore not precluded by the state limitations period or the rule against successive petitions.).

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed in this case, it is clear that the petitioner has not yet exhausted his available state court remedies with respect to each of

the claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that the petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of any state court collateral proceeding Price may file as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005). Accordingly, it is

ORDERED that on or before June 30, 2006 the petitioner shall show cause why his petition should not be dismissed for failure to exhaust state remedies.

Done this 19th day of June, 2006.

                                      /s/Charles S. Coody
                                      CHARLES S. COODY
                                      CHIEF UNITED STATES MAGISTRATE JUDGE