**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| RUBEN C. MCNABB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:06-CV-530-MEF |
| | ) | |
| RALPH HOOKS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## SUPPLEMENTAL ANSWER

The Respondents, by and through the Attorney General of Alabama, files this supplemental answer in response to the Order issued by the Court on June 29, 2006, and reissued on December 6, 2006.

### MCNABB IS NOT ENTITLED TO FEDERAL HABEAS REVIEW OF HIS CLAIM BECAUSE HAS NOT EXHAUSTED HIS STATE REMEDIES.

In his federal habeas petition, McNabb raised the following claims:

McNabb alleged the following claims in his federal petition:

1) The state court was without jurisdiction to sentence him as a habitual offender because the previous convictions used to enhance the sentence were youthful offender convictions;

  2) He was denied effective assistance of counsel because his attorney failed to object to the sentencing under the Habitual Felony Offender Act when the youthful offender convictions were used.

In the Answer to the petition, the Respondents asserted that McNabb had failed to exhaust the claim that his sentence was enhanced with the use of previous juvenile convictions because that claim was not specifically raised on direct appeal or in the Rule 32 petition. The Respondents also asserted that McNabb had a valid state remedy in which to now raise this claim in state court because the claim raised a jurisdictional issue that could be presented in a subsequent Rule 32 petition.

On May 8, 2006, McNabb filed a Traverse and alleged that he raised the claim in the state appellate courts. A review of McNabb's reply brief indicated that he did not specifically raise this claim. He raised the possibility that his previous convictions could have be juvenile convictions, but never alleged that that they were juvenile convictions. The statement made in the reply brief did not clearly present any claim that his sentence was enhanced with use of previous juvenile convictions. "[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be

lurking in the woodwork will not turn the trick." Kelley v. Secretary for Dept. of Corrections, 377 F.3d 1317, 1345 (11th Cir. 2004). This statement did not clearly present this claim for appellate review in the Court of Criminal Appeals.

A review of the application for rehearing McNabb filed in the Court of Criminal Appeals and the petition for writ of certiorari he filed in the Supreme Court of Alabama reveals that the claim was raised in those petitions, but the claim was not addressed in the rulings denying the petitions. Although McNabb raised the claim in those petitions, the claim still is unexhausted because it was not considered by the Court of Criminal Appeals or the Supreme Court of Alabama. The rules of appellate review preclude the appellate courts from considering any claim that was raised for the first time in an application for rehearing or a petition for writ of certiorari. Because McNabb did not raise the claim in his initial brief on appeal, and raised it only when he filed an application for rehearing, the Court of Criminal Appeals and the Supreme Court of Alabama did not address or consider the claim.

> "The well-settled rule of this Court precludes consideration of arguments made for the first time on rehearing. *See* Ex parte Lovejoy, 790 So.2d 933, 938-39 (Ala.2000), where this Court stated:
>
> "'Vesta raises for the first time in its application for rehearing the argument that it is a third-party beneficiary of the retail installment contract between Lovejoy and Allen Motor Company. "We can not sanction the practice of bringing up new questions for the first time, in an ex parte application for rehearing." Robinson v. Allison, 97 Ala.

> 596, 604, 12 So. 604 (1893) (on application for rehearing). "We cannot sanction the practice of bringing up new questions for the first time in application for rehearing." Kirkland v. Kirkland, 281 Ala. 42, 49, 198 So.2d 771, 777 (1967) (on application for rehearing). "We cannot sanction the practice of bringing up new questions for the first time in applications for rehearing." Cole v. Cole Tomato Sales, Inc., 293 Ala. 731, 735, 310 So.2d 210, 212 (1975) (on application for rehearing). "New supporting arguments presented for the first time on rehearing generally will not be considered." Stover v. Alabama Farm Bureau Ins. Co., 467 So.2d 251, 253 (Ala.1985) (on application for rehearing). "[T]his argument was raised for the first time on application for rehearing, and therefore will not be considered." Schulte v. Smith, 708 So.2d 138, 141 n. 2 (Ala.1997) (on application for rehearing).' "We are constrained to deny the application." Water Works & Sewer Bd. of the City of Selma v. Randolph, 833 So.2d 604, 608-09 (Ala.2002) (opinion on application for rehearing). For the reasons stated above these applications for rehearing are due to be, and are hereby, overruled.

Ex parte Mack, 894 So. 2d 764, 772-773 (Ala. Crim. App. 2003).

Furthermore, the Supreme Court of Alabama has acknowledged the general rule that it would not review a claim that was raised for the first time in the application for rehearing before the Court of Criminal Appeals. The Supreme Court of Alabama has indicated, however, that it would suspend the rules to review a claim raised for the first time in the application for rehearing to the Court of Criminal Appeals only under "extraordinary and demanding" circumstances:

> At the outset, we must reiterate the general rule: "[T]his Court has said in an unbroken line of cases that matters not presented on appeal cannot be considered on application for rehearing." Ex parte Cooke, 263 Ala. 481, 486, 83 So.2d 195, 199 (1955). See also, Kirkland v. Kirkland, 281 Ala. 42, 198 So.2d 771 (Ala.1967). However, these issues may be considered by this Court "under its

> inherent power to do full justice." 263 Ala. at 486, 83 So.2d 195. See also, A.R.App.P. 2(b). After a full consideration of the briefs and arguments of the parties it is the opinion of this Court that the issue presented in the application for rehearing to the Court of Criminal Appeals, and submitted to this Court in the petition for certiorari, warrants our consideration and decision in this case. This is not to imply that the Court of Criminal Appeals was in error in not addressing this issue. Rather, we find the circumstances of the case sufficiently "extraordinary and demanding" to suspend the general rule in this case. Cooke, supra at 487, 83 So.2d 195.

Ex parte Howell, 431 So. 2d 1328, 1329-1330 (Ala. 1983). Apparently, McNabb did not present any extraordinary reason for the Supreme Court of Alabama to suspend the rules and review the claim.

Both the Court of Criminal Appeals and the Supreme Court of Alabama refused to review McNabb's claim because the appellate rules generally preclude review of claims raised for the first time in an application for rehearing. Because McNabb raised the claim for the first time in the application for rehearing, he failed to present the claim in a posture that allowed the courts to review the claim on the merits. Consequently, this claim was not properly exhausted in state court.

An application for writ of habeas corpus will not be considered unless the applicant has exhausted available state court remedies. 28 U.S.C. §2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Georgalis v. Dixon, 776 F.2d 261, 262 (11th Cir. 1985); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). The exhaustion requirement is designed "to effect a proper balance between the

roles of state and federal judicial institutions in protecting federal rights." Ogle v. Estelle, 592 F.2d 1264, 1267 (5th Cir. 1979). As a matter of comity, the rule requires the federal courts to allow the states the initial "opportunity to pass upon and correct errors of federal law in the state prisoner's conviction." Fay v. Noia, 372 U.S. 391, 438, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963). Such a rule furthers the strong federal policy that federal courts should not unduly or prematurely interfere with state court proceedings.

Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the questions presented." Rose v. Lundy, 455 U.S. 509, 518 n.9, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Pursuant to this provision, the courts have cautioned that the exhaustion requirement is not satisfied until the claim has been fully and fairly presented to the courts for consideration. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Heath v. Jones, 863 F.2d 815, 818 (11th Cir. 1989). Furthermore, the claim must be presented to state courts in such a way as to enable the state to entertain the claim on its merits. "It is not sufficient merely that the federal habeas petitioner has been through the state courts… nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made…. The petitioner must present his claims to the state courts such

that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon (his) constitutional claim." Kelley v. Secretary for Dept. of Corrections, 377 F.3d 1317, 1343-1344 (11th Cir. 2004) (citations omitted). *See also* O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (emphasizing that the relevant inquiry is "not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts."). McNabb did not properly exhaust because he initially raised the claim in the application for rehearing.

McNabb may still present this claim in a Rule 32 petition because it raises a jurisdictional issue that is not precluded from review as a successive petition or under the limitation period contained in Rule 32.2(b) and (c) of the Alabama Rules of Criminal Procedure. "Jurisdictional claims are not precluded by the limitations period or by the rule against successive petitions." Beavers v. State, CR-03-1590, 2004 WL 2201303, at *2 (Ala. Crim. App. Oct. 1, 2004); *See also* Jones v. State, 724 So. 2d 75, 76 (Ala. Crim. App. 1998).

**CONCLUSION**

McNabb's claim is unexhausted because he did not properly raise it in the state courts. In addition, he has a viable remedy in which to present his claim to the

state courts. Consequently, he should be denied habeas review of the claim until he has exhausted his state remedies.

## EXHIBITS

1) McNabb's Reply Brief, Exhibit I;

2) McNabb's Application for Rehearing J;

3) Denial of Application For Rehearing, Exhibit K;

4) McNabb's Petition For Writ Of Certiorari, Exhibit L;

5) Denial of Petition For Writ Of Certiorari, Exhibit M.

Respectfully submitted,

Troy King – KIN047
*Attorney General*
State of Alabama

s/James B. Prude
James B. Prude (PRU005)
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December, 2006, I electronically filed the foregoing (including exhibits) with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing (including exhibits) to the following non-CM/ECF participants: Ruben C. McNabb, AIS #236182, St. Clair Correctional Facility, 1000 St. Clair Rd, Springville, AL 35146-5582.

s/James B. Prude
James B. Prude (PRU005)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: JPrude@ago.state.al.us

213636/91408-001