IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBEN COREY McNABB, #236182, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:06-CV-530-MEF |
| ) | |
| RALPH HOOKS, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER**

In their answers filed with this court, the respondents argue that the petitioner, Rueben Corey McNabb ["McNabb"] has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, the respondents maintain that McNabb may present his challenge to the enhancement of his sentence with alleged youthful offender convictions in a petition filed pursuant to Rule 32 as such a claim is jurisdictional in nature and, therefore, not barred by applicable state procedural limitations. *Respondents' Answer* at 6-7 (The issue raised is considered a jurisdictional issue by the state courts and is therefore not precluded by the state limitations period or the rule against successive petitions.); *Respondents' Supplemental Answer* at 3-7 (Although McNabb raised a challenge to the enhancement of his sentence by use of youthful offender convictions in an application for rehearing and petition for writ of certiorari, he did so without first presenting the claim in his initial brief on direct appeal. Because state rules of appellate procedure "generally preclude review of claims raised for the first time in an application

for rehearing, [McNabb] failed to present the claim in a posture that allowed the courts to review the claim on the merits." Thus, neither the Alabama Court of Criminal Appeals nor the Alabama Supreme Court addressed the issue and, "this claim was not properly exhausted in state court. . . . McNabb may still present this claim in a Rule 32 petition because it raises a jurisdictional issue that is not precluded from review as a successive petition or under the limitation period contained in Rule 32.2(b) and (c) of the Alabama Rules of Criminal Procedure.").

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court ***shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State*** ..." 28 U.S.C. § 2254(1)(b)(1)(A) (emphasis added). Upon review of the pleadings filed in this case, it is clear that McNabb has not yet exhausted his available state court remedies with respect to the challenge to his sentence raised in the present habeas petition. Specifically, McNabb may raise his claim in a post-conviction petition filed pursuant to Rule 32. Under the circumstances of this case, the court does not deem it appropriate to rule on the merits of McNabb's claim without first requiring that he exhaust any available state remedy. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, the court finds that a stay of this case is not warranted pending the outcome of any state court collateral proceeding McNabb may file as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005). Accordingly, it is

ORDERED that on or before January 5, 2007 the petitioner shall show cause why his petition should not be dismissed for failure to exhaust a remedy available to him before the state courts.

Done this 21st day of December, 2006.

        /s/ Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE