IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

Ruben Corey McNabb,
    Petitioner;

vs.

    Case #:1:06-CV530-MEF

Warden Ralph Hooks,
    Respondents.

## MCNABB'S RESPONSE TO COURT ORDER FOR 12-12-06

1) McNabb's Habeas Corpus is due to be heard on the merits and granted because he has exausted the remedies available in the Alabama courts.

2) All parties, including the Court, agree that the issue is a jurisdictional issue by the State Court and is, therefore, NOT precluded or barred by applicable state limitations.

3) The court believes McNabb has not shown good cause for his failure to exhaust his claims first in State court. McNabb believes he has shown good cause because as a matter of fundamental law a jurisdictional issue can be raised at any time.

4) For example, "a defendant is not barred from raising a jurisdictional sentencing issue on appeal by his failure to preserve the issue in the lower court." See McConnell VS. State, 580 So2d 125(Ala Crim.App. 1991). Likewise McNabb should not have been deemed by this court to have failed to have shown good cause that he has exhausted his claims first in state court.

5) IN ALABAMA, "it is incumbent upon appellate courts to consider lack of subject matter jurisdiction ex mere motu." See Pittman vs. State 621 So2d 351 (Ala. Crim. App. 1992).

6) "An appellant cannot be prejudiced by a failure of the court to give a more detailed or lengthy statement of the law or facts, since under this Rule(39) an appellant may copy into his brief those facts which are omitted." See Rudolph vs. State 355 So2d 739 (Ala. Crim. App. 1977).

7) Appellate Rules(39(k)) and (P)(5)(A), A.R.A.P., allows McNabb to present to the appellate court additional, corrected, or his own statement of facts. McNabb is a pro se litigant and not an attorney. These rules allowed him to present jurisdictional facts to the appellate court that were not previously presented in his direct appeal brief but was presented and known by the trial court or should have been known by the trial court.

8) If any court, State or Federal, is allowed to ignore these jurisdictional facts that require a change in sentence then the courts are also going to ignore fundamental laws of jurisdiction. For any court to allow this would be to elevate form over substance or to preclude mandatory substantive law over precedure. Again, a jurisdictional issue can be raised at any time and any time means at the trial level through post conviction appeals whether or not it was raised in the trial court or at a particular stage of the preceedings at the appellate court level.

9) McNabb exhausted his claims in State court because he did-and all parties agree-present his claim to the court of Criminal Appeals and the Alabama Supreme Court. Therefore, because McNabb did present the claim to these Appellate Courts they had a judicial duty to recognize these jurusditional facts and laws in relation and Reverse and Remand McNabb's case back to the Circuit Court for resentencing. This is McNabb's good cause shown and his due relief because the court was unauthorized to sentence McNabb to L.W.O.P. under the H.F.O.A based on prior youthful offender felony convictions for sentencing enhancement.

10) If this Court denies McNabb's petition then in essence it has suspended the writ because McNabb's due process rights out weigh the State's claim in this case sub judice.

Respectfully,

Ruben McNabb(236182)
1000 St. Clair Rd.
Springville, Al 35146

**CERTIFICATE OF SERVICE**

I the undersigned do hereby certify that I have on this the 27 day of Dec, 2006, placed a complete copy of the foregoing document(s) in the U.S. Mail, prepaid, first class postage, addressed to the listing below:

Attorney General
11 South Union St.
Montgomery, Al 36130

Respectfully,

Ruben McNabb