IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBEN COREY McNABB, #236182, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:06-CV-530-MEF |
| ) | [WO] |
| ) | |
| RALPH HOOKS, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ruben Corey McNabb ["McNabb"]. In this petition, McNabb challenges the sentence imposed upon him by the Circuit Court of Houston County, Alabama for a 2004 first degree robbery conviction.

Pursuant to the orders of this court, the respondents filed answers in which they argue that McNabb has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, the respondents maintain that McNabb may present his challenge to the enhancement of his sentence with alleged youthful offender convictions in a petition filed pursuant to Rule 32 as such a claim is jurisdictional in nature and, therefore, not barred by applicable state procedural limitations. *Respondents' Answer* at 6-7 (The issue raised is considered a jurisdictional issue by the state courts and is therefore not precluded by the state limitations period or the rule against successive petitions.); *Respondents' Supplemental Answer* at 3-7 (Although McNabb raised a challenge to the enhancement of his sentence by use of youthful offender convictions in an application for rehearing and petition for writ of certiorari, he did so without first presenting the

claim in his initial brief on direct appeal. Because state rules of appellate procedure "generally preclude review of claims raised for the first time in an application for rehearing, [McNabb] failed to present the claim in a posture that allowed the courts to review the claim on the merits." Thus, neither the Alabama Court of Criminal Appeals nor the Alabama Supreme Court addressed the issue and, "this claim was not properly exhausted in state court. . . . McNabb may still present this claim in a Rule 32 petition because it raises a jurisdictional issue that is not precluded from review as a successive petition or under the limitation period contained in Rule 32.2(b) and (c) of the Alabama Rules of Criminal Procedure.").

Upon review of the respondents' answers, the court entered an order affording McNabb an opportunity to demonstrate why his petition should not be dismissed for failure to exhaust state remedies. *See Order of December 21, 2006 - Court Doc. No. 26.* In response to this order, McNabb argues that because he presented his claim challenging the enhancement of his sentence in some form to the state appellate courts during the appeal of his conviction he should be allowed to proceed before this court on such claim. *See Petitioner's Response to Order - Court Doc. No. 27 at 2.*

### DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court ***shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State*** ..." 28 U.S.C. § 2254(1)(b)(1)(A) (emphasis added). Upon review of the pleadings filed in this case, it is clear that McNabb has not yet exhausted available state court remedies with respect to the challenge to his sentence raised in the present habeas petition. Specifically, McNabb may raise his claim in a post-conviction petition filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. Under the circumstances of this case, the court does not deem it appropriate to rule on the merits of

McNabb's claim without first requiring that he exhaust any available state remedy. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, the court finds that a stay of this case is not warranted pending the outcome of any state court collateral proceeding McNabb may file as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that the petitioner can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all state court remedies available to him. It is further

ORDERED that on or before January 24, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661

F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of January, 2007.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE